## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

|  |  |
|---|---|
| PARKERVISION, INC., | |
| Plaintiff, | |
| v. | CASE NO.: 6:14-cv-00687 |
| QUALCOMM INCORPORATED, QUALCOMM ATHEROS, INC., HTC CORPORATION, HTC AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | **JURY TRIAL DEMANDED AND INJUNCTIVE RELIEF SOUGHT** |
| Defendants. | |

## CASE MANAGEMENT REPORT IN PATENT CASES

### I.      Transfer to Judge Dalton

On November 26, 2014, Qualcomm filed a motion to transfer this action to the Honorable Judge Roy B. Dalton, United States District Judge pursuant to Local Rule 1.04(b) in light of *ParkerVision, Inc. v. Qualcomm Incorporated*; Case No. 3:11-cv-719-J-37-JRK (ParkerVision I). Plaintiff ParkerVision opposes transfer for the reasons to be stated in its forthcoming opposition to Qualcomm's motion to transfer.

1

## II.     Schedule[1]

The parties have agreed on most of the following dates and discovery plan pursuant

to Fed. R. Civ. P. 26(f) and Local Rule 3.05(c).   The parties have noted any

disagreements:

| DEADLINE OR EVENT | PV PROPOSED DATE | DEFS. PROPOSED DATES |
|---|---|---|
| **Mandatory Initial Disclosures** (pursuant to Fed. R. Civ. P. 26(a)(1)) | December 22, 2014 | Agreed |
| **Disclosure of Infringement Contentions** | January 16, 2015 | Agreed |
| **Disclosure of Non-Infringement and Invalidity Contentions** | March 20, 2015 | Agreed |
| **Motions to Add Parties or to Amend Pleadings** | March 23, 2015 | Agreed |
| **Initial Identification of Disputed Claim Terms** | April 15, 2015 | Agreed |
| **Proposed Claim Term Constructions** | May 15, 2015 | Agreed |
| **Joint Claim Construction Statement** | May 29, 2015 | Agreed |
| **Technology Tutorial Conference** | June 24, 2015 | Agreed |
| **Plaintiff's Claim Construction Brief** | July 15, 2015 | Agreed |
| **Defendants' Response Brief** | August 17, 2015 | Agreed |
| **Joint Pre-Hearing Statement** | August 24, 2015 | Agreed |
| **Claim Construction Hearing** | Sept 14, 2015 | Agreed |
| **Disclosure of Intent to Rely on Advice of Counsel as a Defense; Amendment of Infringement and Invalidity Contentions** [no sooner than 3 months and no later than 5 months of above] | No Later Than 30 Days After Court Issuing Claim Construction Order<br><br>[Est. ~Jan. 29, | Agreed |

---

[1] A "Party," for purposes of this Case Management Report, means all related entities for a particular defendant combined, e.g., Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC constitute a single party.

| DEADLINE OR EVENT | PV PROPOSED DATE | DEFS. PROPOSED DATES |
|---|---|---|
| | 2016] | |
| **Amendment of Non-Infringement Contentions** | No later than 20 Days After Amendment of Infringement Contentions<br><br>[Est. ~ Feb. 29, 2016] | Agreed |
| **Fact Discovery Deadline** | 90 Days After Court Issuing Claim Construction Order<br><br>[Est. ~Mar. 29, 2016] | Agreed |
| **Disclosure of Expert Reports on Issues Where the Party Bears the Burden of Proof** | 30 Days After Fact Discovery Deadline<br><br>[Est. ~Apr 29, 2016] | Agreed |
| **Disclosure of Rebuttal Expert Reports** | 30 Days After Disclosure of Expert Reports<br><br>[Est. ~May 29, 2016] | Agreed |
| **Expert Discovery Deadline** | 30 Days After Disclosure of Rebuttal Expert Reports<br><br>[Est. ~June 29, 2016] | Agreed |
| **Disclosure of Fact Witnesses Expected To Testify At Trial**<br><br>Each party shall serve on the other parties a list of each | 30 Days After Expert Discovery Deadline[2] | Opposed[3] |

