IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| PARKERVISION, INC., | |
|                 **PLAINTIFF,** | |
| v. | CASE NO.: 6:14-cv-687-PGB-KRS |
| QUALCOMM INCORPORATED, QUALCOMM ATHEROS, INC., HTC CORPORATION, HTC AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | |
|                 **DEFENDANTS.** | |

**PARKERVISION'S MOTION TO COMPEL INTERROGATORY ANSWERS
FROM DEFENDANTS QUALCOMM, SAMSUNG, AND HTC**

## <u>TABLE OF CONTENTS</u>

I.     LEGAL STANDARD ..................................................................................................2

II.    LOCAL RULE 3.04(A) STATEMENT ....................................................................3

      A.    ParkerVision's Interrogatory No. 4 Served On February 12, 2015
          Is Relevant To Induced And Willful Infringement.................................................3

      B.    ParkerVision's Interrogatory No. 5 Served On February 12, 2015
          Is Relevant To Discovering Whether Any (Allegedly) Acceptable
          Non-Infringing Alternatives To ParkerVision's Patents Exist. ..............................6

      C.    ParkerVision's Interrogatory No. 7, Served On February 12, 2015,
          Is Relevant To Infringement Of The Accused Products.........................................9

      D.    ParkerVision's Interrogatory No. 8, Served On February 12, 2015,
          Is Relevant To Identifying Allegedly Comparable Licenses For
          Use In Determining The Proper Measure Of Damages. .......................................14

III.   ARGUMENTS AND AUTHORITIES.......................................................................15

      A.    Interrogatory No. 4:  Qualcomm Should Be Compelled To Provide
          A Complete, Non-Evasive Answer to Interrogatory No. 4
          Regarding Its Pre-suit Knowledge of the Patents-in-Suit.....................................15

      B.    Interrogatory Nos. 5 and 7: Defendants May Not Cite an
          Unreasonable Volume of Material under the Auspices of Rule
          33(d), Which Serves To Hide the True Response (If Any Exists in
          the Mountain of Identified Documents)................................................................17

            1.    Defendants' citation to voluminous, Bates-stamped
                 materials does not provide enough specificity to comply
                 with Rule 33(d). .......................................................................17

            2.    In addition to Defendants' lack of specificity, Defendants
                 cannot rely solely on Rule 33(d) for Interrogatory No. 7
                 because it concerns Defendants' contentions. ...........................................20

      C.    Interrogatory No. 8: HTC Cannot Avoid Substantively Responding
          with a Bare Citation of Rule 33(d) by Assuring a Response at
          Some Unspecified Future Date. ............................................................................24

      D.    Interrogatory No. 4 and 5: Documents created in preparation for
          this litigation are not an adequate response under Rule 33(d)
          because they are not "business records." ..............................................................26

i

**E.**     Interrogatory Nos. 4, 5, 7 and 8: Defendants' Boilerplate and
Otherwise Deficient "subject to" or "without waiving" Objections
Followed by Deficient Answers Should Be Overruled...........................................27

IV.     CONCLUSION..............................................................................................................29

McKool 1105576v3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arthrex, Inc. v. Parcus Med.*,
  No: 2:11-CV-694, 2012 U.S. Dist. LEXIS 124173 (M.D. Fla. Aug. 31, 2012) .......................2

*In re Bilzerian*,
  190 B.R. 964 (Bankr. M.D. Fla. 1995) ..................................................................................19

*Blake Associates v. Omni Spectra*,
  118 F.R.D. 283 (D. Mass. 1988).....................................................................................25, 26

*Calkins v. Parcel Corporation*,
  No. 3:07-cv00025, 2008 U.S. Dist. LEXIS 43937 (W.D. Va., June 4, 2008) ..................18, 19

*Commercial Union Ins. Co. v. Westrope*,
  730 F.2d 729 (11th Cir. 1984) ...............................................................................................3

*Derson Group, Ltd., v. Right Management Consultants, Inc.*,
  119 F.R.D. 396 (E.D. Ill. 1988) ............................................................................................19

*Hypertherm v. American Torch Tip Company*,
  No. 05–cv–373–JD, 2008 U.S. Dist. LEXIS 108269 (D.N.H. Dec. 29, 2008).......................18

*Jones v. Z.O.E. Enters. of Jax*,
  No. 3:11-cv-377, 2012 U.S. Dist. LEXIS 104768 (M.D. Fla. July 27, 2012) ..........................2

*Lesti v. Wells Fargo Bank NA*,
  297 F.R.D. 665 (M.D. Fla. 2014)............................................................................................3

*Mancini v. Ins. Corp.*,
  No.07cv1750, 2009 U.S. Dist. LEXIS 51321 (S.D. Cal. June 18, 2009) ...............................23

*Mann v. Island Resorts Dev.*,
  No. 3:08cv297, 2009 U.S. Dist. LEXIS 130436 (N.D. Fla. Feb. 27, 2009) .....................19, 28

*Morock v. Chautauqua Airlines, Inc.*,
  No. 8:07-cv-210-T-17-MAP, 2007 U.S. Dist. LEXIS 88532 (M.D. Fla. Dec. 3,
  2007) .....................................................................................................................................20

*Mulero-Abreu v. Pourto Rico Police Department*,
  675 F.3d 88 (1st Cir. 2012).................................................................................................27

*Nationwide Mut. Fire Ins. Co. v. Kelt, Inc.*,
  No. 6:14-cv-749-Orl-41TBS, 2015 U.S. Dist. LEXIS 43251 (M.D. Fla. Mar.
  30, 2015) ...........................................................................................................28

*Oleson v. Kmart Corporation*,
  175 F.R.D. 560 (D. Kan. 1997).........................................................................26

*ParkerVision, Inc. v. Qualcomm Inc.*,
  27 F. Supp. 3d 1266 (M.D. Fla. 2014) ..............................................................21

*ParkerVision, Inc. v. Qualcomm Inc.*,
  3:11-cv-719-J-37TEM, 2013 U.S. Dist. LEXIS 2753 (M.D. Fla. Jan. 8, 2013).............. *passim*

*Pepperwood of Naples Condo. Ass'n v. Nationwide Mut. Fire Ins. Co.*,
  No. 2:10-cv-753-FtM-36SPC, 2011 U.S. Dist. LEXIS 106624 (M.D. Fla.
  Sept. 20, 2011) ............................................................................................24, 28

