**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PARKERVISION, INC.,

      Plaintiff,

v.                                      Case No:  6:14-cv-687-Orl-40KRS

QUALCOMM INC., et al.,

      Defendants.

_____

## <u>ORDER</u>

This cause comes before the Court on the following:

1. Defendant Samsung's Motion to Strike Plaintiff ParkerVision, Inc.'s Infringement Contentions Regarding Non-Qualcomm Based Samsung Products (Doc. 108), filed April 13, 2015;

2. Plaintiff ParkerVision, Inc.'s Response in Opposition to Samsung's Motion to Strike Regarding ParkerVision's Infringement Contentions (Doc. 122), filed April 30, 2015;

3. Defendant Samsung's Reply in Support [of] Motion to Strike Plaintiff ParkerVision, Inc.'s Infringement Contentions Regarding Non-Qualcomm Based Samsung Products (Doc. 130), filed May 18, 2015;

4. Plaintiff ParkerVision's Sur Reply in Further Opposition to Samsung's Motion to Strike Regarding ParkerVision's Infringement Contentions (Doc. 135), filed June 3, 2015.

Upon consideration, the motion to strike is denied.

## I.    BACKGROUND

Plaintiff, ParkerVision, Inc. ("ParkerVision"), sues, among others, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") for the infringement of eleven patents.   Briefly, ParkerVision's case revolves around transmitter, receiver, transceiver, and baseband integrated circuits (collectively, "chips") contained in cellular telephones, tablets, and other types of devices.   ParkerVision ultimately accuses 133 of Samsung's products, some of which utilize processors manufactured by co-defendant Qualcomm, Inc. ("Qualcomm-based accused products") and others that do not ("non-Qualcomm-based accused products").   (Doc. 108-2).   Samsung now moves the Court pursuant to Federal Rule of Civil Procedure 16(f) to strike ParkerVision's infringement contentions to the extent they attempt to accuse Samsung's non-Qualcomm-based accused products.   Samsung seeks this relief because it believes ParkerVision's infringement contentions fail to adhere to the specificity requirements of this Court's Case Management and Scheduling Order.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 16(f) allows the Court to sanction a party who "fails to obey a scheduling or other pretrial order."   Fed. R. Civ. P. 16(f)(1)(C).   Permissible sanctions include striking material from pleadings, dismissing the action, and imposing reasonable fees and costs.   Fed. R. Civ. P. 37(b)(2)(A)(ii)–(vii).   "Rule 16(f) sanctions were 'designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation.'"   *United States v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)).   Although Rule 16(f) affords broad discretion to a district

court, sanctions are generally warranted only where there is a "clear record of delay or willful contempt" or other improper conduct.  *Goforth*, 766 F.2d 1533 at 1535.

## III.   DISCUSSION

Samsung asks the Court to sanction ParkerVision for failing to comply with the portion of this Court's Case Management and Scheduling Order ("CMSO") requiring pretrial disclosure of infringement contentions.   That part of the CMSO provides as follows:

> A party making infringement contentions must serve on the opposing party, but not file with the Court, disclosures of the following information:
>
> 1.   The party shall disclose each asserted claim of infringement.
>
> 2.   The party shall disclose the identity of each accused device.   This identification shall be as specific as possible.  The party shall identify each accused device by name or model number, if known.
>
> 3.   For each element of each asserted claim, the party shall disclose its contentions as to how each element of each claim is found in each accused device.
>
> 4.   For each element of each asserted claim that the party contends is governed by 35 U.S.C. § 112 ¶ 6, the party shall disclose the function and structure of each element and where the function and structure is disclosed in the specification.   The party shall also disclose the identity of the structure(s), act(s), or material(s) in each accused device that performs the claimed function.
>
> 5.   The party shall disclose whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused device.

(Doc. 92, pp. 2–3) (footnote omitted).

