UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| PARKERVISION, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 6:14-cv-687-PGB-KRS |
| QUALCOMM INCORPORATED, *et al.*, | ) ) ) |
| Defendants. | ) ) |

# CORRECTED JOINT STATEMENT[1] REGARDING REQUESTED *WILLIAMSON* BRIEFING AND PROPOSED PROCEDURE TO ADDRESS IMPACT OF *PARKERVISION I*

This joint statement addresses two issues discussed during the August 12, 2015 hearing: (1) briefing and argument for the two terms raised in Defendants' motion to construe (Dkt. 174), and (2) briefing and argument for the impact of *ParkerVision I* on the present case. The parties have continued to meet and confer regarding these issues, but have been unable to reach agreement on either issue.

**I.   PROPOSED BRIEFING AND ARGUMENT SCHEDULE FOR *WILLIAMSON* ISSUES.**

    **A.   ParkerVision's Statement: Because this issue has been fully briefed and Defendants' Motion was not merely seeking permission to file a brief on this issue, ParkerVision opposes any further briefing, but does not oppose a hearing on any of October 13-16, 2015.**

At the Claim Construction Hearing on August 12, 2015, Defendants represented that their Motion to Construe "Modulation and Frequency Selection Module" ('549 Patent) and "Pulse Shaping Module"/"Pulse Shaper" ('940 and '549 Patent) (doc. 174), was merely seeking

---

[1] This Corrected Joint Statement and attachments thereto are intended to replace Dkt. No. 215 in its entirety. The Corrected Joint Statement corrects an error in the originally-filed Joint Statement, wherein the header of Section II.B and the preceding paragraph were merged together. (Dkt. 215 at 6.)

1

permission from the Court to file a motion to construe those terms. Doc. 211, Aug. 12 Tr. 211:1-20 (MR. TETER: "So, Your Honor, we just received their opposition, I think, Monday night. I read it yesterday for the first time. *Our original Williamson brief was merely asking for permission –*"; THE COURT: "Right. I understood that."; MR. TETER: "-- to brief those two. . . ." (emphasis added)). Contrary to the Defendant's assertion, their Motion to Construe was not merely seeking permission to file a motion to construe those terms, rather that Motion was itself a full brief that laid out each of Defendants' arguments along with their proposed claim constructions and authorities in support thereof. Accordingly, because this issue has been fully briefed, and because the Defendants' are not seeking leave to file a reply under the Local Rules, no further briefing is warranted.

On July 24, 2015, Defendants filed a 22-page brief—styled as Defendants' "Motion to Construe." Doc. 174 at 1-2, 22. Defendants' Motion asks the Court to construe two additional terms as means-plus-functions claims pursuant to 35 U.S.C. § 112, ¶ 6. *Id.* Defendants' Motion sets forth their arguments, the requested relief sought from the Court, and the authorities in support thereof. *See id*. On August 10, 2015 (shortly before the claim construction hearing and on the date mandated by the local rules), Plaintiff ParkerVision responded with a 20-page brief setting forth its arguments and authorities in opposition to Defendants' Motion. Doc. 192. In their Motion, Defendants did not once use the word "leave" and instead presented their claim construction arguments, supporting authorities for each term, and proposed claim constructions. *See generally* Doc. 174. In contrast, and unlike Defendants' Motion, Local Rule 3.01(d) provides that a motion requesting leave to file a motion shall not exceed three pages and should not include the proposed motion or other paper. Because Defendants filed a fully-briefed motion to which ParkerVision has responded, and because Local Rule 3.01(c) provides that any further reply is generally not allowed absent filing of a motion for leave demonstrating good cause

2

(something that has not happened here), ParkerVision respectfully opposes any further briefing on this issue and requests that the Court rule on the fully-briefed motion and response already on file.

Defendants' assert in their section below that ParkerVision "declined to reveal its proposed constructions, patent citations, dictionary definitions, or the identity and substance of its expert's proposed testimony." This statement is not true. As set forth in ParkerVision's response to Defendants' Motion, the Defendants failed to follow the Court's procedures for claim construction briefing and refused to reveal to ParkerVision which terms it additionally contended should be construed, what the proposed constructions should be, and what the supporting evidence in favor of Defendants' proposed constructions should be. *See* doc. 194 at 4-5. As set forth therein, and even though they proposed these additional terms for construction, Defendants refused to share their proposed construction or identification of these terms with ParkerVision at any point prior to the filing of their Motion. *See id*. Nonetheless, Defendants' unilaterally moved forward with filing their 22-page brief to which ParkerVision provided a 20-page response. Doc. 174; Doc. 192.

