**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

PARKERVISION, INC.,

    Plaintiff,

v.                                                  Case No: 6:14-cv-687-Orl-40LRH

QUALCOMM INCORPORATED,
QUALCOMM ATHEROS, INC., HTC
CORPORATION and HTC AMERICA,
INC.,

    Defendants.
_____ /

## ORDER

This cause is before the Court on ParkerVision's Motion Addressing Election of Claims and Accused Products, (Doc. 284), Defendant Qualcomm's Response in Opposition, (Doc. 285), and ParkerVision's Reply, (Doc. 289). With the benefit of the parties' briefing and after oral argument, the Court finds Plaintiff ParkerVision did not abandon claims in certain patents-at-issue by virtue of the correspondence exchanged between the parties. Rather, the parties were in the process of negotiating the potential reduction in claims and corresponding prior art references, but the negotiations collapsed and were never memorialized by an Order of this Court.

Accordingly, Plaintiff may proceed on all patents and claims which were not invalidated via the Inter Partes Review (IPR) proceeding. Plaintiff Parkervision stipulated in their briefing and at oral argument that claims 88–92 of the '372 patent are abandoned, and the Court orders that those claims are dismissed. Defendant Qualcomm stipulated that accused devices not identified in the Complaint may be included in this litigation for

the sake of judicial economy. The parties shall meet and confer on necessary modifications to the Case Management Scheduling Order, including a briefing schedule to address whether any patents and claims brought in the instant litigation are affected by ParkerVision I.

I.  **BACKGROUND**

   *1.  The IPR*

This litigation has a complex history, beginning with ParkerVision's complaint alleging the infringement of seven patents. (Doc. 1). In the First Amended Complaint, ParkerVision added four patents.[1] (Doc. 26). As is customary, the parties provided the Court with a technology tutorial, (Doc. 157), and the Court held a claim construction hearing. (Doc. 198). Following the claim construction hearing, the parties filed a Joint Motion to Dismiss Certain Claims and Covenant not to Sue, (Doc. 228), which the Court granted. (Doc. 246). The Motion to Dismiss informed the Court that certain terms discussed at the claim construction hearing no longer required interpretation by the Court. (Doc. 228). As the case progressed, the parties stipulated to the dismissal of the Samsung Defendants, (Doc. 255), and the Court granted the dismissal. (Doc. 256). The litigation was ultimately stayed pending the IPR proceeding. (Docs. 255, 256).

Plaintiff ParkerVision appealed three final written decisions of the U.S. Patent Trial and Appeal Board in which the Board held certain claims of the '940 patent unpatentable as obvious. *ParkerVision, Inc. v. Qualcomm, Inc.*, 903 F.3d 1354, 1357 (Fed. Cir. 2018). Qualcomm challenged the apparatus and method claims of the '940 patent as being

---

[1]  ParkerVision has elected to proceed with the '940, '372, '907, and '177 patents, which were all disclosed in the First Amended Complaint and Plaintiff's Claim Construction Brief. (Doc. 284, pp. 2–3; Docs. 124, 148).

obvious. *Id.* at 1358. The Board determined the apparatus claims would have been obvious. *Id.* at 1359. The Federal Circuit affirmed the Board's finding that claims 4, 21, 22, 23, 100, 113–16, 118, 119, 281, 283–86, 288, 289, 293, 309–12, 314–15, and 319 are unpatentable. *Id.* at 1362. The Federal Circuit also affirmed the Board's determination that claims 1, 2, 18, 81–84, 86, 88–91, 93, 94, 251–54, 256, 258–61, 263, and 264 are unpatentable. *Id.* at 1364.

