**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| **PARKERVISION, INC.,** | |
| **PLAINTIFF,** | |
| v. | **CASE NO.: 6:14-cv-687-PGB-KRS** |
| **QUALCOMM INCORPORATED, QUALCOMM ATHEROS, INC., HTC CORPORATION, and HTC AMERICA, INC.,** | |
| **DEFENDANTS.** | |

## JOINT MOTION TO AMEND CASE MANAGEMENT AND SCHEDULING ORDER

Plaintiff ParkerVision, Inc. ("ParkerVision") and Defendants Qualcomm Incorporated and Qualcomm Atheros, Inc. ("Qualcomm") and HTC Corporation and HTC America, Inc. ("HTC") jointly move the Court to modify the schedule as outlined below, including the amendment to contentions (infringement and invalidity) and fact discovery deadlines. **None of the requested modifications impact the Court's current schedule with dispositive and *Daubert* motions, pre-trial or trial dates.** The parties request the modifications to accommodate the on-going review of technical information and also the competing schedules between this case and the court's schedule in *ParkerVision v. Qualcomm, et al.*, 3:15-cv-1477, in Jacksonville, Florida ("Jacksonville matter") between plaintiff ParkerVision and defendant Qualcomm and other defendants, the trial and resulting schedule for which was recently moved forward.

### MEMORANDUM IN SUPPORT OF MOTION

The Eleventh Circuit "stress[es] the broad discretion district courts have in managing their cases." *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir.

1

2002) (citing *Johnson v. Bd. of Regents of Univ. of Georgia,* 263 F.3d 1234, 1269 (11th Cir. 2001)).   Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent."   Fed. R. Civ. P. 16(b)(4).   The Court has discretion to "modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."   Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment.

The parties have been working together to resolve any disputes about the scope of the technical information (e.g., schematics) available (and format), as well as address logistical issues in light of competing demands in the pending case in Jacksonville.  And, the parties agree that ParkerVision should be given additional time to review the technical information so that the results of the review can be included in ParkerVision's amended infringement contentions (currently due February 12).   Both parties have engaged one or more experts that are involved directly or tangentially in the present case as well as the Jacksonville matter, and these concurrent engagements have created a number of conflicts that the proposed modifications partly address.   Also, for completeness, the proposed modification includes a procedure to update the infringement contentions to account for any additional productions and also a procedure to update the infringement and invalidity contentions, following the Court's Claim Construction ruling, which should help alleviate the need to adjust the schedule for delays associated with these events.

To provide additional detail to explain the basis for the request, Qualcomm has made technical information, including schematics, available for review and analysis in various forms.  With respect to schematics, Qualcomm made schematics available before

4848-0840-8499

the stay for review and analysis in electronic .pdf form which can then be printed out.  In addition, Qualcomm has made raw data from its design databases pertaining to some accused Qualcomm architectures available for review and analysis on a search computer/terminal configured by Qualcomm.   After reviewing and analyzing the schematics, ParkerVision experts identify certain schematics for production on paper copies, preferably on oversized 36 in by 42 in paper, which focuses the production for both parties.  Because the raw data exists only on Qualcomm's servers, and review of that raw data requires access to software available only at Qualcomm, the search computer/terminal, which ParkerVision has been diligently reviewing in preparation for serving amended infringement contentions, was made available at Qualcomm's corporate headquarters in San Diego, California.  This approach, however, has resulted in certain unexpected delays.  In addition, this situation limits ParkerVision's access to normal business hours on non-holidays, subject to the availability of Qualcomm personnel, and to days with no conflict with the on-going Jacksonville matter, which also occur at the Qualcomm facility.

So the Court is aware, there are pending disputes, some of which are already pending before the Court, pertaining to production issues of certain schematics.  While the parties are working to resolve these disputes, they do retain all rights is an issue of missing schematics, which is partly the subject of the pending motion practice between the parties, the parties do retain all rights related thereto.

None of the requested modifications impact the Court's current schedule with dispositive and *Daubert* motions, pre-trial or trial dates.

