UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PARKERVISION, INC.,

            *Plaintiff*,

Case No. 6:14-cv-687-Orl-PGB-LRH

            v.

Judge Paul G. Byron
Magistrate Judge Leslie R. Hoffman

QUALCOMM INCORPORATED,
QUALCOMM ATHEROS, INC.,
HTC CORPORATION, AND HTC AMERICA, INC.,

            *Defendants*.

**JOINT RESPONSE TO ORDER TO SHOW CAUSE (DKT. 362)**
<u>**REGARDING SEALING OF EXHIBITS**</u>

On February 14, 2020, the Court issued an Order to Show Cause regarding sealing of exhibits related to ParkerVision's Motions to Compel Responses to Requests for Production and Interrogatories (Dkts. 345, 346), and Qualcomm's Oppositions thereto (Dkts. 350, 351). (Dkt. 362.) Consistent with the representations made in the original motion to seal (Dkt. 342 at p. 3), ParkerVision does not take a position on the nature or needed confidentiality of the "confidential"/"highly confidential" Qualcomm information at issue. ParkerVision filed the original motion to seal to comply with the Confidentially Agreement between the parties. (Dkt. 342-1 (Ex. A).) ParkerVision does not oppose Qualcomm's motion to seal (or unseal) the documents herein below.

1

Pursuant to Local Rule 1.09 of the Middle District of Florida, Qualcomm respectfully requests that portions of the following exhibits be filed under seal:

- Un-redacted version of Dkt. 345-3 (Ex. C)
- Un-redacted version of Dkt. 346-2 (Ex. B)
- Un-redacted version of Dkt. 350-15 (Ex. 14)
- Un-redacted version of Dkt. 350-16 (Ex. 15)
- Un-redacted version of Dkt. 350-17 (Ex. 16)
- Un-redacted version of Dkt. 350-18 (Ex. 17)
- Un-redacted version of Dkt. 350-19 (Ex. 18)
- Un-redacted version of Dkt. 350-20 (Ex. 19)

The parties have conferred, and Qualcomm does not seek to seal the following items:

- Dkt. 345-2 (Ex. B)
- Dkt. 345-16 (Ex. L)
- Dkt. 345-17 (Ex. M)
- Dkt. 345-18 (Ex. N)
- Dkt. 345-19 (Ex. O)
- Dkt. 345-20 (Ex. P)
- Dkt. 350-2 (Ex. 1)
- Dkt. 350-3 (Ex. 2)
- Dkt. 350-4 (Ex. 3)
- Dkt. 350-5 (Ex. 4)
- Dkt. 350-12 (Ex. 11)

- Dkt. 350-13 (Ex. 12)
- Dkt. 350-14 (Ex. 13)

Qualcomm is not seeking to seal the product numbers or codenames by themselves identified in the aforementioned exhibits not sought to be filed under seal.

With the Court's approval, the parties will file un-redacted copies of the exhibits not sought to be filed under seal.[1]

### I.   IDENTIFICATION AND DESCRIPTION OF EACH ITEM PROPOSED FOR SEALING

Qualcomm requests that portions of the following exhibits be filed under seal:

- Portions of Dkt. 345-3 (Ex. C): Exhibit C contains emails between counsel for ParkerVision and counsel for Qualcomm, including attachments. The specific portions sought to be filed under seal and redacted are identified and highlighted in yellow and with yellow rectangular annotations on pages 2, Attachment A at 1-7, and the last table identifying "Part Number[s]" and "Product Categor[ies]" at 1-7. For the Court's convenience, Qualcomm will deliver a courtesy copy to the Court of the un-redacted and highlighted Ex. C showing the proposed portions to be filed under seal. The portions contain highly confidential Qualcomm information, including a mapping of Qualcomm part numbers to confidential code names, and a confidential categorization of specific Qualcomm part numbers.

