# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

PARKERVISION, INC.,

        Plaintiff,

v.

QUALCOMM INCORPORATED,
QUALCOMM ATHEROS, INC.,

        Defendants.

CASE NO.: 6:14-CV-00687-PGB-LRH

### PARKERVISION'S OPPOSITION TO QUALCOMM'S MOTION FOR LEAVE REGARDING DISPOSITIVE MOTIONS (DKT. 484)

Plaintiff ParkerVision respectfully requests that the Court deny Defendant's Motion for Leave Regarding Dipositive Motions ("Motion for Leave"). Dkt. 484. Qualcomm seeks to file not two summary judgment motions (of 35 pages each, for a total of 70 pages of summary judgment briefing)—as it states in its Motion for Leave—but a total of ***three*** summary judgment motions (one of 25 pages, and two of 35 pages each, for a total of 95 pages of summary judgment briefing). Qualcomm's request well exceeds the single motion of 25 pages permitted by Local Rule 3.01(a) and this Court's Amended Case Management and Scheduling Order ("CMSO"). *See* Dkt. 309 (as modified by Dkts. 312, 315, 323, 359, 384, 451, 469). Qualcomm has already filed its one, single 25 page motion for summary judgment under Local Rule 3.01(a) and this Court's CSMO. *See* Dkt. 318. Qualcomm's Motion for Leave does not provide

good cause to exceed the limitations on summary judgment briefing contained in the CSMO and Local Rules by **more than three times**. Qualcomm's Motion for Leave should be denied—it has filed its one motion for summary judgment of 25 pages (which the Court denied, *see* Dkt. 348) and no additional motions are warranted.[1]

ParkerVision, in contrast, has focused its arguments, and plans to follow the rules of this Court by filing a single motion for summary judgment. While ParkerVision agrees that the new local rules increasing the font size and changing typography may justify a modest increase in the page limits for the single motion for summary judgment permitted (*e.g.* from a single motion of 25 pages to a single motion of 30 pages), Qualcomm's attempt to exponentially expand the limits imposed by this Court's rules should not be permitted.

## MEMORANDUM

On September 27, 2019, Qualcomm filed its motion for "Partial Summary Judgment of Noninfringement Based on Collateral Estoppel from *ParkerVision I*." Dkt. 318. That motion was a full 25 pages long and included some 2000 pages of exhibits. This Court denied that motion. Dkt. 348. Now, Qualcomm has requested leave to file two additional motions for summary judgment "with each brief not to exceed 35 pages in length" – if permitted Qualcomm would file some

---

[1] While Qualcomm discusses the "complexity" of the case, it has consistently opposed ParkerVision's efforts at mutual case narrowing. See e.g., Dkt. 112 (ParkerVision's Motion to Limit); Dkt. 127 (Qualcomm's Opposition); see also Dkt. 384 at 3-5. It should not now be heard to complain that the case is so "complex" that it justifies increasing the number and length of permitted summary judgment motions by more than three times the limit afforded by the CMSO and Local Rules.

**95 pages** of summary judgment briefing in this case. Dkt 484 at 1. Qualcomm's request is excessive and it's Motion for Leave to exceed the CMSO and Local Rules **by more than three times** should be denied.

"Motions requesting leave to file successive summary judgment motions are disfavored by the Court and will not be granted absent a showing of good cause." *Harris Corp. v. Federal Express*, Case No. 6:07-cv-01819-JA-KRS, 2010 WL 1147444, at *2 (M.D. Fla. Feb. 4, 2010) (denying motion for leave to file a single additional summary judgment motion of non-infringement). Nonetheless, "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Benhassine v. Star Transportation Management, Inc.*, 2013 WL 12164716, at *1 (M.D. Fla. Oct. 29, 2013) (striking multiple summary judgment motions) (citing *Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009)). Here, the Court's CMSO states the following with respect to motions for summary judgment:

> A motion for summary judgment shall specify the material facts as to which the moving party contends there is no genuine issue for trial, and shall include a memorandum of law, and shall be accompanied by affidavits and other evidence in the form required by Fed. R. Civ. P. 56. The motion for summary judgment and supporting memorandum of law shall be presented in a **single document of not more than twenty-five (25) pages**. Local Rule 3.01(a).

