# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

PARKERVISION, INC.,

               Plaintiff,

    v.

QUALCOMM INCORPORATED,
QUALCOMM ATHEROS, INC.,

               Defendants.

CASE NO.: 6:14-CV-00687-PGB-LRH

## PARKERVISION'S *DAUBERT* MOTION TO EXCLUDE PORTIONS OF THE EXPERT REPORT AND PROPOSED TESTIMONY OF DR. BEHZAD RAZAVI

# TABLE OF CONTENTS

I.    Introduction.................................................................................................1

II.   Legal Standards........................................................................................2

III.  Argument & Authorities..........................................................................3

IV.  Conclusion ...............................................................................................7

i

# Table of Authorities

**Page(s)**

**Cases**

*Bourjaily v. United States,*
    483 U.S. 171 (1983)................................................................................2

*Daubert v. Merrell Dow Pharms., Inc.,*
    509 U.S. 579 (1993) ......................................................... 1, 2, 3, 7

*DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.,*
    567 F.3d 1314 (Fed. Cir. 2009)...........................................................3

*Grain Processing Corp. v. Am. Maize–Prods. Co.,*
    185 F.3d 1341 (Fed. Cir. 1999).......................................................3, 4

*LaserDynamics, Inc. v. Quanta Computer, Inc.,*
    No. 2:06–CV–348, 2011 WL 197869 (E.D. Tex. 2011) .................................3, 5

*McClain v. Metabolife Int'l, Inc.,*
    401 F.3d 1233 (11th Cir. 2005)............................................................3

*Perkins v. Tolen,*
    3:10-CV-851-J-37, 2012 U.S. Dist. LEXIS 76127 (M.D. Fla. June 1,
    2012) ...............................................................................................2

*Smart Skins LLC v. Microsoft Corporation,*
    No. C15-544-MJP, 2016 WL 4148091 (W.D. Wash., 2016) ..............................3

*United Fire & Cas. Co. v. Whirlpool Corp.,*
    704 F.3d 1338 (11th Cir. 2013).........................................................2

**Other Authorities**

Federal Rule of Evidence 702....................................................... 1, 2, 7

## I.   INTRODUCTION

Plaintiff ParkerVision, Inc. respectfully moves the Court to strike portions of the expert report of Defendant Qualcomm, Inc.'s expert Dr. Behzad Razavi. ParkerVision also moves to exclude testimony from Dr. Razavi related to the stricken portions of his report. Dr. Razavi served lengthy expert reports, including the voluminous exhibits and appendices. While ParkerVision disputes most of the opinions in those reports, in conformity with the purpose of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, ParkerVision files this narrowly tailored motion seeking to exclude just one aspect of Dr. Razavi's analysis that wholly and indisputably lacks the required factual predicate.

Specifically, Dr. Razavi relies on Qualcomm's ███████████████████ ████████████████████████████████████████████████████████████ ██████████████████ as a non-infringing alternative and to support his argument that ██████████████████████ are a non-infringing alternative. However, Dr. Razavi and Qualcomm have provided no proof or analysis that such designs would have been *available* as of the relevant dates—and black letter law requires such a showing of availability.

Accordingly, Dr. Razavi's non-infringing alternatives analysis suffers from a critical defect that renders his anticipated trial testimony unreliable under Federal Rule of Evidence 702 and *Daubert*.

## II.    LEGAL STANDARDS

Under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, a court may permit an expert's opinion testimony only if such testimony:

> (1) ...will help the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case.

*United Fire & Cas. Co. v. Whirlpool Corp.*, 704 F.3d 1338, 1341 (11th Cir. 2013). "[D]istrict courts must act as 'gatekeepers,' admitting expert testimony only if it is both reliable and relevant, to prevent speculative and unreliable testimony from reaching the jury." *Perkins v. Tolen*, 3:10-CV-851-J-37, 2012 U.S. Dist. LEXIS 76127, at *30 (M.D. Fla. June 1, 2012) (quoting *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005)).

The party offering the expert testimony bears the burden of establishing its admissibility by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1983). To be admissible, an expert's testimony must: (i) be based on specialized knowledge, training, or experience that will assist the trier of fact; (ii) be based on sufficient facts or data; (iii) be the product of reliable principles and methods; and (iv) reliably apply the principles and methods to the facts of the case. Fed. R. Evid. 702 & advisory committee notes; *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589–97 (1993). "*[A]ny* step that renders the [expert's] analysis unreliable under the *Daubert factors renders the*

*expert's testimony inadmissible." McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1245 (11th Cir. 2005) (emphasis in original).

