# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**PARKERVISION, INC.,**

      **Plaintiff,**

v.                                               **Case No: 6:14-cv-687-PGB-LRH**

**QUALCOMM INCORPORATED
and QUALCOMM ATHEROS,
INC.,**

      **Defendants.**

_____/

## ORDER

This cause is before the Court sua sponte in an attempt to make sense of a docket that has become incomprehensible.

## I.   BACKGROUND

The procedural history of this case has been recounted elsewhere. Suffice to say the parties are engaged in never-ending litigation over a handful of patents-in-suit and apparently agree upon nothing, operating under the false assumption that this Court has but one case to manage: ParkerVision v. Qualcomm. The docket has now bloated to 583 entries with numerous duplicate filings consisting of motions, declarations, and exhibits in both redacted and sealed form. To make matters worse, both parties have a habit of filing dozens of exhibits in support of cryptic arguments with the expectation that the Court will plow through hundreds of pages of documents in search of a relevant point. Some of those exhibits are filed in

redacted form, with the sealed version appearing several docket entries later, thus forcing the Court to piece to together a mosaic of supporting records. The Court simply does not have time nor the inclination to act as the parties' paralegal.

## II.   DISCUSSION

### A.   Resubmission of Pleadings/Exhibits

If the parties do not want all pending motions to be summarily denied—which the Court is tempted to do—they will submit, no later than April 2, 2021, one flash drive for **each** pending motion which contains the motion and every exhibit referenced in the motion. Opposing counsel will submit one flash drive for **each** pending response in opposition along with every exhibit referenced in the response. If the motion and/or response are sealed, the flash drive will **only** contain the sealed version of the pleading and exhibits. The parties may not resubmit their respective replies—except for Summary Judgment—which have been stricken due to the collective failure to comply with the Local Rules.

The Court recognizes that Qualcomm has provided a courtesy copy of the following sealed documents:

> 1. Qualcomm's Sealed Opposition to Plaintiff's Motion for Summary Judgment Regarding IPR Estoppel and Whether the BB3 Product is Prior Art;[1]
>
> 2. Qualcomm's Sealed Opposition to Plaintiff's Daubert Motion to Exclude Portions of the Expert Reports and Testimony of Carla Mulhem and Dr. Tim Williams;

---

[1]   It is unclear whether supporting exhibits accompany the motion.

    3.    Qualcomm's Sealed Opposition to Plaintiff's Daubert Motion to Exclude Portions of the Expert Report and Proposed Testimony of Dr. Behzad Razavi;

    4.    The Declaration of James Jafee and Exhibits 1-20, and

    5.    The Declaration of Matthew Brigham and Exhibits 1-53.

The Court has also been provided one CD containing 81 exhibits which is of virtually no use to the Court since the files are not associated with any particular pleading. It is unclear which party submitted this CD. The Court does not require submission of the pleadings and exhibits relative to the motion to exclude Dr. Razavi's testimony, since the Court managed to piece together the record and ruled on that motion. The Court intends to destroy the CDs that have been provided to allow for one source for all pending motions.

    **B.**    **Timing**

The undersigned is one of only four active district judges in the Orlando Division of the Middle District of Florida, and criminal cases take priority over all civil matters. Due in part to the paucity of federal judicial positions authorized for this Division and in part owing to the stoppage of trials caused by the pandemic, the Court's trial calendar is congested with criminal trials through at least July 2021 with new indictments being returned every week. Obviously, the Court cannot devote every remaining waking hour to this case since MDL cases have also returned to roost. Therefore, it may take many months before the Court can adequately address the deluge of motions filed in this case. It is extremely unlikely

this case will be tried before November or December 2021, if then. A trial date will be scheduled some time in the future.

    **DONE AND ORDERED** in Orlando, Florida on March 26, 2021.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties