UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| PARKERVISION, INC., <br><br>     *Plaintiff*, <br><br> v. <br><br> QUALCOMM INCORPORATED AND QUALCOMM ATHEROS, INC., <br><br>     *Defendant*. | Case No. 6:14-cv-00687-Orl-PGB-LRH |

**DEFENDANT'S UNOPPOSED MOTION FOR LEAVE FOR PARKERVISION TO FILE UNDER SEAL PER RULE 1.11(D)**

Pursuant to Local Rule 1.11(d) of the Middle District of Florida ("Rule(s)") and Doc. 633, Qualcomm Incorporated ("Qualcomm" or "Defendant") respectfully requests leave for ParkerVision, Inc. ("ParkerVision") to file under seal, an un-redacted version of its response to Qualcomm's motions *in limine* (Doc. 632), and Exhibits 13-17 to ParkerVision's response. This motion is unopposed.

**I.   BACKGROUND**

This is a patent case. During the course of discovery and the parties' litigation which has spanned over seven years, the parties have exchanged voluminous documents and information, including Defendant's highly proprietary, closely guarded, highly confidential and extremely sensitive technical details and schematics, and sensitive sales, licenses, and financial information, as well as highly confidential information of numerous third parties. The information sought to

1

be filed under seal, if made public, would cause Defendant harm in the marketplace, including by revealing highly confidential and proprietary details to competitors and adversaries, within the United States and abroad. Defendant has invested significant resources, including in the design and development and R&D of their products, and making such technical and proprietary information public would harm Defendant in the market.

## II. IDENTIFICATION OF EACH ITEM PROPOSED FOR SEALING

Defendant seeks leave for ParkerVision to file under seal the following items, with public versions (partially or fully redacted) filed on ECF with the following document numbers:

| Request to Seal in Entirety | Doc. |
|---|---|
| ParkerVision's response to Qualcomm's motions *in limine* | 632 |
| Exhibits 13-17 to ParkerVision's response | 632-14 to 632-18 |

## III. REASONS FOR FILING, SEALING, AND PARTIAL SEALING, REDACTION, OR MEANS OTHER THAN SEALING ARE UNAVAILABLE OR UNSATISFACTORY

ParkerVision filed the materials sought to be filed under seal. The items contain competitively and commercially sensitive information, including technical design and operation information related to Qualcomm's products, and sensitive commercial and financial information of Qualcomm. Highly confidential information appears throughout those items proposed for sealing, rendering redaction or partial sealing impractical.

IV.     **MEMORANDUM OF AUTHORITY SUPPORTING THE SEAL**

Rule 1.11(d) states in relevant part the following:

> To file an item that plausibly qualifies for sealing and that the filing person knows or reasonably should know another person considers confidential, the filing person must file instead of the item a placeholder only identifying the item and must notify the other person within seven days after filing the placeholder. Within fourteen days after receiving the notice, the other person or a party may move to seal the item ….

On June 11, 2021, ParkerVision filed its Response to Qualcomm's Motion in *Limine* (Doc. 632), as well as the accompanying exhibits. Defendant requests leave for ParkerVision to file under seal the proposed items for sealing, described below.

Rule 1.11 provides the "compelling justification" standard. M.D. Fla. L.R. 1.11(a); *Mursoli-Caballero v. Carvajal*, No. 21-21, 2021 WL 118980, at *1 n.1 (M.D. Fla. Jan. 13, 2021) (Davis, J.) (Rule 1.11). In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond*, 480 F.3d 1234, 1246 (11th Cir. 2007); *Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246; *see also DeCurtis v. Carnival*, No. 20-607, 2020 WL 6827996, at *2 (M.D. Fla. Apr. 27, 2020) (Hoffman, J.) (granting a motion for leave to file under seal and finding that the seal would protect the confidential nature of the master services agreement); *Teledyne Instruments v. Cairns*, No. 12-854, 2013 WL 5874584, at *2 (M.D. Fla. Oct. 31, 2013) (granting motion to seal documents

