IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| PARKERVISION, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br>QUALCOMM ATHEROS, INC.,<br><br>                Defendants. | CASE NO.: 6:14-CV-00687-PGB-LRH |

**Joint Stipulation and Motion for Entry of Judgment of
Non-Infringement of the '177 Patent**

Plaintiff ParkerVision, Inc., and Defendants Qualcomm Incorporated and Qualcomm Atheros, Inc., stipulate and agree, subject to the approval of the Court, as follows:

1. On March 5, 2021, the Court issued its Order Striking ParkerVision's 2020 Infringement Contentions, including ParkerVision's 2020 infringement contentions for the '177 Patent. Dkt. 536.[1] Among other things, the Court's Order addressed the "filter" and "combiner" limitations of asserted claims 1-3, 5, 7, 10, 11, and 14 of the '177 Patent.[2] In its Order Striking ParkerVision's 2020

---

[1] The Endorsed Order referencing the Sealed Order (Dkt. 536) appears at Docket Number 537.
[2] For instance, Claim 1 of the '177 Patent requires "a first combiner module that combines said second down-converted signal and said first down-converted signal and outputs a first channel down-converted signal." Claim 7 requires, among other things, "a first filter that filters said first down-converted signal."

1

Infringement Contentions, the Court determined that ParkerVision's 2015 infringement contentions failed to identify the transimpedance amplifiers ("TIAs") in Qualcomm's Accused Products[3] as satisfying both the "filter" and "combiner" limitations of asserted claims 1-3, 5, 7, 10, 11, and 14 of the '177 Patent. *See id.* at 7-9; *see also id.* at 2 (Court's Order stating that ParkerVision's "new infringement contentions [improperly] accuse the TIA itself as the combiner" in addition to the filter); Ex. A (Jan. 16, 2015, Contentions); Ex. B (June 9, 2015, Contentions)

2. On April 2, 2021, ParkerVision filed a Motion for Clarification of the Court's Order with respect to the '177 Patent. Dkt. 589 (referencing Dkt. 537, the Endorsed Order corresponding to Dkt. 536).

3. On May 19, 2021, the Court denied ParkerVision's Motion for Clarification of the Court's Order. Dkt. 611. In its Order, the Court again determined that ParkerVision's 2015 infringement contentions failed to identify the TIAs of Qualcomm's Accused Products as satisfying both the "filter" and "combiner" limitations. *See id.* at 3-5; *see also id.* at 3 (Court's Order stating that "ParkerVision claims that the TIA both filters and combines—a premise the Court rejected in its [March 5, 2021] Order.").

4. The Court's May 19, 2021 Order also stated that the effect of its Orders at Dkts. 536 and 611 was to limit the scope of ParkerVision's experts' trial testimony, such

---

[3] As used herein, Qualcomm's Accused Products for the '177 Patent include the Solo, Napoleon, Magellan, Odyssey, Nucleus, Flying Dutchman, Black Pearl, Lepton, Boson, Aadi, Hubble, Rex, Chandra, and Quark receiver architectures.

that ParkerVision's experts cannot testify at trial that the TIAs in Qualcomm's Accused Products satisfy both the "filter" and "combiner" limitations of the asserted claims of the '177 Patent. Dkt. 611 at 3, n.1 (Court's Order stating "[i]t is true that the Court did not specifically address the effect of its ruling on the permissible scope of Plaintiff's expert's testimony. This is not because the Order does not limit the scope of admissible expert testimony—it does.").

5. In light of the Court's Orders at Dkts. 536 and 611, and in particular the limitation on the scope of ParkerVision's experts' testimony at trial, ParkerVision is unable to put forward its theory, supporting evidence, and expert testimony that the "filter" and "combiner" limitations of asserted claims 1-3, 5, 7, 10, 11, and 14 of the '177 Patent are satisfied by the TIAs in the Accused Products.

6. In particular, and based upon the Court's Orders at Dkts. 536 and 611, ParkerVision is unable to advance at trial the theories of infringement described at ¶¶ 251-53, 266-68, 339-42, 390-93, 422-23, 429, and 603 in its expert's report—each theory is premised on the TIA of the Accused Products meeting the "filter" and "combiner" limitations of asserted claims 1-3, 5, 7, 10, 11, and 14 of the '177 Patent—the very premise rejected in the Court's Orders. Ex. C (excerpts from RX Opening Report).

7. Additionally, in light of the Court's Orders at Dkts. 536 and 611, and for the same reasons, ParkerVision is unable to advance at trial the theories of infringement described at pages 43-45 of the expert report of Mr. David Sorrells—each theory is also premised on the TIA of certain of the Accused Products meeting the

3

"combiner" limitation of asserted claims 1-3, 5, 7, 10, 11, and 14 of the '177 Patent—the same premise rejected in the Court's Orders. Ex. D (excerpts from Sorrells Opening Report).

8. However, had the Court not issued its Orders at Dkts. 536 and 611, ParkerVision <u>contends that it</u> would have offered the evidence and infringement opinions contained in ¶¶ 251-53, 266-68, 339-42, 390-93, 422-23, 429, and 603, of its expert's report at trial and would have offered the evidence and infringement opinions contained in pages 43-45 of the expert report of Mr. David Sorrells. *See* Exs. A and B. But for the Court's Orders at Dkts. 536 and 611, ParkerVision contends it would have presented evidence, introduced through its expert's and Mr. Sorrells's testimony at trial, that the TIAs of the Accused Products meet the "filter" and "combiner" limitations of asserted claims 1-3, 5, 7, 10, 11, and 14 of the '177 Patent. *See id.* Qualcomm denies that the evidence would have shown the Accused Products meet the "filter" and "combiner" limitations.

