# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**PARKERVISION, INC.,**

      **Plaintiff,**

v.                                        Case No: 6:14-cv-687-PGB-LRH

**QUALCOMM INCORPORATED
and QUALCOMM ATHEROS,
INC.,**

      **Defendants.**

_____/

## ORDER

This cause is before the Court on Plaintiff's Motion to Strike Portions of Qualcomm's Invalidity Contentions and Notice Regarding Prior Art Invalidity Grounds. (Doc. 439). Qualcomm has filed a Response in Opposition. (Doc. 448). Upon due consideration, ParkerVision's motion is denied.

## I.  BACKGROUND

This litigation has had its starts and stops due to Inter Partes Review (**"IPR"**) and the COVID-19 pandemic. (Docs. 250, 376–77). As far back as June 15, 2015, ParkerVision submitted its claim construction briefing identifying its proposed construction of disputed claim terms in the patents-in-suit. (Doc. 148). Qualcomm did the same, and the Court held the first claim construction hearing. (Docs. 171, 198). Before the Court issued its claim construction order, the case was stayed to allow the IPR to unfold. (Doc. 250). It remained stayed until January 9,

2019 at which time the Court held a status conference with the parties. (Docs. 280, 282). ParkerVision's counsel argued that since the IPR and the PTAB record constitute part of the intrinsic record of the patent, it should be considered at a new *Markman* hearing. (Doc. 282 at 8:4–13). ParkerVision sought permission to identify the patents and claims it wished to proceed, and Qualcomm agreed in principle with this approach. (*Id.* at 10:2–12; 16:3—19:9). ParkerVision then submitted its brief addressing the election of claims and accused products, Qualcomm responded, and ParkerVision replied. (Docs. 284, 285, 288). The Court held a hearing on the matter and entered an Order identifying the patents and claims ParkerVision could pursue and expanding the scope of accused products. (Doc. 297). The Court cautioned ParkerVision that it may not serve infringement contentions raising new theories. (*Id.* at p. 6).

ParkerVision submitted a list of claim terms that were discussed during the first *Markman* hearing and requested leave to provide new briefing on these terms: "switch/switch module" ('940, '372), "to gate"/ "gating" ('940, '372), "summer" ('372), and "matched filtering/correlating module" ('177). (Doc. 303, pp. 2–3). Qualcomm's only objection was to additional briefing on the claim term "matched filtering/correlating module." (Doc. 305, p. 3). Qualcomm argued the Plaintiff was trying to misuse the current procedure "in order to insert a new theory into this case through its newfound 94-word construction" of this term. (*Id.*). The Court ultimately allowed the additional briefing and entered an Amended Case Management and Scheduling Order (**"CMSO"**). Importantly, the CMSO provided

2

deadlines for the parties to amend infringement and invalidity contentions "upon learning that the contention is incomplete or incorrect and within 30 days of the Court's claim construction ruling." (Doc. 309). The Court entered its claim construction ruling on April 29, 2020 during which time discovery was stayed due to COVID. (Docs. 376–77, 381). The stay was lifted at the parties' request several weeks later, and the Court directed ParkerVision to narrow their asserted claims to no more than 20 and for Qualcomm to limit their prior art references, with each section 103 combination being counted as a single reference, to 30. (Doc. 384). This Order did not supersede the CMSO; it complimented it, meaning the parties were still allowed to amend infringement or invalidity contentions after the Court's claim construction ruling.

### A. Overview of ParkerVision's Position

ParkerVision contends that Qualcomm could only add or amend its prior art references and combinations if the disclosure resulted from newly discovered information. (Doc. 439, p. 2). ParkerVision also submits that the Court's Order precluding new infringement theories in their 2020 contentions applies equally to Qualcomm and forbids new prior art references and combinations.[1] (*Id.*). That said, ParkerVision acknowledges that the "CMSO permits amendments to invalidity contentions, but such amendments must be 'made in accordance with Federal Rule of Civil Procedure 26(e) upon learning that the contention is

---

[1] The prior art references and combinations disclosed by Qualcomm but absent from the 2015 contentions and/or the 2020 contentions are listed by ParkerVision. (Doc. 439, pp. 8–9).

incomplete or incorrect'" and no later than 50 days after the Court's claim construction ruling. (*Id.* at p. 9). ParkerVision argues the prior art references and combinations cited for the first time in the 2020 contentions and in Qualcomm's Notice are untimely and should be stricken. (*Id.* at p. 11). That is, ParkerVision claims that Qualcomm has failed to justify why the new invalidity contentions– "all of which are alleged to have existed some *twenty years (or more) ago*"–were not disclosed sooner. (*Id.* at pp. 11–12). And ParkerVision asserts that a claim construction order is an insufficient basis to justify the introduction of new prior art references or combinations.[2] (*Id.* at p. 15).

