NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PARKERVISION, INC.,**
*Plaintiff-Appellant*

v.

**QUALCOMM INCORPORATED, QUALCOMM ATHEROS, INC.,**
*Defendants-Appellees*

---

2022-1755

---

Appeal from the United States District Court for the Middle District of Florida in No. 6:14-cv-00687-PGB-LHP, Judge Paul G. Byron.

---

**SUA SPONTE**

---

Before LOURIE, MAYER, and STARK, *Circuit Judges*.

PER CURIAM.

### O R D E R

On June 27, 2024, we entered an Order requesting supplemental briefing on whether there is an appealable judgment in this case. ECF No. 57. On July 8, 2024, the parties filed a joint response, in which they contended there is a final judgment, but if we find otherwise we should dismiss

2  PARKERVISION, INC. v. QUALCOMM INCORPORATED

the appeal subject to reinstatement as outlined in the June 27 Order. ECF No. 58.

Having considered the parties' joint response, we determine that there is no final judgment. We are not persuaded that the district court's grant of Qualcomm's motion for summary judgment of non-infringement also "effectively" dismissed Qualcomm's pending counterclaims for invalidity. Because Qualcomm's counterclaims for invalidity remain unadjudicated, there is no final judgment and we lack jurisdiction over ParkerVision's appeal. *See Nystrom v. TREX Co.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003) ("If a case is not fully adjudicated as to all claims for all parties . . . there is no 'final decision' under 28 U.S.C. § 1295(a)(1) and therefore no jurisdiction.").

Accordingly,

IT IS ORDERED THAT:

(1) This appeal is dismissed for lack of jurisdiction, subject to reinstatement under the same docket number without the payment of an additional filing fee if, by no later than August 15, 2024, ParkerVision appeals from the entry of an appealable order.

(2) If the appeal is reinstated, it will be decided by the present panel, based on the briefs already filed and the oral argument heard on November 6, 2023.

(3) Each side shall bear its own costs.

(4) The mandate shall issue forthwith.

FOR THE COURT

July 16, 2024
Date

Jarrett B. Perlow
Clerk of Court