# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| PARKERVISION, INC.<br><br>                Plaintiff,<br><br>   v.<br><br>QUALCOMM INCORPORATED,<br>QUALCOMM ATHEROS, INC.<br><br>                Defendants. | CASE NO.: 6:14-CV-00687-PGB-LHP |

## **[PROPOSED] FINAL JUDGMENT**

On March 22, 2022, this Court granted summary judgment of non-infringement for the patents remaining in the case and directed the Clerk to "enter judgment in favor of Defendant Qualcomm Inc. and against Plaintiff ParkerVision, Inc." Dkt. 685. Judgment was entered on March 23, 2022. Dkt. 687. That judgment was appealed to the United States Court of Appeals for the Federal Circuit, but the appeal was dismissed for lack of jurisdiction on July 16, 2024, on the ground that, "[b]ecause Qualcomm's counterclaims for invalidity remain unadjudicated, there is no final judgment" in this case. Dkt. 696 at 2. The Federal Circuit dismissed the appeal subject to reinstatement under the same docket number, and before the same panel, should ParkerVision appeal from entry of an appealable judgment in which "the counterclaims for invalidity are dismissed." *See ParkerVision, Inc. v. Qualcomm Incorporated*, No. 22-1755, Dkt. 57 at 2 (Fed. Cir.). The parties now jointly move for

entry of final judgment that incorporates this Court's prior judgment and also expressly dismisses Qualcomm's counterclaims for invalidity without prejudice and subject to revival in the event of remand following appeal to the Federal Circuit.

Accordingly, the Court enters FINAL JUDGMENT as follows:

1. The Order granting Qualcomm's Motion for Summary Judgment of Non-infringement (Dkt. 685) and the Judgment entered in favor of Qualcomm and against ParkerVision pursuant to that Order (Dkt. 687) are incorporated and stand unchanged.

2. Qualcomm's counterclaims for invalidity are dismissed without prejudice and subject to revival in the event of remand from the Federal Circuit.

3. Any remaining claims, counterclaims, defenses, or other matters asserted—not otherwise covered by the Order and Judgment at Dkts. 685 and 687—are likewise dismissed without prejudice and subject to revival in the event of remand from the Federal Circuit.

4. This judgment is intended to be a FINAL JUDGMENT that is appealable to the Federal Circuit, and the appeal of which will be subject to reinstatement before the Federal Circuit panel as outlined in the Federal Circuit's dismissal order and mandate of July 16, 2024. Dkts. 696 and 697.

**IT IS SO ORDERED AND ADJUDGED**

DATED: _____

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE