# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| PARKERVISION, INC., <br><br> Plaintiff, <br><br> v. <br><br> QUALCOMM INCORPORATED, and QUALCOMM ATHEROS, INC., <br><br> Defendants. | CASE NO. 6:14-cv-00687-PGB-LRH |

## QUALCOMM'S RESPONSE TO PARKERVISION'S REQUEST FOR SCHEDULING CONFERENCE, TRIAL SETTING, AND IDENTIFICATION OF ISSUES THAT REQUIRE THE COURT'S RESOLUTION BEFORE TRIAL

Defendants Qualcomm Incorporated and Qualcomm Atheros, Inc. (collectively, "Qualcomm") respectfully submit the following statement in response to Plaintiff ParkerVision Inc.'s request for a scheduling conference and other miscellaneous relief.[1]  ECF No. 717.

---

[1] Qualcomm met and conferred with ParkerVision, but the parties were unable to reach agreement on (i) what issues are pending for the Court's resolution; (ii) what additional issues, if any, should be addressed by the Court before trial; and (iii) when trial should be scheduled. In an attempt to reduce the number of filings for this Court, Qualcomm was working with ParkerVision to prepare a joint submission that laid out both parties' positions in detail. However, after the parties had exchanged multiple drafts, on November 4, 2024, ParkerVision informed Qualcomm on November 4, 2024, of its intent to proceed with a unilateral filing.

Qualcomm joins ParkerVision's request for a scheduling conference. Qualcomm will be available at the Court's convenience. (ParkerVision Request (i)).

Qualcomm further agrees that the parties should specifically identify the issues they believe require the Court's resolution prior to trial no later than 15 days prior to the Court's scheduling conference. (ParkerVision Request (ii)). While ParkerVision's request is silent as to the form, in order to aid the Court and make the Scheduling Conference as efficient as possible, Qualcomm respectfully suggests that the parties should be ordered to submit a joint case management conference statement identifying these remaining issues.[2]

The joint case management conference statement would also address when each party believes the case would be ready for trial (subject to the Court's availability). Qualcomm will set forth the reasons in more detail in that statement, but Qualcomm opposes ParkerVision's request for a trial date in April or May 2025. The Federal Circuit has explicitly remanded this patent case with

---

[2] To confirm, Qualcomm opposes ParkerVision's request regarding the early identification of specific terms and proposed constructions (ParkerVision request (iii)). A proposed claim construction exchange procedure would be included in the case management conference statement.

clear instructions to, among other things, complete claim construction and dispositive motion proceedings. *See ParkerVision v. Qualcomm*, 116 F.4th 1345, 1360 (Fed. Cir. 2024) ("[W]e vacate the grant of summary judgment and remand for the district court to determine the <u>scope</u> of the asserted receiver claims and further to determine <u>whether</u> that scope is materially different from that of the claims at issue in the 2011 Action.") (emphasis added).[3]  There are also other pending pre-trial issues that must be addressed.  It is unrealistic for the parties—and more importantly, for this Court—to expect to complete those proceedings, not to mention all the other pre-trial work, before April or May 2025.

Qualcomm looks forward to discussing further at the Court's convenience.

November 4, 2024

**KEKER VAN NEST & PETERS LLP**

By: <u>/s/ *Robert Van Nest*</u>
 Robert Van Nest (special admission)
 Matthew M. Werdegar (special admission)
 Sophie Hood (special admission)
 Anjali Srinivasan (special admission)
 633 Battery Street San Francisco, CA 94111

---

[3] The Federal Circuit further explained: "on remand, the district court <u>should undertake any necessary claim construction</u> and then determine whether the receiver claims asserted in this case have the same requirement as the generating limitation of the claims at issue in *ParkerVision I*.  This will allow the district court to then assess <u>whether there is a difference in claim scope</u> that would materially alter the question of infringement of the receiver claims and, accordingly, <u>whether summary judgment based on collateral estoppel is warranted</u>." *Id.* at 1360 (emphasis added).

2820429

Telephone: 415 391 5400
Facsimile: 415 397 7188

**COOLEY LLP**
Stephen C. Neal (admitted pro hac vice)
Matthew Brigham (admitted pro hac vice)
Jeffrey Karr (admitted pro hac vice)
Priya Viswanath (admitted pro hac vice)
Dena Chen (admitted pro hac vice)
Patrick Lauppe (admitted pro hac vice)
3175 Hanover Street
Palo Alto, CA  94304-1130
Phone:  (650) 843-5000
Fax:  (650) 843-7400

**COOLEY LLP**
Eamonn Gardner (pro hac vice)
1144 15th Street, Suite 2300
Denver, CO 80202-2686
Telephone: (720) 566-4000
Facsimile: (720) 566-4099

**COOLEY LLP**
Stephen Smith (admitted pro hac vice)
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004
Phone:  (202) 842-7800
Fax:  (202) 842-7899

*Attorneys for Defendants Qualcomm Incorporated and Qualcomm Atheros, Inc.*

## CERTIFICATE OF SERVICE

I certify that on November 4, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non- CM/ECF participants: none.

*/s/ Robert Van Nest*
Robert Van Nest

2820429