# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| PARKERVISION, INC., <br><br> Plaintiff, <br><br> v. <br><br> QUALCOMM INCORPORATED and QUALCOMM ATHEROS, INC., <br><br> Defendants. | Case No. 6:14-cv-687-PGB-LRH |

## QUALCOMM'S MOTION FOR RECONSIDERATION OF THE COURT'S DECEMBER 9, 2024 ORDER AND MODIFICATION OF CASE SCHEDULE FOR ADDITIONAL CLAIM CONSTRUCTION AND MEMORANDUM OF LAW IN SUPPORT

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...................................................................................1

II.  LEGAL STANDARDS .........................................................................2

III. ARGUMENT ........................................................................................3

   A. Disputes Relating to Claim Scope Are Questions of Law for Courts, Not Juries, And Must Be Resolved Even When Raised After *Markman* Hearings......................................................3

   B. There Exists an Actual Dispute over the Scope of the Asserted Receiver Claims, which the Federal Circuit Identified but Did Not Resolve.........................................................6

   C. Good Cause Exists to Modify the Case Management Schedule to Accommodate Claim Construction. .......................... 10

IV. CONCLUSION................................................................................... 10

LOCAL RULE 3.01(G) CERTIFICATION ...................................................... 11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Conoco, Inc. v. Energy & Env't Int'l, L.C.*,
  460 F.3d 1349 (Fed. Cir. 2006) ................................................................ 5, 10

*Eon Corp. IP Holdings v. Silver Spring Networks*,
  815 F.3d 1314 (Fed. Cir. 2016) ................................................................. 4, 7

*Every Penny Counts, Inc. v. Am. Express Co.*,
  563 F.3d 1378 (Fed. Cir. 2009) ...................................................................... 4

*Hernandez v. Plastipak Packaging, Inc.*,
  2022 WL 1521707 (M.D. Fla. Apr. 26, 2022) ............................................... 2

*Kaufman v. Microsoft Corp.*,
  34 F.4th 1360 (Fed. Cir. 2022) ....................................................................... 2

*Markman v. Westview Instruments, Inc.*,
  52 F.3d 967 (Fed. Cir. 1995) .......................................................... 3, 4, 5, 10

*NobelBiz, Inc. v. Glob. Connect, L.L.C.*,
  701 F. App'x 994 (Fed. Cir. 2017) ................................................................. 5

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
  521 F.3d 1351 (Fed. Cir. 2008) ............................................................ *passim*

*Omega Pats., LLC v. CalAmp Corp.*,
  920 F.3d 1337 (Fed. Cir. 2019) ...................................................................... 6

*In re Papst Licensing Digital Camera Pat. Litig.*,
  778 F.3d 1255 (Fed. Cir. 2015) ...................................................................... 5

*ParkerVision, Inc. v. Qualcomm Inc.*,
  116 F.4th 1345 (Fed. Cir. 2024) ............................................................ *passim*

*Sosa v. Airprint Sys., Inc.*,
  133 F.3d 1417 (11th Cir. 1998) ..................................................................... 3

*Tristar Lodging, Inc. v. Arch Speciality Ins. Co.*,
  434 F. Supp. 2d 1286 (M.D. Fla. 2006) ........................................................ 3

2844031

*WhereverTV, Inc. v. Comcast Cable Commc'ns*,
   LLC, 2022 WL 1171367 (M.D. Fla. Apr. 20, 2022)..........................................5

**<u>Rules</u>**

Fed. R. Civ. P. 16(b)(4).................................................................... 1, 3, 10, 11

Defendants Qualcomm Incorporated and Qualcomm Atheros, Inc. (collectively, "Qualcomm") respectfully requests reconsideration of the Court's December 9, 2024 Order (ECF No. 726) with respect to further claim construction proceedings; modification of the case schedule pursuant to Federal Rule of Civil Procedure 16(b)(4) to allow for construction of two disputed terms, as set forth in Qualcomm's proposed opening supplemental claim construction brief, attached hereto as **Exhibit A**; and leave to file Qualcomm's proposed opening brief.[1]

## I.  INTRODUCTION

Qualcomm understands and appreciates the Court's concerns about the length of time this case has been pending, the significant amount of claim construction work the Court already has performed, and the potential impact further claim construction could have on the case schedule going forward. Qualcomm makes this request only because it is necessary to avoid asking the jury to resolve a dispute between the parties as to the correct construction of key terms of the asserted claims. "When the parties raise an actual dispute regarding the proper scope of the[ asserted] claims, the court, not the jury, must resolve that dispute." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech.*

---

[1] ParkerVision has asked Qualcomm to note that if the Court would like a response to this motion from ParkerVision, ParkerVision requests that its response not be due before January 10, 2025, given the upcoming year-end holidays.

*Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008).[2] Permitting the jury to hear arguments on disputed claim scope would not only contravene long-standing Federal Circuit precedent, but it would also risk confusing the jury and protracting the proceedings with parallel arguments contingent upon the parties' disputed constructions.

Qualcomm therefore brings this motion in hopes that the Court will reconsider its ruling denying Qualcomm's oral request at the December 4, 2024 status conference for additional claim construction proceedings and to preserve the issue. *See Kaufman v. Microsoft Corp.,* 34 F.4th 1360, 1369 (Fed. Cir. 2022) (To avoid forfeiting claim construction issue, "a party must 'sufficiently request further construction of the relevant limitation' to 'raise an actual dispute.'"). Qualcomm respectfully submits that binding Federal Circuit precedent requires this Court to engage in additional claim construction and not doing so would constitute clear error.

## II. LEGAL STANDARDS

Motions for reconsideration are permitted when there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or manifest injustice. *See Hernandez v. Plastipak Packaging, Inc.*, 2022 WL 1521707, at *1 (M.D. Fla. Apr. 26, 2022);

---

[2] All internal quotation marks, citations, and alterations have been omitted from citations, and all emphases added, unless noted.

*Tristar Lodging, Inc. v. Arch Speciality Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006)). "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (internal quotation marks omitted).

A case scheduling order may be modified under Federal Rule of Civil Procedure 16(b)(4) upon a showing of good cause. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

## III. ARGUMENT

Qualcomm respectfully submits that reconsideration of the Court's December 9, 2024 order is warranted to allow for briefing by the parties and consideration by the Court of crucial claim construction issues and to correct a clear error. Where, as here, the parties have an actual dispute over the proper scope of a claim,[3] controlling Federal Circuit authority requires courts to construe the disputed claim and clarify its scope, instead of allowing those questions of patent scope to proceed to a jury.

### A. Disputes Relating to Claim Scope Are Questions of Law for Courts, Not Juries, And Must Be Resolved Even When Raised After *Markman* Hearings.

Under established principles of patent law, claim construction is a

---

[3] In the parties' meet-and-confer discussions concerning this motion, ParkerVision reconfirmed that it disputed Qualcomm's positions on the scope of the claims and proposed constructions.

3

question of law reserved to the court and not a jury. The Federal Circuit has consistently recognized that "the interpretation and construction of patent claims, which define the scope of the patentee's rights under the patent, is a matter of law exclusively for the court." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970–71 (Fed. Cir. 1995). Although courts need not construe every conceivable limitation in a patent's asserted claims, "[w]hen the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute." *O2 Micro*, 521 F.3d at 1360.

The Federal Circuit has emphasized that this duty requires district courts to construe claims in a manner that would resolve the dispute over claim scope. "[T]he court's obligation is to ensure that questions of the scope of the patent claims are not left to the jury. In order to fulfill this obligation, the court must see to it that disputes concerning the scope of the patent claims are fully resolved." *Every Penny Counts, Inc. v. Am. Express Co.*, 563 F.3d 1378, 1383 (Fed. Cir. 2009). Accordingly, if "the 'ordinary' meaning of a term does not resolve the parties' dispute . . . claim construction requires the court to determine what claim scope is appropriate in the context of the patents-in-suit." *O2 Micro*, 521 F.3d at 1361; *see also Eon Corp. IP Holdings v. Silver Spring Networks*, 815 F.3d 1314, 1319 (Fed. Cir. 2016) ("By determining only that the terms should be given their plain and ordinary meaning, the court left this question of claim scope unanswered, leaving it for

4

the jury to decide. This was legal error.").

To uphold this duty to resolve claim scope, a district court "may (and sometimes must) revisit, alter, or supplement its claim constructions . . . to the extent necessary to ensure that final constructions serve their purpose of genuinely clarifying the scope of claims for the finder of fact." *In re Papst Licensing Digital Camera Pat. Litig.*, 778 F.3d 1255, 1261 (Fed. Cir. 2015) (emphasis added); *see also Conoco, Inc. v. Energy & Env't Int'l, L.C.*, 460 F.3d 1349, 1359 (Fed. Cir. 2006) ("[A] district court may engage in claim construction during various phases of litigation, not just in a *Markman* order.") (emphasis added). Consequently, district courts, including in this District, have engaged in claim construction at whatever stage of litigation a material dispute arises relating to claim scope. *See, e.g., WhereverTV, Inc. v. Comcast Cable Commc'ns*, LLC, 2022 WL 1171367, at *3 (M.D. Fla. Apr. 20, 2022) (denying summary judgment without prejudice and ordering supplemental claim construction because "[g]iven the parties' fundamental disagreements about the meaning of the Court's prior construction of the term 'distinct,' revisiting claim construction is necessary").

