IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| PARKERVISION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, and<br>QUALCOMM ATHEROS, INC.,<br><br>Defendants. | Case No. 6:14-cv-00687-PGB-LRH |

**PARKERVISION'S OPPOSITION TO QUALCOMM'S MOTION FOR RECONSIDERATION (DKT. 745) OF THE COURT'S DECEMBER 9, 2024 ORDER AND MODIFICATION OF CASE SCHEDULE FOR ADDITIONAL CLAIM CONSTRUCTION AND MEMORANDUM OF LAW IN SUPPORT**

Despite having gone through the claim construction process twice already in this case, Qualcomm seeks yet another bite at the claim construction apple. Nearly *ten years* after the parties filed their original claim construction briefs and *five years* after this Court entered its most recent claim construction order, Qualcomm seeks reconsideration of the Court's Order declining Qualcomm's oral request for claim construction of two new terms not presented in either of the first two rounds of *Markman* briefing. *See* Dkt. 745 (Motion for Reconsideration) at 1. The Court should deny Qualcomm's Motion for Reconsideration because: (1) it fails to provide good cause to reconsider the Court's December 9 Order, (2) the issues raised in Qualcomm's Motion for Reconsideration also have been (or could have been) briefed on multiple prior occasions over the past decade, and (3) Qualcomm's contention that the Federal

-1-

Circuit "mandated" further claim construction in this case is not true. Nor are Qualcomm's constructions correct, as set forth in ParkerVision's proposed opposition to Qualcomm's proposed opening supplemental claim construction brief, attached hereto as Exhibit A. Qualcomm fails to demonstrate the requisite good cause for yet another claim construction "re-do."

## LEGAL STANDARD

As this Court has already explained in this case, "[r]econsideration is typically an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice." *See* Dkt. 479 at 3 (citing *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)). None of these factors are satisfied here as there has been no intervening change in the law or discovery of new evidence, and there is no "clear error" or "manifest injustice."

Instead, Qualcomm seeks to "re-do" claim construction as part of an attempted end-run around its resounding defeat at the Federal Circuit and in the face of the Court's Order denying its prior request for additional claim construction following remand. However, "a motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Bryan v. City of Orlando*, 2024 U.S. Dist. LEXIS 225102, *2. (quoting *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009)). "Motions for reconsideration may not be used 'to raise arguments, which could and

should have been made earlier.'" *Id*. (quoting *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990)). Notwithstanding the standard, this is precisely what Qualcomm seeks.

## ARGUMENT

I. **GOOD CAUSE DOES NOT SUPPORT AN ELEVENTH-HOUR "RE-DO" OF CLAIM CONSTRUCTION—THE COURT CORRECTLY DETERMINED THAT QUALCOMM WAIVED ITS NEW THEORY.**

Qualcomm bases its Motion for Reconsideration on a mistaken view of the law. Qualcomm argues that "good cause" supports its Motion for Reconsideration because, under *O2 Micro International v. Beyond Innovation Technologies*, not deciding Qualcomm's newly-minted theory "would constitute clear error." Mot. 2, 10 (citing 521 F.3d 1351 (Fed. Cir. 2008)). Qualcomm is wrong. *O2 Micro* is not a license for Qualcomm to ignore the Court's scheduling order and raise new claim-construction issues at the eleventh hour (nor does Qualcomm cite any supportive authority). Far from it.

*First*, *O2 Micro* recognizes that parties can waive claim-construction theories they do not present. In *O2 Micro* the Federal Circuit had to first decide whether the infringer had *waived* its claim-construction argument "by not objecting to the jury instructions containing (or, in this case, lacking) that construction." 521 F.3d at 1359. Doing so was a "threshold matter" the Federal Circuit had to address "[b]efore addressing the claim construction issue on the merits." *Id*. at 1358. The Federal Circuit found no waiver only because the infringer had presented its proposed construction and arguments during "the *Markman* stage of the litigation." *Id.*

