**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| PARKERVISION, INC.,<br><br>               Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED and QUALCOMM ATHEROS, INC.,<br><br>               Defendants. | Case No. 6:14-cv-687-PGB-LRH |

**UNOPPOSED JOINT MOTION FOR TIME CERTAIN FOR TRIAL**

The parties to this action, through their respective undersigned counsel, hereby jointly request the Court grant them a time certain for the trial in this case.

As grounds for this Motion, the parties state:

1. At the December 4, 2024 status conference in this case, the Court stated it would set this case for trial after it issued its order(s) on certain pending motions. The parties are also mindful of the Court's Amended Case Management and Scheduling Order (D.E. 309), and the Court's customary practice that the parties must be available on twenty-four hours' notice for trial.

2. However, and as the Court is aware, this is a complicated patent infringement case wherein Plaintiff seeks a substantial recovery and

1

numerous witnesses (including expert witnesses) are expected to testify. Both the Court and the parties believe this complex matter may require up to two weeks of trial time. Further, the parties' lead counsel and support personnel, as well as most of the parties' witnesses and expert witnesses, reside outside Florida. Given the significant extenuating circumstances in this case as explained further below, and pursuant to Fed. R. Civ. P. 16 and Local Rule 3.03, the parties jointly and respectfully ask the Court to grant them a date certain for trial.[1]

3. Plaintiff anticipates that four attorneys from its lead law firm will substantively participate in trial (with other attorneys and staff attending in a support role). All of these attorneys and staff reside in Texas or New York. Defendants anticipate approximately 10 attorneys from its two lead law firms will participate in trial. These attorneys reside in California and Colorado. It is not feasible for all lead counsel and other necessary personnel to travel to

---

[1] The parties understand one of the values to the Court of having its cases on twenty-four-hour notice is the ability of the Court to maximize its trial time. However, and given the long history of this case (and *ParkerVision I*), the parties are confident that this case will not resolve without trial. Nonetheless, the parties commit to mediating this case with a mutually agreed mediator at least two months prior to trial. The parties will promptly advise the Court of the date of any such mediation and results thereof. If the first round of mediation is unsuccessful, the parties agree to continue to work with the mediator in the lead up to trial, such that if a mediated settlement is possible, the parties will be in a position to advise the Court reasonably in advance of the trial setting so that the Court's trial time is not wasted.

Orlando on one day's notice given their locations across the country.

    4.    In addition to these travel challenges faced by counsel, it would be difficult for the witnesses needed for the first few days of trial to be there, and prepared to testify, without sufficient advance notice. While some of ParkerVision's witnesses reside in Jacksonville, Florida, ParkerVision's experts reside outside of the State of Florida. Additionally, all of Qualcomm's likely trial witnesses, including experts, reside outside the State of Florida, with many in California.

    5.    The parties also anticipate requiring the support of paralegals and other professional staff including "hot seat" technology professionals during trial. The parties' professional staff also reside outside of Florida. Further, these professionals would need some amount of time to install their computers and make sure they work with the Court's internal systems.

    6.    The parties will also need to secure hotel accommodations (dozens of hotel rooms for counsel, staff and witnesses) and temporary office space for the period of the trial. Doing so without a date certain for trial will be difficult and will impose substantial additional costs on both sides.

    7.    In light of the number of attorneys and witnesses involved in this matter, the parties have conferred about dates they are all available as of the date of this filing. Those dates are:

    April 14 – 25

April 21 – May 2

June 30 – July 11 (includes Fourth of July holiday)

July 7 – 18

September 8 – 19

September 15 – 26[2]

8.In sum, and for the foregoing reasons, the parties respectfully suggest that trial will proceed more smoothly and efficiently for both the parties and Court if the parties are given a date certain and can plan ahead with everyone involved.

WHEREFORE, the parties respectfully request that the Court set this case for time-certain trial during one of the periods set forth in paragraph 7 above.

