# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| PARKERVISION, INC., | Case No. 6:14-cv-687-PGB-LRH |
| Plaintiff, | |
| v. | |
| QUALCOMM INCORPORATED and QUALCOMM ATHEROS, INC., | |
| Defendants. | |

### QUALCOMM'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF QUALCOMM'S MOTION FOR RECONSIDERATION OF THE COURT'S DECEMBER 9, 2024 ORDER AND MODIFICATION OF CASE SCHEDULE FOR ADDITIONAL CLAIM CONSTRUCTION

Pursuant to Local Rule 3.01(d), Qualcomm respectfully requests leave to file a five-page reply responding to the improper motion *in limine*-type request for affirmative relief and numerous misstatements raised for the first time in ParkerVision's ("PV") Opposition to Qualcomm's Motion for Reconsideration (ECF No. 752). In its initial motion, Qualcomm sought to alert the Court to an "actual dispute regarding the proper scope" of certain claim terms that the Court should resolve, and ensure the Court was aware of—and the record reflected—Qualcomm's position. ECF No. 745, at 1. To that end, Qualcomm requested that the Court reconsider its decision to forgo further construction.

In response, PV filed a full-throated retort that—in addition to arguing

that no construction is necessary—includes, *sub silentio*, a motion *in limine*-style request that the Court preclude *any* evidence or argument *premised on* Qualcomm's construction. In effect, PV seeks to avail itself of the benefits of claim construction without any of the work. ECF No. 752, at 11–12. But even if PV's arguments against Qualcomm's proposed constructions had merit (and they do not), it is improper for a party to use an opposition to raise an affirmative request for relief. *See, e.g.*, *Wright v. Gilead Scis., Inc.*, 2021 WL 641327, at *1 (M.D. Fla. Jan. 11, 2021) ("[A] request for … relief … is not properly made when simply included in a response[.]").

PV's "motion" also relies on exceptional mischaracterizations which Qualcomm respectfully seeks to address. For example, although the Federal Circuit only held that "there is at least a dispute as to the scope of the asserted receiver claims," 116 F.4th 1345, 1359 (Fed. Cir. 2024), PV now boldly proclaims that "there is *no construction* that would support [Qualcomm's] argument [and] *any such argument* would conflict with the Federal Circuit's opinion." ECF No. 752, at 11 (emphasis added). And despite the Federal Circuit's unambiguous statements that it was "not well-positioned to undertake claim construction in the first instance," 116 F.4th at 1360, PV insists that the Federal Circuit "clearly rejected" Qualcomm's construction. ECF No. 752, at 9–10. To the extent PV seeks to paint the Federal Circuit's reversal of summary judgment as a determination on the

merits, Qualcomm requests an opportunity to respond. *See Switz. Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 25 (1966) ("[D]enial of a motion for a summary judgment because of unresolved issues of fact does not settle or even tentatively decide anything about the merits of the claim.").

PV also mischaracterizes the record and argues that Qualcomm' positions are "newly minted" and waived. That is not correct. A reply would clarify that Qualcomm has been consistent about what the claims require. *See, e.g.*, 8/27/15 Hr'g Tr. 27:8–16 (Qualcomm stating that "the claims … all recite different … ways of saying … 'generating'"). More importantly, the parties' dispute over these terms developed "through the course of litigation" and thus warrants resolution now. *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008); *see, e.g.*, *GE Lighting Sols., LLC v. AgiLight, Inc.,* 750 F.3d 1304, 1310 (Fed. Cir. 2014) (disputes often evolve after claim construction "to a point where … further construction is necessary."); *Digital-Vending Servs. Int'l, Inc. v. Univ. of Phoenix, Inc.*, 2013 WL 12087217, at *2-3 (E.D. Va. Jan. 24, 2013) (construing terms not previously raised after Federal Circuit vacated summary judgment).

### Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), the parties conferred by telephone and email on January 16 and 17, 2025 on the substance of Qualcomm's motion. ParkerVision stated that it opposed Qualcomm's motion.

2853006

Dated: January 17, 2025　　　　KEKER, VAN NEST & PETERS LLP

By: */s/ Robert Van Nest*
Robert A. Van Nest (special admission)
Matthew M. Werdegar (special admission)
Sophie Hood (special admission)
Anjali Srinivasan (special admission)
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188
rvannest@keker.com
mwerdegar@keker.com
shood@keker.com
asrinivasan@keker.com

**CARLTON FIELDS, P.A.**
Daniel C. Johnson
Florida Bar No. 522880
200 S. Orange Ave.
Suite 1000
Orlando, FL 32801
Telephone: (407) 849-0300
Facsimile: (407) 648-9099
djohnson@carltonfields.com

**COOLEY LLP**
Matthew Brigham (admitted pro hac vice)
Dena Chen (admitted pro hac vice)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 843-7400
Dchen@cooley.com
Mbrigham@cooley.com

**COOLEY LLP**
Eamonn Gardner (pro hac vice)
1144 15th Street, Suite 2300
Denver, CO 80202-2686
Telephone: (720) 566-4000
Facsimile: (720) 566-4099
Egardner@cooley.com

Attorneys for Defendants QUALCOMM INCORPORATED and QUALCOMM ATHEROS, INC.

4

2853006

## CERTIFICATE OF SERVICE

I certify that on January 17, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM / ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM / ECF" participants: none.

*/s/ Robert Van Nest*
Robert Van Nest

2853006