IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PARKERVISION, INC.,

                Plaintiff,

    v.

QUALCOMM INCORPORATED, and
QUALCOMM ATHEROS, INC.,

                Defendants.

Case No. 6:14-cv-00687-PGB-LRH

## PARKERVISION'S RESPONSE IN OPPOSITION TO QUALCOMM'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF QUALCOMM'S MOTION FOR RECONSIDERATION OF THE COURT'S DECEMBER 9, 2024 ORDER AND MODIFICATION OF CASE SCHEDULE FOR ADDITIONAL CLAIM CONSTRUCTION (DKT. 756)

ParkerVision opposes Qualcomm's Motion for Leave to File a Reply in Support of Qualcomm's Motion for Reconsideration (Dkt. 756).

The Court disfavors replies in support of a motion. *See* M.D. Fla. Local Rule 3.01(d) ("Except for a reply to a motion for summary judgment or a reply brief in a social security case, no party may reply without leave."). Replies are allowed only when necessary to address new law or facts contained in an opposition to a motion. *See, Amerisure Mut. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, 2012 U.S. Dist. LEXIS 168648, *2 (M.D. Fla. Nov. 28, 2012) ("The purpose of a reply brief is to rebut any *new law or facts* contained in the opposition's response to a request for relief before the Court;" emphasis added). Because ParkerVision did not present any new law or facts,

and Qualcomm has not shown otherwise, its Motion for Leave to File a Reply should be denied.

First, Qualcomm contends that a reply is necessary because ParkerVision allegedly sought new *in limine* orders. It did not. Instead, ParkerVision noted that courts have determined that *in limine* orders are the appropriate tool for preventing parties from arguing claim scope to the jury. Dkt. 752 at 11-12, citing *O2 Micro International v. Beyond Innovation Technologies*, 521 F.3d 1351, 1357 - 1358 (Fed. Cir. 2008). ParkerVision also pointed out that under the agreed motion *in limine*—filed years ago—the parties are precluded from raising rejected claim construction issues. As such, and if the Court rejects Qualcomm's eleventh hour claim construction "re-do" (as it should), then the previously agreed motion *in limine* would apply to prevent Qualcomm from raising its newly-minted claim construction arguments to the jury.

*Second*, Qualcomm's allegations of "exceptional mischaracterizations" are, respectfully, overblown. Dkt. 756 at 2. ParkerVision's arguments are consistent with its reading of the Federal Circuit's determination that this Court "should undertake any *necessary* claim construction" to "*determine whether* the receiver claims asserted in this case have the same requirement as the generating limitation of the claims at issue in *ParkerVision I.*" *Parkervision, Inc. v. Qualcomm, Inc.,* 166 F. 4th 1345, 1360 (Fed. Cir. 2024) (emphasis added). Regardless, the Court is capable of reading the Federal Circuit's opinion and reaching its own conclusions—it does not need a Reply from Qualcomm to understand the impact of the Federal Circuit's determinations on Qualcomm's request for additional claim construction. And in any event, in denying

Qualcomm's oral request, the Court properly found additional claim construction unnecessary. Dkt. 726 at 1.

*Third*, Qualcomm mischaracterizes the record by suggesting that ParkerVision's use of "newly minted" and "waiver" refers to Qualcomm's oft-repeated, unsuccessful insistence that a *generating* limitation be read into the claims of the at-issue patents. ParkerVision's opposition clearly reflects that the reference to "Qualcomm's newly-minted [and waived] theor[ies]" relates to its new "claim construction theories," that they did not previously present during the two *Markman* stages of this litigation. Further, Qualcomm's reliance on *GE Lighting Sols, LLC* is inapposite. This is not a situation where the dispute "evolve[d] after claim construction to a point where further construction is necessary." Dkt. 756 (citing *GE Lighting Sols., LLC v. AgiLight, Inc.,* 750 F.3d 1304, 1310 (Fed. Cir. 2014)) (internal citations omitted). Rather, as Qualcomm readily admits, its unsuccessful pursuit of reading *generating* into the claims of the patents at-issue has been "consistent," despite these arguments failing to gain traction with this Court in its claim construction and first collateral estoppel orders issued *more than five years ago*. *See* Dkt. 756 at 3; Dkt. 348, Dkt. 381.

Because there is nothing new to address, ParkerVision respectfully requests that the Court deny Qualcomm's Motion for Leave to File a Reply in support of its Motion for Reconsideration.

January 20, 2025

Respectfully Submitted,

**ALLEN, DYER, DOPPELT, & GILCHRIST, PA**
By:  */s/ Ava K. Doppelt*
Ava K. Doppelt
Fla. Bar No. 393738
255 S. Orange Ave – Ste. 1401
Orlando, FL 320801
Telephone: (407) 841-2330
Facsimile: (407) 481-2343
adoppelt@allendyer.com


**MCKOOL SMITH, P.C.**
By: */s/ Joshua W. Budwin*
Joshua W. Budwin
Texas State Bar No. 24050347
John B. Campbell, Jr. (*pro hac vice*)
Texas State Bar No. 24036314
Kyle N. Ryman (*pro hac vice*)
Texas State Bar No. 24125394
303 Colorado Street, Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Facsimile: (512) 592-8744
jbudwin@McKoolSmith.com
jcampbell@McKoolSmith.com
kryman@McKoolSmith.com

Kevin L. Burgess (*pro hac vice*)
Texas State Bar No. 24006927
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099
kburgess@McKoolSmith.com

Ayana M. Rivers (*pro hac vice*)
New York State Bar No. 2956209

1301 Avenue of the Americas, 32nd
Floor
New York, NY 10019
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
arivers@McKoolSmith.com

*Attorneys for Plaintiff ParkerVision, Inc.*

4905-6816-3345

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 20, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non- CM/ECF participants: none.

*/s/ Ava K. Doppelt*
Ava K. Doppelt

## <u>RULE 3.01(g) CERTIFICATION</u>

The undersigned certifies that counsel for ParkerVision communicated via telephone with Qualcomm counsel Sophie Hood on January 16, 2025, and via email with Ms. Hood and various other counsel for Qualcomm on January 17, 2025. ParkerVision conveyed that it opposed Qualcomm's motion.

*/s/ Joshua W. Budwin*
Joshua W. Budwin

4905-6816-3345