## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

PARKERVISION, INC.,

                Plaintiff,

    v.

QUALCOMM INCORPORATED and
QUALCOMM ATHEROS, INC.,

                Defendants.

Case No. 6:14-cv-687-PGB-LRH

## REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION

ParkerVision's ("PV") Opposition fails to address the central question before the Court: Is there an actual dispute over the scope of the claims? The answer is yes, as evidenced by PV's own proposed claim construction brief. While PV styles its proposed constructions as "plain and ordinary meaning," PV contends that "forms a … signal" means something other than "generates," as proposed by Qualcomm. Both parties having now presented their dispute, "it is the court's duty to resolve it." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008). To avoid error, the Court should grant reconsideration and construe the claims.

### A. CLAIM SCOPE DISPUTES ARE FOR THE COURT TO RESOLVE

Claim construction is an issue of law. *Markman v. Westview Instruments, Inc.,* 517 U.S. 370, 376 (1996). Once there is a dispute over

1

claim scope, the Court has a "duty to resolve it." *O2 Micro*, 521 F.3d at 1362.

Here, the Federal Circuit identified the *O2 Micro* issue. The Federal Circuit explained that this Court had "correctly identified the dispositive issue," but clarified that what the parties had framed as a collateral estoppel dispute was, in fact, a claim construction dispute. *ParkerVision, Inc. v. Qualcomm Inc.*, 116 F.4th 1345, 1356 (Fed. Cir. 2024) ("Evaluating this [collateral estoppel] issue requires a comparison of the scope of the claims at issue in the 2011 Action with the scope of the claims asserted here. The determination of claim scope, in turn, is 'a matter of claim construction.'"). Recognizing that the parties had not briefed that threshold issue, the Federal Circuit remanded to this Court to construe the claims. *Id.* at 1360.

In an attempt to avoid *O2 Micro*, PV argues that Qualcomm "waived" its "newly-minted" claim construction theory because Qualcomm did not "previously present [these constructions] during the two *Markman* stages." ECF No. 757, at 3; ECF No. 752, at 3–6.

That is not correct. Up until the Federal Circuit's recent guidance, both parties framed this dispute (*i.e.*, over the scope of the receiver claims) as a question of collateral estoppel, an observation that PV itself points out. *See* ECF No. 752, at 4 n.1 (listing docket entries). With the parties' dispute teed up as "whether the claims are materially different from those in *ParkerVision I*" (ECF No. 685, at 5 n.5), neither party submitted a separate claim

2

construction brief, which would have covered many related (though different) arguments.

Critically, none of PV's cited authority supports a finding of waiver under these circumstances; rather the cases PV cites hold that claim construction arguments may not be litigated for the first time on appeal if they were never raised to the trial court. ECF No. 752, at 3–4 (citing *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 904 F.3d 965, 973 (Fed. Cir. 2018) and *O2 Micro*). But Qualcomm seeks resolution of a claim construction dispute months before trial and in response to a Federal Circuit order to "undertake any necessary claim construction." *ParkerVision*, 116 F.4th at 1360. The appellate waiver rule to which PV points is inapposite.

If (as PV insists) Qualcomm's right to further claim construction had been waived, the Federal Circuit would not have instructed the Court to "determine the scope of the asserted receiver claims and further to determine whether that scope is materially different from that of the claims at issue in [*ParkerVision I*]." 116 F.4th at 1359. The Federal Circuit never mentions waiver either. Rather, the Federal Circuit signaled that—so long as this Court engages in the proper claim construction analysis—summary judgment of collateral estoppel may still be warranted. *See id.* at 1356.

## B.    NEITHER THIS COURT NOR THE FEDERAL CIRCUIT ACCEPTED PARKERVISION'S POSITION.

PV also suggests that this Court and the Federal Circuit have already rejected Qualcomm's proposed constructions in favor of PV's. ECF No. 752, at 8–11. But in fact, neither court has addressed the merits of the parties' dispute. PV's reliance on the Court's initial order denying partial summary judgment (ECF No. 348)—which does not address either of the terms now at issue—is misplaced. *See Switz. Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 25 (1966) (denial of summary judgment is not a decision on the merits). Indeed, if anything, the prior summary judgment proceedings support the opposite conclusion: Qualcomm's 2021 motion was premised on the theory that "forms" means "generates," ECF No. 538, and this Court effectively *agreed* with that theory when it granted summary judgment in Qualcomm's favor. ECF No. 685.

