UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PARKERVISION, INC.,**

       **Plaintiff,**

v.                                                  **Case No: 6:14-cv-687-PGB-LHP**

**QUALCOMM INCORPORATED
and QUALCOMM ATHEROS,
INC.,**

       **Defendants.**

_____/

## ORDER

This cause is before the Court on Qualcomm's Time-Sensitive Motion for a Temporary Restraining Order and Preliminary Injunction. (Doc. 762 (the "**Motion**")). The Court does not deem a response to the Motion necessary.[1] Upon consideration, the Motion is denied without prejudice.

### I. BACKGROUND

ParkerVision, Inc. and the Qualcomm Defendants are involved in litigation of epic proportions wherein ParkerVision claims they are victims of Qualcomm's infringing conduct, and Qualcomm avers ParkerVision is essentially a patent troll. Qualcomm avers that ParkerVision recently began a media blitz to poison the jury

---

[1] "A trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981).

pool with false and audacious allegations, including farfetched conspiracy theories that have found a willing audience in various news and *faux* news outlets that trade on salacious—if untethered—stories. Confronted with ParkerVision's media campaign, Qualcomm moves for a Temporary Restraining Order and Preliminary Injunction that will prohibit ParkerVision or its surrogates from posting stories, granting interviews, or otherwise disseminating stories through its website, willing media outlets, or in self-produced documentary-style videos. (Doc. 762, pp. 1–3; *see also* Doc. 762-1). Aside from being offended by some of the more outlandish claims advanced by ParkerVision[2], Qualcomm contends ParkerVision's motive is, at least in part, to influence the prospective jury pool. (Doc. 762, p. 3). Qualcomm predicates this contention on ParkerVision's admission that "Our goal is to . . . shed light on the facts of our case . . . [which] will provide valuable insight for . . . *the broader public as we hope to schedule a trial in 2025*." (*Id.* at p. 1) (emphasis added).

---

[2]  For example, ParkerVision's CEO, Jeff Parker, claimed that the Obama Administration, acting through then Attorney General Eric Holder, somehow convinced the federal judge who presided over the first *ParkerVision v. Qualcomm* trial litigated in the Middle District of Florida to reverse the jury's award in favor of ParkerVision. (Doc. 762-1, pp. 25–26). The truth is that the jury verdict was reversed because ParkerVision's own expert testified favorably to Qualcomm and contrary to the verdict. That is, ParkerVision's expert proved Qualcomm had not infringed their patents. The reversal was affirmed by the Federal Circuit—a Circuit that is not shy about reversing trial judges. ParkerVision supports their grievance against the federal judge with the tired refrain that the judge who reversed the jury's award was "an Obama-nominated federal judge." (*Id.* at p. 26). Saying "we were hoisted on our own petard" does not make for good copy. So, sadly, ParkerVision elected to blame the judge and not their wayward expert.

## II. LEGAL STANDARD

A party seeking a temporary restraining order or preliminary injunction must demonstrate: (1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant, and (4) that the entry of relief would serve the public interest. *See Chavez v. Fla. SP Warden*, 742 F.3d 1267, 1271 (11th Cir. 2014) (citing *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001). A temporary restraining order "is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the 'burden of persuasion' as to each of the four prerequisites." *Siegel v. Le Pore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)).

"A gag order is a prior restraint on speech and, as such, is 'the most serious and the least tolerable infringement on First Amendment rights.'" *United States v. McGregor*, 838 F. Supp. 2d 1256, 1260 (M.D. Ala. Mar. 14, 2012) (quoting *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976)). "The exercise of First Amendment rights, however, can sometimes imperil the administration of fair . . . trials." *Id.* (citation omitted). The Court can proscribe "extrajudicial statements by any lawyer, party, witness, or court official which divulged prejudicial matters." *Martin v. Prospect Airport Servs., Inc.*, No. 1:21-cv-449-MLB, 2022 WL 4596637, at *2 (N.D. Ga. Aug. 19, 2022) (first quoting *Adams v. Lab. Corp. of Am.*, No. 1:10-cv-3309, 2014 WL 7336697, at *3 (N.D. Ga. Dec. 22, 2014); then quoting *Sheppard v.*

3

*Maxwell*, 384 U.S. 333, 361 (1966)). The standard to apply when restricting extrajudicial statements has not been uniformly decided. *Id*. The Fourth and Tenth Circuits apply a "reasonable likelihood" of prejudicing a fair trial standard. *Id*. (citations omitted). The Third and Fifth Circuits use a "substantial likelihood of material prejudice" standard. *Id*. (citations omitted). And the Sixth, Seventh, and Ninth Circuits employ higher burdens: "clear and present danger" or "serious and imminent threat." *Id*. (citations omitted). The Eleventh Circuit acknowledges the split but has not formulated a standard of review. *Id*. (citing *The News-Journal Corp. v. Foxman*, 939 F.2d 1499, 1515 n.18 (11th Cir. 1991)).

### III. DISCUSSION

Qualcomm is right to complain that ParkerVision's media campaign appears littered with spin, half-truths, and outright lies. However, it is unclear whether ParkerVision's media campaign will pollute the jury pool in the Middle District of Florida or that the Court cannot fashion an appropriate remedy to cure any taint that may arise. The undersigned presided over the Pulse Nightclub massacre in which 49 people were murdered, and scores were seriously injured, in a terrorist attack. The gunman was killed by law enforcement, and his wife was indicted for aiding and abetting. The crime received international attention, and the case was tried in Orlando, just a few miles from the nightclub. Following a three-week jury trial, the gunman's wife was acquitted on all charges. The undersigned knows how to screen potential jurors for exposure to prejudicial news coverage. The Court will painstakingly question potential jurors to identify those who may have been

4

exposed to ParkerVision's media campaign and may have formed a negative opinion of Qualcomm. Individuals with preconceived beliefs about a party do not sit on juries in the undersigned's courtroom.

While the Court finds ParkerVision's media campaign distasteful, prior restraint on speech is "the most serious and the least tolerable infringement on First Amendment rights." *McGregor*, 838 F. Supp. 2d at 1260 (quoting *Neb. Press Ass'n*, 427 U.S. at 559)). The Court will not abridge that right based on Qualcomm's belief that ParkerVision's goal is to taint the jury pool. For this reason, Qualcomm's Motion fails to satisfy each prong of the test for imposing a temporary restraining order or preliminary injunction, regardless of which standard is applied to restricting ParkerVision's extrajudicial statements.[3]

That said, if Qualcomm produces more substantial evidence, such as data obtained by canvassing a representative sample of citizens residing in the counties that comprise the Orlando Division, showing ParkerVision's media campaign has tainted the potential jury pool, the Court may revisit this ruling. This Court has the authority to minimize the effects of prejudicial pretrial publicity to protect a party's right to a fair trial before impartial jurors. *Gannett Vo. v. DePasquale*, 443 U.S. 368, 378 (1979). That includes the authority to issue a permanent injunction restraining ParkerVision's speech when warranted. While the instant Motion raises concerns, it does not present sufficient facts to warrant the prior restraint of ParkerVision's speech, regardless of how noxious it may be.

---

[3] The Court reminds ParkerVision that the First Amendment does not protect false statements.

5

## IV.   CONCLUSION

For these reasons, Qualcomm's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 762) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Orlando, Florida on February 7, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties