IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PARKERVISION, INC.,

                        Plaintiff,

      v.

QUALCOMM INCORPORATED, and
QUALCOMM ATHEROS, INC.,

                     Defendants.

Case No. 6:14-cv-00687-PGB-LRH

**PARKERVISION'S OPPOSED MOTION FOR RECONSIDERATION
OF THE COURT'S DECEMBER 9, 2024 ORDER (DKT. 726) IN LIGHT OF
THE EXPERT WITNESS'S CANCER DIAGNOSIS**

# TABLE OF CONTENTS

I.      INTRODUCTION .......................................................................................... 1

II.     BACKGROUND ............................................................................................ 2

III.    LEGAL STANDARD .................................................................................... 5

IV.     ARGUMENT .................................................................................................. 5

        A.      Dr. Steer's cancer diagnosis was unexpected and unknown ................. 6

        B.      ParkerVision acted promptly to mitigate potential harm caused
                by substitution ..................................................................................... 8

        C.      Substitution would result in minimal delay ....................................... 13

        D.      ParkerVision is acting in good faith ................................................... 14

V.      CONCLUSION ............................................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Avant Garde Eng'g & Res. Ltd. v. Nationwide Equip. Co., Inc.*,
 No. 3:11-CV-525-J-20TEM, 2013 WL 12153534 (M.D. Fla. Sept. 11, 2013) 12, 13

*Baumann v. Am. Fam. Mut. Ins. Co.*,
 278 F.R.D. 614 (D. Colo. 2012) ........................................................................16

*Carter-Wallace, Inc. v. Otte*,
 474 F.2d 529, 536-37 (2d Cir. 1972 ...............................................................14

*Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*,
 No. 2:15-CV-02812, 2017 WL 11629880 (C.D. Cal. Aug. 3, 2017) .....................9

*Demint v. NationsBank Corp.*,
 208 F.R.D. 639 (M.D. Fla. 2002) ........................................................................9

*Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*,
 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998 .......................................................8

*Harris Corp. v. Ruckus Wireless, Inc.*,
 No. 6:11-CV-618-ORL-41, 2015 WL 3883948 (M.D. Fla. June 24, 2015) ..........11

*Jones v. Barlow*,
 No. 2:19-cv-114, 2021 WL 4819616 (M.D. Fla. Oct. 15, 2021) ...............10, 11, 12

*Jung v. Neschis*,
 No. 01 Civ. 6993, 2007 WL 5256966 (S.D.N.Y. Oct. 23, 2007) ................... 10, 16

*Lawless v. Town of Freetown*,
 No. 1:18-CV-11089, 2024 WL 406715 (D. Mass. Feb. 2, 2024) ................... 11, 15

*Leibel v. NCL (Bahamas) Ltd.*,
 185 F. Supp. 3d 1354 (S.D. Fla. 2016)............................................................8, 9

*Park v. CAS Enterprises, Inc.*,
 2009 WL 4057888 (S.D. Cal. Nov. 19, 2009) ........................................10, 15, 16

*PK Studios, Inc. v. R.L.R. Investments, LLC*,
 2017 WL 495497 (M.D. Fla. Feb. 7, 2017)........................................8, 9, 12, 15

*S. Gardens Citrus Processing Corp. v. Barnes Richardson & Colburn*,
    No. 2:11-CV-00378-99SPC, 2013 WL 2711961 (M.D. Fla. June 11, 2013) ........ 16

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 32(a)(4) ................................................................ 14

Federal Rule of Civil Procedure 26 ......................................................................... 5

Rules 6 and 16 of the Federal Rules of Civil Procedure ........................................... 8

## I.    INTRODUCTION

ParkerVision respectfully asks the Court to allow it to substitute its expert Dr. Michael Steer. Although the Court recently addressed ParkerVision's request to substitute Dr. Steer following remand (*see* Dkt. 726), this is a new request for a new, unfortunate reason: Dr. Steer was recently diagnosed with a cancer ████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ ParkerVision, its counsel, and Dr. Steer believe the most humane thing to do under these circumstances is to afford Dr. Steer more time to focus on his health, treatment, and loved ones.

