IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| PARKERVISION, INC., <br><br> Plaintiff, <br><br> v. <br><br> QUALCOMM INCORPORATED and QUALCOMM ATHEROS, INC., <br><br> Defendants. | Case No. 6:14-cv-00687-PGB-LRH |

**PARKERVISION'S UNOPPOSED MOTION TO SEAL PARKERVISION'S NOTICE OF NEW SEALED SUPPLEMENTAL EVIDENTIARY INFORMATION IN SUPPORT OF ITS MOTION (DKT. 775) FOR RECONSIDERATION OF THE COURT'S DECEMBER 9, 2024, ORDER (DKT. 726) IN LIGHT OF THE EXPERT WITNESS'S CANCER DIAGNOSIS**

**I.   INTRODUCTION**

Pursuant to Local Rule 1.11 of the Middle District of Florida, Plaintiff ParkerVision, Inc. ("ParkerVision") respectfully moves this Court for entry of an Order allowing ParkerVision to file its Notice of New Sealed Supplemental Evidentiary Information in Support of the Motion (Dkt. 775) for Reconsideration of the Court's December 9, 2024 Order (Dkt. 726) In Light of the Expert Witness's Cancer Diagnosis ("Notice"), and Declaration of Expert in support of the Notice including Exhibit A ("Declaration of Expert") under seal. This motion is unopposed.

**II.   IDENTIFICATION AND DESCRIPTION OF EACH ITEM PROPOSED FOR SEALING**

ParkerVision's Notice and the Declaration of Expert are sought to be redacted and filed under seal in their entirety. These documents contain highly personal information.

**III.   MEMORANDUM OF AUTHORITY SUPPORTING THE SEAL**

A party seeking to seal materials must file a motion to seal that includes the following: (1) include the title "Motion to Seal"; (2) describe the item; (3a) the reason that filing each item is necessary; (3b) the reason that sealing each item is necessary; (3c) using a redaction, a pseudonym or other means are unavailable or unsatisfactory (4) a memorandum of legal authority supporting the seal; (5) the proposed duration of the seal; and (6) state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (7) certify the name, mailing address, email address, and telephone number of any non-party who should

know or has an interest in establishing or maintaining the seal and the day on which, and the means on which, the movant served or otherwise delivered the motion to the non-party; and (8), attach the proposed sealed document, which will remain sealed pending an order resolving the motion. M.D. Fla. L.R. 1.11.

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond*, 480 F.3d 1234, 1246 (11th Cir. 2007); *Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246; *Teledyne Instruments v. Cairns*, No. 12-cv-854, 2013 WL 5874584, at *2 (M.D. Fla. Oct. 31, 2013) (granting motion to seal documents containing "technical drawings and other knowledge relating to [movant's] products"); *Local Access v. Peerless Network*, No. 14-cv-399, 2017 WL 3896407, at *2 (M.D. Fla. Sept. 6, 2017) (granting motion to seal "commercially and competitively sensitive" information).

Courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *see also Medai v. Quantros*, No.12-cv-840, 2012 WL 2512007, at *2 (M.D. Fla. June 29, 2012).

Allowing access to ParkerVision's Notice and Declaration of Expert would harm a legitimate privacy interest of a party related to this case. The Notice and Declaration of the Expert each contain highly personal, private information, of a party related to the case.

## IV. PROPOSED DURATION OF SEAL

ParkerVision proposes that the seal or redaction last for the duration of this lawsuit and any subsequent appeal. Good cause exists to extend the typical one-year limit on a seal because of the highly private and extremely personal nature of the information contained in the materials identified above. *E.g.*, *Local Access*, 2017 WL 3896407, at *3 (sealing information for 4.5 years).

## V. REASON FILING AND SEALING EACH ITEM IS NECESSARY, AND THAT A MEANS OTHER THAN SEALING IS UNAVAILABLE OR UNSATISFACTORY

ParkerVision's Notice contains highly personal information regarding a party related to this case. The Declaration of Expert contains observations and notes regarding the health of a party related to this case. Both of these documents contain private information and observations regarding a party to this matter.

ParkerVision understands that such information is personal to the related party and has not been revealed to the general public. ParkerVision has sought to protect the confidential nature of the information sought to be filed under seal. ParkerVision also understands that the information sought to be filed under seal, if made public, would cause the related party significant personal harm and embarrassment.

## VI. PERSONS AUTHORIZED TO RETREIVE A SEALED DOCUMENT, INCLUDING NON-PARTY WHO HAS AN INTEREST IN ESTABLISHING OR MAINTAINING THE SEAL AND THE DAY ON WHICH, AND THE MEANS ON WHICH, PARKERVISION SERVED OR OTHERWISE DELIVERED THE MOTION TO THE NON-PARTY

ParkerVision states that the parties' attorneys may retrieve a sealed version of this document. The only non-party that has an interest in maintaining the seal is ParkerVision's expert, Dr. Steer.

## VII. CONCLUSION

ParkerVision respectfully moves this Court for entry of an Order allowing ParkerVision to file under seal.

## RULE 3.01(g) CERTIFICATION

The undersigned certifies that counsel for ParkerVision communicated by email with counsel for Qualcomm on April 16, 2025. Counsel for ParkerVision requested Qualcomm's consent to file the Notice and its attachments under seal. Qualcomm is not opposed to the sealing of the Notice and its attachments.

*/s/ Joshua W. Budwin*
Joshua W. Budwin

Dated: April 17, 2025

Respectfully Submitted,

**ALLEN, DYER, DOPPELT, & GILCHRIST, PA**
By: */s/ Ava K. Doppelt*
Ava K. Doppelt
Fla. Bar No. 393738
255 S. Orange Ave – Ste. 1401
Orlando, FL 320801
Telephone: (407) 841-2330
Facsimile: (407) 481-2343
adoppelt@allendyer.com


**MCKOOL SMITH, P.C.**
By: */s/ Joshua W. Budwin*
Joshua W. Budwin
Texas State Bar No. 24050347
John B. Campbell, Jr. (*pro hac vice*)
Texas State Bar No. 24036314
R. Mitch Verboncoeur (*pro hac vice*)
Texas State Bar No. 24105732
Matt Cameron (*pro hac vice*)
Texas State Bar No 240997451
303 Colorado Street, Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Facsimile: (512) 592-8744
jbudwin@McKoolSmith.com
jcampbell@McKoolSmith.com
mverboncoeur@McKoolSmith.com
mcameron@McKoolSmith.com

Kevin L. Burgess (*pro hac vice*)
Texas State Bar No. 24006927
Jennifer Truelove (*pro hac vice*)
Texas State Bar No. 24012906
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000

Facsimile: (903) 923-9099
kburgess@McKoolSmith.com

Ayana M. Rivers (*pro hac vice*)
New York State Bar No. 2956209
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
arivers@McKoolSmith.com

*Attorneys for Plaintiff ParkerVision, Inc.*

## CERTIFICATE OF SERVICE

I certify that on April 17, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I have emailed to all CM/ECF participants a copy of the sealed filings. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non- CM/ECF participants: none.

*/s/ Ava K. Doppelt*
Ava K. Doppelt