UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PARKERVISION, INC.,**

        **Plaintiff,**

v.                                              Case No: 6:14-cv-687-PGB-LHP

**QUALCOMM INCORPORATED
and QUALCOMM ATHEROS,
INC.,**

        **Defendants.**

_____/

## ORDER

This cause is before the Court on Defendants' Motion for Reconsideration of the Court's December 9, 2024 Order. (Doc. 745 (the "**Motion**")). The Plaintiff filed a Response in Opposition (Doc. 752), and the Defendants submitted a Reply. (Doc. 759). Upon consideration, the Defendants' Motion is granted.

### I. DISCUSSION

The District Court issues a case management and scheduling order to provide a clear beginning, middle, and end to litigation. The Court allowed for two *Markman* hearings, and neither party asked the Court to construe the two claims that are now in dispute. For a scheduling order to have meaning, the parties should live or die by the deadlines set forth in the order.

In the Motion, Qualcomm notes that *O2 Micro International Ltd. v. Beyond Innovation Technology Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008), stands for the

proposition that "[w]hen the parties raise an actual dispute regarding the proper scope of the [asserted] claims, the court, not the jury, must resolve that dispute." (Doc. 745, pp. 1–2). The Defendants take this to mean that any time before the case goes to the jury, the trial court is duty-bound to construe disputed claims—even when a party ignores the deadline for claim construction established in the case management and scheduling order.

*O2 Micro* does not go that far. In *O2 Micro*, the court observed that at the *Markman* hearing, the Defendants-Appellants asked the trial court to construe the term "only if," but the trial court found the term required no construction. 521 F.3d at 1357. The issue on appeal was whether the trial court erred in failing to construe the term. Similarly, in *Kaufman v. Microsoft Corp.*, 34 F.4th 1360, 1369 (Fed. Cir. 2022), the court held that "[a] district court's duty *at the claim construction stage* is . . . to resolve a dispute about claim scope *that has been raised by the parties*." And so, *Kaufman* suggests a party must comply with the scheduling order and raise disputed claims at the claim construction stage. This makes sense, since in federal court, the rules matter.

That said, in *Conoco, Inc. v. Energy & Environmental International, L.C.*, 460 F.3d 1349, 1359 (Fed. Cir. 2006), the Federal Circuit found the trial court erred by not construing a disputed claim before sending the underlying issue to the jury. The court held that the Appellant waived the request to have the claim construed because the Appellant failed to make the request until after the presentation of all the evidence at trial. *Id.* The court noted, however, that a district court may engage

2

in claim construction during various phases of litigation, not just in a *Markman* order. *Id*. *Conoco* thus opens the door to gamesmanship, poor trial preparation, and the invitation of error. Scheduling orders matter—except in patent cases.

Added to the at best opaque, and at worst inconsistent, positions taken by the Federal Circuit on this elementary principle of case management is the Federal Circuit's ruling in the instant case. Even though no party asked the Court to construe either claim presently being disputed, and even though the deadline for a *Markman* hearing passed ages ago, the Federal Circuit directed this Court to put aside the orderly management of this case and conduct a third *Markman* hearing. The Federal Circuit remanded the case to this Court to determine the scope of the asserted receiver claims and further determine whether that scope is materially different from that of the claims at issue in the 2011 action (*ParkerVision I*). Presumably, if this Court finds the scope of the receiver claims is *not* materially different from the claims at issue in the 2011 action, this Court should again grant summary judgment in favor of Qualcomm. Should the Court do so with additional briefing—the proverbial second bite at the summary judgment apple long after the deadline for such motion practice—or *sua sponte* without additional briefing? It is unclear, but when pursuing summary judgment, neither party briefed the issue raised by the Federal Circuit.

Taking one battle at a time, the Court will only address the need for a third *Markman* hearing. To that point, the Federal Circuit has spoken. A third *Markman* hearing must be granted, even if neither party ever asked for one. As Qualcomm

points out in their Reply, the parties dispute the construction to be given to "whereby the energy provided to the load forms a down-converted signal" ('907 patent) and "a storage device storing energy from said UFT module" ('940 patent). Unfortunately, neither side considered the need to construe these claims when they filed claim construction briefs in 2015 and before the Court issued a 58-page claim construction order. The inefficiency of patent litigation is truly astounding. The Court must grant this third *Markman* hearing, but the parties are reminded that the deadline for *Daubert* has passed. The Court will not grant a do-over as to all aspects of this case.

## II.  CONCLUSION

The Defendants' Motion for Reconsideration (Doc. 745) is **GRANTED**. The Parties are **ORDERED** to file their respective claim construction briefs by **April 21, 2025**, and the Court will issue an Order in due course.

**DONE AND ORDERED** in Orlando, Florida on April 17, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties