IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| PARKERVISION, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED and<br>QUALCOMM ATHEROS, INC.,<br><br>  Defendants. | Case No. 6:14-cv-00687-PGB-LRH |

**PARKERVISION'S OPPOSED MOTION FOR LEAVE TO FURTHER SUPPLEMENT THE REPLY BRIEFING IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S DECEMBER 9, 2024 ORDER (DKT. 726) IN LIGHT OF THE EXPERT WITNESS'S CANCER DIAGNOSIS**

ParkerVision respectfully requests leave to further supplement the briefing to include newly available information relating to its expert witness's cancer diagnosis. ParkerVision's pending motion for reconsideration informed the Court of then-new information ParkerVision received regarding the health of its expert Dr. Steer and sought substitution of the expert (Dkt. 775). Qualcomm's response included several assertions that required reply. While ParkerVision's reply addressed those assertions with then-current information, it now seeks permission to supplement its reply with recently learned, non-public medical information that was not available when the original motion under consideration and the related reply were filed—including a letter from Dr. Steer's oncologist following his appointment on April 11, 2025 related to Dr. Steer's diagnosis and his request to withdraw from this case.

Under Local Rule 3.01(d), the Court must grant leave before a party may file a reply brief. L.R. 3.01(d). The party seeking leave must show good cause exists. *Alta Mar Condo. Ass'n v. Hartford Fire Ins. Co.*, 2018 U.S. Dist. LEXIS 106428, at *2 (M.D. Fla. June 26, 2018). Further, courts in this district grant leave when the reply benefits the Court's resolution of a pending motion. *Id.* This Court previously allowed ParkerVision to file a reply (Dkt. 787). Good cause exists here to supplement its reply to further rebut Qualcomm's arguments, including the argument that ParkerVision's motion is premature. This supplemental filing is akin to filing notice of supplemental authority in that ParkerVision will not amend the reply brief itself but is simply providing notice to the Court of newly learned non-public information. Further, ParkerVision's supplemental filing is relevant to Qualcomm's assertions and will aid the Court in resolving the pending motion for reconsideration.

If the Court grants leave, ParkerVision will file a non-public notice of supplemental information and related non-public attachments detailing the newly available information relating to the expert witness's cancer diagnosis, not exceeding five pages, within seven days after entry of an order granting this motion. Qualcomm opposes the filing of this non-argumentative motion for leave to supplement the record to include recently learned information concerning Dr. Steer's diagnosis because ParkerVision would not agree to permit Qualcomm to file additional argument. Because ParkerVision presents no additional argument, and does not believe that any additional argument is warranted, ParkerVision is filing this motion as opposed given Qualcomm's position

## **RULE 3.01(g) CERTIFICATION**

The undersigned certifies that counsel for ParkerVision conferred with counsel for Qualcomm via email and Zoom conference on April 11, 2025, informing counsel for Qualcomm of Dr. Steer's new diagnosis and providing them with a draft declaration from Dr. Steer. On April 15 and 21, 2025, Qualcomm advised that they did not oppose the Court being provided with Dr. Steer's updated diagnosis so long as they could provide further argument on the issue. Because ParkerVision did not agree, as set forth above, it is filing this motion as opposed.

/s/ Joshua W. Budwin
Joshua W. Budwin

Dated: April 21, 2025

        Respectfully Submitted,

        **ALLEN, DYER, DOPPELT, & GILCHRIST, PA**
        By: */s/ Ava K. Doppelt*
        Ava K. Doppelt
        Fla. Bar No. 393738
        255 S. Orange Ave – Ste. 1401
        Orlando, FL 320801
        Telephone: (407) 841-2330
        Facsimile: (407) 481-2343
        adoppelt@allendyer.com

        **MCKOOL SMITH, P.C.**
        By: */s/ Joshua W. Budwin*
        Joshua W. Budwin
        Texas State Bar No. 24050347
        John B. Campbell, Jr. (*pro hac vice*)
        Texas State Bar No. 24036314
        R. Mitch Verboncoeur (*pro hac vice*)
        Texas State Bar No. 24105732
        Matt Cameron (*pro hac vice*)
        Texas State Bar No 240997451
        303 Colorado Street, Suite 2100
        Austin, TX 78701
        Telephone: (512) 692-8700
        Facsimile: (512) 592-8744
        jbudwin@McKoolSmith.com
        jcampbell@McKoolSmith.com
        mverboncoeur@McKoolSmith.com
        mcameron@McKoolSmith.com

        Kevin L. Burgess (*pro hac vice*)
        Texas State Bar No. 24006927
        Jennifer Truelove (*pro hac vice*)
        Texas State Bar No. 24012906
        104 East Houston Street, Suite 300
        Marshall, TX 75670
        Telephone: (903) 923-9000

      Facsimile: (903) 923-9099
      kburgess@McKoolSmith.com

      Ayana M. Rivers (*pro hac vice*)
      New York State Bar No. 2956209
      1301 Avenue of the Americas, 32nd Floor
      New York, NY 10019
      Telephone: (212) 402-9400
      Facsimile: (212) 402-9444
      arivers@McKoolSmith.com

      *Attorneys for Plaintiff ParkerVision, Inc.*

## CERTIFICATE OF SERVICE

I certify that on April 21, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I emailed the foregoing document and the notice of electronic filing by electronic mail to the all- CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non CM/ECF participants: none.

      /s/ Joshua W. Budwin
      Joshua W. Budwin