UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| PARKERVISION, INC., <br><br> Plaintiff, <br><br> v. <br><br> QUALCOMM INCORPORATED and QUALCOMM ATHEROS, INC., <br><br> Defendants. | Case No. 6:14-cv-687-PGB-LRH |

## QUALCOMM'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Qualcomm Incorporated and Qualcomm Atheros, Inc. ("Qualcomm") hereby give notice, pursuant to Local Rule 3.01(i), of the Opinion issued on May 7, 2024 by the United States Court of Appeals for the Federal Circuit in *Ingenico Inc. v. IOENGINE, LLC*, No. 2023-1367, 2025 WL 1318188 (Fed. Cir. May 7, 2025). The Federal Circuit determined:

> [A] ground is not the prior art asserted during an IPR. In drafting 35 U.S.C. § 315(e)(2), Congress could have precluded petitioners from asserting in district court that the claim is invalid on any *prior art* that the petitioner raised or reasonably could have raised during that inter partes review, but Congress chose not to. Instead, Congress precluded petitioners from asserting *grounds* in district court. Thus, IPR estoppel does not preclude a petitioner from asserting the same prior art raised in an IPR in district court, but rather precludes a petitioner from asserting grounds that were raised or reasonably could have been raised during an IPR. The only anticipation and obviousness challenges that a petitioner *can* make during an IPR are that the claims were patented or described in a printed publication. IPR estoppel precludes these challenges in district court if they were raised or

1

reasonably could have been raised during the IPR. But IPR estoppel does not preclude a petitioner from relying on the same patents and printed publications as evidence in asserting a ground that could not be raised during the IPR, such as that the claimed invention was known or used by others, on sale, or in public use.

*Ingenico* at *7. This decision addresses the arguments found in pages 11-17 of ParkerVision's Motion for Summary Judgment of IPR Estoppel (ECF No. 498) and supplements arguments found at Section IV, pages 4-14 of Qualcomm's opposition to ParkerVision's Motion (ECF No. 522).

Respectfully submitted,

Dated:  May 9, 2025	KEKER, VAN NEST & PETERS LLP

By: */s/ Robert A. Van Nest*
Robert A. Van Nest (special admission)
Matthew M. Werdegar (special admission)
Sophie Hood (special admission)
Anjali Srinivasan (special admission)
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile:  415 397 7188
rvannest@keker.com
mwerdegar@keker.com
shood@keker.com
asrinivasan@keker.com

**CARLTON FIELDS, P.A.**
Daniel C. Johnson
Florida Bar No.  522880
200 S. Orange Ave.
Suite 1000
Orlando, FL 32801
Telephone: (407) 849-0300
Facsimile:  (407) 648-9099
djohnson@carltonfields.com

**COOLEY LLP**
Matthew Brigham (admitted pro hac vice)
Dena Chen (admitted pro hac vice)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone: (650) 843-5000
Facsimile:  (650) 843-7400
Dchen@cooley.com
Mbrigham@cooley.com

**COOLEY LLP**
Eamonn Gardner (pro hac vice)
1144 15th Street, Suite 2300
Denver, CO 80202-2686
Telephone: (720) 566-4000
Facsimile:  (720) 566-4099
Egardner@cooley.com

Attorneys for Defendants QUALCOMM INCORPORATED and QUALCOMM ATHEROS, INC.