UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| PARKERVISION, INC., <br><br>  Plaintiff, <br><br> v. <br><br> QUALCOMM INCORPORATED and QUALCOMM ATHEROS, INC., <br><br>  Defendants. | Case No. 6:14-cv-687-PGB-LRH |

## QUALCOMM'S UNOPPOSED MOTION FOR LEAVE TO AMEND WITNESS LIST

2966561

## I. INTRODUCTION

Defendants Qualcomm Incorporated and Qualcomm Atheros, Inc. (collectively, "Qualcomm") respectfully request the Court's leave to amend and update Qualcomm's trial witness list, which was last re-submitted on December 18, 2024. ECF No. 742-1. Qualcomm seeks leave to make three adjustments to its witness list: (1) to call Prashant Kantak as a live witness, instead of by deposition as he is currently designated; (2) to call Rob Gilmore (who until last December was designated a "may-call" witness on Qualcomm's list) as a live "will-call" witness in place of currently listed witness Gary Brown; and (3) to withdraw the VIA Telecom witness from Qualcomm's will-call witness list.

Plaintiff ParkerVision, Inc. does not oppose any of Qualcomm's requested amendments.

## II. FACTUAL BACKGROUND

At the December 4, 2024 status conference, the Court instructed the parties to limit their witness lists to those witnesses whom the parties "will call" at trial. 12/04/24 Hr'g Tr. 3:12–4:17, ECF No. 734. The parties complied with the Court's instructions on December 18, 2024, with Qualcomm submitting an amended witness list of 11 available will-call live witnesses. ECF No. 742-1.

At the time it submitted its amended witness list, Qualcomm did not include certain witnesses (including Prashant Kantak and Rob Gilmore) who were on its original witness list but were third parties outside the Court's trial subpoena range and had indicated they were not available for trial. Since December 2024, however, Qualcomm has learned that Mr. Kantak and Mr. Gilmore are now willing and expect to be available to testify live at trial. ParkerVision does not object to Qualcomm calling Mr. Kantak or Mr. Gilmore live, and Mr. Kantak is listed on ParkerVision's own will-call witness list.

In an effort to streamline the presentation of evidence, Qualcomm has also continued to assess what testimony will be necessary at trial. In doing so, Qualcomm has determined that it does not need Mr. Brown to testify and, therefore, can remove him from its will-call witness list. ParkerVision does not oppose Qualcomm's removal of Mr. Brown.  Likewise, Qualcomm has determined that it does not need to a call a witness from VIA Telecom and can remove VIA Telecom from its will-call witness list.  ParkerVision also does not oppose this adjustment.

### III.   ARGUMENT

Because no trial date or final pretrial conference has been scheduled yet, the Court should exercise its discretion to grant Qualcomm's requested amendments to its witness list, which would facilitate the presentation of live evidence at trial. Mr. Kantak and Mr. Gilmore were both timely disclosed as

witnesses pursuant to the Federal Rules of Civil Procedure, the Local Civil Rules, and the Court's Amended Case Management and Scheduling Order; and ParkerVision does not oppose either of Qualcomm's proposed amendments.

Qualcomm's requested amendments are supported by good cause. *See Jarema v. United States*, No. 8:19-CV-197-T-24CPT, 2020 WL 10692986, at *1-2 (M.D. Fla. July 7, 2020) (finding good cause for party to amend witness list after assessing "(1) the importance of the testimony; (2) the reason for the [party's] failure to disclose the witness earlier; and (3) the prejudice to the opposing party"). Mr. Kantak—whom *both* parties are currently planning to call by deposition—is now available to testify live. Mr. Kantak's testimony would relate to the parties' interactions and communications during the 1998–99 period when Qualcomm was assessing the risks and possible benefits of licensing ParkerVision's then-existing technology.[1] Mr. Gilmore is also now available to offer his live testimony at trial. He has relevant, non-cumulative personal knowledge of the parties' early interactions, as well as knowledge of Qualcomm's development of the accused technology. Having Mr.

---

[1] As Qualcomm indicated in its updated December 2024 witness list, if the Court grants Qualcomm's MIL #1 on this topic (ECF No. 621, at 1–9), Mr. Kantak's testimony would not be necessary. But absent such a ruling, his testimony will be highly relevant.

Kantak and Mr. Gilmore appear live as witnesses at trial would improve the presentation of evidence to the jury.

There is no prejudice to ParkerVision in having Mr. Kantak and Mr. Gilmore testify live. Both witnesses were timely disclosed by Qualcomm during discovery and in the parties' prior Joint Pre-Trial Statement, ECF No. 612-7, and ParkerVision does not oppose Qualcomm's request. Moreover, because Mr. Gilmore will be replacing Mr. Brown as a live witness, the total number of witnesses at trial will remain unchanged, requiring no additional trial time. There is also no prejudice to removing VIA Telecom from Qualcomm's witness list, as ParkerVision does not oppose the change.

In sum, because Qualcomm's requested amendments are unopposed and supported by good cause, the Court should exercise its discretion to permit Qualcomm's amendments to its will-call trial witness list.

## IV. CONCLUSION

For all the foregoing reasons, Qualcomm respectfully requests the Court permit Qualcomm to amend its witness list to (1) move Prashant Kantak from a will-call by deposition witness to a will-call live witness; (2) replace Gary Brown with Rob Gilmore as a will-call live witness; and (3) withdraw VIA Telecom from Qualcomm's witness list.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), the parties conferred by email between May 1 and 30, 2025 on the substance of Qualcomm's motion for leave to amend its witness list. ParkerVision indicated that it does not oppose any of Qualcomm's proposed amendments.

Respectfully submitted,

Dated:  May 30, 2025       KEKER, VAN NEST & PETERS LLP

By:  */s/ Robert A. Van Nest*
Robert A. Van Nest (special admission)
Matthew M. Werdegar (special admission)
Sophie Hood (special admission)
Anjali Srinivasan (special admission)
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile:  (415) 397-7188
rvannest@keker.com
mwerdegar@keker.com
shood@keker.com
asrinivasan@keker.com

**CARLTON FIELDS, P.A.**
Daniel C. Johnson
Florida Bar No.  522880
200 S. Orange Ave.
Suite 1000
Orlando, FL 32801
Telephone: (407) 849-0300
Facsimile:  (407) 648-9099
djohnson@carltonfields.com

**COOLEY LLP**
Matthew Brigham (admitted pro hac vice)
Dena Chen (admitted pro hac vice)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone: (650) 843-5000

Facsimile: (650) 843-7400
Dchen@cooley.com
Mbrigham@cooley.com

**COOLEY LLP**
Eamonn Gardner (pro hac vice)
1144 15th Street, Suite 2300
Denver, CO 80202-2686
Telephone: (720) 566-4000
Facsimile: (720) 566-4099
Egardner@cooley.com

Attorneys for Defendants QUALCOMM INCORPORATED and QUALCOMM ATHEROS, INC.

## CERTIFICATE OF SERVICE

I certify that on May 30, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM / ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM / ECF" participants: none.

*/s/ Robert A. Van Nest*
Robert A. Van Nest
