# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| PARKERVISION, INC., <br><br> Plaintiff, <br><br> v. <br><br> QUALCOMM INCORPORATED and QUALCOMM ATHEROS, INC., <br><br> Defendants. | Case No. 6:14-cv-687-PGB-LHP |

## QUALCOMM'S UNOPPOSED MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT AND DISMISSAL WITHOUT PREJUDICE OF INVALIDITY COUNTERCLAIMS

## I.   INTRODUCTION

Defendants Qualcomm Incorporated and Qualcomm Atheros, Inc. (collectively, "Qualcomm") respectfully move for (1) entry of partial summary judgment of noninfringement of claims 1 and 10 of U.S. Patent 7,218,907 (the "'907 Patent") and claims 24 and 331 of U.S. Patent 6,091,940 (the "'940 Patent") (collectively, the "Receiver Claims") pursuant to Federal Rule of Civil Procedure 56(a) and (2) dismissal without prejudice, subject to renewal in the event of a reversal or remand, of Qualcomm's 2nd Counterclaim for Invalidity as it pertains to claims 24 and 331 of the '940 Patent and Qualcomm's 16th Counterclaim for Invalidity of the '907 Patent.

## II. LEGAL STANDARD

Courts must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The same standard applies to unopposed motions for summary judgment. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). The absence of a genuine dispute of material fact may be shown through "stipulations (including those made for purposes of the motion only)." Fed. R. Civ. P. 56(c)(1)(A).

## III. ARGUMENT

Partial summary judgment of noninfringement of the Receiver Claims is warranted. The parties have entered into a joint stipulation agreeing that, for purposes of this motion, there is no material factual dispute that the Accused Products do not infringe the Receiver Claims as construed by the Court in the Court's May 29, 2025, claim construction order (Dkt. No. 804). *See* Ex. A. That stipulation satisfies the requirements of Rule 56 and supports entry of partial summary judgment in favor of Qualcomm as to ParkerVision's claims regarding infringement of the Receiver Claims and as to Qualcomm's corresponding counterclaims of noninfringement of those claims. *See* Fed. R. Civ. P. 56(c)(1)(A); *Groove Digit., Inc. v. United Bank*, 825 F. App'x 852, 853 (Fed. Cir. 2020) (affirming summary judgment based upon joint stipulation of noninfringement).

2989539

Partial summary judgment of noninfringement of the Receiver Claims, if granted by the Court, will make adjudication of Qualcomm's counterclaims for invalidity of the Receiver Claims unnecessary. Accordingly, subject to the Court granting summary judgment of noninfringement, and subject to the counterclaims being automatically renewed in the event of any reversal or remand order impacting the Receiver Claims, Qualcomm also seeks dismissal without prejudice of its counterclaims for invalidity of the Receiver Claims. *See Nystrom v. TREX Co., Inc.*, 339 F.3d 1347, 1351 & n.* (Fed. Cir. 2003) (court may "dismiss[ ]… counterclaim without prejudice (either with or without a finding that the counterclaim was moot) following the grant of summary judgment of non-infringement").

For the avoidance of any doubt, this unopposed motion addresses all of the remaining asserted receiver claims in the case, but it does not address ParkerVision's claims or Qualcomm's counterclaims as to the remaining asserted transmitter claims, asserted claims 25, 26, 368, and 369 of the '940 Patent (collectively, the "Transmitter Claims"). Also, for the avoidance of any doubt, this motion seeks only partial summary judgment on noninfringement under Rule 56(a) and does not seek entry of final judgment under Rule 54(b). To the extent ParkerVision wishes to seek entry of a final judgment under Rule 54(b) with respect to the Court's ruling on this motion, it may do so by

filing a separate motion. Qualcomm reserves all rights to oppose any such request.

## IV. CONCLUSION

For the foregoing reasons, Qualcomm respectfully requests that the Court grant this unopposed motion and enter (1) an order of partial summary judgment in Qualcomm's favor of noninfringement of the Receiver Claims and (2) an order dismissing without prejudice, subject to renewal in the event of a reversal or remand, of Qualcomm's counterclaims for invalidity of the Receiver Claims.

### Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), the parties met and conferred on June 20, 2025, and conferred by email between June 12 and 24, 2025, regarding the substance of Qualcomm's motion for partial summary judgment and the joint stipulation of noninfringement. ParkerVision does not oppose the motion or the requested relief.

Dated: June 25, 2025

        Respectfully Submitted,

        **KEKER, VAN NEST & PETERS LLP**
        *By: /s/ Robert A. Van Nest*
        Robert A. Van Nest (special admission)
        Matthew M. Werdegar (special admission)

2989539

Sophie Hood (special admission)
Anjali Srinivasan (special admission)
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile:  415 397 7188
rvannest@keker.com
mwerdegar@keker.com
shood@keker.com
asrinivasan@keker.com

**CARLTON FIELDS, P.A.**
Daniel C. Johnson
Florida Bar No.  522880
200 S. Orange Ave.
Suite 1000
Orlando, FL 32801
Telephone: (407) 849-0300
Facsimile:  (407) 648-9099
djohnson@carltonfields.com

**COOLEY LLP**
Matthew Brigham (admitted pro hac vice)
Dena Chen (admitted pro hac vice)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone: (650) 843-5000
Facsimile:  (650) 843-7400
Dchen@cooley.com
Mbrigham@cooley.com

**COOLEY LLP**
Eamonn Gardner (pro hac vice)
1144 15th Street, Suite 2300
Denver, CO 80202-2686
Telephone: (720) 566-4000
Facsimile:  (720) 566-4099
Egardner@cooley.com

Attorneys for Defendants QUALCOMM INCORPORATED and QUALCOMM ATHEROS, INC.

2989539

## CERTIFICATE OF SERVICE

I certify that on June 25, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM / ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM / ECF participants: none.

*/s/ Robert A. Van Nest*
Robert A. Van Nest

2989539