---

[2] This schedule and procedure for the early disclosure of trial witnesses and the subsequent pre-trial depositions of potential witnesses that have not yet been deposed has been adopted by

| DEADLINE OR EVENT | PV PROPOSED DATE | DEFS. PROPOSED DATES |
|---|---|---|
| fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. | [Est. ~July 29, 2016] | |
| **Dispositive Motions and *Daubert* Motions** | 45 Days After Expert Discovery Deadline [Est. ~Aug. 13, 2016] | Agreed |
| **Disclosure of Rebuttal Fact Witnesses Expected To Testify At Trial** Each party shall serve a list of each rebuttal fact witness disclosed during fact discovery that it intends to call at trial. | 30 Days After Disclosure of Fact Witnesses Expected To Testify At Trial[4] [Est. ~Sept. 28, | Opposed[5] |

Judge Sue Robinson's (United States District Court for the District of Delaware) Model Scheduling Order for patent cases. These provisions prevent prejudice to ParkerVision that may result from (1) defendants disclosing a large number of individuals in the initial disclosures, while the limitations on depositions will prevent ParkerVision from deposing most of those individuals; (2) defendants disclosing individuals with knowledge for the first time after the close of fact discovery, as Qualcomm did in ParkerVision I; (3) defendants identifying a large number of individuals on their witness lists that they do not intend to actually call as witnesses at trial, as Qualcomm did in ParkerVision I. Additionally, in ParkerVision I, the parties agreed to a trial witness disclosure and deposition schedule similar to the one proposed here. *See* ParkerVision I, Dkts. 230-231.

[3] Defendants oppose ParkerVision's proposal to add this additional requirement to reopen discovery seven months before trial. Defendants propose that the parties comply with this Court's standard schedule and disclose trial witnesses closer to trial (November 18, 2016 in the parties proposed schedule).

[4] For the reasons stated above, ParkerVision proposes the early disclosure of trial witnesses and the subsequent pre-trial depositions of potential witnesses that have not yet been deposed as a means to prevent prejudice to ParkerVision based on the disparity the defendants' number of possible witnesses and ParkerVision's numbers of possible witnesses that results from the difference in the sizes of the entities and any potential gamesmanship in disclosures.

[5] For the reasons stated above, Defendants oppose this additional disclosure deadline. Disclosure of trial witnesses is already covered by other deadlines.

| DEADLINE OR EVENT | PV PROPOSED DATE | DEFS. PROPOSED DATES |
|---|---|---|
| | 2016] | |
| **Deadline for Depositions of Fact Witnesses and Rebuttal Fact Witnesses Expected to Testify At Trial**<br><br>The parties shall have the right to depose any fact witnesses and rebuttal fact witnesses who have not previously been deposed in this case. Such depositions shall be limited to twenty hours per side in the aggregate absent agreement of the parties or order of the Court upon good cause shown. | 30 Days After Disclosure of Rebuttal Fact Witnesses Expected To Testify At Trial[6]<br><br>[Est. ~Oct. 28, 2016] | Opposed[7] |
| **Parties to exchange pre-trial materials required to be addressed in the pre-trial statement (including proposed stipulated facts, deposition designations, exhibit lists, proposed jury instructions and verdict forms, witness lists, and proposed voir dire questions)** | November 18, 2016 | Agreed |
| **Deadline for Filing All Other Motions Including Motions In Limine**<br><br>All requests to limit evidence shall be included in a single motion not to exceed 25 pages without leave of Court. Responses are limited to 20 pages without leave of Court. | December 5, 2016 | Agreed |
| **Parties' Deadline to Meet and Confer In Person to Prepare Joint Final Pretrial Statement**<br><br>[10 days prior to deadline for the final pretrial statement] | January 6, 2017 | Agreed |
| **Parties' Deadline for Filing Joint Final Pretrial** | January 17, 2017 | Agreed |

---

[6] For the reasons stated above, ParkerVision proposes the early disclosure of trial witnesses and the subsequent pre-trial depositions of potential witnesses that have not yet been deposed. ParkerVision further notes that these provisions permit the parties to conduct a lower number of depositions overall with the knowledge that their case will not be prejudiced by doing so.