*Pulsecard, Inc. v. Discover Card Servs.*,
  168 F.R.D. 295 (D. Kan. 1996)..........................................................................25

*Santoro v. Autozoners, LLC*,
  5:13-cv-242-Oc-10PRL, 2014 U.S. Dist. LEXIS 64985 (M.D. Fla. May 9,
  2014) ..................................................................................................................18

*Spadaro v. City of Miramar*,
  No. 11-61607-CIV-COHN, 2012 U.S. Dist. LEXIS 103278 (S.D. Fla. July 25,
  2012) ............................................................................................................18, 19

*U.S. S.E.C. v. Elfindepan, S.A.*,
  206 F.R.D. 574 (M.D. N.C. 2002) ................................................................20, 27

*United States v. Procter & Gamble Co.*,
  356 U.S. 677 (1958).............................................................................................2

*Wagner v. Fishing Co. of Alaska, Inc.*,
  No. C06-1634RSL, 2008 U.S. Dist. LEXIS 55092 (W.D. Wash. July 18,
  2008) ..................................................................................................................23

*Wiand v. Wells Fargo Bank*,
  No. 8:12-CV-557-T-27EAJ, 2013 U.S. Dist. LEXIS 166377 (M.D. Fla. Nov.
  22, 2013) ......................................................................................................26, 27

*Woodrow Woods & Marine Exhaust Sys., Inc. v. Deangelo Marine Exhaust, Inc.*,
  692 F.3d 1272 (Fed. Cir. 2012)..........................................................................22

*Woods v. DeAngelo Marine Exhaust, Inc.*,
  2010-1478, 2012 U.S. App. LEXIS 18227 (Fed. Cir. Aug. 28, 2012) ......................................3

iv

*Zuckerman v. Vane*,
  812 A.2d 942 (D.C. 2002) ...................................................................................25

**Other Authorities**

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2178
  (West 2014)................................................................................................16, 25

Federal Rule of Civil Procedure 26 ......................................................................3

Federal Rule of Civil Procedure 26(b)..................................................................3

Federal Rule of Civil Procedure 26(b)(1) .............................................................3

Federal Rule of Civil Procedure 26(e)(1) .............................................................3

Federal Rule of Civil Procedure 33(c)................................................................26

Federal Rule of Civil Procedure 33(d)......................................................... *passim*

Federal Rule of Civil Procedure 33(d)(1) ......................................................17, 25

Federal Rule of Civil Procedure 33(d)(2) ...........................................................25

Federal Rule of Civil Procedure 37(a) ..................................................................3

Federal Rule of Civil Procedure 37(a)(4) ...........................................................17

Local Rule 3.04(a) .........................................................................................1, 3

McKool 1105576v3

ParkerVision moves to compel defendant Qualcomm to respond substantively to Interrogatory Nos. 4, 5, and 7; Samsung to Interrogatory Nos. 5 and 7; and HTC to Interrogatory Nos. 5, 7, and 8. ParkerVision served its Interrogatories over four and a half months ago on February 12, 2015. Interrogatory No. 4 relates to the *mens rea* requirements of induced and willful infringement as plead by ParkerVision in its Complaint. Interrogatory No. 5 relates to availability of acceptable non-infringing alternatives which is highly relevant to the damages inquiry. Interrogatory No. 7 is directed to identifying any material differences among the operation of the accused chips in the Accused Products that are relevant to infringement. And Interrogatory No. 8 relates to the identification of allegedly comparable licenses that is one of the sources of evaluating patent damages. The Interrogatories that ParkerVision seeks to compel responses to are thus highly relevant to the claims and defenses in this case.

Notwithstanding the relevance of these Interrogatories, on March 27, 2015 (and despite ParkerVision agreeing to give Defendants an extension of time), Defendants responded under the guise of Fed. R. Civ. P. 33(d) with non-responses consisting almost entirely of assurances of answers to be provided later and unidentified documents to be produced at an unspecified future date. *See generally* Exs. 1-3. ParkerVision sent a letter to Defendants on April 3, 2015 explaining the deficiencies in Defendants' responses and requesting that Defendants provide ParkerVision with substantive interrogatory responses. *See* Ex. 4.

The parties held a meet and confer on April 9, 2015 during which time ParkerVision attempted to remedy these deficiencies without Court intervention. ParkerVision followed up the meet and confer with a letter on April 10, 2015, which summarized the discussion, including Defendants' promises to provide meaningful supplementation to address the deficiencies in their responses. *See* Ex. 5. On April 24, 2015 (and as set forth in the Local Rule 3.04(a) statement

below), ParkerVision received Defendants' supplemental responses to some (but not all) of the deficient Interrogatory responses. *See* Exs. 6-8. ParkerVision continued to refrain from seeking judicial resolution based on Qualcomm's second supplementation on May 26, 2015 and Samsung's second supplementation on May 26, 2015 and third supplementation on May 29, 2015. *See* Exs. 9-11. It has now been over a month, however, since Defendants have last supplemented the interrogatories at issue, and many months since the Interrogatories were originally served, and thus ParkerVision is forced to seek assistance from the Court to cure Defendants' deficient interrogatory responses.

Defendants have not fairly and substantively responded to ParkerVision's Interrogatories, despite being afforded ample time to provide fair and substantive responses that adequately address the subject matter sought in those Interrogatories. Accordingly, Qualcomm should be compelled to respond substantively to Interrogatory Nos. 4, 5, and 7; Samsung should be compelled to respond substantively to Interrogatory Nos. 5 and 7; and HTC should be compelled to respond substantively to Interrogatory Nos. 5, 7, and 8.