Although ParkerVision served its disclosure of accused products (Doc. 108-2) and infringement contentions (Doc. 122-1) on Samsung, Samsung contends that the infringement contentions fail to comply with the CMSO's specificity requirements.  In particular, Samsung takes issue with how ParkerVision alleged its infringement contentions against non-Qualcomm-based accused products.  Instead of making individual infringement contentions supporting each element of each claim against each non-Qualcomm-based accused product, ParkerVision incorporated by reference its infringement contentions against the Qualcomm-based accused products and indicated that it intended to pursue the same theories of infringement as to both Qualcomm-based and non-Qualcomm-based accused products.  Samsung argues that this shotgun approach to ParkerVision's infringement contentions obfuscates ParkerVision's theories of infringement as to each accused product and renders discovery unduly burdensome. Samsung also contends that ParkerVision errs in its position that the non-Qualcomm-based accused products function in the same manner as the Qualcomm-based accused products and that ParkerVision's approach to its infringement contentions has impermissibly shifted the burden to Samsung to disprove this theory.

ParkerVision responds that its infringement contentions adequately comply with the CMSO's specificity requirements because ParkerVision is allowed to use representative examples of accused products to show its infringement theories for the remaining accused products.  ParkerVision indicates that it engaged in extensive pre-suit discovery in order to determine which of Samsung's products allegedly infringed ParkerVision's asserted technology, including the reverse engineering of multiple Qualcomm chips that appeared in various of Samsung's flagship products.  ParkerVision explains that it made the decision not to reverse engineer every single chip in each

accused product because the time and cost to do so would be astronomical.[1] ParkerVision further reveals that Samsung began placing non-Qualcomm chips in its accused products after ParkerVision served its infringement contentions.  ParkerVision states that these non-Qualcomm-based accused products infringe its asserted technology in the exact same manner and, therefore, that its infringement contentions for the Qualcomm-based accused products apply equally to the non-Qualcomm-based accused products.

The Court finds that sanctions against ParkerVision—particularly the striking of its infringement contentions—are unwarranted.  First, ParkerVision's infringement contentions as they currently stand sufficiently comply with the CMSO's specificity requirements.  The purpose of infringement contentions is to provide the defendant with notice of the plaintiff's theories of infringement beyond what is disclosed in the complaint. *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004). Additionally, where a plaintiff accuses a large number of products and asserts that each accused product infringes the asserted technology in the same way, a representative accused product can be used to outline the plaintiff's infringement contentions against other accused products.  *Linex Techs., Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703, 711 (E.D. Tex. 2008).   Here, Samsung takes no issue with ParkerVision's infringement contentions against the Qualcomm-based accused products, which appear to be detailed and complete.   The fact that ParkerVision uses representative accused products is therefore sufficient to show Samsung its theories of infringement for the non-Qualcomm-based accused products.

---

[1]   In support, ParkerVision attaches the sworn declaration of its Patent and Technology Specialist, who illuminates that it ordinarily costs over $90,000 and takes between three to six months to reverse engineer one chip.  (Doc. 122-2).

Second, to the extent Samsung contends ParkerVision is mistaken in its belief that the non-Qualcomm-based accused products function in the same manner as the Qualcomm-based accused products, Samsung essentially asks the Court to address the merits of ParkerVision's case, which is inappropriate at this juncture.  ParkerVision will ultimately live or die by its infringement contentions.  As the infringement contentions currently stand, ParkerVision provides Samsung adequate notice of its case against each accused product.  Should ParkerVision be incorrect or impermissibly vague in its theories of infringement, those are issues Samsung can pursue on summary judgment or at trial.

Finally, the parties continue to vigorously engage in discovery and the deadline for ParkerVision to supplement or amend its infringement contentions has not yet passed. In addition to the fact that this ongoing discovery and the upcoming *Markman* hearing may allow ParkerVision to hone its theories of infringement, the striking of ParkerVision's otherwise sufficient infringement contentions is unwarranted.

## IV.   CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Defendant Samsung's Motion to Strike Plaintiff ParkerVision, Inc.'s Infringement Contentions Regarding Non-Qualcomm Based Samsung Products (Doc. 108) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on August 11, 2015.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record