Notwithstanding the foregoing, and if the Court orders further briefing, ParkerVision is agreeable to the schedule proposed by the Defendants below. And, while ParkerVision opposes further briefing, ParkerVision does not object to a hearing on this issue to be held any day between October 13-16, 2015 (or other date convenient to the Court).

 **B.** **Defendants' Statement: The Court Should Reject ParkerVision's Renewed Attempt to Deprive Defendants of an Opportunity to Respond to ParkerVision's Briefing and Argument.**

The Court already heard and rejected ParkerVision's argument that the *Williamson* issue is "fully briefed," and held that Defendants should have an opportunity to respond to

3

ParkerVision on the merits. The Court should reject ParkerVision's request for reconsideration and enter the following briefing schedule for the two *Williamson* terms:

| Event | Date |
| --- | --- |
| Defendants' Brief | Filed with this Joint Statement |
| ParkerVision's Response | Filed October 5, 2015 |
| Hearing | Any day between October 13-16, 2015 based on the Court's schedule |

Consistent with Defendants' proposed schedule, Defendants are filing and serving their brief as Attachment A.

ParkerVision does not have a conflict with those dates, and negotiated the above briefing and hearing schedule with the Defendants. Although ParkerVision has agreed to a briefing schedule, it does not want the Court to consider the Defendants' brief, and does not want the Court to have the benefit of Defendants' response to ParkerVision's arguments. Instead, ParkerVision seeks reconsideration of the Court's order granting Defendants leave to brief the *Williamson* terms. ParkerVision argues that briefing is already "complete", even though Defendants had no opportunity to address ParkerVision's arguments and evidentiary submission. The Court already resolved this issue, and after hearing the same arguments that ParkerVision presents above, granted Defendants' request to brief the two terms and granting ParkerVision leave to respond. (Dkt. 211, Aug. 12 Tr. 212:21-213:7 (THE COURT: "Frankly, it's better for me if I've had a full briefing on the issues."); Dkt. 211, August 12 Tr. 232:16-233:9 (MR. TETER: "So I take it that we're to go ahead and we can ... submit a new brief now responding to their views."; THE COURT: "Yes. And ... I would imagine I'll need a hearing, although it will be quite abbreviated compared to today, to discuss those issues with you all.").)

ParkerVision offers no reason for the Court to reconsider its decision, and no reason to deny Defendants the opportunity to respond to ParkerVision's arguments. Before Defendants

4

filed their motion to construe, ParkerVision declined to reveal its proposed constructions, patent citations, dictionary definitions, or the identity and substance of its expert's proposed testimony regarding the terms. Instead, ParkerVision withheld that information, indicating: "We will take a position in response to an appropriate filing." (Dkt. 174, Ex. 1.) Thus, Defendants made the appropriate filing, which included a discussion of the terms and why they were important and should be construed—but Defendants were unable to respond to arguments and positions that ParkerVision did not reveal. ParkerVision again contends that "Defendants failed to follow the Court's procedures," another argument the Court heard and already rejected at the August hearing. *Williamson* was decided after the parties exchanged their initial claim constructions, and it is undisputed that Defendants have had no opportunity to respond to ParkerVision's arguments. Therefore, the Court should reject ParkerVision's request for reconsideration. As the Court already held, Defendants should have an opportunity to respond to ParkerVision's arguments.

Accordingly, Defendants request the briefing and hearing schedule noted above for the *Williamson* terms.

## II.    IMPACT OF *PARKERVISION I* ON THE PRESENT CASE

**A.    ParkerVision's Statement:  ParkerVision proposes the severance and stay of the "receiver patents and claims" into a separate case to allow for the complete resolution of its appellate claims.**

| Event | Date |
| --- | --- |
| ParkerVision's brief requesting severance and stay of the receiver patents and claims | September 25, 2015 |
| Defendants' Response | October 9, 2015 |
| Hearing | Any day between October 13-16, 2015 based on the Court's schedule |

In a brief filed on Monday, September 14, 2015, ParkerVision sought rehearing at the Federal Circuit with respect to the Federal Circuit's judgment in *ParkerVision I*. Should

ParkerVision's rehearing petition be denied, ParkerVision also anticipates filing a cert petition with the Supreme Court. To provide sufficient time for the exhaustion of its appellate arguments, ParkerVision has proposed severing its claims and the Defendants' counterclaims regarding the receiver patents and claims (defined as the '902, '836, '246, '907, '177, and '116 patents, as well as claims 24 and 331 of the '940 patent) into a separate action and staying that action pending the exhaustion of its appellate arguments.