As for the method claims, the Federal Circuit agreed with the Board's determination that Qualcomm's petitions were deficient because "they 'd[id] not speak to whether a person of ordinary skill in the art *would* have any reason to' operate" the prior art in a manner that generates a plurality of integer-multiple harmonics. *Id.* at 1363. Accordingly, the court affirmed the Board's determination that claims 25, 26, 363–66, 368, 369, and 373 were not proven unpatentable. *Id.* As noted above, Plaintiff Parkervision stipulated in its briefing and at oral argument that claims 88–92 of the '372 patent are abandoned.

### 2. Negotiations to Limit Claims and Defenses

ParkerVision filed a Motion to Limit the Number of Asserted Patent Claims and Prior Art References for Claim Construction Briefing. (Doc. 112). Qualcomm opposed the limitation, (Doc. 127), and the issue was discussed during the claim construction hearing. ParkerVision explained that their proposal was to identify a "nonlimiting" list of terms to the defendants who would in turn identify a limited amount of prior art. (Doc. 211, 231:20–232:13). In furtherance of these negotiations, ParkerVision identified in written correspondence certain patents and claims it intended to proceed with, subject to reciprocal limitations by Qualcomm on prior art references. (Doc. 284, pp. 6–7, (quoting

Ex. 6)). ParkerVision unequivocally conditioned its claim limitation upon Qualcomm upholding its "end of the bargain." (*Id.* at p. 7). Qualcomm responded in November 2015 by identifying fourteen primary references and eight (8) other reference that they do not anticipate using, but this representation was subject to reconsideration once the Court issued its claim construction decision and ParkerVision served its expert report. (*Id.* at p. 7 (quoting Ex. 7)). Later that month ParkerVision made a second nonlimiting identification of patents and claims. (*Id.* at p. 8 (quoting Ex. 8)). This process repeated in December 2015. (*Id.* (quoting Ex. 9)). The Joint Motion to Dismiss Certain Claims was filed the day after the third nonlimiting disclosure by ParkerVision.

Qualcomm contends the correspondence in which the parties discuss limiting claims and prior art references is binding and that ParkerVision should not be permitted to pursue patents and claims which were the foundation of its First Amended Complaint and subject to the claim construction briefing. ParkerVision asserts that absent a motion to dismiss, and an order granting the motion, the claims remain alive. ParkerVision is correct.

## II. DISCUSSION

It is undisputed that the four patents now pursued by ParkerVision were disclosed in the First Amended Complaint and that no order has been entered by this Court narrowing the number of claims ParkerVision may pursue for each patent. At best, Qualcomm argues the negotiations to limit the number of claims and prior art references precludes ParkerVision from pursuing claims other than those discussed in the negotiations. Qualcomm candidly agreed during oral argument that no precedent from the Federal Circuit supports this proposition. The Court finds that Qualcomm's argument

fails to give adequate weight to the fact that both parties conditioned their willingness to limit claims or prior art references: ParkerVision's nonlimiting list of claims was conditioned on Qualcomm acting in good faith on the reduction of prior art references, and Qualcomm's reduction of prior art reference was conditioned on the Court's Order on claim construction and Plaintiff's expert disclosures. There was no meeting of the minds, and even if an agreement had been reached, an Order of this Court was required to finalize the dismissal of claims. The parties know this, because on other occasions during this litigation they filed joint motions to dismiss claims which prompted an Order formally dismissing the claims.

Moreover, the parties understand amendment of infringement contentions following reexamination is permissible. *Ecomsystems, Inc. v. Shared Mktg. Servs.*, No. 8:10-cv-1531-T-33MAP 2012 U.S. Dist. LEXIS 194157, at *3 (M.D. Fla. Jan 25, 2012). Here, ParkerVision's request to elect certain claims comes after a three-year delay in the proceedings caused by Qualcomm's initiation of IPR proceedings. In view of the stay, ParkerVision acted promptly once appellate review by the Federal Circuit concluded. Now, with the benefit of the Board's determinations, as affirmed by the Federal Circuit, ParkerVision is positioned to elect claims from the four patents-at-issue. ParkerVision notes, and Qualcomm does not dispute, that on June 9, 2015, ParkerVision served Qualcomm with Supplemental Infringement Contentions, including updated infringement contention charts, that included each of the '940, '372, '907, and '177 patents and each claim identified for each of the four patents. (Doc. 284, p. 4).