**Fourth Amended Schedule**

| Event | Current Dates | Proposed Dates |
|---|---|---|
| Advice of counsel as a defense Amendment of infringement contentions (in accordance with Rule 26(e) upon learning that the contention is incomplete or incorrect and within 30 days of the Court's claim construction ruling)[1] | February 12, 2020 | Friday, March 20, 2020[2] |
| Amendment of invalidity contentions (in accordance with Rule 26(e) upon learning that the contention is incomplete or incorrect and within 30 days of the Court's claim construction ruling)[3] | March 3, 2020 | Friday, April 10, 2020 |
| Fact discovery closes | Wednesday, April 22, 2020 | Wednesday, April 29, 2020 |
| Opening expert reports | Thursday, May 21, 2020 | Friday, May 29, 2020 |
| Rebuttal expert reports | Tuesday, June 23, 2020 | Tuesday, June 30, 2020 |
| Mediation | Tuesday, July 7, 2020 | same |
| Expert discovery closes | Tuesday, July 14, 2020 | same |
| Dispositive and *Daubert* motions | August 14, 2020 | same |
| Oppositions to Dispositive and *Daubert* motions | August 28, 2020 | same |
| Meet and confer in person to prepare joint final pretrial statement | September 4, 2020 | same |
| Joint final pretrial statement | September 18, 2020 | same |

---

[1] Depending on the date of the Court's claim construction ruling, the parties will meet and confer to determine what modifications to this schedule may be necessary.

[2] If, for any reason, Qualcomm is unable to make schematics for certain accused products available for review on the search computer/terminal, grant access to ParkerVision's experts and attorneys to review the produced schematics on the search computer/terminal, and print out and produce the identified schematics to ParkerVision for further review at least one month before this date, ParkerVision will update its contentions on a rolling basis, one month after such date that these events occur (if schematics are subsequently made available). This obviates the need to file additional motions with the Court to modify the schedule for this reason.

[3] Depending on the date of the Court's claim construction ruling, the parties will meet and confer to determine what modifications to this schedule may be necessary.

4848-0840-8499

| All Other Motions Including Motions In Limine and Objections to Deposition Designations and Counter-Designations on approved form. | October 2, 2020 | same |
| Final pretrial conference | November 17, 2020[4] | same |
| Trial term begins | December 1, 2020 | same |

## **LOCAL RULE 3.01(G) CERTIFICATION**

The parties jointly move for this proposed modification, and all parties consent to

the relief requested.

---

[4] Since the current Case Management and Scheduling was adopted, the court in the Jacksonville matter, pending before Judge Davis, moved trial to August 3, 2020.  The parties will notify the Court of additional modifications.

4848-0840-8499

Dated:  January 29, 2020

Respectfully submitted,

**McKOOL SMITH, P.C.**
By:    */s/ Douglas A. Cawley*
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
R. Darryl Burke
Texas State Bar No. 03403405
dburke@mckoolsmith.com
Richard A. Kamprath
Texas State Bar No. 24078767
rkamprath@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Joshua W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Leah Buratti
Texas State Bar No. 24064897
lburatti@mckoolsmith.com
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

**SMITH HULSEY & BUSEY**
Stephen D. Busey
Florida Bar Number 117790
John R. Thomas
Florida Bar Number 77107
225 Water Street, Suite 1800
Jacksonville, Florida  32202
Telephone: (904) 359-7700
Facsimile: (904) 359-7708
busey@smithhulsey.com
jthomas@smithhulsey.com

**ATTORNEYS FOR PLAINTIFF
PARKERVISION, INC.**

6

**COOLEY LLP**

By:   _/s/ Matthew Brigham_

Stephen C. Neal (admitted pro hac vice)
E-mail: nealsc@cooley.com
Matthew Brigham (admitted pro hac vice)
E-mail: mbrigham@cooley.com
Jeffrey Karr (admitted pro hac vice)
E-mail: jkarr@cooley.com
Dena Chen (admitted pro hac vice)
dchen@cooley.com
3175 Hanover Street
Palo Alto, CA 94304
Phone: (650) 843-5000
Fax: (650) 849-7400

Eamonn Gardner (admitted pro hac vice)
egardner@cooley.com
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
Telephone: (720) 566-4000
Facsimile: (720) 720-566-4099

**BEDELL, DITTMAR, DeVAULT,
PILLANS & COXE**

John A. DeVault, III
Florida Bar No. 103979
E-mail: jad@bedellfirm.com
Michael E. Lockamy
Florida Bar No. 069626
mel@bedellfirm.com
The Bedell Building
101 East Adams Street
Jacksonville, Florida 32202
Telephone: (904) 353-0211
Facsimile: (904) 353-9307

**ATTORNEYS FOR DEFENDANTS
QUALCOMM INCORPORATED,
QUALCOMM ATHEROS, INC.,
HTC CORPORATION, AND
HTC AMERICA, INC.**

7

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 29, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none.

*/s/ Douglas A. Cawley*

4848-0840-8499