- Portions of Dkt. 346-2 (Ex. B) and Portions of Dkt. 350-20 (Ex. 19): Exhibit B and Exhibit 19 both contain Qualcomm's eighth supplemental objections and responses to

---

[1] ParkerVision will file its exhibits (Dkt. 345-2 (Ex. B); Dkt. 345-16 (Ex. L); Dkt. 345-17 (Ex. M); Dkt. 345-18 (Ex. N); Dkt. 345-19 (Ex. O); Dkt. 345-20 (Ex. P)), and Qualcomm will file its exhibits (Dkt. 350-2 (Ex. 1); Dkt. 350-3 (Ex. 2); Dkt. 350-4 (Ex. 3); Dkt. 350-5 (Ex. 4); Dkt. 350-12 (Ex. 11); Dkt. 350-13 (Ex. 12); Dkt. 350-14 (Ex. 13)).

ParkerVision's first set of common interrogatories (Nos. 1-8), dated January 6, 2020. The specific portions sought to be filed under seal and redacted are identified and highlighted in yellow and with yellow rectangular annotations on pages 7-10, 12-13, 15, 17-21, 35-56, Exhibit AA (AA.1-AA.20), Exhibit AAA (AA.21), and Exhibit AAAA. For the Court's convenience, Qualcomm will deliver a courtesy copy to the Court of the un-redacted and highlighted Exs. B and 19 showing the proposed portions to be filed under seal. The portions contain highly confidential Qualcomm information, including highly confidential financial information and information about manufacturing, assembly, and testing of Qualcomm's integrated circuits, the results of Qualcomm's investigation regarding the patents-in-suit, highly confidential technical information about the design and operation of Qualcomm's products, and a highly confidential mapping of Qualcomm part numbers to code names and product categories.

- Portions of Dkt. 350-15 (Ex. 14): Exhibit 14 contains Qualcomm's objections and responses to ParkerVision's first set of common interrogatories (Nos. 1-8), dated March 27, 2015. The specific portions sought to be filed under seal and redacted are identified and highlighted in yellow and with yellow rectangular annotations on page 12, and Exhibit AA (AA.1-AA.20). For the Court's convenience, Qualcomm will deliver a courtesy copy to the Court of the un-redacted and highlighted Ex. 14 showing the proposed portions to be filed under seal. The portions contain highly confidential Qualcomm information, including the results of Qualcomm's investigation regarding the patents-in-suit, and a highly confidential mapping of Qualcomm part numbers to code names and product categories.

- Portions of Dkt. 350-16 (Ex. 15): Exhibit 15 contains Qualcomm's

second supplemental objections and responses to ParkerVision's first set of common interrogatories (Nos. 1-8), dated May 26, 2015.  The specific portions sought to be filed under seal and redacted are identified and highlighted in yellow and with yellow rectangular annotations on pages 11, 13-15, and Exhibit AA (AA.1-AA.20).  For the Court's convenience, Qualcomm will deliver a courtesy copy to the Court of the un-redacted and highlighted Ex. 15 showing the proposed portions to be filed under seal.  The portions contain highly confidential Qualcomm information, including highly confidential financial information and information about manufacturing, assembly, and testing of Qualcomm's integrated circuits, the results of Qualcomm's investigation regarding the patents-in-suit, and a highly confidential mapping of Qualcomm part numbers to code names and product categories.

- Portions of Dkt. 350-17 (Ex. 16):  Exhibit 16 contains Qualcomm's fifth supplemental objections and responses to ParkerVision's first set of common interrogatories (Nos. 1-8), dated October 22, 2015.  The specific portions sought to be filed under seal and redacted are identified and highlighted in yellow and with yellow rectangular annotations on pages 9-16, 18-22, 32-52, and Exhibit AA (AA.1-AA.20).  For the Court's convenience, Qualcomm will deliver a courtesy copy to the Court of the un-redacted and highlighted Ex. 16 showing the proposed portions to be filed under seal.  The portions contain highly confidential Qualcomm information, including highly confidential financial information and information about manufacturing, assembly, and testing of Qualcomm's integrated circuits, the results of Qualcomm's investigation regarding the patents-in-suit, highly confidential technical information about the design and operation of Qualcomm's

products, and a highly confidential mapping of Qualcomm part numbers to code names and product categories.