Dkt. 309 at 8 (emphasis added). This CMSO is consistent with Local Rule 3.01(a) and the Court's practice "to permit each side to file a single motion for summary judgment." *Berry v. Sassy*, Case No. 6:05-cv-1332-ORL-31KRS (M.D. Fla. Oct.

3

16, 2006) (Dkt. 74) (striking multiple summary judgment motions and noting that the plaintiff only filed one motion). "The guiding purpose of both the CMSO and the Local Rules is to discourage wasteful pretrial activities, and to secure the just, speedy, and inexpensive determination of the action." *Benhassine*, 2013 WL 12164716, at *1 (internal citations omitted). That's because "[s]uccessive motions for summary judgment promote piecemeal adjudication and erode judicial economy." *Mckenzie-Wharton v. United Airlines, Inc.*, 2016 WL 5346948, at *7 (M.D. Fla. Sept. 23, 2016). "As a result, this Court specifically prohibits multiple motions for summary judgment." *Id.*; *see also Minks vs. Polaris Industries, Inc.*, Case No.: 6:05-cv-1894-ORL-31KRS (M.D. Fla. August 2, 2006) (Dkt. 49) (granting motion to strike multiple summary judgment motions and stating that "the Case Management and Scheduling Order and the Local Rules contemplate the filing of a single motion for summary judgment with a 25 page limit.").

Qualcomm argues that because this is a "complex patent case" it needs multiple motions "[t]o provide a clearer presentation to the Court of the technical issues." Dkt. 484 at 2-3. Yet the Middle District of Florida has consistently stricken multiple motions for summary judgment filed for similar reasons. *See e.g., Southeastern Metals Mfg. Co., Inc. v. Fla. Metal Products, Inc.*, 2011 WL 833260, at *1 (M.D.Fla. 2011) ("Local Rule 3.01(a) specifically states that motions must be presented in a single document not to exceed twenty-five pages. Most summary judgment motions address more than one issue; if multiple motions are allowed a party could exceed the page limitation by simply filing a separate

4

motion for each issue."). Indeed, presented with the same facts and issues, and notwithstanding Qualcomm's continued refusals to work with ParkerVision towards a good faith—and meaningful—limiting of the issues in dispute (*see e.g.*, Dkt. 112 (ParkerVision's Motion to Limit); Dkt. 127 (Qualcomm's Opposition); *see also* Dkt. 384 at 3-5) ParkerVision expects to file a single motion for summary judgment not to exceed 25 pages that addresses multiple issues.[2]

Additionally, the summary judgment clause in the CMSO in this case is the exact same clause that was present in *Omega Patents*—a similarly "complex" patent case before this Court with multiple asserted patents and claims. *Cf. Omega Patents, LLC, v. CalAmp Corp.*, Case No. 6:13-cv-01950-PGB-DCI (M.D. Fla. July 21, 2015) (Dkt. 64 at 2) ("The motion for summary judgment and supporting memorandum of law shall be presented in a single document of not more than twenty-five pages.") (citing the CMSO). In *Omega Patents*, this Court granted the plaintiff's motion to strike the defendant's multiple motions for summary judgment of non-infringement and invalidity because the "combined page total that exceeds the stated limitations." *Id.* (Dkt. 77); *see also Berry v. Sassy*, Case No. 6:05-cv-1332-ORL-31KRS (M.D. Fla. October 16, 2006) (Dkts. 73, 74) (granting the plaintiff's motion to strike three summary judgment motions—including two motions for non-infringement and one motion for

---

[2] As mentioned above, ParkerVision agrees that that the new local rules increasing the font size and changing typography may justify a modest increase in the page limits for the single motion for summary judgment permitted (e.g. from a single motion of 25 pages to a single motion of 30 pages). But, Qualcomm's attempt to exponentially expand the limits imposed by this Court's rules should not be permitted.

invalidity—totaling 57 pages and noting that the plaintiff followed the CMSO and local rules).

Qualcomm further argues that the "[t]he current scheduling order (Dkt. 384) does not address the number of permissible summary judgment motions in this complex patent case." Dkt. 484 at 3 n.1. Qualcomm is incorrect. The August 30, 2019 CMSO plainly states: "The motion for summary judgment and supporting memorandum of law shall be presented in a single document of not more than twenty-five (25) pages. Local Rule 3.01(a)." Dkt. 309 at 8. The June 3, 2020 Order (Dkt. 384) that Qualcomm points to nowhere vacates or replaces the controlling CMSO; by its explicit terms it "modified," but did not replace, the previously entered CMSO. Dkt. 384 at 7. In any event, and more importantly, Qualcomm filed its first motion for summary judgment (Dkt. 318) *before* the June 3, 2020 Order. As such, when it filed its first 25 page motion for summary judgment Qualcomm must have clearly understood that it was choosing to file its single 25 page motion for summary judgment allowed by the CMSO (Dkt. 309) and Local Rules.