## III.   ARGUMENT & AUTHORITIES

Dr. Razavi's opinions regarding the alleged "███████████" noninfringing design alternative fails to meet the *Daubert* standard because they are conclusory and unsupported by any facts. *See* Ex. 1 at ¶¶ 380-388. (Razavi Rebuttal Report)

"To be an acceptable non-infringing substitute, the substitute 'must be available or on the market at the time of infringement.'" *LaserDynamics, Inc. v. Quanta Computer, Inc.*, No. 2:06–CV–348, 2011 WL 197869, at *3 (E.D. Tex. 2011) (citing *Grain Processing Corp. v. Am. Maize–Prods. Co.*, 185 F.3d 1341, 1353 (Fed. Cir. 1999)). "When an alleged alternative is not on the market during the accounting period, a trial court may reasonably infer that it was not available as a non-infringing substitute at that time." *Grain Processing Corp.*, 185 F.3d at 1353. In such cases, the burden shifts to the accused infringer to show that a substitute nonetheless was "available" during this period, for example based on alternative actions the accused infringer reasonably could have taken to avoid infringement. *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1331 (Fed. Cir. 2009); *see also Smart Skins LLC v. Microsoft Corporation*, No. C15-544-MJP, 2016 WL 4148091, at *2 (W.D. Wash., 2016) ("The relevant case law establishes that Microsoft, the alleged infringer, has the burden of showing that non-infringing alternatives were both available to it and were acceptable to its customers during the damages period."). Having the necessary

materials, equipment, know-how, and experience to make an alternative product during the relevant time frame may render that product "available." *Grain Processing Corp.*, 185 F.3d at 1353–55. But "[m]ere speculation or conclusory assertions will not suffice to overcome the inference. . . [T]he trial court must proceed with caution in assessing proof of the availability of substitutes not actually sold during the period of infringement." *Id.*

Here, Dr. Razavi opines that a ███████████████████ design is a non-infringing alternative for Qualcomm's Accused Receiver Products. Ex. 1 at ¶¶ 380-388 (Razavi Rebuttal Report). In rebuttal, ParkerVision's expert argued that



a ████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████ *Id.* at ¶ 382 (citing ParkerVision's Expert's Opening Report at ¶¶ 580-581). Addressing ParkerVision's expert's position, Dr. Razavi provides three alternatives ███████████████: (1)███████████, (2) █████████████

████████████████████ and (3) ████████████████████████

████████████████████████████████████████████████ *Id.* at ¶¶ 383-385.

In support of the third alternative, Dr. Razavi states that "████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████" *Id.* at ¶ 385. Yet what is missing

throughout Dr. Razavi's "███████████" analysis is citation to ***any*** facts that demonstrate the alleged design-around would have been available in 2007 or at any time in the infringement time frame. Instead, Dr. Razavi cites ***only*** to three undated documents that each reference "████" and "██████████" to be done. Razavi Rebuttal Report at ¶ 385 (citing Ex. 2 at 3, 28(QCPVII02900771 at 773, 798); Ex. 3 at 2, 77, 78 (QCPVII02901021 at 022, 097-098); Ex. 4 at 2 (QCPVII02900808 at 809)). These documents (the only documents cited by Dr. Razavi in support of his opinions) do not show completed and available products or that such products (or other alternatives) were or would have been available at the relevant time. 5G is the currently emerging technical standard with the relevant standards work starting no earlier than 2015 and the first commercial products being released in 2019. *See e.g.* https://www.qualcomm.com/research/5g/5g-timeline/2019.