containing "technical drawings and other knowledge relating to [movant's] products"); *Local Access v. Peerless Network*, No. 14-399, 2017 WL 3896407, at *2 (M.D. Fla. Sept. 6, 2017) (granting motion to seal "commercially and competitively sensitive" information); *Proxicom Wireless v. Macy's*, No. 18-64, 2018 WL 8344645, at *2 (M.D. Fla. Oct. 29, 2018) (finding good cause to seal documents and noting "[i]f the Exhibits are made public, it appears Defendants and non-parties would also suffer substantial injury because their business and financial information would be exposed to their competitors."); *Smith v. Costa Del Mar*, No. 18-1011, 2019 WL 3037815, at *1 (M.D. Fla. July 11, 2019) (good cause to seal exhibits including "a confidential settlement agreement between Defendant and a non-party to this action"); *Brown v. Vivint Solar*, No. 18-2838, 2020 WL 3250191, at *3 (M.D. Fla. Apr. 18, 2020).  Courts consider whether allowing access would impair court functions or harm privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or concerns, and the availability of a less onerous alternative to sealing the documents.  *Romero*, 480 F.3d at 1246; *Medai v. Quantros*, No. 12-840, 2012 WL 2512007, at *2 (M.D. Fla. June 29, 2012).

V.     **ARGUMENT AND DESCRIPTION OF EACH ITEM PROPOSED FOR SEALING**

Compelling justifications exist to seal the documents requested.  As discussed above, over the course of the parties' litigation, Defendant has revealed highly proprietary, closely guarded, highly confidential, and extremely sensitive technical details, schematics, and financial and commercial information.  Defendant invested

4

significant resources, including in the design and development and R&D of their products. The information sought to be filed under seal here, if made public, would cause Defendant harm and injuries in the marketplace, including revealing highly confidential and proprietary details to competitors and adversaries, within the United States and abroad. Each item is described below.

**Hillegas Exhibit 13** is Chart A02, dated July 31, 2020. **Hillegas Exhibit 17** is excerpts from the deposition of ParkerVision's RX expert, dated December 7, 2020. These documents contain confidential technical details, including regarding the design and operation of Qualcomm's products. Qualcomm has designated the confidential information as "OUTSIDE ATTORNEYS' EYES ONLY." The information sought to be filed under seal, if made public, would cause Qualcomm competitive harm in the marketplace by revealing important, proprietary and highly confidential technical details to Qualcomm's competitors and third parties.

**Hillegas Exhibit 1**4 contains excerpts from Qualcomm's Twelfth Supplemental Responses and Objections to ParkerVision's First Set of Common Interrogatories (Nos. 1-8), dated August 27, 2020. **Hillegas Exhibit 15** contains excerpts from the deposition of Jim Tran, dated January 30, 2020. And **Hillegas Exhibit 16** contains excerpts from the deposition of Maria Yantz, dated September 1, 2020. These documents contain highly confidential and sensitive financial, business, and commercial information of Qualcomm. Qualcomm has designated the confidential information as "OUTSIDE ATTORNEYS' EYES ONLY." The information sought

to be filed under seal, if made public, would cause Qualcomm competitive harm in the marketplace by revealing important, proprietary and highly confidential details to Qualcomm's competitors and third parties, in the United States and abroad.

ParkerVision also highlighted in blue narrowly tailored portions of its Response to Qualcomm's Motions *in Limine* on pages 10 and 11, and filed a redacted version at Doc. 632. The redacted portions contain confidential information of third parties. Qualcomm has designated the confidential information as "OUTSIDE ATTORNEYS' EYES ONLY." The information sought to be filed under seal, if made public, would cause Qualcomm and third parties harm in the marketplace.