9. Subject to all of ParkerVision's rights to appeal and Qualcomm's right to revive its defenses in the event of a remand from the Federal Circuit Court of Appeals, and in light of the Court's Orders at Dkts. 536 and 611, the Parties stipulate and agree for purposes of entry of a final judgment that ParkerVision is unable to meet its burden to prove at trial that the Accused Products infringe asserted claims 1-3, 5, 7, 10, 11, and 14 of the '177 Patent because, in light of the Court's Orders, ParkerVision is unable to meet its burden to prove at trial that the Accused Products satisfy the "filter" and "combiner" limitations of these claims. The Parties also

request that the Court enter a final judgment for Defendants and against Plaintiff on Defendants' counterclaim seeking declaratory judgment of noninfringement and Defendants' defense of non-infringement, and declare the '177 Patent not infringed by Defendants.

10. The Parties agree that this judgment will be entered against ParkerVision in the final judgment to issue in this case.

11. Subject to Qualcomm's right to revive its defenses in the event of a remand from the Federal Circuit Court of Appeals, the Parties stipulate and agree for purposes of entry of a judgment that Qualcomm will dismiss without prejudice its invalidity defenses, including its counterclaim seeking declaratory judgment of invalidity, against ParkerVision's infringement claims for asserted claims 1-3, 5, 7, 10, 11, and 14 of the '177 Patent.

12. Therefore, in light of the Court's Orders at Dkts. 536 and 611, the Parties stipulate to entry of a judgment, which will be included in the final judgment, that ParkerVision is unable to meet its burden to prove at trial that the TIAs within Qualcomm's Accused Products infringe the "filter" and "combiner" limitations of asserted claims 1-3, 5, 7, 10, 11, and 14 of the '177 Patent and that Defendants have proven their counterclaim seeking declaratory judgment of noninfringement and Defendants' defense of non-infringement.

13. This stipulation does not address the '907, '940, and '372 Patents, which remain pending in the case.

14. Any Party may make this stipulation part of the appellate record.

15. Qualcomm reserves all rights to seek fees and costs.

IT IS SO STIPULATED.

July 23, 2021                                   Respectfully submitted,

**McKOOL SMITH, P.C.**
By: */s/ Joshua W. Budwin*
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Richard A. Kamprath
Texas State Bar No. 24078767
rkamprath@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Joshua W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Matt Cameron
Texas State Bar No. 24097451
mcameron@mckoolsmith.com
Peter M. Hillegas
Texas State Bar No. 24101913
phillegas@mckoolsmith.com
R. Mitch Verboncoeur
Texas State Bar No. 24105732
mverboncoeur@mckoolsmith.com
George T. Fishback, Jr.
Texas State Bar No. 24120823
gfishback@mckoolsmith.com
303 Colorado Street, Suite 2100
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

**CALDWELL CASSADY & CURRY**
Kevin L. Burgess
Texas State Bar No. 24006927
2121 N. Pearl Street, Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (212) 888-4849

kburgess@caldwellcc.com

**SMITH HULSEY & BUSEY**
Stephen D. Busey
Florida Bar Number 117790
John R. Thomas
Florida Bar Number 77107
One Independent Dr., Suite 3300
Jacksonville, Florida 32202
Telephone: (904) 359-7700
Facsimile: (904) 359-7708
busey@smithhulsey.com
jthomas@smithhulsey.com

***ATTORNEYS FOR PLAINTIFF
PARKERVISION, INC.***

Dated:  July 23, 2021

By: /s/ Eamonn Gardner

BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.
John A. DeVault, III
Florida Bar No. 103979
jad@bedellfirm.com
Michael E. Lockamy
Florida Bar No. 069626
mel@bedellfirm.com
The Bedell Building
101 East Adams Street
Jacksonville, Florida 32202
Phone: (904) 353-0211
Fax: (904) 353-9307

CADWALADER, WICKERSHAM & TAFT, LLP
Howard Wizenfeld (admitted pro hac vice)
Howard.wizenfeld@cwt.com
One World Financial Center
200 Liberty Street
New York, NY 10281
Telephone: (212) 504-6050
Facsimile: (212) 504-6666

COOLEY LLP
Eamonn Gardner (pro hac vice)
egardner@cooley.com
1144 15th Street, Suite 2300
Denver, CO 80202-2686
Telephone: (720) 566-4000
Facsimile: (720) 566-4099

COOLEY LLP
Stephen C. Neal (admitted pro hac vice)
nealsc@cooley.com
Matthew Brigham (admitted pro hac vice)
mbrigham@cooley.com
Jeffrey Karr (admitted pro hac vice)
jkarr@cooley.com
Priya Viswanath (admitted pro hac vice)
pviswanath@cooley.com
Dena Chen (admitted pro hac vice)
dchen@cooley.com
Patrick Lauppe (admitted pro hac vice)
plauppe@cooley.com
3175 Hanover Street
Palo Alto, CA  94304-1130
Phone:  (650) 843-5000
Fax:  (650) 843-7400

COOLEY LLP
Stephen Smith (admitted pro hac vice)
ssmith@cooley.com
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004
Phone:  (202) 842-7800
Fax:  (202) 842-7899

*Attorneys for Defendants Qualcomm Incorporated and Qualcomm Atheros, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and forgoing document has been served on all counsel of record via the Court's ECF system on July 23, 2021.

                                          */s/ Josh Budwin*
                                          Josh Budwin