### B.    Overview of Qualcomm's Position

Qualcomm submits they complied with the Court's orders and ParkerVision points to no actual prejudice arising from Qualcomm's disclosures. (Doc. 448, p. 1). To begin, Qualcomm argues the 2015 invalidity and non-infringement contentions included detailed analysis. (*Id.* at pp. 1–2). Qualcomm notes that once the stay was lifted, and after the parties submitted a post-stay proposed schedule, the Court set March 3, 2020 as the deadline for amendment of invalidity contentions. (*Id.* at p. 3). Qualcomm further notes that, contrary to their current position, ParkerVision argued in the post-stay schedule against a "good cause"

---

[2]   ParkerVision contends this is "particularly true where, as here, the parties' claim construction proposals remained largely unchanged over the last five years." (Doc. 439, p. 15, n.1). ParkerVision claims, without specificity, that Qualcomm's amended invalidity contentions are prejudicial, because they are left "completely in the dark as to which invalidity grounds apply to which asserted claim" and "it has not had, and will not have, any opportunity to conduct discovery on Qualcomm's prior art." (*Id.* at pp. 20–21).

requirement as a predicate for amending infringement and invalidity contentions, to which the Court agreed.[3] (*Id.*).

Qualcomm also asserts that ParkerVision advanced new claim constructions for terms found in three patents in anticipation of the second *Markman* hearing, and proposed constructions contrary to ParkerVision's position before the stay.[4] (*Id.* at p. 4). Moreover, after the COVID-19 stay was lifted, the parties agreed that amendments to contentions "in light of the Court's claim construction ruling" would be due on July 1 (infringement) and July 31, 2020 (invalidity). (*Id.* citing Doc. 383-1). Qualcomm argues it has complied with the agreed upon deadline of July 31, 2020. (*Id.* at p. 5). Finally, Qualcomm submits ParkerVision has not been prejudiced, because they had three months to analyze the invalidity contentions and over a month to conduct discovery. (*Id.*).

And Qualcomm denies ParkerVision's claim that several prior art references and combinations were not disclosed in the 2015 and/or 2020 contentions. (*Id.* at p. 6). To support this point, Qualcomm includes a chart listing prior art grounds, the date they were disclosed, and submits "[t]he only references not included in

---

[3] The parties later moved for extension of the contention amendment deadlines. (Doc. 448, p. 3).

[4] For example, ParkerVision's proposed construction for "switch/switch module" changed from 2015 to 2019, as did the proposed construction for "matched filtering/correlating module", and for "summer", and ParkerVision added in 2019 a function for "summing means" that was not proposed in 2015. (Docs. 148, 303). Finally, ParkerVision's proposed construction of "to gate/gating" changed and was no longer grouped with "switch/switch module." (*Id.*).

5

the 2015 contentions were: (e) Arpaia '225, (h) Traylor '654, and (j) Hacke '395" with each appearing in the 2020 contentions. (*Id.* at pp. 6–10).

The new prior art references were, according to Qualcomm, offered in response to the Court's claim construction ruling. (*Id.* at p. 11–12). For example, Qualcomm contends that Couch combined with Arpaia is a combination that renders ParkerVision's claims obvious under the Court's construction. (*Id.* at p. 12). The same is true for Traylor when combined with previously disclosed prior art references. (*Id.*). In short, Qualcomm explains that ParkerVision's new proposed constructions and the Court's rulings prompted the amended invalidity contentions.[5] (*Id.* at pp. 12–13). And Qualcomm submits ParkerVision is incorrect in claiming the Court did not construe the '907 patent claims. (*Id.* at p. 15).

## II.   DISCUSSION

ParkerVision incorrectly relies on Rule 26(e) for the proposition that Qualcomm's amended invalidity contentions were untimely. (Doc. 439, p. 9). While Rule 26(e) requires a party supplementing Rule 26(a) initial disclosures or responses to discovery to do so "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect," the rule does not supplant the Court's Order establishing deadlines for amending invalidity and infringement contentions. ParkerVision's citation to cases interpreting Rule

---

[5] By illustration, the updated claim construction briefing led the Court to construe "to gate/gating" in the '372 and '940 claims to require "an independent control input." (Doc. 448, p. 12, *citing* Doc. 382, pp. 33, 38). Similarly, "summer" was construed to cover "circuitry" and not just a device. (*Id. citing* Doc. 382, p. 44).