Where a dispute over claim scope is erroneously permitted to proceed to the jury, the Federal Circuit may remand the case for the district court to construe the claim in the first instance. *See, e.g., O2 Micro*, 521 F.3d at 1362–63; *NobelBiz, Inc. v. Glob. Connect, L.L.C.*, 701 F. App'x 994, 998 (Fed. Cir.

5

2017) (remanding for new trial where "the district court erred under *O2 Micro* by failing to construe the claim term"); *cf. Omega Pats., LLC v. CalAmp Corp.*, 920 F.3d 1337, 1343 (Fed. Cir. 2019) ("When the district court errs in its jury instructions as to the construction of a term central to the infringement dispute, the error requires at least vacatur of the verdict and a remand for a new trial unless we can conclude that the error was not prejudicial, *i.e.*, was harmless.") (internal quotation marks omitted).

### B. There Exists an Actual Dispute over the Scope of the Asserted Receiver Claims, which the Federal Circuit Identified but Did Not Resolve.

An actual dispute exists between the parties relating to the scope of certain receiver claims. The resolution of this discrete but highly relevant dispute would streamline trial by clarifying the scope of the issues to be presented to the jury and spare the jury from grappling with competing arguments concerning the meaning and scope of key claim terms.

*First,* the parties disagree over the scope of claim 1 in the '907 Patent: "whereby the energy provided to the load forms a down-converted signal." '907 Patent at 131:13–14. The existence of this dispute, and the need for its resolution, was expressly noted by the Federal Circuit. *See ParkerVision, Inc. v. Qualcomm Inc.*, 116 F.4th 1345, 1360 (Fed. Cir. 2024) (summarizing "the parties' competing positions"). Qualcomm has asserted that this claim communicates a "generating" limitation akin to the one underlying the non-

6

2844031

infringement determination in *ParkerVision I. Id.* ParkerVision, in contrast, asserts that this claim term should instead be construed as a "shaping" limitation. *Id.*

*Second,* the parties dispute the proper scope and construction of receiver claim 24 in the '940 Patent: "a storage device storing energy from said UFT module." '940 Patent at 69:66–67. This dispute was also expressly memorialized in the Federal Circuit's opinion: "With respect to claim 24 of the '940 patent, Qualcomm contends that if the electromagnetic signal is down-converted by the UFT module (a type of switch), then other claim limitations, including 'a storage device,' would serve no purpose. ParkerVision responds that the UFT module down-converts a signal while the storage device stores energy from the UFT module." *ParkerVision*, 116 F.4th at 1360 (Fed. Cir. 2024). As with the disputed '907 Patent term, the disputed scope of this term cannot be left to the jury. *See, e.g., O2 Micro*, 521 F.3d at 1362–63; *Eon Corp.*, 815 F.3d at 1319.

Although Qualcomm recognizes that the Court has ruled otherwise, Qualcomm respectfully submits that, in addition to the Court's general claim construction duty under *O2 Micro*, the Federal Circuit mandated in this case that the Court "should undertake any necessary claim construction and then determine whether the receiver claims asserted in this case have the same requirement as the generating limitation of the claims at issue in

7

2844031

*ParkerVision I.*" *ParkerVision,* 116 F.4th at 1360 (Fed. Cir. 2024). The Federal Circuit also observed that, "[e]valuating this issue requires a comparison of the scope of the claims at issue in the 2011 Action with the scope of the claims asserted here. The determination of claim scope, in turn, is 'a matter of claim construction.'" *Id.* at 1356.

In short, the Federal Circuit's opinion sets forth express instructions for this Court to conduct further claim construction to determine the scope of the identified receiver claims: "we … remand for the district court to determine the scope of the asserted receiver claims and further to determine whether that scope is materially different from that of the claims at issue in the 2011 Action." *Id.* at 1360. Qualcomm respectfully suggests that these instructions are not *dicta*. ECF No. 726 at 4.

As this Court noted in the December 4 conference, the Federal Circuit's opinion contains remarks that could be read as suggesting the court has a view on the merits of whether asserted claims include a generating limitation or similar requirement. *See ParkerVision,* 116 F.4th at 1359. But these remarks are consistently couched in qualifiers, including, in particular, qualifiers regarding the ultimate outcome of claim construction. These remarks were not a definitive or binding conclusion.[4] *See id.* (remarking that

---

[4] Indeed, the Federal Circuit opinion also highlighted evidence that supported *Qualcomm*'s proposed construction, including both the opinion of Qualcomm's expert (which this Court has observed includes an unrebutted discussion of the

8

"none of the asserted receiver claims in this case *appears to* require" down-conversion and that the claims "*appear to* permit the down-conversion to occur before the capacitor"); *see also id.* ("Absent a claim construction finding a generating limitation or similar requirement to be part of the claims, the Qualcomm accused products *might* infringe the receiver claims in this action even if they are found to down-convert the signal before the capacitor").