*Second*, *O2 Micro*'s progeny forecloses Qualcomm's argument that claim construction is unwaivable. Indeed, under Qualcomm's argument this Court's scheduling order is meaningless—Qualcomm thinks it is free to raise new claim-construction disputes at any time (even those, like the ones presented here, it was clearly on notice of).[1] *See* Mot. at 4, 10. But the Federal Circuit in *Power Integrations v. Fairchild Semiconductor International* rejected Qualcomm's argument. 904 F.3d 965 (Fed. Cir. 2018). There the Federal Circuit explained that the district court need conduct additional claim construction under *O2 Micro* "only . . . when [the] issues were fully litigated and decided at the *Markman* stage of the litigation." *Id.* at 973 (internal quotation marks and citation omitted). When those issues are not "fully litigated—or even raised as an issue in dispute—at the *Markman* stage of [the] proceeding," they are waived. *Id.*

*Third*, Qualcomm does not contest that it failed to litigate or even raise its proposed constructions during the *Markman* stage of this case—despite being fully aware of the fact that it wanted to "read-in" a *generating* limitation to the claims at-issue (indeed, this is precisely what Qualcomm sought to do in its collateral estoppel

---

[1] Given the overlap between the issues presented now and Qualcomm's 2019 and 2021 Motions for Summary Judgment on Collateral Estoppel, as well as the briefing to the Federal Circuit on collateral estoppel, *all* of which turned on whether the claims at-issue here included a *generating* limitation (they do not as the Federal Circuit correctly determined), Qualcomm cannot reasonably assert that it was not on notice of the issues it seeks a "do over" on now. *See e.g.* Dkt. 318 at 4, 6, 19-20; Dkt. 327 at 1-2, 10-17; Dkt. 348 at 14-19; Dkt. 494 at 4-7, 9; Dkt. 523 at 2-11; Dkt. 685 at 5-7; 116 F.4th at 1353-1354, 1356-1359.

briefing before this Court in 2019—pending at the same time as the second round of claim construction—and again in its 2021 briefing, and yet again at the Federal Circuit). The Federal Circuit itself faulted Qualcomm for failing to "request claim construction" because it was the party "invoking collateral estoppel," "moving for summary judgment," and seeking to "read into the receiver claims a limitation that is not expressly recited in [them]." 116 F.4th at 1357 n.4.[2] This Court likewise faulted Qualcomm at both the December 4 hearing, Dkt.734 at 13:19-14:11, and in the Court's December 9 order, Dkt.726 at 3, for failing to raise claim construction of these newly-proposed terms previously. Qualcomm continues to beat the same drum even after being told *three* times by *two* different courts that it should have raised its proposed constructions earlier. Qualcomm fails to point to anything to challenge those findings.

The reality is that Qualcomm cannot change the fact that it never raised its proposed constructions during the *Markman* stage of this litigation. That stage started **nearly 10 years ago** when ParkerVision and Qualcomm filed claim construction briefs in this action, followed by a *Markman* hearing. Dkts. 148, 171, and 198. ParkerVision then narrowed its case by dismissing previously asserted receiver patents containing *generating* limitation language. *See* Dkt. 228 at 1-2; Dkt. 284 at 2-3. Additional claim construction briefing was filed and a second *Markman* hearing was held in 2020 (*after* Qualcomm first raised the possibility of "reading in" a *generating* limitation in its 2019

---

[2] By way of its Motion for Reconsideration, this is <u>*precisely*</u> what Qualcomm wants to do—i.e., read a *generating* limitation into the receiver claims at-issue even though the Federal Circuit was clear that no such limitation is "expressly recited" in the claims.

first Motion for Summary Judgment of Collateral Estoppel). Dkts. 317, 324 and 333. The *Markman* stage finally ended when this Court issued its claim construction order on April 29, 2020. Dkt. 381. At no point during that *five-year* process did Qualcomm propose any of the terms or their new constructions for U.S. Patent No. 7,218,907 ("the '907 patent") and U.S. Patent No. 6,091,940 ("the '940 patent").

Instead, Qualcomm consciously chose to *not* seek to construe any term in the '907 patent when the parties briefed claim construction in 2015, or in 2019 after ParkerVision narrowed its case to dismiss patents containing the *generating* limitation language. *See generally* Dkts. 171 and 324. Qualcomm's earlier briefing discussed the '940 patent's claim 24 but was silent regarding the terms or construction it now proposes to the Court. Qualcomm has failed to show why these arguments were not made in its previous claim construction briefs, or mentioned in the related *Markman* proceedings when it had ample opportunity to do so.