---

[2] In light of the parties' various commitments and potential conflicts, the parties agree to accommodate witnesses and experts based on their availability, as necessary.

4

## CERTIFICATE OF SERVICE

I certify that on January 14, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non- CM/ECF participants: none.

*/s/ Joshua W. Budwin*
Joshua W. Budwin

## Local Rule 3.01(g) Certification

In accordance with Local Rule 3.01(g), the undersigned certify that all parties respectfully request the relief sought in this Motion.

Dated: January 14, 2025

Respectfully submitted,

| **MCKOOL SMITH, P.C.** | **KEKER, VAN NEST & PETERS LLP** |
|---|---|
| By: /s/ *Joshua W. Budwin* | By: /s/ *Robert Van Nest* |
| Joshua W. Budwin | Robert A. Van Nest (special admission) |
| Texas State Bar No. 24050347 | Matthew M. Werdegar (special admission) |
| John B. Campbell, Jr. (*pro hac vice*) | Sophie Hood (special admission) |
| Texas State Bar No. 24036314 | Anjali Srinivasan (special admission) |
| Kyle N. Ryman (*pro hac vice*) | 633 Battery Street |
| Texas State Bar No. 24125394 | San Francisco, CA 94111-1809 |
| 303 Colorado Street, Suite 2100 | Telephone: 415 391 5400 |
| Austin, TX 78701 | Facsimile: 415 397 7188 |
| Telephone: (512) 692-8700 | rvannest@keker.com |
| Facsimile: (512) 592-8744 | mwerdegar@keker.com |
| jbudwin@McKoolSmith.com | shood@keker.com |
| jcampbell@McKoolSmith.com | asrinivasan@keker.com |
| kryman@McKoolSmith.com | |

| **MCKOOL SMITH, P.C.** | **CARLTON FIELDS, P.A.** |
|---|---|
| Kevin L. Burgess (*pro hac vice*) | Daniel C. Johnson |
| Texas State Bar No. 24006927 | Florida Bar No. 522880 |
| Jennifer Truelove (*pro hac vice*) | 200 S. Orange Ave. |
| Texas State Bar No. 24012906 | Suite 1000 |
| 104 East Houston Street, Suite 300 | Orlando, FL 32801 |
| Marshall, TX 75670 | Telephone: (407) 849-0300 |
| Telephone: (903) 923-9000 | Facsimile: (407) 648-9099 |
| Facsimile: (903) 923-9099 | djohnson@carltonfields.com |
| kburgess@McKoolSmith.com | |

| **MCKOOL SMITH, P.C.** | **COOLEY LLP** |
|---|---|
| Ayana M. Rivers (*pro hac vice*) | Matthew Brigham (*pro hac vice*) |
| New York State Bar No. 2956209 | Dena Chen (*pro hac vice*) |
| 1301 Avenue of the Americas, 32nd Floor | 3175 Hanover Street |
| New York, NY 10019 | Palo Alto, CA 94304-1130 |
| Telephone: (212) 402-9400 | Telephone: (650) 843-5000 |
| Facsimile: (212) 402-9444 | Facsimile: (650) 843-7400 |
| arivers@McKoolSmith.com | Dchen@cooley.com |
| | Mbrigham@cooley.com |

**ALLEN, DYER, DOPPELT, & GILCHRIST, PA**
Ava K. Doppelt
Fla. Bar No. 393738
255 S. Orange Ave – Ste. 1401
Orlando, FL 320801
Telephone: (407) 841-2330
Facsimile: (407) 481-2343
adoppelt@allendyer.com

Attorneys For Plaintiff
PARKERVISION, INC.

**COOLEY LLP**
Eamonn Gardner (*pro hac vice*)
1144 15th Street, Suite 2300
Denver, CO 80202-2686
Telephone: (720) 566-4000
Facsimile: (720) 566-4099
Egardner@cooley.com

Attorneys for Defendants
QUALCOMM INCORPORATED and QUALCOMM ATHEROS, INC.