PV's interpretation of the Federal Circuit's opinion is likewise off the mark. In fact, the Federal Circuit went to great lengths to avoid prejudging the dispute. The Federal Circuit emphasized that it was "not well-positioned to undertake claim construction in the first instance" and that the "competing positions on" the scope of the claims "only makes all the more clear the need for additional proceedings on remand." 116 F.4th at 1360. Although it noted in qualified terms that "[n]one of the asserted receiver claims of the '907 or

'940 patents **expressly** includes the generating limitation," it also "agree[d]"
that PV's expert testimony "might be understood as an admission that the
claims asserted in this case include a generating limitation or similar
requirement." *Id*. at 1359 (emphasis added).

### C.    ABSENT A CONSTRUCTION, BOTH PARTIES' EXPERTS MAY ADDRESS PLAIN AND ORDINARY MEANING

Although PV tries to recast its improper request that the Court bar any
evidence or argument premised on Qualcomm's construction as merely an
observation about the parties' agreed-upon *in limine* motions (ECF No. 757,
at 2) its request still lacks merit. PV relies on the parties' 2021 agreement not
to present argument at trial "regarding rejected claim construction positions."
ECF No. 752, at 12 (citing ECF No. 612, at 86). But absent reconsideration,
there would not be a claim construction order addressing either party's
constructions. In that case, both parties remain free to "introduc[e] evidence
as to the plain and ordinary meaning of [the] terms." *DNT, LLC v. Sprint
Spectrum, LP*, 2010 WL 582164, at *4 (E.D. Va. Feb. 12, 2010); *see, e.g.*, *Apple
Inc. v. Samsung Elecs. Co.*, 2014 WL 660857, at *3 (N.D. Cal. Feb. 20, 2014).

### D.    CONCLUSION

Qualcomm respectfully requests that the Court reconsider its
December 9 order and grant Qualcomm leave to file its proposed opening
supplemental claim construction brief at ECF No. 745-1.

2857243

Dated:  January 29, 2025          KEKER, VAN NEST & PETERS LLP

By:  */s/ Robert Van Nest*
Robert A. Van Nest (special admission)
Matthew M. Werdegar (special admission)
Sophie Hood (special admission)
Anjali Srinivasan (special admission)
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile:  415 397 7188
rvannest@keker.com
mwerdegar@keker.com
shood@keker.com
asrinivasan@keker.com

**CARLTON FIELDS, P.A.**
Daniel C. Johnson
Florida Bar No.  522880
200 S. Orange Ave.
Suite 1000
Orlando, FL 32801
Telephone: (407) 849-0300
Facsimile:  (407) 648-9099
djohnson@carltonfields.com

**COOLEY LLP**
Matthew Brigham (admitted pro hac vice)
Dena Chen (admitted pro hac vice)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone: (650) 843-5000
Facsimile:  (650) 843-7400
Dchen@cooley.com
Mbrigham@cooley.com

**COOLEY LLP**
Eamonn Gardner (pro hac vice)
1144 15th Street, Suite 2300
Denver, CO 80202-2686
Telephone: (720) 566-4000
Facsimile:  (720) 566-4099
Egardner@cooley.com

Attorneys for Defendants QUALCOMM
INCORPORATED and QUALCOMM
ATHEROS, INC.

6

2857243

## CERTIFICATE OF SERVICE

I certify that on January 29, 2025, I electronically filed the foregoing

with the Clerk of the Court by using the CM / ECF system. I further certify

that I mailed the foregoing document and the notice of electronic filing by

first class mail to the following non-CM / ECF" participants: none.


*/s/ Robert Van Nest*
Robert Van Nest

7