ParkerVision requests that the Court allow a new, appropriately credentialed expert to step into Dr. Steer's shoes. ParkerVision's Rule 26 disclosures would still be operative. ParkerVision is not seeking an expert to offer new opinion. ParkerVision is also seeking an extension of the expert discovery period so Qualcomm can depose the new expert if it wishes. ParkerVision believes this is an appropriate outcome that minimizes prejudice to either party due to a contingency that nobody would ever wish for.[1] While it is unfortunate that ParkerVision has now had a second expert diagnosed with a serious medical condition, this case has been pending for over ten years. As

---

[1] ParkerVision sought to move the Court to substitute Dr. Steer as quickly as possible after learning of his diagnosis, and before the Court sets a trial date. The parties have communicated multiple times since February 12, 2025. Despite ParkerVision's express request to move quickly, Qualcomm has needed until today to indicate that it would not oppose substitution, but only if ParkerVision agreed to a draft proposed order that included various provisions that exceed those contained in the Court's prior order on substitution (see Dkt. 479). ParkerVision indicated that it could not agree to Qualcomm's proposed order but explained that it would agree to the exact same requirements in the Court's prior order. Because Qualcomm is thus far unwilling to agree to the same provisions in the Court's prior order, and time is of the essence, ParkerVision files this motion as opposed.

with the prior substitution, the Court should permit Dr. Steer to focus on his health and recovery. *See* Dkts. 469, 479 (Court permitting the substitution of Dr. Steer for Dr. Allen, with certain conditions, after Dr. Allen was diagnosed with a serious medical issue and was unable to proceed).

## II.    BACKGROUND

This Court denied ParkerVision's oral request to substitute its testifying expert, Dr. Michael Steer, because he had retired in its December 9, 2024 Order. Dkt. 726 at 8. After this denial, ParkerVision asked Dr. Steer to come out of retirement, which he agreed to do. Consistent with that order, ParkerVision began preparing Dr. Steer to testify. On January 28, 2025, Dr. Steer received a cancer diagnosis. Declaration of Michael Steer ("Steer Decl.") at ¶ 2, 6. On January 29, 2025, Dr. Steer informed ParkerVision that he received a cancer diagnosis, ███████████████████

█████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████

███████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████

   █████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██

Upon learning of Dr. Steer's request to resign due to his serious medical issue and receiving further information in discussions with Dr. Steer, ParkerVision promptly notified Qualcomm's counsel of Dr. Steer's request to withdraw. *See* Ex. A (February

12, 2025 email from A. Rivers to Qualcomm's counsel). ParkerVision discussed the issue with Qualcomm on February 18, 2025, and requested Qualcomm's consent to ParkerVision substituting another expert for Dr. Steer. The parties communicated via email on February 18, 2025, and February 19, 2025, and on February 20, 2025, Qualcomm informed ParkerVision of its opposition to the substitution.

ParkerVision now respectfully requests the Court grant its motion for reconsideration to replace Dr. Steer with a substitute expert given the change in circumstances.[2] Contingent on the Court's granting of this motion, ParkerVision will designate Dr. David Ricketts, Ph.D. to replace Dr. Steer. Dr. Ricketts was recently engaged by ParkerVision, and Qualcomm has consented to Dr. Ricketts use as a technical expert consultant pursuant to the protective order. *See* Ex. B at 1 (October 10, 2024 email from K. Ryman to Qualcomm's counsel (summarizing the parties' discussion during the October 10, 2024 meet and confer). Lastly, ParkerVision requests that the expert discovery deadline be extended for the limited purpose of conducting a deposition of the substitute expert.