[7] Defendants oppose ParkerVision's attempt to reopen discovery seven months after the close of fact discovery and after the submission of expert reports and dispositive motions. Reopening discovery without any showing of good cause is ripe for abuse and interjects uncertainty, burden, and delay.

| DEADLINE OR EVENT | PV PROPOSED DATE | DEFS. PROPOSED DATES |
|---|---|---|
| **Statement** (Including Voir Dire Questions, a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (also email to: chambers_FLMD_Byron@flmd.uscourts.gov), Witness Lists, Exhibit Lists with Objections on Approved Form); Trial Briefs | | |
| **Final Pretrial Conference** | Jan. 31, 2017 | Agreed |
| **Trial Term Begins** | Feb. 21, 2017 | Agreed |
| **Estimate Length of Trial** | 10 days | 15 days |
| **Jury / Non-Jury** | Jury | Agreed |
| **Proposed Technical Advisor** | If the Court would like the assistance of a technical advisor, the parties will attempt to reach agreement on a technical advisor. | Agreed |
| **Mediation Deadline:**<br><br>**Mediator:**<br><br>**Address:** | TBD – Initial<br><br>Jay M. Cohen<br><br>PO Box 2210<br><br>Winter Park, FL 32790<br><br>407-644-1181 | Agreed |
| **All Parties Consent to Proceed Before Magistrate Judge** | No | Agreed |

## III.     Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held in person on November 17, 2014 and was attended by: Doug Cawley, lead counsel for

ParkerVision, Inc.; Tim Teter, co-lead counsel for Qualcomm, Inc., Qualcomm Atheros, Inc., HTC Corporation, and HTC America, Inc.; and Mark Fowler, lead counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC.

## IV.    Pre-Discovery Initial Disclosures of Core Information

The parties agree to exchange the information described in Fed. R. Civ. P. 26(a)(1)(A)-(D) by December 22, 2014.

## V.     Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that the parties anticipate disclosure or discovery of ESI in this case. Disclosure or discovery of ESI is sought by the parties and the following issues have been and are being discussed:[8]

A.      The form or forms in which ESI should be produced.

B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

---

[8] See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

D.  The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E.  The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F.  Any issues relating to preservation of discoverable ESI.

G.  Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502.  If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report.  The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV.F below on Confidentiality Agreements.

The parties are negotiating a separate agreement under Fed. R. Evid. 502. [**ParkerVision's Proposal**: In the interim, parties may not refuse to produce or delay in producing discovery based on the absence of an agreement regarding ESI.[9]  **Defendants'**

---

[9] ParkerVision proposed an ESI agreement to defendants in a timely fashion (on November 12, 2014). Defendants stated that they did not believe that there would be sufficient time for them to negotiate and agree upon the details of the ESI agreement by the December 8, 2014 deadline. Defendants requested that the parties continue the process of negotiating an ESI agreement and submit the agreement to the Court at a later date. Since that time, however, defendants still have not sent ParkerVision a counter-proposal in response to its initial draft ESI agreement. ParkerVision's concern is that defendants will use their own delay in proposing and agreeing to

**Proposal:** An agreement should be put in place first in order to avoid duplicative and/or inconsistent production.[10]]

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

The parties anticipate entering into an agreement regarding ESI and will file that agreement as a supplement to this Case Management Report.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each: there are no disagreements regarding ESI at this time.

If there are disputed issues specified above, or elsewhere in this report, (check one):

＿ one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing. If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.

 X  all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

---

an ESI agreement as an excuse to delay the required production of documents in this matter. The language proposed by ParkerVision should address the delay concern.