## I.      LEGAL STANDARD

"The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Jones v. Z.O.E. Enters. of Jax*, No. 3:11-cv-377, 2012 U.S. Dist. LEXIS 104768, at *2 (M.D. Fla. July 27, 2012) (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)). The Federal Rules provide that when a party serving discovery does not receive an adequate response, then the serving party may request an order compelling disclosure. *Arthrex, Inc. v. Parcus Med.*, No. 2:11-cv-694, 2012 U.S. Dist. LEXIS 124173, at *2 (M.D. Fla. Aug. 31,

2012); Fed. R. Civ. P. 37(a). Whether to grant the motion to compel is at the discretion of the trial court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

In deciding whether a motion to compel should be granted, the Court must first decide if the information sought "appears reasonably calculated to lead to the discovery of admissible evidence" under Federal Rule of Civil Procedure 26(b). *Lesti v. Wells Fargo Bank NA*, 297 F.R.D. 665, 666 (M.D. Fla. 2014) (quoting Fed. R. Civ. P. 26(b)(1)). "Rule 26(b) provides in relevant part that '[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .'" *Id.* (quoting Fed. R. Civ. P. 26(b)(1)). Rule 26 further "imposes an obligation on parties to conduct a reasonable inquiry into the factual basis of their discovery responses." *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1279 (Fed. Cir. 2012) (citing Fed. R. Civ. P. 26 (e)(1) and (b)). Moreover, Rule 26 "requires that a party who 'responded to an interrogatory . . . supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is in-complete or incorrect.'" *Id.* Section I.C.4 of the Discovery Practice Manual for the Middle District of Florida (the "Discovery Practice Manual") likewise provides that:

> A party responding to a discovery request should make diligent effort to provide a response that (i) fairly meets and complies with the discovery request and (ii) imposes no unnecessary burden or expense on the requesting party.

## II.   LOCAL RULE 3.04(A) STATEMENT

### A.   ParkerVision's Interrogatory No. 4 Served On February 12, 2015 Is Relevant To Induced And Willful Infringement.

> Separately identify and describe how and when You first became aware of each of the Patent-in-Suits (or patent application that later issued as one of the Patents-in-Suit), including the person(s) so aware, any documents showing or reflecting Your awareness of each such Patent-in-Suit and any documents or facts showing or reflecting Your belief of infringement or validity of each Patent-in-Suit from the time you first became aware of each such Patent-in-Suit through trial in this matter. Your answer should identify by Bates number any documents that relate to, support, or refute Your answer.





   This Interrogatory is relevant to the *mens rea* requirements of induced and willful infringement as plead by ParkerVision in its Complaint. *See* Dkt. 26. Despite ParkerVision identifying specific instances of Qualcomm's pre-suit knowledge of the patents-in-suit (*see, e.g., id.* at ¶¶ 188, 236 (explaining that Qualcomm's own patents, prosecuted prior to the filing of ParkerVision's complaint in this case, cite some of the patents-in-suit)), Qualcomm responded to Interrogatory No. 4 with cryptic and non-substantive answers that fail to identify who at Qualcomm had knowledge of the patents, how they came to have that knowledge, and the documents related thereto. Although Qualcomm supplemented its response on May 26, 2015, for each of the patents referenced, Qualcomm merely cited to either the patent itself or the patent's file history (with the exception of the '940 Patent). Qualcomm's further laundry list of citations to documents from *ParkerVision I* regarding infringement and validity fails to provide

any insight into Qualcomm's pre-suit knowledge of the patents-in-suit including the "who, what, when, where, why and how" of Qualcomm's admitted pre-suit knowledge and a description of each person's then-existing belief in infringement or validity of the patents.

**B.     ParkerVision's Interrogatory No. 5 Served On February 12, 2015 Is Relevant To Discovering Whether Any (Allegedly) Acceptable Non-Infringing Alternatives To ParkerVision's Patents Exist.**

Separately for each asserted claim of the Patents-in-Suit and each of Your Accused Products, please identify and describe all facts (including the technical and financial details) related to any acceptable non-infringing alternative(s) or design around(s) available to You, of which You are aware, which You are presently investigating, or which You may rely upon for any purpose in this case (including at trial). Your answer should additionally identify any documents by Bates number that relate to, support, or refute Your answer.



**Samsung's 03/27/2015 Response (*see* Ex. 2):**

**Samsung's 05/29/2015 First Supplemental Response (*see* Ex. 11):**



**HTC's 03/27/2015 Response (*see* Ex. 3):**

**HTC's 04/24/2015 First Supplemental Response (*see* Ex. 8):**

The alleged availability of acceptable non-infringing alternatives is highly relevant to the damages inquiry—one way to measure patent infringement damages is to compare the value of the inventions in the asserted claims of the patents-in-suit to the closest acceptable, non-infringing alternative. In their supplemental responses, Qualcomm and HTC point ParkerVision to more than 250,000 pages of Bates stamped production without specifying where in this sea of documents information responsive to this Interrogatory may be found. Samsung originally

responded that it was willing to meet and confer regarding a response. The parties conferred on April 9, 2015 and Samsung supplemented its responses to other interrogatories on April 24, 2015—without supplementing its response to Interrogatory No. 5. On May 29, 2015, Samsung then supplemented its response to Interrogatory No. 5 with a boilerplate response that is nearly identical to Qualcomm's and HTC's initial responses. The Defendants' assertions that "prior art methods and apparatus" are non-infringing alternatives and design-arounds fails to specifically identify what "prior art" is a non-infringing alternative or explain why that prior art would be acceptable, specifically whether, for example, it would support all of the relevant bands and standards, how much power it would use, how big it would be, and other similar factual considerations that must be specifically evaluated to determine whether an alleged non-infringing alternative is acceptable.

> ### C. ParkerVision's Interrogatory No. 7, Served On February 12, 2015, Is Relevant To Infringement Of The Accused Products.
>
> Separately for each asserted claim of the Patents-in-Suit and each of Your Accused Products, identify and explain all facts and documents related to any differences between each Accused Product that you contend is material to Plaintiff's infringement allegations, that You may rely upon to support any assertion or finding of non-infringement in this matter, or that You may rely upon to refute any infringement assertion by Plaintiff in this matter. For each Patent-in-Suit, your answer should include the identification of any differences between the transceivers cited in Plaintiff's infringement contentions and the transceivers used in each Accused Product that you contend is material to plaintiff's infringement allegations and any differences that You contend make it so that any one Accused Product is not representative of the operation of any other Accused Product. Your answer should additionally identify by Bates number any documents that relate to, support, or refute Your answer.