In this case ParkerVision is pursuing infringement claims under the receiver patents and claims against Qualcomm RF transceiver products and Samsung RF transceiver products (as well as Samsung and HTC products like mobile phones that include the Qualcomm RF transceiver products or Samsung RF transceiver products). However, only a subset of the Qualcomm RF transceiver products at issue in this case were at issue in *ParkerVision I* and none of the Samsung RF transceiver products at issue in this case were at issue in *ParkerVision I* (indeed, Samsung was not a party in *ParkerVision I*). Severance and stay of the receiver patents and claims pending finality of ParkerVision's appeals of *ParkerVision I* will permit discovery to proceed on the other patents and claims under the current schedule while simultaneously limiting the discovery burden on the parties and the Court with respect to the receiver patents and claims.

ParkerVision believes that its proposal strikes the best balance between preserving its rights to pursue patents and claims while simultaneously minimizing the discovery and other burdens on the parties and the Court. ParkerVision understands that the Defendants' oppose this request, which ParkerVision proposes briefing on according to the schedule set forth above, or any other schedule the Court deems proper.

B.   **Defendants' Statement: ParkerVision Is Free to Drop Claims at any Time, But Its Request to Create Another Case Is Burdensome, Inefficient, and Inappropriate.**

Following the August 12, 2015 hearing, the parties exchanged draft stipulations that, depending on the outcome of ParkerVision's petition for rehearing with the Federal Circuit in *ParkerVision I*, would remove the receiver claims and related accused products from this case, *ParkerVision II*. The parties were unable to reach agreement, and ParkerVision continues to assert the same 69 receiver claims from the 6 receiver patents.[2]

ParkerVision's receiver patents and claims all recite the same "energy sampling" concept, and ParkerVision's receiver claims in *ParkerVision II* fail for the same reason that the District Court and Federal Circuit entered judgment for Qualcomm in *ParkerVision I*. Because all of ParkerVision's receiver claims have the same fundamental flaws, ParkerVision should dismiss the claims as to all accused Qualcomm products and every Samsung and HTC product that incorporates them.

Although ParkerVision has not yet dropped any of its receiver claims, Defendants expect that once the Court of Appeals resolves ParkerVision's petition for rehearing, ParkerVision will drop most, if not all, of the receiver claims in *ParkerVision II*. If any receiver claims remain in this case, Defendants request leave to address those claims and the impact of *ParkerVision I* on them shortly after ParkerVision serves its opening expert reports, pursuant to the following schedule—this briefing would be earlier than the deadlines in the current scheduling order:

| Event | Date |
|---|---|
| Defendants' Brief Regarding the Receiver Claims, the Impact of *ParkerVision I*, and Related Grounds for Summary Judgment | December 4, 2015 |
| ParkerVision's Opposition Brief | December 18, 2015 |

---

[2] ParkerVision also asserts three receiver claims from the '940 patent.

7

| | |
|---|---|
| Hearing | Set at the Court's convenience |

Rather than agree to early briefing on the receiver claims, ParkerVision presents a proposal that would make this litigation more burdensome for Defendants and the Court. ParkerVision plans to ask the Court to create a third case (*ParkerVision III*) involving the receiver claims, which would trail *ParkerVision II*. ParkerVision offers no legitimate grounds for creating a third case. Instead, ParkerVision notes that it filed its petition for rehearing of the Court of Appeals decision in *ParkerVision I* and argues that a stay will "provide sufficient time for the exhaustion of its appellate arguments."

But ParkerVision will not agree to dismiss all of the receiver claims if its petition for rehearing fails; instead, ParkerVision plans to pursue some of the receiver claims *regardless* of the outcome of its petition for rehearing. ParkerVision's anticipated request for a stay is nothing more than an effort to subject Defendants to serial litigation. Moreover, there is no reason for the Court to delay this case for ParkerVision's petition for rehearing or its planned petition to the Supreme Court. The petition does not seek rehearing of the Federal Circuit's decision invalidating 10 of the 11 asserted *ParkerVision I* claims, and does not seek rehearing with regard to the noninfringement judgment for the 50% duty-cycle products, the majority of the accused products in *ParkerVision I*. Instead, ParkerVision seeks rehearing only on the Federal Circuit's decision upholding the noninfringement judgment for a subset of accused products based on the "generating" limitation. The petition does not raise any issue of fact or law that the Federal Circuit's unanimous panel missed – rather, the petition merely repeats ParkerVision's argument that Judge Dalton and three Federal Circuit judges did not understand what they heard and read. Accordingly, the Court should reject ParkerVision's request to create another ParkerVision case

and grant Defendants leave to file their early summary judgment brief according to the schedule above.