Qualcomm submits that their inability to rely upon "the promises ParkerVision made about narrowing the scope of this case to claims identified in ParkerVision's

December 2015 letter" is prejudicial. (Doc. 285, p. 10). The prejudice consists of the need to re-depose two third-party inventors, analyze additional prior art, and file additional motions. (*Id.*). This argument is unavailing. Qualcomm knew that ParkerVision's "nonlimiting" election of claims was just that: nonlimiting. The parties were negotiating—nothing more. If Qualcomm failed to investigate defenses relevant to claims that ParkerVision might pursue in the event the negotiations failed, they did so at their own peril. This is not to say the Court will permit ParkerVision to proceed to trial on forty-five claims, nor will the Court necessarily allow Qualcomm to present unlimited prior art references. The Court's admonition during the *Markman* hearing remains: if the case becomes too unwieldly, the Court will limit the number of claims and prior art references. The Court is mindful of ParkerVision's Due Process concerns regarding the limiting of claims; however, the Court retains the authority to limit the number or claims or to sever patents and claims for separate trial if necessary.

Accordingly, the Court finds that the negotiations between the parties concerning potential limitations of claims and prior art is nonbinding. ParkerVision may proceed on the patents and claims identified in their motion. Qualcomm agrees that ParkerVision should be permitted to expand the scope of accused products to include "WTR5975" and "new products that may be revealed in discovery." (Doc. 285, p. 11). Qualcomm does not object to the inclusion of products there were introduced after the stay was put in place. (*Id.*). Qualcomm quite properly conditions their acquiescence on being afforded adequate time for discovery, no changes in infringement theories, and time to assert responsive invalidity contentions. (*Id.*). The Court agrees that ParkerVision may not serve

infringement contentions raising new theories. Notwithstanding the IPR proceeding and appeal, the case does not completely start anew.

## III. CONCLUSION

ParkerVision's Memorandum Addressing Election of Claims and Accused Products (Doc. 284) is **GRANTED**. ParkerVision may proceed with the following patents and claims:

> '940 Patent (10 claims): 24, 25, 26, 331, 364, 365, 366, 368, 369, 373
>
> '372 Patent (12 claims): 95, 96, 99, 100, 103, 104, 107, 108, 109, 110, 126, 127
>
> '907 Patent (7 claims): 1, 2, 10, 13, 14, 15, 23
>
> '177 Patent (11 claims): 1, 2, 3, 5, 7, 8, 9, 10, 11, 12, 14

ParkerVision may elect Accused Products at-issue at the time of the stay, as well as new products released during the pendency of the stay, consistent with this Order. Within fourteen (14) days of this Order, the Parties shall meet and confer either in person or telephonically to discuss amendment to the Case Management and Scheduling Order and, if deemed appropriate, shall submit a proposed Amended Case Management and Scheduling Order for the Court's consideration.

Within twenty-one (21) days of this Order, the parties shall submit to the Court a list of the terms discussed during the *Markman* hearing which continue to require construction by the Court. To the extent any party contends additional claim construction is required in view of the Board's determinations in the IPR proceeding, the Federal Circuit's opinion, or due to the procedural setting of the case, such party shall file a motion within twenty-one (21) days of this Order articulating the basis for additional claim construction briefing and the proposed construction of disputed terms. The response in

opposition, if any, will be filed within fourteen (14) days of the motion for additional claim construction briefing. Finally, within fourteen (14) days of this Order, the parties shall meet and confer to establish a briefing schedule for the effect, if any, of ParkerVision I on any patents or claims at issue in the instant litigation and shall file a notice of the briefing schedule with the Court.

**DONE AND ORDERED** in Orlando, Florida on July 23, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record