- Portions of Dkt. 350-18 (Ex. 17): Exhibit 17 contains Qualcomm's sixth supplemental objections and responses to ParkerVision's first set of common interrogatories (Nos. 1-8), dated October 30, 2019. The specific portions sought to be filed under seal and redacted are identified and highlighted in yellow and with yellow rectangular annotations on pages 6-8, 11, 13, 15-19, 33-53, Exhibit AA (AA.1-AA.20), and Exhibit AAA (AA.21). For the Court's convenience, Qualcomm will deliver a courtesy copy to the Court of the un-redacted and highlighted Ex. 17 showing the proposed portions to be filed under seal. The portions contain highly confidential Qualcomm information, including highly confidential financial information and information about manufacturing, assembly, and testing of Qualcomm's integrated circuits, the results of Qualcomm's investigation regarding the patents-in-suit, highly confidential technical information about the design and operation of Qualcomm's products, and a highly confidential mapping of Qualcomm part numbers to code names and product categories.

- Portions of Dkt. 350-19 (Ex. 18): Exhibit 18 contains Qualcomm's seventh supplemental objections and responses to ParkerVision's first set of common interrogatories (Nos. 1-8), dated December 6, 2019. The specific portions sought to be filed under seal and redacted are identified and highlighted in yellow and with yellow rectangular annotations on pages 6-8, 11-19, 34-54, Exhibit AA (AA.1-AA.20), and Exhibit AAA (AA.21). For the Court's convenience, Qualcomm will deliver a courtesy copy to the Court of the un-redacted and highlighted Ex. 18 showing the proposed portions to be filed under seal. The portions

contain highly confidential Qualcomm information, including highly confidential financial information and information about manufacturing, assembly, and testing of Qualcomm's integrated circuits, the results of Qualcomm's investigation regarding the patents-in-suit, highly confidential technical information about the design and operation of Qualcomm's products, and a highly confidential mapping of Qualcomm part numbers to code names and product categories.

## II. MEMORANDUM OF AUTHORITY SUPPORTING THE SEAL

A party seeking to seal materials must file a motion to seal that includes the following: (1) identification and description of each item proposed for sealing; (2) the reason that filing each item is necessary; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing it is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (5) the proposed duration of the seal; and (6) a memorandum of legal authority supporting the seal. M.D. Fla. L.R. 1.09.

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond*, 480 F.3d 1234, 1246 (11th Cir. 2007); *Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246; *Teledyne Instruments v. Cairns*, No. 12-cv-854, 2013 WL 5874584, at *2 (M.D. Fla. Oct. 31, 2013) (granting motion to seal documents containing "technical drawings and other knowledge relating to [movant's] products"); *Local Access v. Peerless Network*, No. 14-cv-

399, 2017 WL 3896407, at *2 (M.D. Fla. Sept. 6, 2017) (granting motion to seal "commercially and competitively sensitive" information).

Courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *see also Medai v. Quantros*, No. 12-cv-840, 2012 WL 2512007, at *2 (M.D. Fla. June 29, 2012).

In this action, the parties have consented to a confidentiality agreement, which is available at Dkt. 352-1. "OUTSIDE ATTORNEYS' EYES ONLY" material includes "non-public information that is extremely confidential and/or sensitive in nature and for which the Designating Party reasonably believes that a mere CONFIDENTIAL designation would cause economic harm or significant competitive disadvantage to the Designating Party." (*Id.* at 2-3.)  Such information includes "trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, information disclosed under a non-disclosure agreement, and other nonpublic information of similar competitive and business sensitivity." (*Id.* at 3.)

Exhibits C, B, and 14-19 include highly confidential, Qualcomm technical, financial, sales, and other commercially sensitive information.  Per the parties' confidentiality agreement, the information was designated as "OUTSIDE ATTORNEYS' EYES ONLY". The Court previously granted the parties' sealing motions. (Dkts. 343, 353.)