Additionally, allowing Qualcomm to file ***three*** motions for summary judgment of ***95 pages*** is prejudicial to ParkerVision. ParkerVision elected not to file an earlier motion for summary judgment, it is forgoing summary judgment arguments that it could otherwise pursue, and it has now prepared and expects to file a single 25 page motion for summary judgement (although, and as mentioned before, it would agree to expand the page limitations to one summary judgment

6

motion of 30 pages in light of the local rule change regarding font and typography). And if Qualcomm's Motion for Leave were to be granted, ParkerVision will be obliged to file multiple lengthy responses to address the numerous arguments presented in the additional motions for summary judgment Qualcomm proposes to file. Furthermore, Qualcomm could very well attempt to use its own excessive summary judgment briefing as a basis for urging the Court to set a later trial date (as it has proposed, *see* Dkt. 477 at 7-8) to allow for time to address the voluminous motions.

Not only are Qualcomm's additional motions prejudicial to ParkerVision, but they are a waste of judicial resources. *See Mckenzie-Wharton*, 2016 WL 5346948, at *7 (noting the judicial waste where "rather than waiting to file a single motion addressing [multiple issues], [the defendant] prematurely filed its first motion for summary judgment."); *see also Harris Corp.*, 2010 WL 1147444, at *2 (denying motion for leave and noting that "successive summary judgment motions are disfavored by the Court."). The Court has already considered Qualcomm's initial 25 page motion and the over 2000 pages of evidence associated with it. *See* Dkt. 318, Exhibits 1-44. ParkerVision's opposition was 20 pages and another roughly 80 pages of evidence. *See* Dkt 327, Exhibits 1-5. Briefing for Qualcomm's proposed two additional motions and ParkerVision's *first* (and only) motion for summary judgment is likely to be hundreds of pages— excluding the exhibits (and, if Qualcomm's first motion for summary judgment is

7

any indication, likely many 1000s of pages of exhibits). This is the exact waste of judicial resources that the CMSO and local rules were put in place to stop.

Qualcomm decided to file its first 25 page motion for summary judgment in September 2019. Now Qualcomm attempts to bypass the CMSO and the Local Rules 3.01(a) and (d) and file two additional 35 page motions for summary judgment (for a total of three motions and 95 pages – well in excess of the one motion and 25 pages permitted by the CMSO and Local Rules). ParkerVision requests that this Court deny Qualcomm's Motion for Leave to file two additional summary judgment motions, totaling 70 pages of briefing.

### RULE 3.01(g) CERTIFICATION

The parties have conferred about the length and number of motions. As Qualcomm indicated, ParkerVision "does not oppose a request by Defendants to enlarge the page limit from 25 pages to 30 pages for one summary judgment motion. ParkerVision indicated that it does oppose any request by Defendants to file more than one summary judgment motion of 30 pages."

February 9, 2021                                     Respectfully submitted,

**McKOOL SMITH, P.C.**
By: */s/ Joshua W. Budwin*
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Richard A. Kamprath
Texas State Bar No. 24078767
rkamprath@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Joshua W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Leah Buratti
Texas State Bar No. 24064897
lburatti@mckoolsmith.com
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

**CALDWELL CASSADY & CURRY**
Kevin L. Burgess
Texas State Bar No. 24006927
2121 N. Pearl Street, Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (212) 888-4849
kburgess@caldwellcc.com

**SMITH HULSEY & BUSEY**
Stephen D. Busey
Florida Bar Number 117790
John R. Thomas
Florida Bar Number 77107
One Independent Dr., Suite 3300
Jacksonville, Florida 32202
Telephone: (904) 359-7700
Facsimile: (904) 359-7708
busey@smithhulsey.com
jthomas@smithhulsey.com

***ATTORNEYS FOR PLAINTIFF PARKERVISION, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and forgoing document has been served on all counsel of record via the Court's ECF system on February 9, 2021.

                                      */s/ Josh Budwin*
                                      Josh Budwin