Dr. Razavi states ████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████. *See* *LaserDynamics*, 2011 WL 197869, at *3 (striking expert report where expert did not show that alleged alternatives were available at the relevant time). In fact, the figures and documents that Dr. Razavi cites for the 5G arguments are not dated. Dr. Razavi adds that ██████████████████████████████████ ███████████████████████████████████████████████ ██████████████████████████████." Ex. 1 at ¶ 385. Not only has Dr. Razavi failed

to cite any evidence that the alleged design-around was available as of 2007 (which he likely could not, because 5G did not exist in 2007), but he has also failed to provide any evidence that the alleged design is actually implemented in Qualcomm's 5G products (because, for example, Qualcomm has not produced and Dr. Razavi has not cited any schematics related to any 5G product). Dr. Razavi also fails to identify which 5G product's commercial success he is referencing and the time period over which that product was actually available and commercially viable. Dr. Razavi's unsupported, conclusory statements regarding the commercial viability of an unnamed 5G product over an unspecified time period are conclusory, unsupported by evidence, and do not prove what was viable in 2007.

Dr. Razavi has provided **no** proof that any product utilizing the alleged "████████████" design-around would have been available in 2007. Indeed, and as discussed above, Qualcomm itself did not even begin the first steps of work on 5G until 2014. *See* https://www.qualcomm.com/research/5g/5g-timeline/2014. The only products that Dr. Razavi highlights in his conclusory analysis are unidentified, alleged 5G products that he has not proved were available in 2007 or at any time in the infringement time frame.

Qualcomm and Dr. Razavi do not argue that the "████████████████████ ██████████████████████████████████████████████████████████████" as a non-infringing alternative would have been available as of 2007, nor do they provide any reason to believe this. Without any evidence of the date on which

Qualcomm's alleged design would have been available, and viable, Dr. Razavi's "███████████" opinions are at most speculation. Dr. Razavi's unsupported, conclusory statements are the exact type of statements that *Daubert* is directed to. *Daubert*, 509 U.S. at 590 ("[T]he word 'knowledge' connotes more than subjective belief or unsupported speculation."). Accordingly, paragraph 385 and the accompanying exhibits/figures of Dr. Razavi's report should be stricken and he should be precluded from testifying about the "████████" design-around and any alleged yet unnamed 5G products (available after the relevant date range) to support Qualcomm's alleged non-infringing alternatives at trial.

## IV.   CONCLUSION

For the reasons discussed above, ParkerVision requests that, pursuant to *Daubert* and Rule 702, the Court exclude Dr. Razavi's reliance on Qualcomm's 5G products or ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████ are a non-infringing alternative as in paragraphs 380-385 of his report.

February 16, 2021                                    Respectfully submitted,

                                                     **McKOOL SMITH, P.C.**
                                                     By: */s/ Joshua W. Budwin*

                                                     Douglas A. Cawley
                                                     Texas State Bar No. 04035500
                                                     dcawley@mckoolsmith.com
                                                     Richard A. Kamprath
                                                     Texas State Bar No. 24078767
                                                     rkamprath@mckoolsmith.com
                                                     300 Crescent Court, Suite 1500
                                                     Dallas, Texas 75201
                                                     Telephone: (214) 978-4000
                                                     Facsimile: (214) 978-4044

                                                     Joshua W. Budwin
                                                     Texas State Bar No. 24050347
                                                     jbudwin@mckoolsmith.com
                                                     Leah Buratti
                                                     Texas State Bar No. 24064897
                                                     lburatti@mckoolsmith.com
                                                     300 West Sixth Street, Suite 1700
                                                     Austin, Texas 78701
                                                     Telephone: (512) 692-8700
                                                     Facsimile: (512) 692-8744

                                                     **CALDWELL   CASSADY   &
                                                     CURRY**
                                                     Kevin L. Burgess
                                                     Texas State Bar No. 24006927
                                                     2121 N. Pearl Street, Suite 1200
                                                     Dallas, Texas 75201
                                                     Telephone: (214) 888-4848
                                                     Facsimile: (212) 888-4849
                                                     kburgess@caldwellcc.com

                                                     **SMITH HULSEY & BUSEY**
                                                     Stephen D. Busey
                                                     Florida Bar Number 117790
                                                     John R. Thomas
                                                     Florida Bar Number 77107

One Independent Dr., Suite 3300
Jacksonville, Florida 32202
Telephone: (904) 359-7700
Facsimile: (904) 359-7708
busey@smithhulsey.com
jthomas@smithhulsey.com

***ATTORNEYS FOR PLAINTIFF
PARKERVISION, INC.***

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and forgoing document has been served on all counsel of record via the Court's ECF system on February 16, 2021.


                                        */s/ Josh Budwin*
                                        Josh Budwin