ParkerVision also filed a sealing motion at Doc. 633. The Court granted ParkerVision's unopposed sealing motion. (Doc. 636 at 3.) For completion, Qualcomm also notes that Exhibits 3, 9, 12-18 also contain Qualcomm's highly confidential information and Qualcomm also supports sealing those exhibits. **Hillegas Exhibit 3** contains the Expert Report of John Bone, dated October 9, 2020. **Hillegas Exhibit 9** contains the Rebuttal Expert Report of ParkerVision's RX expert, dated November 23, 2020. **Hillegas Exhibit 12** contains the Initial Expert Report of ParkerVision's RX Expert, dated October 9, 2020. And **Hillegas Exhibit 18** contains the Expert Report of Dr. Michael Steer, dated November 23, 2020. These expert reports contain highly confidential technical details, including regarding the design and operation of Qualcomm's products, and highly confidential financial and

sales information.  Qualcomm has designated the confidential information as "OUTSIDE ATTORNEYS' EYES ONLY."  The information sought to be filed under seal, if made public, would cause Qualcomm competitive harm in the marketplace by revealing important, proprietary and highly confidential technical and financial details to Qualcomm's competitors and third parties.

### VI. PROPOSED DURATION OF SEAL

Pursuant to Rule 1.11(c)(4) and (f), Defendant proposes that the seal and redaction last for ninety days after the case has been closed and all appeals have been exhausted.  This duration is supported by the highly confidential and extremely sensitive nature of the items proposed for sealing, and the potential for breach of the protective orders through disclosure.  *E.g.*, *Local Access*, 2017 WL 3896407, at *3 (sealing information for 4.5 years).

### VII. NAME, MAILING ADDRESS, EMAIL ADDRESS, AND TELEPHONE NUMBER OF THE PERSON AUTHORIZED TO RETRIEVE A SEALED, TANGIBLE ITEM

Pursuant to Rule 1.11(c)(5), Defendant designates the following individual to retrieve sealed tangible items:

> Matthew Brigham
> 3175 Hanover Street, Palo Alto, California  94304-1130
> mbrigham@cooley.com
> 650-843-5677

### VIII. CONCLUSION

Defendant respectfully requests leave for ParkerVision to file under seal the following items:  Hillegas Exhibits 13 to 17, and an un-redacted version of ParkerVision's Response to Qualcomm's Motions *in Limine*.

## LOCAL RULE 3.01(g) CERTIFICATION

The parties conferred about the substance of the Motion for Leave to File Under Seal. ParkerVision does not oppose the relief requested.

Dated: June 24, 2021    By: /s/ Matthew Brigham

| | |
|---|---|
| BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.<br>John A. DeVault, III<br>Florida Bar No. 103979<br>jad@bedellfirm.com<br>Michael E. Lockamy<br>Florida Bar No. 069626<br>mel@bedellfirm.com<br>The Bedell Building<br>101 East Adams Street<br>Jacksonville, Florida 32202<br>Phone: (904) 353-0211<br>Fax: (904) 353-9307<br><br>CADWALADER, WICKERSHAM & TAFT, LLP<br>Howard Wizenfeld (admitted pro hac vice)<br>Howard.wizenfeld@cwt.com<br>One World Financial Center<br>200 Liberty Street<br>New York, NY 10281<br>Telephone: (212) 504-6050<br>Facsimile: (212) 504-6666<br><br>COOLEY LLP<br>Eamonn Gardner (pro hac vice)<br>egardner@cooley.com<br>1144 15th Street, Suite 2300<br>Denver, CO 80202<br>Telephone: (720) 566-4000<br>Facsimile: (720) 566-4099 | COOLEY LLP<br>Stephen C. Neal (admitted pro hac vice)<br>nealsc@cooley.com<br>Matthew Brigham (admitted pro hac vice)<br>mbrigham@cooley.com<br>Jeffrey Karr (admitted pro hac vice)<br>jkarr@cooley.com<br>Priya Viswanath (admitted pro hac vice)<br>pviswanath@cooley.com<br>Dena Chen (admitted pro hac vice)<br>dchen@cooley.com<br>Patrick Lauppe (admitted pro hac vice)<br>plauppe@cooley.com<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130<br>Phone: (650) 843-5000<br>Fax: (650) 843-7400<br><br>COOLEY LLP<br>Stephen Smith (admitted pro hac vice)<br>ssmith@cooley.com<br>1299 Pennsylvania Avenue NW<br>Suite 700<br>Washington, DC 20004<br>Phone: (202) 842-7800<br>Fax: (202) 842-7899<br><br>*Attorney for Defendant Qualcomm Incorporated* |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on June 24, 2021.

*/s/ Matthew Brigham*