26(e), such as *Simo Holdings Inc. v. H.K. uCloudlink Network Tech., Ltd.*, 354 F. Supp. 3d 508, 510 (S.D.N.Y. 2019), is unhelpful, because those cases involve the submission of supplemental invalidity contentions after the deadline set forth in the Court's scheduling order. Whereas here Qualcomm's amended contentions complied with the scheduling order.

Similarly, ParkerVision's reliance on *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006), lacks the proper context. ParkerVision cites *O2 Micro* for the principle that a party must promptly amend contentions after discovering new evidence or else "the contentions requirement would be virtually meaningless as a mechanism for shaping the conduct of discovery and trial preparation." (Doc. 439, p. 10). *O2 Micro*, however, "primarily presents questions concerning the interpretation and application of the Northern District of California's local rules for patent cases." 467 F.3d at 1362. Those local rules allowed a party to amend its contentions within thirty days after the claim construction ruling, after which amendment was proper only where "the party seeking leave to amend acted with diligence in moving to amend." *Id.* at 1363. In this context, the Federal Circuit agreed with the Northern District of California that good cause requires a showing of diligence. *Id.* at 1366. Here, not only did ParkerVision argue against "good cause" being a predicate to amending contentions, but they agreed to the deadline for amendments following the Court's claim construction ruling, and Qualcomm complied with that deadline. Thus, neither the cases cited by ParkerVision interpreting Rule 26(e) nor the Federal

Circuit's interpretation of the Northern District of California's local rules are dispositive or particularly probative to the issue before the Court.

ParkerVision also argues that *Cell & Network Selection LLC v. AT&T Inc.*, No. 6:13-cv-403, 2014 WL 10727108, at *2 (E.D. Tex. Nov. 10, 2014), holds that "the Court's adoption of another's party construction alone is not sufficient to support . . . [Qualcomm's] good faith belief it was surprised by the Court's ruling."[6] (Doc. 439 at 11). Again, context matters. *Cell & Net Selection LLC* ("**CNS**") redrafted about 70 claim charts and served amended infringement contentions after the Report and Recommendation adopted constructions of terms that "were entirely different than CNS's proposed constructions." *Id*. The Court noted that while it "is concerned about encouraging late-hour amendments to infringement contentions, under the circumstances of this case, CNS was not" dilatory in serving the amended contentions. *Id*. at *3.

Qualcomm argues that ParkerVision opened the door by requesting a second *Markman* hearing and offering new constructions for certain claim terms. The parties were apparently well-aware that the second *Markman* hearing would produce new claim constructions—which it did, because they agreed upon a

---

[6] The Plaintiff also cites *Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 667–68 (E.D. Tex. 2007), and *Finisar Corp. v. DirecTV Grp., Inc.*, 424 F. Supp. 2d 896, 901 (E.D. Tex. 2006), for the same principle.

deadline for amending contentions following the Court's ruling.[7] Moreover, the IPR proceedings also resulted in the construction of claim terms long after the 2015 disclosures. All of which is to say that Qualcomm's amended contentions complied with the letter and spirit of the Court's Narrowing Order and the CMSO as amended. Qualcomm's amended prior art references and combinations are the foreseeable by-product of a case that has travelled through an IPR proceeding, an appeal, and a second *Markman* hearing.

## III. CONCLUSION

For these reasons, ParkerVision's Motion to Strike Portions of Qualcomm's Invalidity Contentions and Notice Regarding Prior Art Invalidity Grounds (Doc. 439) is **DENIED.**

**DONE AND ORDERED** in Orlando, Florida on September 27, 2021.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[7] ParkerVision contends the Court's narrowing order (Doc. 384) imposed a duty upon Qualcomm to select no more than 30 prior art references "from its already-disclosed prior art." (Doc. 439, p. 19). That said, the Order does not impose this duty and if it did, the Narrowing Order would contradict the Court's Scheduling Order which allows the parties to amend infringement and invalidity contentions for accuracy and completeness following the Court's claim construction ruling. Even so, Qualcomm convincingly establishes that, except for three prior art reference, the rest were in the 2015 and 2020 contentions.