The qualified nature of these comments is especially evident when contrasted against the Federal Circuit's statement explicitly declining to engage in claim construction in the first instance. *See id.* ("While claim construction is ultimately a question of law, in this appeal we are not well-positioned to undertake claim construction in the first instance."). Although certain isolated remarks may create an impression that the Federal Circuit took a position on the parties' claim construction dispute, when read as a whole and in context, the Federal Circuit's opinion was unambiguously entrusting the claim construction to this Court in the first instance.

When such a dispute over claim scope is directly brought to the district court's attention, *O2 Micro* mandates that the Court resolve the dispute through claim construction without presenting the question to a jury.

---

intrinsic evidence, ECF No. 726 at 4 n.3) and the deposition testimony of ParkerVision's expert. *ParkerVision,* 116 F.4th at 1356-57, 1359 (Fed. Cir. 2024) ("We agree that [ParkerVision's experts'] testimony might be understood as *an admission that the claims asserted in this case include a generating limitation* or similar requirement.").

9

Accordingly, the present disputes over the scope of claim 1 of the '907 Patent and claim 24 of the '940 Patent require claim construction.

### C. Good Cause Exists to Modify the Case Management Schedule to Accommodate Claim Construction.

Although *O2 Micro* obligations and claim construction may take place *whenever* a dispute over claim scope materializes, *see Conoco*, 460 F.3d at 1359 ("[A] district court may engage in claim construction during various phases of litigation, not just in a *Markman* order."), Qualcomm also acknowledges the case management concerns set forth in the Court's December 9 Order. *See* ECF No. 726 at 5; *see also* 12/4/24 Hr'g Tr. 13:15–16. To that end, Qualcomm asserts that there exists good cause under Rule 16(b)(4) to modify the case management scheduling order to accommodate the limited claim construction Qualcomm proposes. Good cause exists based on the recent Federal Circuit mandate that this Court "should undertake any necessary claim construction and then determine whether the receiver claims asserted in this case have the same requirement as the generating limitation of the claims at issue in *ParkerVision I*." *ParkerVision,* 116 F.4th at 1360 (Fed. Cir. 2024).

### IV. CONCLUSION

In light of the binding Federal Circuit precedent in *O2 Micro*, the Federal Circuit's remand instructions in this case, and the Court's case

10

2844031

management authority per Fed. R. Civ. P. 16(b)(4), the Court should reconsider its December 9, 2024 order with respect to further claim construction proceedings and grant Qualcomm leave to file its proposed opening supplemental claim construction brief attached hereto as Exhibit A.

### LOCAL RULE 3.01(G) CERTIFICATION

The parties conferred by videoconference on December 17, 2024 on the substance of Qualcomm's Motion for Reconsideration of the Court's December 9, 2024 Order and to Request Modification of the Case Schedule for Limited Additional Claim Construction. ParkerVision stated that it opposed Qualcomm's motion and that it disagreed with Qualcomm's proposed claim constructions.

Respectfully submitted,

Dated: December 23, 2024         KEKER, VAN NEST & PETERS LLP

By: */s/ Robert Van Nest*
Robert A. Van Nest (special admission)
Matthew M. Werdegar (special admission)
Sophie Hood (special admission)
Anjali Srinivasan (special admission)
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile:  415 397 7188
rvannest@keker.com
mwerdegar@keker.com
shood@keker.com
asrinivasan@keker.com

**CARLTON FIELDS, P.A.**
Daniel C. Johnson
Florida Bar No.  522880
200 S. Orange Ave.

11

2844031

Suite 1000
Orlando, FL 32801
Telephone: (407) 849-0300
Facsimile: (407) 648-9099
djohnson@carltonfields.com

**COOLEY LLP**
Matthew Brigham (admitted pro hac vice)
Dena Chen (admitted pro hac vice)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 843-7400
Dchen@cooley.com
Mbrigham@cooley.com

**COOLEY LLP**
Eamonn Gardner (admitted pro hac vice)
1144 15th Street, Suite 2300
Denver, CO 80202-2686
Telephone: (720) 566-4000
Facsimile: (720) 566-4099
Egardner@cooley.com

Attorneys for Defendants QUALCOMM INCORPORATED and QUALCOMM ATHEROS, INC.

12

## CERTIFICATE OF SERVICE

I certify that on December 23, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participants: none.

*/s/ Robert Van Nest*
Robert A. Van Nest

2844031