Simply put, the Court correctly found Qualcomm "waived" its eleventh-hour constructions. Dkt.734 at 12:21-24. And because *O2 Micro* and *Power Integrations* support that finding, the Court did not clearly err in so finding. Thus, good cause does not support reopening claim construction. The Court should deny Qualcomm's Motion for Reconsideration on that basis alone.

II. **THE FEDERAL CIRCUIT'S DECISION ON APPEAL COMPELS NEITHER ADDITIONAL CLAIM CONSTRUCTION, NOR THOSE THAT QUALCOMM PROPOSES.**

Qualcomm also contends that the Federal Circuit "mandated" further claim construction in this case. Mot. at 7. Qualcomm is wrong. This Court correctly found

that the Federal Circuit left the decision on *whether* to reopen claim construction squarely within this Court's discretion. Dkt.734 at 12:8-11 ("[T]he federal circuit seems to have construed '907 and '940 and then said, you know, 'Court, if you want to – trial court, you can do it again.'"); *see also* Dkt.726 at 4 ("To the extent that the Federal Circuit states the case is remanded for the trial court to determine the scope of the asserted claims, the trial court finds this to be *dicta* . . . . "). Nor do Qualcomm's proposed constructions adhere to the Federal Circuit's anything-but-subtle view on what ParkerVision's claims do (and do not) require (as discussed in more detail in ParkerVision's contemporaneously filed opposition).

*First*, Qualcomm misreads the Federal Circuit's mandate. The Federal Circuit asked this Court "on remand" to "undertake any *necessary* claim construction" for deciding "whether summary judgment based on collateral estoppel is warranted." 116 F.4th at 1360 (emphasis added). True, "whether the receiver claims asserted in this case have the same requirement as the generating limitation of the claims at issue in *ParkerVision I*" may bear on that question. *Id.* But that is neither here nor there because both this Court (in its Order denying Qualcomm's first Motion for Summary Judgment of Collateral Estoppel) and the Federal Circuit (in its October 2024 opinion) have correctly determined—in denying Qualcomm's request for collateral estoppel—that no claim at-issue here is materially the same as any claim at-issue in *ParkerVision I* where the *generating* limitation was key to the non-infringement determination. And, in any event, Qualcomm waived the ability to have this issue decided as part of the Court-mandated claim construction process by waiting until now—a decade into

-7-

litigation—to propose its new constructions for the first time (and only *after* conclusively losing on collateral estoppel). *See supra* Argument § I.

*Second*, there are other reasons the Court should reject Qualcomm's newly proposed claim constructions. As the Federal Circuit recognized on appeal, collateral estoppel applies where "the issue at stake [is] identical to the one involved in the prior litigation." 116 F.4th at 1355 (citation omitted). That identity of issues does not exist here. This Court already determined that the scope of the asserted receiver claims are materially different from the claims at issue in the *ParkerVision I* when it denied Qualcomm's Motion for Partial Summary Judgment. Dkt. 348 at 18-19 (noting that Qualcomm failed to carry its burden that "there is no material difference between the patents-at-issue in *ParkerVision I* and the claims now asserted by ParkerVision"). Then as now, Qualcomm argued that the asserted receiver claims require "producing the baseband signal using energy from the carrier signal stored in an energy storage device." Dkt. 494 at 5. Conversely, ParkerVision has consistently argued that "the opening and the closing of the switches [] creates [a] down-converted signal containing the baseband and provides this to the energy storage devices and the load." Dkt. 523 at 6. *See also*, Dkt. 348 at 17-18 (Court summarizing this process for the '907 patent). In holding preclusion did not apply, this Court—like the Federal Circuit—was unmoved by Qualcomm's arguments that the terms used to describe the '551 patent in *ParkerVision I*, which included *generating* limitation language, described substantially the same invention as the terms used to describe the '907 patent, which do not include *generating* limitation language. *See* Dkt. 318 at 23; Dkt. 348 at 14-15, 18-19.