ParkerVision agrees that the substitute expert will adopt and provide testimony within the scope of Drs. Allen and Steer's initial and rebuttal reports and Dr. Allen's

---

[2] Pursuant to the scheduling order, ParkerVision identified Dr. Phillip Allen, Ph.D. as a testifying expert for the asserted receiver claims of the receiver patents in 2015. At the same time, ParkerVision also designated Dr. Steer as a testifying expert for the remaining asserted transmitter claims of the transmitter patents. On December 9, 2020, following his deposition, Dr. Allen offered his resignation and asked to be released from this case due to cognitive difficulties. *See* Dkt. 465. The Court granted Dr. Allen's request to be removed from this action on December 28, 2020, and Dr. Steer was substituted as the testifying expert related to the asserted receiver claims and adopted the opinions of Dr. Allen's initial and rebuttal reports. *See* Dkts. 469 and 479.

declaration, and will sit for a deposition as soon as practical. The deposition will likely be conducted remotely, via Zoom, which lessens the burden on Qualcomm of having to conduct an additional examination of the substitute expert.

## III.    LEGAL STANDARD

As noted by this Court, "[r]econsideration is typically an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice." *See* Dkt. 479 at 3 (citing *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)). Dr. Steer's cancer diagnosis is a new fact that was not available or known at the time the Court rendered its December 9, 2024 order. Dkt. 726. It would be inhumane and a clear injustice to force Dr. Steer to prepare for trial as he under goes treatment for his cancer.

## IV.    ARGUMENT

The sudden, unexpected requested resignation of Dr. Steer based on his cancer diagnosis, discussed herein and in the supporting declarations, constitutes good cause and excusable neglect for requesting the substitution of the expert witness.

"There is little published law on the question of what standard governs substitution of expert witnesses." *Leibel v. NCL (Bahamas) Ltd.*, 185 F. Supp. 3d 1354, 1355 (S.D. Fla. 2016). This Court has determined that under Rules 6 and 16 of the Federal Rules of Civil Procedure, a party must demonstrate both good cause and excusable neglect for filing an untimely motion to designate an alternate expert. *PK*

*Studios, Inc. v. R.L.R. Investments, LLC*, 2017 WL 495497, at *2 (M.D. Fla. Feb. 7, 2017) (granting the plaintiff's motion for an extension of time to designate an alternate damages expert). "The good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Id.* at *2 (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)).

Further, "[w]hen evaluating whether a party has shown excusable neglect, the Court considers the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (quoting *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d. 996, 997-98 (11th Cir. 1997)) (internal quotations omitted); *Demint v. NationsBank Corp.*, 208 F.R.D. 639, 642 (M.D. Fla. 2002).

### A.    Dr. Steer's cancer diagnosis was unexpected and unknown

The starting point in any case analyzing excusable neglect is an explanation of the reason for delay. *Demint*, 208 F.R.D. at 642. Here, the reason for ParkerVision's renewed substitution request is that ParkerVision's previously designated expert on the asserted claims was unexpectedly diagnosed with cancer ██████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████ "Courts have consistently allowed the substitution

of expert witnesses when unexpected events prevent the designated expert from testifying at trial." *Leibel v. NCL (Bahamas) Ltd.*, 185 F. Supp. 3d 1354, 1356-1357 (S.D. Fla. 2016) (summarizing cases where good cause was found to substitute experts); *see also Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*, No. 2:15-CV-02812, 2017 WL 11629880, at *1 (C.D. Cal. Aug. 3, 2017) (finding good cause for substituting a patent expert beyond the discovery deadline where the expert had an "unforeseen medical condition"); *Park v. CAS Enterprises, Inc.*, 2009 WL 4057888, at *1-2 (S.D. Cal. Nov. 19, 2009) (finding good cause-even in the absence of a court ordered doctor's note-to amend the scheduling order to designate a new expert where the plaintiff's expert resigned due to "memory problems"); *Jung v. Neschis*, No. 01 Civ. 6993, 2007 WL 5256966, at *4, *16-17 (S.D.N.Y. Oct. 23, 2007) (finding good cause to amend the expert discovery deadline where party sought to introduce a substituted expert because the original expert developed Alzheimer's disease during the course of litigation); *Jones v. Barlow*, No. 2:19-cv-114, 2021 WL 4819616, at *1-2 (M.D. Fla. Oct. 15, 2021) (granting the plaintiff's motion to substitute its expert after the expert's new employment presented an apparent conflict).