[10] Defendants have been reviewing ParkerVision's proposal and anticipate reaching an agreement prior to any production. However, ParkerVision has sued three unrelated defendant groups, each with their own unique ESI issues. Defendants will attempt to agree to a common approach, but if agreement cannot be reached prior to production, ParkerVision should not be permitted to demand that defendants either agree to its ESI approach or risk having to undergo the expense and burden of reproducing documents after an agreement is reached.

**VI.     Agreed Discovery Plan for Plaintiffs and Defendants**

  **A.     Certificate of Interested Persons and Corporate Disclosure Statement**

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current.

  **B.     Discovery Not Filed**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The parties understand that the Court encourages the electronic exchange of discovery requests. *See* Local Rule 3.03 (f).

  **C.     Limits on Discovery**

Absent leave of Court, ParkerVision may take no more than 125 hours of depositions (including 30(b)(1) and 30(b)(6)) and may not direct more than 100 hours of those depositions towards Qualcomm and not more than 50 hours of those depositions towards Samsung or HTC (each). Defendants collectively may take no more than 125 hours of depositions (including 30(b)(1) and 30(b)(6)) and absent agreement or Court order each side may not depose the same witness more than once unless a witness is designated under Fed. R. Civ. P. 30(b)(6). Absent leave of Court, each side may serve no more than twenty interrogatories, including sub-parts, on another side (not per party), including contention interrogatories. Fed. R. Civ. P. 33(a); Local Rule 3.03(a). In addition, Qualcomm, HTC, and Samsung may each individually serve an additional five interrogatories on ParkerVision, and ParkerVision may serve an additional five interrogatories on Qualcomm, HTC, and Samsung individually. Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(2). In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

### 1.   Depositions

Each side (not each party) may take one deposition per each expert report served for 7 hours elapsed time during one day. If there is an expert who opines about multiple defendant groups in a single report, then for each additional defendant group that he or she opines about in that report the expert can be deposed for an additional 2 hours by ParkerVision (for defendants' experts) or by defendants (for ParkerVision's experts). Experts cannot be deposed before the deadline for rebuttal reports.

### 2.   Interrogatories

Limitations governing interrogatories are addressed above.

### 3.   Document Requests

Without leave of Court, each party may serve 75 requests for production of documents.

### 4.   Requests to Admit

Without leave of Court, each party may serve 50 requests for admission for purposes other than authentication.

### 5.   Supplementation of Discovery

For each supplementation of responses to Initial Disclosures, Interrogatories, Requests for Production of Documents, or Requests for Admission, the parties agree to provide a comparison or redline version that exposes changes made between supplemental/amended responses against the immediately preceding version.

6.       **Privilege Logs**

The parties agree to exchange privilege logs 30 days prior to the fact discovery deadline. The parties further agree that privilege logs do not need to include entries for privileged documents dated after May 2, 2014. For ParkerVision and Qualcomm, privilege log entries from the prior litigation between the parties do not need to be logged in this case and privilege log entries exempted from being logged in the prior case (by prior agreement of the parties) do not need to be logged in this case.

7.       **Third Party Discovery**

Any party that serves a subpoena upon a third-party will simultaneously serve a copy of such subpoena upon all parties. Moreover, any party that receives documents and/or correspondence from a third-party pursuant to a subpoena will, as soon as possible, provide those documents and/or correspondence to each other party.

**D.       Discovery Deadline**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.

**E.       Disclosure of Expert Testimony**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the

disclosure of expert testimony:  The parties agree that the requirements of Fed. R. Civ. P. 26(a)(2)(B)(i-iii) shall apply to all witnesses who will give expert testimony at trial.  The parties further agree that the scope of expert discovery shall be limited by Fed. Civ. P. Rule 26(b)(4).

### F.     Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties have reached their own agreement regarding the designation of materials as "confidential."  The parties understand that there is no need for the Court to endorse the confidentiality agreement.  The Court will enforce appropriate stipulated and signed confidentiality agreements.  *See* Local Rule 4.15.  The parties' confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."