**Qualcomm's 03/27/2015 Response (*see* Ex. 1):**



**Qualcomm's 04/24/2015 First Supplemental Response (*see* Ex. 6):**

**Samsung's 03/27/2015 Response (*see* Ex. 2*):**

**Samsung's 04/24/2014 First Supplemental Response (*see* Ex. 7):**

**Samsung's 05/26/2015 Second Supplemental Response (*see* Ex. 10):**



**HTC's 03/27/2015 Response (*see* Ex. 3):**

**HTC's 04/24/2015 First Supplemental Response (*see* Ex. 8):**

ParkerVision reverse engineered and charted two Qualcomm chips in its infringement contentions at great expense. *See* Dkt. 122 (ParkerVision's Opposition to Samsung's Motion to Strike, further explaining that Samsung has refused to make any schematics for its Samsung-designed products available for inspection). ParkerVision contends that these two chips are

representative of the operation of each of the other accused chips in each of the Accused Products. *Id.* This Interrogatory is therefore relevant to the infringement inquiry—it is directed to identifying any material differences among the operation of the accused chips in the Accused Products that are relevant to infringement. This Interrogatory in an attempt to discover if Defendants are aware of, or will argue about, any alleged differences between the operation of different accused chips in the Accused Products that are relevant to infringement.

Interrogatory No. 7 is the only interrogatory that all Defendants supplemented their responses to on April 24, 2015. In doing so, Defendants relied, once again, on Rule 33(d). As is the case for several prior interrogatories, however, Defendants refer ParkerVision to an enormous range of documents spanning many hundreds of thousands of pages with no specification of which documents therein are responsive. Indeed, Qualcomm identifies several Bates ranges of documents spanning more than 200,000 pages (all of which were identified in response to a different interrogatory, Interrogatory No. 5 regarding non-infringing alternatives— a completely different topic); Samsung identifies nearly 30,000 pages; and HTC identifies more than 200,000 pages. Moreover, Rule 33(d) also requires that the burden in deriving the answer be at least equal by reference to the documents identified—here, that burden is not equal: Defendants designed the accused products, Defendants know the accused instrumentalities in ParkerVision's infringement contentions, Defendants have access to the native versions of the schematics for these products, and Defendants are in the best position to identify any material differences significantly more easily than ParkerVision.[1]

---

[1] Samsung's deficient response is particularly troubling based on its Motion to Strike. Dkt. 108. As explained in ParkerVision's opposition, and in light of Samsung's apparent belief that its non-Qualcomm chip products do contain material differences from those chips in ParkerVision's infringement contentions of which ParkerVision is presently unaware, Samsung should be compelled to respond regarding what those differences are. *See* Dkt. 122. With this information

### D. ParkerVision's Interrogatory No. 8, Served On February 12, 2015, Is Relevant To Identifying Allegedly Comparable Licenses For Use In Determining The Proper Measure Of Damages.

Separately for each Patent-in-Suit, identify by Bates number and describe all licenses, settlement agreements, or covenants-not-to-suit, technology transfer agreements or any other agreements or contracts providing any rights to patents or technologies ("Agreements") entered into by You, or of which You are aware, that relate to any patent or patent application (from any jurisdiction or nationality) that (i) relates to the functions and features set forth in plaintiff's infringement contentions for each of Your Accused Products or technology that you contend is similar to the functions and features set forth in Plaintiff's infringement contentions for each of Your Accused Products, or that (ii) You contend is comparable to a license that You and plaintiff would have agreed to in a hypothetical negotiation in this case. Your answer should additionally identify by Bates number any documents that relate to, support, or refute Your answer.

**HTC's 03/27/2015 Response (*see* Ex. 3):**



Defendants' licenses that are either: 1) related to the accused functionality, or 2) allegedly "comparable" to licenses to the patents-in-suit, are relevant to the damages inquiry. Indeed, allegedly comparable licenses are one of the sources of evaluating patent damages discussed in

---

about alleged differences—which Samsung is apparently already aware of but has yet to share— ParkerVision can, if necessary, reevaluate its infringement contentions to address any alleged differences between Samsung's Qualcomm and non-Qualcomm products. And if Samsung is unaware of any material differences to infringement, it has in effect conceded that ParkerVision's representative infringement contentions are proper. Samsung cannot have it both ways: either Samsung needs to answer Interrogatory No. 7 and explain any material differences from ParkerVision's present infringement theories, or Samsung needs to admit that it (like ParkerVision) is unaware of any such material differences and its Motion to Strike is not well-founded.

recent Federal Circuit case law. Rather than provide a substantive response, HTC promises to respond at some unspecified time in the future and fails to identify any responsive documents at all.

## III.  ARGUMENTS AND AUTHORITIES

### A.  <u>Interrogatory No. 4:</u>  Qualcomm Should Be Compelled To Provide A Complete, Non-Evasive Answer to Interrogatory No. 4 Regarding Its Pre-suit Knowledge of the Patents-in-Suit.

Interrogatory No. 4 requests Qualcomm identify all persons with knowledge of the patents-in-suit and to provide documents demonstrating that knowledge. *See supra* Section II.A. Despite ParkerVision's request, Qualcomm has responded that "certain individuals employed by Qualcomm" and "at least one individual in Qualcomm's legal department" knew of the patents. *Id*. Furthermore, Qualcomm provides several document citations but reliance on Rule 33(d) is improper when the interrogatory requests recollections.[2]

While Qualcomm knows that "at least one individual in Qualcomm's legal department" had knowledge of some of the patents-in-suit, Qualcomm has not provided the identity of that individual. Furthermore, Qualcomm was able to provide several dates that "certain individuals" at Qualcomm became aware of the patents-in-suit, but it failed to identify who became aware of the patents on those dates. ParkerVision pointed out these failures in correspondence months ago (*see* Exs. 4-5), but Qualcomm failed to correct these issues in its first supplemental response.

---

[2] Qualcomm's identification of a single individual who had knowledge of the '940 Patent through the document with Bates No. QCPV001390546 (an e-mail from the individual to five e-mail addresses) is insufficient. The response fails to specifically identify the recipients—leaving ParkerVision to guess which Qualcomm personnel correspond to which e-mail address. As Qualcomm itself acknowledges, there are certain individuals (not merely a single individual) who had knowledge of the '940 Patent on or around the date it issued.  Further, Qualcomm's identification regarding a single individual for the '940 Patent fails to address the remaining 10 patents-in-suit.