Respectfully submitted,

| **McKOOL SMITH, P.C.** | **SMITH HULSEY & BUSEY** |
|---|---|
| */s/ Joshua W. Budwin* | Stephen D. Busey |
| Douglas A. Cawley (Trial Counsel, pro hac vice) | James A. Bolling |
| Texas State Bar No. 04035500 | Florida Bar Number 117790 |
| E-mail: dcawley@mckoolsmith.com | Florida Bar Number 901253 |
| Richard A. Kamprath (pro hac vice) | 225 Water Street, Suite 1800 |
| Texas State Bar No. 24078767 | Jacksonville, Florida 32202 |
| E-mail: rkamprath@mckoolsmith.com | (904) 359-7700 |
| McKool Smith P.C. | (904) 359-7708 (facsimile) |
| 300 Crescent Court, Suite 1500 | busey@smithhulsey.com |
| Dallas, Texas 75201 | jbolling@smithhulsey.com |
| Telephone: (214) 978-4000 | |
| Telecopier: (214) 978-4044 | |

Kevin L. Burgess (pro hac vice)
Texas State Bar No. 24006927
E-mail: kburgess@mckoolsmith.com
Joshua W. Budwin (pro hac vice)
Texas State Bar No. 24050347
E-mail: jbudwin@mckoolsmith.com
Leah Buratti (pro hac vice)
Texas State Bar No. 24064897
E-mail: lburatti@mckoolsmith.com
Kathy H. Li (pro hac vice)
Texas State Bar No. 24070142
E-mail: kli@mckoolsmith.com
Mario Apreotesi (pro hac vice)
Texas State Bar No. 24080772
E-mail: mapreotesi@mckoolsmith.com
McKool Smith P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

***ATTORNEYS FOR PLAINTIFF PARKERVISION, INC.***

**COOLEY LLP**

*/s/ Timothy S. Teter*
Stephen C. Neal (Co-Trial Counsel, pro hac vice)
E-mail: nealsc@cooley.com
Timothy S. Teter (Co-Trial Counsel, pro hac vice)
E-mail: teterts@cooley.com
Jeffrey Karr (pro hac vice)
E-mail: jkarr@cooley.com
Matthew Brigham (pro hac vice)
E-mail: mbrigham@cooley.com
Benjamin G. Damstedt (pro hac vice)
E-mail: bdamstedt@cooley.com
Eamonn Gardner (pro hac vice)
E-mail: egardner@cooley.com
3175 Hanover Street
Palo Alto, CA 94304
Phone: (650) 843-5000
Fax: (650) 849-7400

**BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.**
John A. DeVault, III
Florida Bar No. 103979
E-mail: jad@bedellfirm.com
Courtney K. Grimm
Florida Bar No. 953740
E-mail: cgrimm@bedellfirm.com
The Bedell Building
101 East Adams Street
Jacksonville, Florida 32202
Telephone: (904) 353-0211
Facsimile: (904) 353-9307

*ATTORNEYS FOR DEFENDANTS QUALCOMM INCORPORATED, QUALCOMM ATHEROS, INC., HTC CORPORATION, AND HTC AMERICA, INC.*

**DLA PIPER LLP (US)**

*/s/ Jeremy T. Elman*
Jeremy T. Elman, Esq.
Florida Bar No. 37448
E-mail: jeremy.elman@dlapiper.com
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: (305) 423-8500
Telecopier: (305) 503-7551

Angela J. Crawford, Esq.
Florida Bar No. 43611
E-mail:angela.crawford@dlapiper.com
100 North Tampa, Suite 2200
Tampa, FL 33602-5809
Telephone: (813) 222-5989
Telecopier: (813) 371-1116

Mark Fowler, Esq. (Trial Counsel, pro hac vice)
E-mail: mark.fowler@dlapiper.com
Erik R. Fuehrer (pro hac vice)
E-mail: erik.fuehrer@dlapiper.com
2000 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 833-2000
Telecopier: (650) 833-2001

Sean Cunningham, Esq. (pro hac vice)
E-mail:sean.cunningham@dlapiper.com
Ed Sikorski, Esq. (pro hac vice)
E-mail: ed.sikorski@dlapiper.com
Kevin Hamilton, Esq. (pro hac vice)
E-mail: kevin.hamilton@dlapiper.com
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: (619) 699-2700
Fax: (619) 699-2701

*ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none.

*/s/ Timothy S. Teter*
Timothy S. Teter (pro hac vice)
teterts@cooley.com
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304
Phone: (650) 843-5000
Fax: (650) 849-7400

*Counsel for Defendants Qualcomm Incorporated, Qualcomm Atheros, Inc., HTC Corporation and HTC America, Inc.*