### III. PROPOSED DURATION OF SEAL

Qualcomm proposes that the seal or redaction last for the duration of this lawsuit and any subsequent appeal. The items filed under seal should be destroyed or returned upon conclusion of the case. Good cause exists to extend the typical one-year limit on a seal because of the highly confidential and extremely sensitive nature of the information contained in the materials identified above, and because of the potential for breach of the protective orders through disclosure. *E.g.*, *Local Access*, 2017 WL 3896407, at *3 (sealing information for 4.5 years). Additionally, the concerns regarding disclosure of the confidential and sensitive technical and financial material here will persist beyond one year.

### IV. REASON FILING AND SEALING EACH ITEM IS NECESSARY, AND THAT A MEANS OTHER THAN SEALING IS UNAVAILABLE OR UNSATISFACTORY

Qualcomm proposes that portions of Exhibits C, B, and 14-19 be filed under seal. The specific portions sought to be filed under seal contain highly confidential Qualcomm information.

**Exhibit B** (Dkt. 346-2) and **Exhibit 19** (Dkt. 350-20) contain Qualcomm's eighth supplemental objections and responses to ParkerVision's first set of common interrogatories (Nos. 1-8), dated January 6, 2020. The specific portions sought to be filed under seal and redacted are identified and highlighted in yellow and with yellow rectangular annotations on pages 7-10, 12-13, 15, 17-21, 35-56, Exhibit AA (AA.1-AA.20), Exhibit AAA (AA.21), and Exhibit AAAA. The portions are narrowly tailored to the sections containing highly confidential and extremely sensitive Qualcomm information, including highly confidential financial information, sales information, and information about manufacturing, assembly, and testing of Qualcomm's integrated circuits; the results of

Qualcomm's investigation regarding the patents-in-suit; highly confidential and extremely sensitive technical information about the design and operation of Qualcomm's products; and a highly confidential and detailed mapping of Qualcomm part numbers to confidential code names and product categories. *E.g.*, *Teledyne Instruments*, 2013 WL 5874584, at *2 (granting motion to seal documents containing "technical drawings and other knowledge relating to [movant's] products"); *Local Access*, 2017 WL 3896407, at *2 (granting motion to seal "commercially and competitively sensitive" information); *Stout v. Hartford Life & Accident Ins. Co.*, No. 11-cv-6186, 2012 WL 6025770, at *2 (N.D. Cal. Dec. 4. 2012) (sealing contract containing proprietary and confidential business information); *Avocent Redmond v. Raritan Americas*, No. 10-6100, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) ("stating [t]he parties may file the following documents under seal because … the disclosure of which could unfairly allow competitors to develop competing products"); *Bauer Bros. v. Nike,* No. 09-cv-500, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (finding that public disclosure of "confidential business materials, including … product development plans … could result in improper use by business competitors."); *In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09-md-2087, 2011 WL 864897, at *2 (S.D. Cal. Mar. 11, 2011) (permitting sealing of "information regarding product development."); *In re Gabapentin Patent Litig.*, 312 F.Supp.2d 653, 658-659 (D.N.J. 2004) (finding compelling reasons to seal information regarding the parties' "products, research and development, processes"); *Apple v. Samsung Elecs.*, 727 F.3d 1214, 1221, 1228–29 (Fed. Cir. 2013) ("One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business …."); *Nixon v. Warner Commc'ns*, 435 U.S. 589,