*Third*, Qualcomm's motion is a transparent attempt to induce the Court to adopt constructions at odds with how the Federal Circuit views ParkerVision's claims. Qualcomm recognizes as much: "As this Court noted in the December 4 conference, the Federal Circuit's opinion contains remarks that could be read as suggesting the court has a view on the merits of whether asserted claims include a generating limitation or similar requirement." Mot. at 8. No purpose is served by asking this Court to adopt constructions the Federal Circuit has already strongly indicated are wrong.

Qualcomm's motivation for claim construction is clear and it does not have anything to do with construing a claim term in a manner that would be helpful to a jury. Qualcomm has represented multiple times to this and other Courts that the switches (*i.e.* the mixers) in their products perform down conversion and therefore they do not practice the *generating* limitation found in the *ParkerVision I* patent claims (where the energy storage device or capacitor, after the switches, was held to do the down conversion). *ParkerVision I* Dkt. 501, Qualcomm's Renewed Mot. for JMOL at 2, 10-12 (Dec. 20, 2013); *ParkerVision I* Response and Principal Cross-Appeal Brief of Defendant-Cross-Appellant Qualcomm Incorporated at 5, 11-19 (Fed. Cir. Nov. 20, 2014). However, ParkerVision explained to the Federal Circuit that the patent claims in this case specifically require switches to perform down conversion—precisely how Qualcomm explained its products operate[3]—and unlike the claims at-issue in

---

[3] The Federal Circuit also noted that both parties stipulated that the products at-issue in *ParkerVision I* work the same as the products at-issue here. 116 F.4th at 1356. And, because those products perform "switch down conversion" as Qualcomm has

-9-

*ParkerVision I*, there is no requirement for down conversion to be performed at or after a capacitor as the Federal Circuit determined was required by the *generating* limitation in *ParkerVision I* patent claims. Corr. Brief for Appellant Parkervision, Inc., at 29 (Fed. Cir. Oct. 24, 2022). Qualcomm now seeks to avoid an infringement finding by reading into the claims in this case a limitation which the Federal Circuit has clearly rejected.

At any rate, Qualcomm cannot hide from how the Federal Circuit views ParkerVision's claims. "The proper approach to determining claim scope is to 'look first to the intrinsic evidence of record, i.e. the patent itself, including the claims, the specification and, if in evidence, the prosecution history.'" 116 F.4th at 1357. That intrinsic record is the same today as it was a decade ago. And as the Federal Circuit recognized, the intrinsic record supports that ParkerVision's claims do not require a *generating* limitation: "[N]one of the asserted receiver claims in this case appears to require that the down-conversion occur *at or after* the capacitor; instead, the claims involved here appear to permit the down-conversion to occur *before* the capacitor." *Id.* at 1359. No intrinsic evidence supports limiting the '907 and '940 patent claims in the manner proposed by Qualcomm, which would be directly at odds with the Federal Circuit's determination.

The Federal Circuit's discussion of the extrinsic evidence also cuts against Qualcomm. Qualcomm asserts (once again) its expert's—extrinsic—testimony is "unrebutted." Mot. at 8 n.4. Not only did the Federal Circuit include a clear

---

unequivocally stated many times, they will read on claims—like the claims at-issue—that recite switch down conversion.

-10-

instruction that such extrinsic evidence is not to be afforded much weight, the Federal Circuit also noted that "it is evident and indisputable that [ParkerVision's expert] repeatedly opined that there are material differences in the scope of the claims involved in the two cases that would materially alter the question of infringement." 116 F.4th at 1357; Dkt. 745 at 8-9. Supportive of its decision to vacate the grant of Qualcomm's *Daubert* motions and allow inclusion of ParkerVision's infringement experts, the Federal Circuit further noted that ParkerVision's expert's opinions related to the '907 patent were "plainly in conflict" with the *ParkerVision I* claims' *generating* limitation. 116 F.4th at 1358. So, not only is Qualcomm's expert's opinion extrinsic evidence that should not be entitled to much, if any weight, it is also not (according to the Federal Circuit) "unrebutted."