Courts also have allowed substitution of an expert whose recovery timeline was uncertain. In *AlmondNet, Inc. v. Microsoft Corp.*, the court granted the plaintiff's motion to substitute an expert whose recovery timeline from spinal surgery was uncertain. No. 6:21-CV-00897-ADA, ECF No. 90 at 2-4 (W.D. Tex. Feb. 8, 2024). There, the expert suffered from a collapsed disc in his spine, with a treatment plan that included pain protocols, surgery, months of bedrest, additional recovery time, and uncertainty as to

when the expert could "resume normal daily functions let alone sit for deposition and

testify at trial." *Id* at 2.

Dr. Steer's requested resignation due this health crisis was unexpected and

could not have been foreseen by Dr. Steer or ParkerVision. ParkerVision seeks this

substitution now because the future is uncertain. ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

**B.    ParkerVision acted promptly to mitigate potential harm caused by
       substitution**

ParkerVision has acted promptly and diligently to mitigate the potential effects

of this substitution on the judicial proceedings. In denying the defendant's motion to

substitute a patent expert, the *Harris* court noted that the seven month delay between

learning of the expert's unavailability and moving for substitution "significantly

impacted the litigation" and required the "expenditure of significant resources by both

the parties and the court." *Harris Corp. v. Ruckus Wireless, Inc.*, No. 6:11-CV-618-ORL-

41, 2015 WL 3883948, at *7 (M.D. Fla. June 24, 2015). The court in *Jones* noted that

the plaintiff "should have acted more diligently" instead of waiting five months to file

its substitution motion, but nonetheless allowed the plaintiff to substitute its expert.

*Jones*, 2021 WL 4819616, at *1. Like the plaintiff in *Lawless*, who filed its substitution

motion within weeks of learning of the expert's inability to testify, ParkerVision has

moved quickly for substitution. *Lawless v. Town of Freetown*, No. 1:18-CV-11089, 2024

WL 406715, at *2 (D. Mass. Feb. 2, 2024). ParkerVision and its attorneys identified a

potential substitute expert as soon as they were notified of Dr. Steer's retirement in

2024. ParkerVision notified Qualcomm of the health issue shortly after its own first

awareness (and, while the situation was fluid with additional medical advice being

sought), identified the replacement for Dr. Steer, and promptly filed this motion (even

accounting for Qualcomm's eight day delay in stating is position on substitution).

Consequently, ParkerVision has moved more swiftly than the five months allowed for

the plaintiff in *Jones*, where the Court permitted the substitution.

The demands and stress placed on Dr. Steer, ████████████████████

████████████████████████████████████████████████████████████████

██████████████ to treat ████████████████████ cancer, explain Dr. Steer's requested

resignation. That said, Courts in this district have not previously required a sufficiently

detailed explanation from the plaintiff in order to obtain relief. *PK Studios*, 2017 WL

495497, at *3-4 ("conced[ing] that [the] Plaintiff does not sufficiently explain the

reason for [the expert's] resignation," but granting relief nonetheless). Even without a

"sufficient explanation" for an expert's resignation, the Court allowed expert witness

substitution because of the "harsh prejudice [that] might result" if a party was required

"to proceed without an expert witness." *Id*. at *4. That is particularly true in this case,
where Dr. Steer is expected to teach and inform the jury on a set of highly technical
patents. It would be immensely prejudicial and against the "interest of justice" for
ParkerVision to be required to try this case without an expert to explain to the jury the
infringement of the asserted claims by Qualcomm. *Id*.; *see also Avant Garde Eng'g & Res.
Ltd. v. Nationwide Equip. Co., Inc.*, No. 3:11-CV-525-J-20TEM, 2013 WL 12153534, at
*2 (M.D. Fla. Sept. 11, 2013) (granting the plaintiff's motion to substitute its expert
witness "due to the peculiar demands of [the] case" after the expert refused to continue
to participate).