The parties are currently negotiating a Confidentiality Agreement. In the interim, parties may not refuse to produce or delay in producing discovery [**Defendants Propose:** (with

13

the exception of source code, schematics, and third-party information)[11], **ParkerVision Proposes:** ParkerVision opposes the addition of the parenthetical exception for source code, schematics, and third-party information[12]] based on the absence of a Confidentiality Agreement. If any documents are deemed confidential by the producing party and the parties have not stipulated to a confidentiality agreement, until such an agreement is in effect, disclosure shall be limited to members and employees of the firm of trial counsel who have entered an appearance and, where appropriate, have been admitted pro hac vice. Such persons are under an obligation to keep such documents confidential and to use them only for purposes of litigating the case.

---

[11] Defendants have been reviewing ParkerVision's proposal and anticipate reaching an agreement prior to any production.  Certain documents like schematics and source code, however, are almost always subject to particular review and printing protocols.  ParkerVision should not be placed in a position where it can demand unreasonable confidentiality restrictions and force defendants, if they do not agree prior to production, to produce without any such restrictions.  In addition, third-party information is often subject to independent contractual obligations that defendants cannot waive or ignore.

[12] The language proposed by ParkerVision is consistent with Patent Model Scheduling Orders adopted in the District of Delaware and the Eastern District of Texas, which do not contain exceptions for source code, schematics, or third party information. Additionally, ParkerVision proposed a Confidentiality Agreement to defendants in a timely fashion (on November 12, 2014). Defendants stated that they did not believe that there would be sufficient time for them to negotiate and agree upon the details of the Confidentiality Agreement by the December 8, 2014 deadline. Defendants requested that the parties continue the process of negotiating a Confidentiality Agreement and submit the agreement to the Court at a later date. Since that time, however, defendants still have not sent ParkerVision a counter-proposal in response to its initial draft Confidentiality Agreement. ParkerVision's concern is that defendants will use their own delay in proposing and agreeing to a Confidentiality Agreement as an excuse to delay the required production of documents, source code, schematics, and third party information in this matter. The language proposed by ParkerVision seeks to address the delay concern.

### G.     Other Matters Regarding Discovery

#### 1.  Timing of Discovery

Parties may not refuse to produce discovery based on a pending motion to dismiss, transfer, or stay, or a motion for judgment on the pleadings.

A party may object to responding to the following categories of discovery requests (or decline to provide information in its initial disclosures under Fed. R. Civ. P. 26(a)(1)) on the ground that they are premature in light of the contention deadlines above:

(a)  Requests seeking to elicit a party's claim construction position;

(b)  Requests seeking to elicit from the patent claimant a comparison of the asserted claims and the accused apparatus, product, device, process, method, act, or other instrumentality;

(c)  Requests seeking to elicit from an accused infringer a comparison of the asserted claims and the accused apparatus, product, device, process, method, act, or other instrumentality;

(d)  Requests seeking to elicit from an accused infringer a comparison of the asserted claims and the prior art; and

(e)   Requests seeking to elicit from an accused infringer the identification of any opinions of counsel, and related documents that it intends to rely upon as a defense to an allegation of willful infringement.

Where a party properly objects to a discovery request (or declines to provide information in its initial disclosures under Fed. R. Civ. P. 26(a)(1)) as set forth above, that party shall provide the requested information on the date on which it is required to provide the

requested information  to an opposing party under the schedule above (as set by the Court), or on the date agreed to by the parties (in any event, at least 30 days prior to the close of fact discovery), unless there exists another legitimate ground for objection.