In Qualcomm's supplemental response, it cited voluminous documents to "provide further support to Qualcomm's belief that the accused products do not infringe." Ex. 9. This response, however, is still deficient. With the exception of one individual regarding the '940 Patent, Qualcomm has continued to fail to identify who had knowledge of the patents-in-suit or the circumstances of that knowledge. Qualcomm is the sole party in possession of this information, and even assuming these individuals appear in the mass of documents Qualcomm identified under the guise of Rule 33(d), it would be impossible for ParkerVision to hunt through Qualcomm's massive document citations looking for individuals employed by Qualcomm when ParkerVision does not even know who all of Qualcomm's employees are.

Furthermore, when an interrogatory asks for a recollection, the responding party may not rely on Rule 33(d). *See* 8B Wright § 2178. ("For example, if a question calls for the recollections of parties or their employees or agents, the fact that some pertinent data might also be found in the records would not warrant use of this option."). Qualcomm must "identify . . . how and when [it] first became aware of each of the Patent-in-Suits (or patent application that later issued as one of the Patents-in-Suit), including the person(s) so aware . . . from the time [it] first became aware of each such Patent-in-Suit through trial in this matter." Qualcomm has failed to identify the vast majority of the individuals and neglected to explain when and how these unidentified individuals became aware of the Patents-in-Suit. Despite the length of Qualcomm's response to Interrogatory No. 4 and the additional document citation, Qualcomm's response, including supplementation, fails to answer ParkerVision's Interrogatory No. 4.

Qualcomm should be compelled to provide a narrative response describing the identity and recollection of every single individual who was aware of any of the Patents-in-Suit prior to the filing of ParkerVision's complaint and support that information with any dates and relevant

document citation. Qualcomm's current response to Interrogatory No. 4 is incomplete and evasive; therefore, it should be compelled to respond fully and in good faith because "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

**B.**   **Interrogatory Nos. 5 and 7: Defendants May Not Cite an Unreasonable Volume of Material under the Auspices of Rule 33(d), Which Serves To Hide the True Response (If Any Exists in the Mountain of Identified Documents).**

In response to ParkerVision's Interrogatory Nos. 5 and 7, Qualcomm has identified an unreasonable mountain of over a quarter million documents with no specification of where in the mountain ParkerVision is supposed to fairly derive a response to these Interrogatories. *See supra* Sections II.B and C. Samsung's response to ParkerVision's Interrogatory No. 7 and HTC's responses to ParkerVision's Interrogatory Nos. 5 and 7 follow this same tactic. *See id*. Because "hiding" responsive documents (if any) within a sea of documents is not in compliance with Rule 33(d), Defendants should be compelled to provide substantive, narrative responses to these Interrogatories.

**1.**   **Defendants' citation to voluminous, Bates-stamped materials does not provide enough specificity to comply with Rule 33(d).**

Defendants have responded with enormous Bates number ranges that fail to comply with Rule 33(d)(1)'s requirement of "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d). Indeed, Defendants have attempted to avoid answering ParkerVision's Interrogatories by directing ParkerVision to a sea of Bates-stamped materials ranging in size from tens to hundreds of thousands of pages. The advisory notes to Rule 33(d) address this type of discovery abuse:

> The Committee is advised that parties upon whom interrogatories are served have occasionally responded by directing the interrogating party to a mass of business

records or by offering to make all of their records available, justifying the response by the option provided by this subdivision. Such practices are an abuse of the option.

Fed. R. Civ. P. 33 Advisory Committee Notes.

The specificity requirement "now contained in Rule 33(d)(1) was added in 1980 to address this problem," referring to burying the interrogating party with a mountain of responsive documentation in which the answer may (or may not) be hidden. 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2178 (West 2014). "Indeed, a party may not merely refer another party to documents hoping that the other party will be able to glean the requested information." *Santoro v. Autozoners, LLC*, 5:13-cv-242, 2014 U.S. Dist. LEXIS 64985, at *4-5 (M.D. Fla. May 9, 2014). Instead, "[a]t a minimum, Defendant's answers to the interrogatories should include specific references to specific Bates numbered documents correlated with specific interrogatory requests." *Id*.

In *Hypertherm v. American Torch Tip Company*, the interrogatory-serving party contended that the answering party relied "on Rule 33(d) to answer the interrogatories by a general reference to thousands of documents produced in discovery [which is] tantamount to not answering at all." No. 05–cv–373, 2008 U.S. Dist. LEXIS 108269, at *3 (D.N.H. Dec. 29, 2008). The court agreed, observing, "[i]mportantly, Rule 33(d) is not a means for a party to avoid answering interrogatories by making only a general reference to a mass of documents or records." *Id*. Similarly, in *Calkins v. Parcel Corporation*, the court explained "[c]learly, a general reference to a 92-page list of documents, with no indication as to which of the documents, if any, contain answers to the interrogatory, does not adequately and precisely specif[y] . . . the actual documents where information will be found." No. 3:07-cv-00025, 2008 U.S. Dist. LEXIS 43937, at *14 (W.D. Va., June 4, 2008) (internal quotations omitted). In *Spadaro v. City of Miramar*, the court required that the responding party "either provide a

complete written response for each interrogatory or cite to specific page and paragraphs of each document he claims is responsive." No. 11-61607-CIV-COHN, 2012 U.S. Dist. LEXIS 103278, at *11 (S.D. Fla. July 25, 2012).[3] Given the "very limited circumstances" in which Rule 33(d) may be invoked, Defendants' unreasonable citation to voluminous documents does not satisfy the specificity requirement of Rule 33(d). *See* Discovery Practice Manual at Section III(A)(10).

As in *Hypertherm*, *Calkins*, and *Spadaro*, Defendants' general citation to a mass of documents previously served in this litigation is not in compliance with Rule 33(d) because it does not adequately specify the records from which ParkerVision may ascertain answers to its interrogatories. Qualcomm cites over 256,885 pages of documents for Interrogatory No. 5 and over 220,514 of the same pages for Interrogatory No. 7.[4] *See supra* Section II.C. HTC cites 33,738 pages of documents for Interrogatory No. 5 and 212,859 pages for Interrogatory No. 7. *Id.* And Samsung cites 29,221 pages for Interrogatory No. 7. *Id.* This type of massive document dump does not comply with Rule 33(d). "[Defendants] may very well have provided documents responsive to [ParkerVision's] requests, but the manner in which they did so is not acceptable." *Mann v. Island Resorts Dev.*, No. 3:08-cv-297, 2009 U.S. Dist. LEXIS 130436, at *13 (N.D. Fla. Feb. 27, 2009).[5]

---

[3] *See also In re Bilzerian*, 190 B.R. 964, 965 (Bankr. M.D. Fla. 1995) (citing *Derson Group, Ltd., v. Right Management Consultants, Inc.*, 119 F.R.D. 396 (E.D. Ill. 1988)) ("[I]t is clear that a general reference to voluminous documents is not sufficient.").