598 (1978) ("sources of business information that might harm a litigant's competitive standing"). Qualcomm considers the identified portions of information highly confidential, extremely sensitive, and should not be revealed to competitors and third-parties. Indeed, with respect to the identified portions of Qualcomm's responses to Interrogatory No. 7 – *e.g.*, pages 35-56, and Interrogatory No. 4 – *e.g.*, pages 15, 17-21, most, if not all, of the information sought to be filed under seal is not material to the pending motions to compel (*e.g.*, seeking to compel responses to Interrogatory Nos. 1-2), and therefore, there should be little to no public interest in or need for access to the underlying sensitive confidential information. Qualcomm has also sought to protect the highly confidential nature of the financial and technical information sought to be filed under seal, including by designating confidential information and documents referring to the underlying confidential information as "OUTSIDE ATTORNEYS' EYES ONLY". The information sought to be filed under seal, if made public, would cause Qualcomm competitive harm in the marketplace by revealing important, proprietary technical and financial details to Qualcomm's competitors and third parties. The design and operation of Qualcomm's products, including capacitor, resistor, LNA values, and the sales, revenues, and financial information Qualcomm tracks and does not track, are closely guarded secrets that Qualcomm considers highly confidential and not to be shared with competitors and third-parties.

For **Exhibits 14, 15, 16, 17, and 18**, Qualcomm proposes the same confidential portions of Qualcomm's responses to ParkerVision's interrogatories be filed under seal.

- Exhibit 14 (Dkt. 350-15) contains Qualcomm's objections and responses to ParkerVision's first set of common interrogatories (Nos. 1-8), dated March 27, 2015. The specific portions sought to be filed under seal and redacted are identified and highlighted in yellow and with yellow rectangular annotations on page 12, and Exhibit AA (AA.1-AA.20). The portions contain highly confidential Qualcomm information, including the results of Qualcomm's investigation regarding the patents-in-suit, and a highly confidential mapping of Qualcomm part numbers to code names and product categories.

- Exhibit 15 (Dkt. 350-16) contains Qualcomm's second supplemental objections and responses to ParkerVision's first set of common interrogatories (Nos. 1-8), dated May 26, 2015. The specific portions sought to be filed under seal and redacted are identified and highlighted in yellow and with yellow rectangular annotations on pages 11, 13-15, and Exhibit AA (AA.1-AA.20). The portions contain highly confidential Qualcomm information, including highly confidential financial information and information about manufacturing, assembly, and testing of Qualcomm's integrated circuits, the results of Qualcomm's investigation regarding the patents-in-suit, and a highly confidential mapping of Qualcomm part numbers to code names and product categories.

- Exhibit 16 (Dkt. 350-17) contains Qualcomm's fifth supplemental objections and responses to ParkerVision's first set of common interrogatories (Nos. 1-8), dated October 22, 2015. The specific portions sought to be filed under seal and redacted are identified and highlighted in yellow and with yellow rectangular annotations on pages 9-16, 18-22, 32-52, and Exhibit AA (AA.1-AA.20). The portions contain highly confidential Qualcomm information, including highly confidential financial information and information about manufacturing, assembly, and testing of Qualcomm's integrated circuits, the results of Qualcomm's investigation regarding the patents-in-suit, highly confidential technical information about the design and operation of Qualcomm's products, and a highly confidential mapping of Qualcomm part numbers to code names and product categories.

- Exhibit 17 (Dkt. 350-18) contains Qualcomm's sixth supplemental objections and responses to ParkerVision's first set of common interrogatories (Nos. 1-8), dated October 30, 2019. The specific portions sought to be filed under seal and redacted are identified and highlighted in yellow and with yellow rectangular annotations on pages 6-8, 11, 13, 15-19, 33-53, Exhibit AA (AA.1-AA.20), and Exhibit AAA (AA.21). The portions contain highly confidential Qualcomm information, including highly confidential financial information and information about manufacturing, assembly, and testing of Qualcomm's integrated circuits, the results of Qualcomm's

investigation regarding the patents-in-suit, highly confidential technical information about the design and operation of Qualcomm's products, and a highly confidential mapping of Qualcomm part numbers to code names and product categories.