### III. QUALCOMM SHOULD BE ORDERED NOT TO ARGUE ITS WAIVED THEORY TO THE JURY.

ParkerVision and Qualcomm do agree on one issue, though: Qualcomm should not be allowed to argue its waived (and rejected by the Federal Circuit) theory to the jury. *See* Mot. at 4. Yet again, *O2 Micro* holds the key. There the district court recognized that *in limine* orders are the appropriate tool for preventing the parties from arguing claim scope to the jury. 521 F.3d at 1357-58. This Court should order Qualcomm not to introduce evidence to support a theory of non-infringement based on ParkerVision's claims allegedly requiring a *generating* limitation since there is no construction that would support such an argument—and, as explained above, any such argument would conflict with the Federal Circuit's opinion. Dkt.745-1 at 2, 15.

Qualcomm has already submitted motions *in limine* regarding claim scope. The parties agreed to certain motions *in limine* in their Joint Pre-Trial Statement, including an agreement to preclude "[a]ny argument, evidence, testimony, or reference regarding rejected claim construction positions." Dkt. 612 at 86-88. Qualcomm served additional contested motions *in limine*, including moving to preclude ParkerVision from "providing testimony that the asserted receiver claims are materially different from the claims the Federal Circuit found to be invalid and not infringed in ParkerVision I." Dkt. 621 at 22. Despite Qualcomm's motion *in limine* arguments to the contrary, the Federal Circuit determined that "[ParkerVision's expert] repeatedly opined that there are material differences in the scope of the claims." 116 F.4th at 1357; Dkt. 621 at 22-23. Further, Qualcomm references the *generating* limitation in passing in its motion *in limine* briefing but does not specifically tie such limitation to claim construction in either the '940 or '907 patent. Dkt. 621 at 3. While motions *in limine* are the appropriate vehicle for preventing the parties from arguing claim scope to the jury, Qualcomm twice failed to make the *generating* limitation arguments when it had the opportunity to do so. Because the Court is currently determining which motions *in limine* are live in this action, it should order Qualcomm not to introduce evidence to support a theory of non-infringement based on ParkerVision's claims requiring a *generating* limitation.

## CONCLUSION

Qualcomm's Motion for Reconsideration should be denied.

## **CERTIFICATE OF SERVICE**

I certify that on January 13, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non- CM/ECF participants: none.

/s/ Joshua W. Budwin
Joshua W. Budwin

## **RULE 3.01(g) CERTIFICATION**

The undersigned certifies that counsel for ParkerVision communicated by Zoom video conference with counsel for Qualcomm, Eamonn Gardner, and various other counsel for Qualcomm (including Sophie Hood and Matthew Werdegar) on December 17, 2024. The parties also communicated via email on December 17 and December 19, 2024. ParkerVision conveyed that it opposed Qualcomm's motion and disagreed with Qualcomm's proposed claim constructions.

/s/ Joshua W. Budwin
Joshua W. Budwin

January 13, 2025

Respectfully Submitted,

| | |
|---|---|
| **ALLEN, DYER, DOPPELT, & GILCHRIST, PA**<br>Ava K. Doppelt<br>Fla. Bar No. 393738<br>255 S. Orange Ave – Ste. 1401<br>Orlando, FL 320801<br>Telephone: (407) 841-2330<br>Facsimile: (407) 481-2343<br>adoppelt@allendyer.com | **MCKOOL SMITH, P.C.**<br>By: */s/ Joshua W. Budwin*<br>Joshua W. Budwin<br>Texas State Bar No. 24050347<br>John B. Campbell, Jr. (*pro hac vice*)<br>Texas State Bar No. 24036314<br>Kyle N. Ryman (*pro hac vice*)<br>Texas State Bar No. 24125394<br>303 Colorado Street, Suite 2100<br>Austin, TX 78701<br>Telephone: (512) 692-8700<br>Facsimile: (512) 592-8744<br>jbudwin@McKoolSmith.com<br>jcampbell@McKoolSmith.com<br>kryman@McKoolSmith.com<br><br>Kevin L. Burgess (*pro hac vice*)<br>Texas State Bar No. 24006927<br>Jennifer Truelove (*pro hac vice*)<br>Texas State Bar No. 24012906<br>104 East Houston Street, Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br>kburgess@McKoolSmith.com<br><br>Ayana M. Rivers (*pro hac vice*)<br>New York State Bar No. 2956209<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Telephone: (212) 402-9400<br>Facsimile: (212) 402-9444<br>arivers@McKoolSmith.com<br><br>*Attorneys for Plaintiff ParkerVision, Inc.* |