Further, courts have held that presenting an unavailable expert's video
deposition testimony as evidence at trial is not a fair remedy or alternative to the
substitution of said expert. In *Nature's Plus A/S v. Nat. Organics, Inc.*, one month before
trial, the plaintiffs moved to substitute their expert after he was diagnosed with bladder
cancer and his health had continued to deteriorate after undergoing surgery. No. 09-
cv-4256, 2014 WL 12964552, at *1 (E.D.N.Y. Oct. 29, 2014). The defendant opposed
substitution, arguing that the plaintiffs' proffer of a doctor's note was insufficient proof
and that the plaintiffs should be required to use the expert's deposition testimony. *Id*.
at *4. The court distinguished those circumstances from *Timmons v. Purdue Pharma Co.*,
where the defendant knew at the time of his deposition (five months before trial) that
there was "an excellent probability" the expert was going to be unavailable for trial
due to a teaching commitment at a foreign university, yet failed to take any action until
a month before trial. No. 8:04-CV-1479, 2006 WL 6866590, at *1 (M.D. Fla. Jan. 24,

2006). In *Timmons*, the court denied substitution and the defendant's only remedy was to present the video deposition during trial. *Id.* Noting that the "circumstances are clearly different," the court in *Nature's Plus* agreed that defendant's request would not be a fair remedy because the expert "was only cross-examined during his deposition and so Plaintiff would be deprived of the ability to conduct a direct examination of [him]." 2014 WL 12964552, at *5 (quoting *Baumann v. Am. Fam. Mut. Ins. Co.*, 278 F.R.D. 614, 616 (D. Colo. 2012)). The same is true here. Because unavailability was not anticipated at the time of their depositions, a direct examination walking through Qualcomm's infringement on a claim-by-claim basis did not occur in the depositions of either Dr. Allen or Dr. Steer. Denying substitution and admitting their deposition testimony into evidence would be unfair and deny ParkerVision of the opportunity to solicit direct testimony from its patent expert explaining Qualcomm's infringement.

Relatedly, in *Roarke v. 3M Co.*, a witness unexpectedly died prior to trial and the plaintiff sought to have his testimony from a previous related case played or read into evidence due to the expert's unavailability pursuant to Federal Rule of Civil Procedure 32. 339 F.R.D. 127, 128 (E.D. Ky. 2021). The parties disagreed as to whether the witness was a fact witness or an expert witness. *Id.* The court determined that the witness was an expert witness, and grounded its decision to exclude the transcript under Federal Rule of Civil Procedure 32(a)(4), in that an expert witness being "unavailable" means something different than for a fact witness.[3] *Id.* The court

---

[3] The plaintiff in *Roarke* argued that the expert "was offered as a factual witness." *Id.* at 128. However, the court, noting that plaintiff's motion indicated the expert was "retained," determined that "[f]act

concluded that "even if one particular expert is unavailable, there is no need to use his previous testimony to prevent the loss of evidence, because there will usually be other experts available to give similar testimony orally .... [B]efore the former testimony of an expert witness can be used, there should be some showing not only that the witness is unavailable, but that no other expert of similar qualifications is available or that the unavailable expert has some unique testimony to contribute." *Id.* (quoting *Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 536-37 (2d Cir. 1972)). ParkerVision has identified a substitute expert to give similar testimony orally. As described in more detail below, ParkerVision intends to designate Dr. David Ricketts to replace Dr. Steer, who will adopt the opinions in the initial and rebuttal reports of Drs. Allen and Steer. *See infra* Argument §§ IV.C. and D.

The uncertain nature of Dr. Steer's final treatment plan should not be a roadblock to substitution. Taking a "wait and see" approach to substituting Dr. Steer amplifies the potential harm to Dr. Steer, both parties, and the judicial proceedings. The most conspicuous effect is the pressure placed on Dr. Steer as he prepares for trial while also juggling the treatment of a serious illness ███████████████ ████████████████████████████████████████████████████ ████████████████████████████ If substitution is not granted and Dr. Steer's health deteriorates, the initial treatment fails ███████████████████████, or he is

---

witnesses are not retained to provide testimony, so [the witness] was clearly retained as either a consulting or testifying expert. As a result, Defendant persuasively argues that [the witness] is not 'unavailable' for purposes of Rule 32." *Id.* at 129.