### 2.   Service of Discovery and Pleadings

All parties have consented to service via email in this case per Fed. R. Civ. P. 5(b)(2)(E) and the 3-day rule will apply to such service under Rule 6(d).  The parties will be served at the following email addresses:

> ParkerVision:  ParkerVisionII-Qualcomm@McKoolSmith.com
>
> Qualcomm and HTC:  QCParkervision@cooley.com
>
> Samsung:  Samsung-Parkervision@dlapiper.com

### 3.   Cross Use

ParkerVision and Qualcomm agree that Documents and Discovery (as defined below) produced by a party in ParkerVision I shall be deemed produced and usable in this case, with the same level of confidentiality preserved, all objections of the originally producing Party preserved (but not necessarily agreed with), and subject to the rights of the Parties to object on any available grounds to the admissibility of such Documents and Discovery.  The parties may request that any documents be re-produced if they do not comply with the Electronic Discovery protocol entered in this case and the parties agree to work cooperatively on any such requests. To the extent that re-producing documents from the ParkerVision I case is unworkable or requires re-producing a burdensome quantity of documents, the parties may reasonably decline to re-produce the documents. Such Documents and Discovery deemed produced in this case shall be subject to any applicable confidentiality agreement.  Any Documents and Discovery previously snapped-back on the basis of privilege in the ParkerVision I case shall not be

considered produced and usable in this case. Nothing herein shall prevent any party from seeking additional protection for any particular materials.

"Documents and Discovery" produced shall be interpreted to include:

- deposition and hearing transcripts, including deposition and trial exhibits;

- all documents and things produced by a party during the course of discovery; and

- any written discovery responses by the Parties, such as responses to interrogatories and requests for admission.

Documents and Discovery from third-parties shall not be deemed produced and usable in this case absent a new subpoena and approval from the third party.

Parkervision agrees to provide counsel for Samsung with copies of all Documents and Discovery produced by ParkerVision in the ParkerVision I case. Qualcomm agrees to provide counsel for Samsung with copies of all Documents and Discovery produced by Qualcomm in the ParkerVision I case.

### 4. Infringement and Invalidity Contentions

The parties agree to exchange infringement and invalidity contentions as follows:

**Infringement Contentions.**

ParkerVision's infringement contentions must disclose the following information:

(a) Each claim of each patent in suit that is allegedly infringed by each opposing party;

(b) Separately for each asserted claim, and for each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each

product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(c) A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(c), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function. If the party asserting patent infringement contends that an identical Accused Instrumentality is contained in multiple products, then that Accused Instrumentality is required to be charted only once with an accompanying identification of the products that allegedly contain that Accused Instrumentality;

(d) Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

(e) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

(f) If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

With its Infringement Contentions, ParkerVision must produce or make available for inspection and copying:

18

(a) Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

(b) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified, whichever is earlier; and

(c) A copy of the file history for each patent in suit.

ParkerVision shall separately identify by production number which documents correspond to each category. ParkerVision may only amend its Infringement Contentions by Order of the Court upon a showing of good cause.

**Invalidity Contentions.**

Defendants' invalidity contentions must disclose the following information:

(a) The identity of each item of prior art that allegedly anticipates each asserted claim and renders it obvious.

- Each prior art patent shall be identified by its number, country of origin and date of issue.

- Each prior art publication must be identified by its title, date of publication and where feasible, author and publisher.

- Prior art under 35 U.S.C. §102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use

took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known.

- Prior art under 35 U.S.C. §102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived.

- Prior art under 35 U.S.C. §102(g) shall be identified by providing the identities of the person(s) or entity(ies) involved in and the circumstances surrounding the making of the invention before the patent application(s).

(b) Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of prior art makes a claim obvious, each such combination and the motivation to combine such items must be identified;

(c) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. §112(6), the identity of the structure(s), the act(s) or material(s) in each item of prior art that performs the claimed function. The chart must also identify the document production number of alleged prior art;

(d) Any grounds of invalidity based on 35 U.S.C. §101, indefiniteness under 35 U.S.C. §112(2) or failure of enablement, best mode or written description requirements under 35 U.S.C. §112(1) of any of the asserted claims; and

20

With its Invalidity Contentions, Defendants must produce or make available for inspection and copying:

(a) Source code, specifications, schematics, flow charts, artwork, formulas and any other available documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by ParkerVision in its Infringement Contentions chart above;

(b) A copy of each item of prior art identified by Defendants in (a) above that does not appear in the file history of the patents-at-issue. To the extent any such item is not in English, an English translation of the portions relied upon should be produced; and

Defendants may only amend their Invalidity Contentions by Order of the Court upon a showing of good cause.