[4] Qualcomm's citation to an erroneous range of Bates-stamped pages from "QCPVII00105370 – QCPVII0010953" means that ParkerVision cannot provide the exact number of pages cited by Qualcomm.

[5] In contrast to these interrogatories, Qualcomm provides Bates numbers for two documents in response to Interrogatory No. 8 and provides their relevance: "[b]y identifying these documents, Qualcomm does not take any position on whether the licenses are comparable licenses for purposes of the hypothetical negotiation, a determination that is premature at this stage of the litigation and will be the subject of expert discovery." Samsung also provided Bates numbers for two documents in response to Interrogatory No. 8, but Samsung failed to state their relevance. While ParkerVision does not concede that these responses to Interrogatory No. 8 are

      2.      **In addition to Defendants' lack of specificity, Defendants cannot rely solely on Rule 33(d) for Interrogatory No. 7 because it concerns Defendants' contentions.**

"Reliance on Rule 33(d) is appropriate when the interrogatory requests objective facts that are obvious from the specified documents, but is generally inappropriate when the interrogatory asks a party to state its contentions or to state facts supporting its allegations." *Morock v. Chautauqua Airlines, Inc.*, No. 8:07-cv-210-T-17-MAP, 2007 U.S. Dist. LEXIS 88532, at *4 (M.D. Fla. Dec. 3, 2007). Interrogatory No. 7 requests Defendants "identify and explain all facts and documents related to any differences between each Accused Product that you contend is material to Plaintiff's infringement allegations, that You may rely upon to support any assertion or finding of non-infringement in this matter." *See supra* Section II.C. As Interrogatory No. 7 requests Defendants explain any material differences between ParkerVision's infringement contentions and Defendants' understanding of the operation of their own products, Interrogatory No. 7 calls for a contention that ParkerVision cannot glean from documents, regardless of how specifically Defendants cite their business records. *See Morock*, 2007 U.S. Dist. LEXIS 88532, at *6 ("Only [a party] can identify [their] own contentions and the burden on [the other party] to try and divine [their] contentions from documents obviously imposes a greatly unequal burden on [the other party]." (quoting *U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 577 n.5 (M.D. N.C. 2002)).) Accordingly, Defendants should be compelled to provide a narrative response to ParkerVision's Interrogatory No. 7, explaining what differences (if any) they contend exist between the products charted in ParkerVision's infringement contentions and the other accused products. *See also* Dkt. 122 (explaining ParkerVision's

---

complete, Qualcomm's response was an acceptable specification of documents under Rule 33(d). For each of the other Interrogatories at issue here, Defendants should be required to respond with this same level of specificity if they intend to rely on Rule 33(d).

contention that the representative products that were reverse engineered and charted at great expense are, to the best of ParkerVision's present belief, representative of the operation of each of the accused products in the case, and further explaining why reverse engineering and charting every single chip in every single accused product is not feasible).

In *ParkerVision I*, the court declined to order Qualcomm to provide a narrative response to a contention interrogatory. *See ParkerVision, Inc. v. Qualcomm Inc*., 3:11-cv-719-J-37TEM, 2013 U.S. Dist. LEXIS 2753 (M.D. Fla. Jan. 8, 2013). Based on ParkerVision's experience in *ParkerVision I*, however, ParkerVision demonstrates why Defendant's should be compelled to substantively respond to ParkerVision's Interrogatory No. 7 in this case.

In *ParkerVision I*, Qualcomm made an eleventh-hour argument that ParkerVision's infringement contentions are insufficient based on representative products. *ParkerVision, Inc. v. Qualcomm Inc.*, 27 F. Supp. 3d 1266, 1279 (M.D. Fla. 2014). During judgment as a matter of law briefing in *ParkerVision I*, Qualcomm argued that ParkerVision's use of representative products was insufficient to carry the burden of proving infringement despite Qualcomm's failure to cross-examine ParkerVision's infringement expert on his use of representative products and relying on representative documents when cross-examining ParkerVision's expert. *Id*. The court rejected Qualcomm's argument "that JMOL is warranted because ParkerVision failed to present substantial evidence that the Magellan design is a representative product." *Id*. at 1280-81 (internal citations omitted).

Given Qualcomm's prior allegations of the inadequacy of representative products argument as late as *post*-trial, ParkerVision served its Interrogatory No. 7 early in this case to discern whether ParkerVision's use of representative products would be at issue in this litigation and to spare the parties (and the Court) the burden of separately evaluating many products, if, at

McKool 1105576v3

the end of the day (and as in *ParkerVision I*) the Defendants' would not assert non-infringement based on any alleged differences among the accused products. Contention interrogatories are appropriate in the Middle District of Florida: "(1) to target claims, defenses, or contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims, defenses, and contentions." Discovery Practice Manual at Section IV(A)(8). In this case, it is critical that Defendants affirmatively admit or deny that they will be defending against ParkerVision's infringement allegations based on material differences between the accused products and narratively explain to ParkerVision what differences between the accused products they contend are material to narrow the scope of the case and the burden on the parties (and the Court) in evaluating each of the products at issue. The Federal Circuit has recognized the utility of contention interrogatories in the context of narrowing patent litigation issues. *See Woodrow Woods & Marine Exhaust Sys., Inc. v. Deangelo Marine Exhaust, Inc.*, 692 F.3d 1272 (Fed. Cir. 2012) ("Contention interrogatories . . . serve an important purpose in helping to discover facts supporting the theories of the parties. Answers to contention interrogatories also serve to narrow and sharpen the issues thereby confining discovery and simplifying trial preparation.").