- Exhibit 18 (Dkt. 350-19) contains Qualcomm's seventh supplemental objections and responses to ParkerVision's first set of common interrogatories (Nos. 1-8), dated December 6, 2019. The specific portions sought to be filed under seal and redacted are identified and highlighted in yellow and with yellow rectangular annotations on pages 6-8, 11-19, 34-54, Exhibit AA (AA.1-AA.20), and Exhibit AAA (AA.21). The portions contain highly confidential Qualcomm information, including highly confidential financial information and information about manufacturing, assembly, and testing of Qualcomm's integrated circuits, the results of Qualcomm's investigation regarding the patents-in-suit, highly confidential technical information about the design and operation of Qualcomm's products, and a highly confidential mapping of Qualcomm part numbers to code names and product categories.

Qualcomm considers the identified portions of information highly confidential, extremely sensitive, and should not be revealed to competitors and third-parties. *E.g.*, *Teledyne Instruments*, 2013 WL 5874584, at *2 (granting motion to seal documents containing "technical drawings and other knowledge relating to [movant's] products"); *Local Access*, 2017 WL 3896407, at *2 (granting motion to seal "commercially and competitively sensitive" information); *Stout*, 2012 WL 6025770, at *2 (sealing contract containing proprietary and confidential business information); *Bauer Bros.*, 2012 WL 1899838, at *2 (finding that public disclosure of "confidential business materials, including … product development plans … could result in improper use by business competitors"). Qualcomm has sought to protect the highly confidential nature of the financial and technical information sought to be filed under seal, including by designating confidential information and documents referring to the underlying confidential information as "OUTSIDE ATTORNEYS' EYES ONLY". The information sought to be filed under seal, if made public, would cause Qualcomm competitive harm in the marketplace by revealing

13

important, proprietary technical and financial details to Qualcomm's competitors and third parties.

**Exhibit C** (Dkt. 345-3) contains emails between counsel for ParkerVision and counsel for Qualcomm, including attachments. The specific portions sought to be filed under seal and redacted are identified and highlighted in yellow and with yellow rectangular annotations on pages 2, Attachment A at 1-7, and the last table identifying "Part Number[s]" and "Product Categor[ies]" at 1-7. The portions contain highly confidential Qualcomm information, including a mapping of Qualcomm part numbers to confidential code names, and a confidential categorization of specific Qualcomm part numbers. *E.g.*, *Local Access*, 2017 WL 3896407, at *2 (granting motion to seal "commercially and competitively sensitive" information); *Teledyne Instruments*, 2013 WL 5874584, at *2 (granting motion to seal). Qualcomm has sought to protect the highly confidential nature of the information sought to be filed under seal, including by designating confidential documents referring to the underlying confidential information as "OUTSIDE ATTORNEYS' EYES ONLY". The information sought to be filed under seal, if made public, would cause Qualcomm competitive harm in the marketplace by revealing proprietary details to Qualcomm's competitors and third parties.

To properly balance Qualcomm's interests in and investments made in its confidential and proprietary information, with any public interest in accessing court documents, Qualcomm has proposed narrowly tailored redactions focused on the portions containing the most sensitive, confidential information and details. Qualcomm believes the reason filing and sealing each item is necessary is because the Court should have the

information and materials related to the pending motions to compel, including Qualcomm's interrogatory responses and each supplemental response (including the date each supplemental response was provided). The instant sealing motion is narrowly tailored; indeed, the parties have agreed not to seek to file under seal the following other exhibits:

- Dkt. 345-2 (Ex. B)
- Dkt. 345-16 (Ex. L)
- Dkt. 345-17 (Ex. M)
- Dkt. 345-18 (Ex. N)
- Dkt. 345-19 (Ex. O)
- Dkt. 345-20 (Ex. P)
- Dkt. 350-2 (Ex. 1)
- Dkt. 350-3 (Ex. 2)
- Dkt. 350-4 (Ex. 3)
- Dkt. 350-5 (Ex. 4)
- Dkt. 350-12 (Ex. 11)
- Dkt. 350-13 (Ex. 12)
- Dkt. 350-14 (Ex. 13)

A means other than sealing is unavailable or unsatisfactory, because it would either harm Qualcomm's confidentiality interests and investments made in its proprietary technical and financial information, or result in the Court having less information about the pending motions (*e.g.*, not filing the documents in the record at all). To balance the competing interests, Qualcomm has tailored the proposed redactions to the most highly confidential and

sensitive portions of each exhibit sought to be partially filed under seal.