otherwise unable to attend the scheduled trial due to unforeseen medical needs – this prejudices both the parties and the court, and would significantly impact this litigation. Revisiting the substitution issue later and potentially after a trial date is set would require the expenditure of significant resources by both the parties and the court. Dr. Steer's continued participation may require special accommodations to ensure he is not unnecessarily exposed to germs and pathogens, and does not succumb to other illnesses while testifying. Finally, if Dr. Steer is not substituted, ParkerVision is placed in the untenable position of needing to prepare two people to testify given the substantial likelihood that the current expert will be unable to testify as a consequence of his ongoing cancer treatment. All of these harms would be mitigated by the substitution of Dr. Steer.

### C.    Substitution would result in minimal delay

While ParkerVision would be greatly prejudiced by having to proceed without an expert on the patents-in-suit if the Court does not allow substitution, ParkerVision has acted prudently to minimize the delay on the proceedings and eliminate "the danger of prejudice" to Qualcomm. *See PK Studios,* 2017 WL 495497, at *2; *see also Park*, 2009 WL 4057888, at *3 ("the prejudice to [the defendants] in having to reopen expert discovery to proceed with an expert deposition pales in comparison to the prejudice [the plaintiff] would face in having to proceed without a damages expert."). ParkerVision promptly notified Qualcomm and filed this Motion shortly after receiving notice of Dr. Steer's request to resign due to his cancer diagnosis. *See PK Studios,* 2017 WL 495497, at *4. ParkerVision intends to designate Dr. David Ricketts

to replace Dr. Steer should the Court grant this Motion. It would be "unduly punitive to deny [ParkerVision] the benefit of [direct] expert testimony when this case has been pending for [ten] years and [its] expert's inability to testify [due to his changed medical circumstances] is, in part, a result of that delay." *Lawless*, 2024 WL 406715, at *2. Furthermore, while the parties have requested a trial setting, the Court has yet to set this case for trial while it resolves other outstanding pre-trial matters.

### D.    ParkerVision is acting in good faith

Further alleviating any prejudice or delay, ParkerVision's substitute expert will adopt Drs. Allen and Steer's initial and rebuttal expert reports and Dr. Allen's declaration, and will provide testimony within the scope of those reports. This is the same limitation the Court ordered when Dr. Steer stepped in for Dr. Allen. *See* Dkt. 479. ParkerVision agrees that it would be unfairly prejudicial to Qualcomm to allow the substitute expert to submit new export reports. *See Park*, 2009 WL 4057888, at *4; *S. Gardens Citrus Processing Corp. v. Barnes Richardson & Colburn*, No. 2:11-CV-00378-99SPC, 2013 WL 2711961, at *2, *6 (M.D. Fla. June 11, 2013) (noting that the "Court is concerned though about the prejudice that Plaintiffs will suffer if [the new expert] offers opinions that are wholly different and new from the opinions offered by [previous expert]," yet ultimately granting the substitution motion despite a five week delay in filing given assurances that the new expert's opinions would "mirror" the opinions of the original expert.). The court in *Lowe v. ShieldMark, Inc.*, allowed defendants to substitute an expert who "no longer ha[d] the mental and physical capacity to serve as an expert witness in a federal jury trial." No. 1:19-CV-748, 2022

WL 2127959, at *1 (N.D. Ohio June 14, 2022). There, the expert, who "suffered a
significant injury, requiring two surgeries," was permitted to be replaced by another
expert whose opinions "track" those of the former expert. *Id.* at *2. In considering
whether there was sufficient time for substitution, the *Lowe* court allowed substitution
"three months away from trial." *Id*. The court in *Baumann*, in granting plaintiff's
emergency substitution request filed 30 days before trial, determined that twenty days
was "ample time for the Defendant to fully prepare for [the substitute expert's]
testimony." 278 F.R.D. at 616. The trial date for this matter has not yet been set.