## VII.  Settlement and Alternative Dispute Resolution.

### A.  Settlement

The parties agree that settlement is unlikely. The parties do not request a settlement conference before a United States Magistrate Judge.

### B. Arbitration

The parties do not agree to arbitrate.

### C. Mediation

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.

### D.    Other Alternative Dispute Resolution

The parties do not intend to pursue any other method of alternative dispute resolution.

DATED: December 8, 2014

**SMITH HULSEY & BUSEY**

Stephen D. Busey
James A. Bolling
Florida Bar Number 117790
Florida Bar Number 901253
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jbolling@smithhulsey.com

**MCKOOL SMITH, P.C.**

By: _/s/ Douglas A. Cawley_
Douglas A. Cawley
Texas Bar No. 0403550
dcawley@mckoolsmith.com
Richard Kamprath
Texas State Bar No. 24078767
rkamprath@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Joshua W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Leah Buratti
Texas State Bar No. 24064897
lburatti@mckoolsmith.com
Mario A. Apreotesi
Texas State Bar No. 24080772
mapreotesi@mckoolsmith.com
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

**ATTORNEYS FOR PLAINTIFF
PARKERVISION, INC.**

**BEDELL, DITTMAR, DeVAULT,
PILLANS & COXE**

John A. DeVault, III
Florida Bar No. 103979
E-mail: jad@bedellfirm.com
Courtney K. Grimm
Florida Bar No. 953740
E-mail: cgrimm@bedellfirm.com
The Bedell Building
101 East Adams Street
Jacksonville, Florida 32202
Telephone: (904) 353-0211
Facsimile: (904) 353-9307

and

**COOLEY LLP**

By: _/s/ Timothy S. Teter_
Stephen C. Neal (admitted pro hac vice)
E-mail: nealsc@cooley.com
Timothy S. Teter admitted pro hac vice)
E-mail: teterts@cooley.com
Jeffrey Karr (admitted pro hac vice)
jkarr@cooley.com
Matthew Brigham (admitted pro hac vice)
mbrigham@cooley.com
Benjamin G. Damstedt (admitted pro hac vice)
bdamstedt@cooley.com
3175 Hanover Street
Palo Alto, CA 94304
Phone: (650) 843-5000
Fax: (650) 849-7400

**ATTORNEYS FOR DEFENDANTS
QUALCOMM INCORPORATED
QUALCOMM ATHEROS, INC., HTC
CORPORATION, and HTC
AMERICA, INC.**

23

**DLA PIPER LLP (US)**

By: */s/ Jeremy T. Elman*
Jeremy T. Elman
Florida Bar No. 37448
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone:  (305) 423-8500
Facsimile:  (305) 503-7551
E-Mail: jeremy.elman@dlapiper.com

Angela J. Crawford
Florida Bar No. 43611
100 North Tampa, Suite 2200
Tampa, FL 33602-5809
Telephone: (813) 222-5989
Facsimile: (813) 371-1116
E-Mail: angela.crawford@dlapiper.com

Mark Fowler (Trial Counsel) (admitted *pro hac vice*)
Erik R. Fuehrer (admitted *pro hac vice*)
2000 University Avenue
East Palo Alto, CA  94303
Telephone:  (650) 833-2000
Facsimile:  (650) 833-2001
E-Mail: mark.fowler@dlapiper.com
E-Mail: erik.fuehrer@dlapiper.com

Sean Cunningham (admitted *pro hac vice*)
Ed Sikorski (admitted *pro hac vice*)
Kevin Hamilton (admitted *pro hac vice*)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: (619) 699-2700
Facsimile: (619) 699-2701
Email: sean.cunningham@dlapiper.com
Email: ed.sikorski@dlapiper.com
Email: kevin.hamilton@dlapiper.com

**Counsel for Defendants**
**Samsung Electronics Co., Ltd., Samsung**
**Electronics America, Inc. and Samsung**
**Telecommunications America, LLC**