Compelling Defendants to narratively respond to Interrogatory No. 7 significantly narrows the scope of this litigation because utilizing representative products minimizes the burden on all parties in this litigation. Each of ParkerVision's infringement contentions is extensive and represents substantial time expenditure by ParkerVision. If ParkerVision is required to draft infringement contentions for all of the accused products—because of alleged material differences between those products—this litigation will be greatly complicated. Rather than wait (until expert reports or potentially as late as judgment as a matter of law post-trial) to

dispute the adequacy of ParkerVision's use of representative products, Defendants need to identify whether they will dispute the use of representative products now and provide ParkerVision with any facts known to them that support that contention. This will enable ParkerVision to adequately prepare its expert reports and for trial. Currently, Defendants have not made any indication whether or not they will argue that there are meaningful differences among the accused products such that ParkerVision cannot use a representative products infringement theory in its expert reports and at trial.

For instance, Qualcomm stated in its original response to Interrogatory No. 7 that "[t]he Accused Products also have many differences that provide additional bases for non-infringement." Qualcomm goes on to say "[f]or example, the values that Qualcomm has selected for the resistors, capacitors, and other components are not identical across all of the Accused Products." Qualcomm cannot simply claim "there are many differences" and that "other components are not identical" but then fail to provide what those differences are and how those differences are material to Qualcomm's non-infringement defense, as requested by Interrogatory No. 7. If Qualcomm has knowledge of material differences between the accused products—and as the party who designs them, it should know—it should inform ParkerVision of those differences so that ParkerVision can prepare its expert reports and for trial. Thus, considering the narrowly construed nature of Rule 33(d)[6] and the necessity of ParkerVision knowing Defendants' answers to these contentions to narrow the scope of the case, Defendants should be compelled to provide a substantive, narrative response to ParkerVision's Interrogatory No. 7.

---

[6] *See Wagner v. Fishing Co. of Alaska, Inc.*, No. C-06-1634-RSL, 2008 U.S. Dist. LEXIS 55092, at *3 (W.D. Wash. July 18, 2008) ("[Rule 33(d)] has been narrowly interpreted."); *see also Mancini v. Ins. Corp.*, No. 07-cv-1750, 2009 U.S. Dist. LEXIS 51321, at *6 (S.D. Cal. June 18, 2009) ("The Federal Rules of Civil Procedure allow, in strictly limited circumstances, for a party to refer to specific business records in response to an interrogatory . . . .").

C.     **Interrogatory No. 8:** HTC Cannot Avoid Substantively Responding with a Bare Citation of Rule 33(d) by Assuring a Response at Some Unspecified Future Date.

In response to ParkerVision's Interrogatory No. 8, HTC has failed to provide any response whatsoever, instead only citing Rule 33(d) and promising to produce documents responsive to this Interrogatory at some unspecified future date. *See supra* Section II.D. Because an assurance to produce unidentified documents at some future date is not in compliance with Rule 33(d), HTC should be compelled to provide a substantive narrative response to this Interrogatory.

Rule 33(d) provides a limited alternative to answering interrogatories with a narrative response when "the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party . . . ." Fed. R. Civ. P. 33(d). The rule further mandates that the answering party must "(1) specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could . . ." *Id.* Rule 33(d) "is not a procedural device for avoiding the duty to provide information in response to an interrogatory." *Pepperwood of Naples Condo. Ass'n v. Nationwide Mut. Fire Ins. Co.*, No. 2:10-cv-753-FtM-36SPC, 2011 U.S. Dist. LEXIS 106624, at *16 (M.D. Fla. Sept. 20, 2011) (internal citations omitted).

HTC's response to ParkerVision's Interrogatory No. 8 is deficient because it does not specify any business records as required by Rule 33(d). *See supra* Section II.D. Instead, HTC merely states that at some unspecified time in the future it will produce unidentified documents that it contends are sufficient to comply with Rule 33(d). Such unaccompanied assurances that documents will be provided in the future (especially here where months have passed since the

24

service of the Interrogatory and ParkerVision's notification to Defendants regarding their deficient non-responses) are insufficient to meet HTC's burden to specify relevant business records. *Zuckerman v. Vane*, 812 A.2d 942, 946 (D.C. 2002); *Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 305 (D. Kan. 1996). "It is clear that a simple offer to produce unspecified responsive materials is not sufficient designation to satisfy the [Rule 33(d)]." 8B Wright § 2178.

As stated in the Discovery Practice Manual Section III(A)(10), Rule 33(d) is only available "in very limited circumstances." If HTC wanted to comply with the "limited circumstances" of Rule 33(d), at the time HTC served its initial response (*i.e.*, on March 27, 2015), it would have "specif[ied] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). The response at issue did not "specif[y]" any documents—it simply said some unknown and unspecified documents would be produced at some future date. *See* Section II.D, *supra*. And, Rule 33(d)(2) further required HTC to "giv[e] the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." Fed. R. Civ. P. 33(d)(2). Because HTC did not produce or identify any specific documents pursuant to Rule 33(d), HTC has not afforded ParkerVision the required "opportunity to examine and audit the records." Had HTC wanted to legitimately invoke Rule 33(d), then it was required to comply with both 33(d)(1) and 33(d)(2) at the time their responses were served—*i.e.* on March 27, 2015 (or, at the very least, as part of their April 24, 2015 or May 27, 2015 supplementations).

Consistent with the literal language of the Rule, and the guidance from *Wright and Miller* set forth above, several courts have held that a promise to respond in the future is insufficient to satisfy Rule 33(d). For instance, in *Blake Associates v. Omni Spectra*, the court observed the

interrogatory response at issue "merely states that it '. . . . will make available for examination by counsel documents responsive to this interrogatory.'" 118 F.R.D. 283, 289 (D. Mass. 1988). The court explained, "this is patently insufficient . . . [a]n even cursory reading of Rule 33(c) [now Rule 33(d)] would have alerted reasonably competent counsel to the fact that plaintiff's answers were wholly deficient." *Id*. Similarly, in *Oleson v. Kmart Corporation,* the court rejected reliance on Rule 33(d) where the defendant, "under the guise of Fed. R. Civ. P. 33(d)," referred generically to an employment record and promised to furnish additional material at a mutually agreeable date and time. 175 F.R.D. 560, 564 (D. Kan. 1997). The court clarified, "it is not a proper answer to an interrogatory that information will be produced at a time to be mutually agreed between the parties." *Id*.