V.   CONCLUSION

Qualcomm respectfully moves this Court for entry of an Order allowing them to file under seal: un-redacted versions of Dkt. 345-3 (Ex. C), Dkt. 346-2 (Ex. B), Dkt. 350-15 (Ex. 14), Dkt. 350-16 (Ex. 15), Dkt. 350-17 (Ex. 16), Dkt. 350-18 (Ex. 17), Dkt. 350-19 (Ex. 18), and Dkt. 350-20 (Ex. 19).

**CERTIFICATION PURSUANT TO LOCAL RULE 3.01(G)**

Qualcomm moves for this proposed sealing motion, and all parties consent to the relief requested.  ParkerVision is not opposed.

Dated:  February 21, 2020

COOLEY LLP

By:   */s/ Matthew J. Brigham*
Stephen C. Neal (admitted pro hac vice)
nealsc@cooley.com
Matthew J. Brigham (admitted pro hac vice)
mbrigham@cooley.com
Jeffrey Karr (admitted pro hac vice)
jkarr@cooley.com
Dena Chen (admitted pro hac vice)
dchen@cooley.com
3175 Hanover Street
Palo Alto, CA  94306-2155
Phone:  (650) 843-5000
Fax:  (650) 849-7400

Stephen Smith (admitted pro hac vice)
ssmith@cooley.com
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004

Phone: (202) 842-7800
Fax: (202) 842-7899

Eamonn Gardner (admitted pro hac vice)
egardner@cooley.com
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
Telephone: (720) 566-4000
Facsimile: (720) 720-566-4099

BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.
John A. DeVault, III
Florida Bar No. 103979
jad@bedellfirm.com
Michael E. Lockamy (Florida Bar No. 069626)
mel@bedellfirm.com
The Bedell Building
101 East Adams Street
Jacksonville, Florida 32202
Telephone: (904) 353-0211
Facsimile: (904) 353-9307

CADWALADER, WICKERSHAM & TAFT, LLP
Howard Wizenfeld (admitted pro hac vice)
Howard.wizenfeld@cwt.com
One World Financial Center
200 Liberty Street
New York, NY 10281
Telephone: (212) 504-6050
Facsimile: (212) 504-6666

*Attorney for Defendants,*
*Qualcomm Incorporated, Qualcomm Atheros, Inc.*

Dated: February 21, 2020                    SMITH HULSEY & BUSEY

                                            By: */s/ R. Darryl Burke*

                                            Stephen D. Busey
                                            Florida Bar Number 117790

John R. Thomas
Florida Bar Number 77107
One Independent Drive
Jacksonville, Florida 32202
Telephone: (904) 359-7700
Facsimile: (904) 359-7708
busey@smithhulsey.com
jthomas@smithhulsey.com

McKOOL SMITH, P.C.
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
R. Darryl Burke
Texas State Bar No. 03403405
dburke@mckoolsmith.com
Richard A. Kamprath
Texas State Bar No. 24078767
rkamprath@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Kevin L. Burgess (pro hac vice)
Texas State Bar Number 24006927
kburgess@mckoolsmith.com
Joshua W. Budwin (pro hac vice)
Texas Bar Number 24050347
jbudwin@mckoolsmith.com
Leah Buratti (pro hac vice)
Texas State Bar Number 24064897
lburatti@mckoolsmith.com
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

*Attorneys for ParkerVision, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and forgoing document has been served on all counsel of record via the Court's ECF system on February 21, 2020.

*/s/ Matthew J. Brigham*
Matthew Brigham (admitted pro hac vice)
mbrigham@cooley.com
3175 Hanover Street
Palo Alto, CA  94306-2155
Phone:  (650) 843-5000
Fax:  (650) 849-7400

*Attorney for Defendant*
*Qualcomm Incorporated*