Finally, ParkerVision is only requesting that this Court grant an order extending
the time to designate an alternate testifying expert on the Asserted Patents and the
deadline for expert discovery for the limited purpose of conducting a deposition of the
substitute expert. ParkerVision is not requesting that the trial date also be delayed and
this Motion should not have a significant impact on the remainder of the judicial
proceedings. This action commenced over ten years ago and now with a new trial date
to be set shortly, ParkerVision does not intend to delay the resolution of this case
further. ParkerVision is filing this Motion in good faith and not for any improper
purpose.

## V.    CONCLUSION

ParkerVision respectfully requests that its motion for reconsideration be
granted, and that the Court enter an order extending the time for ParkerVision to
designate an alternate expert, at which point ParkerVision will designate Dr. Ricketts
as the new patent expert in this matter, in replacement of Dr. Steer. ParkerVision does

not request further extension of the deadline to file expert reports and agrees that the substitute expert will adopt Drs. Allen and Steer's initial and rebuttal reports and Dr. Allen's declaration, and that the opinions offered by the substitute expert will fall within the scope of the opinions expressed in Drs. Allen and Steer's reports. Finally, ParkerVision requests that the deadline for expert discovery related to the asserted patent claims be extended, for the limited purpose of a deposition of the substitute expert.

## RULE 3.01(g) CERTIFICATION

The undersigned certifies that counsel for ParkerVision requested to meet and confer with counsel for Qualcomm via email on February 12, 2025. Counsel for ParkerVision subsequently circulated a draft of this motion to counsel for Qualcomm on February 17, 2025. Counsel for each party communicated by Zoom video conference on February 18, 2025 during which counsel for ParkerVision requested Qualcomm's consent to ParkerVision substituting another expert for Dr. Steer and expressed its intention to move the Court as quickly as possible. The parties further communicated via email on February 18, 2025 and February 19, 2025. On February 20, 2025, Qualcomm indicated that it would not oppose substitution, but only if ParkerVision agreed to a draft proposed order that included various provisions that exceed those contained in the Court's prior order on substitution (see Dkt. 479). ParkerVision indicated that it could not agree to Qualcomm's proposed order but explained that it would agree to the exact same requirements in the Court's prior order. Because Qualcomm is thus far unwilling to agree to the same provisions in the Court's

prior order, and time is of the essence, ParkerVision files this motion as opposed.

*/s/ Joshua W. Budwin*
Joshua W. Budwin

Dated: February 20, 2025

Respectfully Submitted,

*/s/ Ava K. Doppelt*
Ava K. Doppelt
Fla. Bar No. 393738
**ALLEN, DYER, DOPPELT, &**
**GILCHRIST, PA**
255 S. Orange Ave – Ste. 1401
Orlando, FL 320801
Telephone: (407) 841-2330
Facsimile: (407) 481-2343
adoppelt@allendyer.com

**MCKOOL SMITH, P.C.**
Joshua W. Budwin
Texas State Bar No. 24050347
John B. Campbell, Jr. (*pro hac vice*)
Texas State Bar No. 24036314
Kyle N. Ryman (*pro hac vice*)
Texas State Bar No. 24125394
R. Mitch Verboncoeur (*pro hac vice*)
Texas State Bar 24105732
Matt Cameron (*pro hac vice*)
Texas State Bar 240997451
303 Colorado Street, Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Facsimile: (512) 592-8744
jbudwin@McKoolSmith.com
jcampbell@McKoolSmith.com
kryman@McKoolSmith.com
mverboncoeur@McKoolSmith.com
mcameron@McKoolSmith.com

Kevin L. Burgess (*pro hac vice*)
Texas State Bar No. 24006927
Jennifer Truelove (*pro hac vice*)
Texas State Bar No. 24012906
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099
kburgess@McKoolSmith.com

Ayana M. Rivers (*pro hac vice*)
New York State Bar No. 2956209
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
arivers@McKoolSmith.com

*Attorneys for Plaintiff ParkerVision, Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 20, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non- CM/ECF participants: none.

*/s/ Ava K. Doppelt*
Ava K. Doppelt
Fla. Bar No. 393738