ParkerVision requests that the Court compel HTC to respond in full to ParkerVision's Interrogatory No. 8 regarding damages, including but not limited to identifying and producing both: 1) agreements that relate to the accused and similar functionality as described in ParkerVision's infringement contentions, and 2) agreements that HTC contends are comparable to a license the parties would have agreed to in a hypothetical negotiation in this case.

> **D.    Interrogatory No. 4 and 5: Documents created in preparation for this litigation are not an adequate response under Rule 33(d) because they are not "business records."**

In addition to the non-responsive nature of including Qualcomm's infringement and invalidity contentions in its response to Interrogatory No. 4 and the Defendants' response to Interrogatory No. 5 generally, the Defendants may not utilize documents prepared for this litigation (*i.e.* their invalidity contentions), or during the course of previous litigation, in lieu of providing a narrative response to Interrogatory Nos. 4 (Qualcomm) and 5 (each of the Defendants)—Rule 33(d) only allows the use of business records. *Wiand v. Wells Fargo Bank*, No. 8:12-CV-557-T-27EAJ, 2013 U.S. Dist. LEXIS 166377, at *21 (M.D. Fla. Nov. 22, 2013).

For example, in *Wiand v. Wells Fargo Bank*, the responding party offered an expert report under Rule 33(d). *Id.* The court held "Rule 33(d) permits a party to answer an interrogatory with business records . . . an expert report is not a business record." *Id.* In *Mulero-Abreu v. Pourto Rico Police Department,* the responding party attempted to answer an interrogatory with a deposition transcript. 675 F.3d 88, 91 (1st Cir. 2012). The court observed that "[a]nswering interrogatories simply by directing the proponent to rummage through other discovery materials falls short of the obligations imposed by Rule 33." *Id.*; *see also SEC v. Elfindepan*, 206 F.R.D. 574, 577-78 (M.D.N.C. 2002) ("Pleadings, depositions, exhibits, and affidavits which plaintiff intends to use are not Rule 33(d) business records."). Including Qualcomm's supplemental response to Interrogatory No. 4, Qualcomm has cited several portions of the trial transcript from *ParkerVision I*, a brief before the Court of Appeals for the Federal Circuit, and its infringement and invalidity contentions—none of these documents are business records. Likewise, in responding to Interrogatory No. 5 each of the Defendants incorporate their invalidity contentions under the guise of Rule 33(d)—these litigation created invalidity contents are not business records within the meaning of the Rule. This is yet another reason why Qualcomm should be compelled to supplement its response to Interrogatory No. 4 and Defendants should be compelled to supplement their responses to Interrogatory No. 5.

  **E.**  <u>**Interrogatory Nos. 4, 5, 7 and 8**</u>**: Defendants' Boilerplate and Otherwise Deficient "subject to" or "without waiving" Objections Followed by Deficient Answers Should Be Overruled.**

   Boilerplate objections are insufficient to preserve any meritorious objection that Defendants may have had with respect to any of ParkerVision's Interrogatories. Accordingly, and because their objections are waived, this is an additional reason why Qualcomm should be compelled to respond substantively to Interrogatory Nos. 4, 5, and 7; Samsung should be

compelled to respond substantively to Interrogatory Nos. 5 and 7; and HTC should be compelled to  respond substantively to Interrogatory Nos. 5, 7, and 8.

Defendants raise a mass of objections to every single interrogatory set forth herein. *See supra* Section II.A, B, C, and D. Rather than rely on the alleged objectionable nature of the interrogatory, however, Defendants answer each such interrogatory (although not sufficiently), and promise to provide responsive information as discussed in detail above. Courts in the Middle District of Florida have consistently held that objections preceding an answer constitute waiver of those objections. *See Pepperwood*, 2011 U.S. Dist. LEXIS 96501, at *6-7 ("Even though the practice has become common here and elsewhere, courts have found that whenever an answer accompanies an objection, the objection is deemed waived, and the answer, *if responsive*, stands." (emphasis added)). Such objections "preserve[] nothing and waste[] the time and resources of the parties and the court." *Nationwide Mut. Fire Ins. Co. v. Kelt, Inc.*, No. 6:14-cv-749-Orl-41TBS, 2015 U.S. Dist. LEXIS 43251, at *9 (M.D. Fla. Mar. 30, 2015).

In this case, ParkerVision is not contending that Defendants' answers should stand—on the contrary, Defendants' answers are entirely deficient for the reasons set forth above. However, and because Defendants agreed to provide information in response to the Interrogatories discussed herein "subject to" their objections, those objections have been waived. In this District, Defendants had to choose between abstaining from answering because the interrogatory is objectionable (and state those objections with particularity) or respond substantively. "[A] responding party is given only two choices: to answer or to object." *Mann*, 2009 U.S. Dist. LEXIS 130436, at *10. "Objecting but answering subject to the objection is not one of the allowed choices." *Id*. Here, Defendants objected with boilerplate objections, then answered "subject to" those objections, waiving any meritorious objection they may otherwise have had.

## IV.    CONCLUSION

For the foregoing reasons, ParkerVision requests that the Court grant its Motion to Compel Defendants to provide responses to the Interrogatories discussed herein.


## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), ParkerVision's attorneys conferred in good faith with defendants' attorneys, who object to the relief sought in this motion.

McKool 1105576v3

Dated:  July 3, 2015

Respectfully submitted,

**McKOOL SMITH, P.C.**

By:   _/s/ Joshua W. Budwin_

Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Richard A. Kamprath
Texas State Bar No. 24078767
rkamprath@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Joshua W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Leah Buratti
Texas State Bar No. 24064897
lburatti@mckoolsmith.com
Kathy H. Li
Texas State Bar No. 24070142
kli@mckoolsmith.com
Mario Apreotesi
Texas State Bar No. 24080772
mapreotesi@mckoolsmith.com
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

**SMITH HULSEY & BUSEY**
Stephen D. Busey
James A. Bolling
Florida Bar Number 117790
Florida Bar Number 901253
225 Water Street, Suite 1800
Jacksonville, Florida  32202
Telephone: (904) 359-7700
Facsimile: (904) 359-7708
jbolling@smithhulsey.com

**ATTORNEYS FOR PLAINTIFF**
**PARKERVISION, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 3, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none.

*/s/ Kathy H. Li*
Kathy H. Li
