# IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF FLORIDA

## ORLANDO DIVISION

| | |
|---|---|
| PARKERVISION, INC., | |
| Plaintiff, | |
| v. | Case No. 6:14-cv-00687-PGB-LHP |
| QUALCOMM INCORPORATED, and QUALCOMM ATHEROS, INC., | |
| Defendants. | |

### PARKERVISION'S MOTION TO:

1. **ENTER STIPULATED FINAL JUDGMENT OF NONINFRINGEMENT OF THE RECEIVER CLAIMS UNDER RULE 54(b); AND**

2. **SEVER AND STAY THE REMAINING CLAIMS PENDING APPEAL OF THE COURT'S CLAIM-CONSTRUCTION ORDER (DKT. 804).**

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ................................................................................. 1

II.    BACKGROUND................................................................................... 4

    A.    The Court's 2025 Claim-Construction Order ..................................... 4

    B.    The Parties' Noninfringement Stipulation .......................................... 4

III.   DISCUSSION ..................................................................................... 4

    A.    The Court should enter a Rule 54(b) final judgment of
       noninfringement of the Receiver Claims............................................ 4

         1.   There are multiple claims for relief pending. ............................. 5

         2.   The 2025 Claim-Construction Order and the parties'
            Stipulation finally decided the infringement of the Receiver
            Claims................................................................................... 6

         3.   There is no just reason to delay directing final judgment on
            ParkerVision's Receiver Claims.................................................. 8

    B.    The Court should stay the rest of the case pending ParkerVision's
       appeal of the Court's 2025 Claim-Construction Order.........................11

         1.   A stay would not prejudice Qualcomm.....................................13

         2.   ParkerVision will endure substantial hardship if the
            remaining claims are not stayed. ..............................................13

         3.   A stay would simplify the case. ...............................................14

IV.    CONCLUSION ..................................................................................14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Askan v. FARO Technologies, Inc.*,
    Case No. 6-23-cv-00920, Dkt. 55 (M.D. Fla. July 24, 2023) (Byron, J.) .............12

*Clinton v. Jones*,
    520 U.S. 681 (1997) ....................................................................................11

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
    446 U.S. 1 (1980) .........................................................................................8

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ....................................................................................12

*Lava Trading, Inc. v. Sonic Trading Management, LLC*,
    445 F.3d 1348 (Fed. Cir. 2006) ....................................................................6

*ParkerVision v. Qualcomm*,
    903 F.3d 1354 (Fed. Cir. 2018) ..................................................................10

*ParkerVision, Inc. v. Qualcomm Inc.*,
    621 F. App'x 1009 (Fed. Cir. 2015) ............................................................10

*PayRange, Inc. v. KioSoft Techs., LLC*,
    No. 1:20-CV-20970, 2023 WL 6115234 (S.D. Fla. July 31, 2023) .....................10

*Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc.*,
    836 F. App'x 895 (Fed. Cir. 2020) ............................................................5, 8

*United Techs. Corp. v. Heico*,
    60 F. Supp. 2d 1306 (S.D. Fla. 1999) ..........................................................11

*United Techs. Corp. v. Mazer*,
    No. 05-80980-CIV, 2006 WL 8433630 (S.D. Fla. Sept. 13, 2006), *aff'd*, 556
    F.3d 1260 (11th Cir. 2009) .........................................................................10

*W.L. Gore & Assoc., Inc. v. Int'l Med. Prosthetics Rsch. Assoc., Inc.*,
    975 F.2d 858 (Fed. Cir. 1992) ...............................................................6, 7, 8

OTHER AUTHORITIES

Federal Rule of Civil Procedure 54(b) .......................................................... passim

U.S. Patent 6,091,940 ........................................................................................ 1, 10

U.S. Patent 7,218,907 ............................................................................................ 1

## I.      INTRODUCTION

ParkerVision moves the Court to enter final judgment of noninfringement on the Receiver Claims asserted against Qualcomm under Federal Rule of Civil Procedure 54(b).[1] This request follows the Court's May 29, 2025 Claim-Construction Order (Dkt. 804) (the "2025 Claim-Construction Order"), Qualcomm's Unopposed Motion For Partial Summary Judgment (Dkt. 809), and the parties' June 25th Stipulation to Noninfringement of the Receiver Claims (Dkt.  809-1) (the "Stipulation"). ParkerVision further requests that the Court stay all remaining claims pending ParkerVision's appeal of the Court's 2025 Claim-Construction Order to avoid duplicative trials involving overlapping witnesses and to promote judicial economy.

This case stands at an important crossroads, where the Court is asked to consider whether to proceed with summary judgment and trial limited to the Transmitter Claims[2] or to enter a Rule 54(b) judgment and stay the Transmitter Claims, thereby permitting an immediate appeal of the 2025 Claim-Construction Order. ParkerVision does not seek to relitigate the 2025 Claim-Construction Order here, nor does it intend to diminish the Court's analysis. At the same time, the Federal Circuit's prior actions and statements suggest that it may interpret the claims differently than the Court did in the 2025 Claim-Construction Order—and, if it does, the parties will be faced with the prospect of a second trial on the Receiver Claims. For

---

[1] The "Receiver Claims" are U.S. Patent 6,091,940 claims 1 and 10 and U.S. Patent 7,218,907 claims 24 and 331.

[2] The "Transmitter Claims" are US Patent 6,091,940 claims 25, 26, 368, and 369.

example, had the Federal Circuit previously understood the claims to include a generating limitation, it likely would have applied issue preclusion and affirmed summary judgment. These points are raised not as criticisms, but to underscore that the 2025 Claim-Construction Order ruling is, at a minimum, subject to reasonable disagreement, and that there is a material chance of reversal on appeal.

Given the real possibility that the Federal Circuit may reverse the 2025 Claim-Construction Order, ParkerVision believes that proceeding with a transmitter-only trial would not serve the interests of efficiency or finality. Such a trial would entail nearly all the costs and burdens of a full trial, would involve many of the same fact and expert witnesses, but would address only some of the claims at issue.[3] Although there may be some reduction in the scope and duration of expert testimony, all the same experts are likely to be called to testify, and the overall scope, duration, and complexity of the trial would remain largely unchanged.[4] Then, depending on how the case and subsequent appeal progress, there may be a second trial on the Receiver Claims, which would involve the same fact and expert witnesses.

ParkerVision submits that granting Rule 54(b) judgement and a stay would not

---

[3] In a transmitter-only trial, ParkerVision anticipates calling each of the same fact and expert witnesses in its disclosure of likely trial witnesses provided before the 2025 Claim-Construction Order. Dkt. 741-1.

[4] ParkerVision and Qualcomm each have a single technical expert to address infringement and validity of the Receiver and Transmitter Claims. ParkerVision and Qualcomm each also have a single economic expert to address damages issues related to the Receiver and Transmitter Claims. These four expert witnesses would still need to be called in a transmitter-only case, but the scope of their testimony would not include receiver-only related issues.

prejudice any party. The only potential consequence would be further delay in trying the transmitter claims—which is necessarily more prejudicial to ParkerVision than to Qualcomm.[5] However, in the context of a case that has already spanned more than a decade, some additional delay is a reasonable tradeoff for the opportunity to achieve a comprehensive and final resolution of all claims, and to avoid the potential for multiple trials involving overlapping witnesses. ParkerVision is prepared to request that the Federal Circuit expedite the appeal, with the goal of minimizing any delay.

The practical alternatives are clear: a transmitter-only trial at a time set by the Court (either later this year or early next year), potentially followed by a second trial at some future date if the 2025 Claim-Construction Order is reversed on appeal after the transmitter-only trial, or an immediate appeal now and a single, final trial most likely in 2027 (depending on whether the Federal Circuit agrees to expedite the appeal). The short-term delay associated with an immediate appeal is far outweighed by the potential to avoid years of additional litigation, the prospect of multiple trials, and the burdens of presenting the same witnesses in multiple trials. Even if the appeal proposed here is unsuccessful, a decision from the Federal Circuit would bring finality to a significant part of the case and could facilitate a complete resolution.

At bottom, the material chance of reversal, the inefficiency of a transmitter-only trial followed by the possibility of a second receiver-only trial, and the practical benefits

---

[5] All the patents-in-suit have expired, so Qualcomm will not accrue any additional potential damages during the stay and appeal proposed here.

of a Rule 54(b) judgment and stay all support allowing an immediate appeal of the 2025 Claim-Construction Order. ParkerVision believes this approach best serves the interests of judicial economy, fairness, and the parties' shared interest in a final resolution.

## II.    BACKGROUND

### A.    The Court's 2025 Claim-Construction Order

On May 29, 2025, the Court issued an Order construing key terms in the Receiver Claims, including "whereby the energy provided to the load forms a down-converted signal" and "a storage device storing energy from said UFT module." *See* Dkt. 804. The Court adopted constructions requiring that the energy provided to the load "generates" a down-converted signal and that the storage device "uses that energy to generate a down-converted signal." *Id*. These constructions preclude infringement of the Receiver Claims, for much the same reason that non-infringement was found at JMOL and on appeal in *ParkerVision I*. *See* Dkt. 809-1 (Stipulation) at 2.

### B.    The Parties' Noninfringement Stipulation

Following the Court's 2025 Claim-Construction Order, ParkerVision and Qualcomm stipulated that, under the Court's constructions, the accused Qualcomm products do not infringe the asserted Receiver Claims. *See id*. This stipulation leaves no dispute about the Receiver Claims and paves the way for final judgment.

## III.    DISCUSSION

### A.    The Court should enter a Rule 54(b) final judgment of noninfringement of the Receiver Claims.

"For Rule 54(b) to apply, three prerequisites must be met: '(1) multiple claims for relief or multiple parties must be involved; (2) at least one claim or the rights and liabilities of at least one party must be finally decided; and (3) the district court must find that there is no just reason for delaying an appeal.'" *Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc.*, 836 F. App'x 895, 897 (Fed. Cir. 2020) (quoting *Alfred E. Mann Found. for Sci. Rsch. v. Cochlear Corp.*, 841 F.3d 1334, 1347 (Fed. Cir. 2016)).

The prerequisites for a Rule 54(b) judgment are satisfied here. First, this case involves multiple claims for relief. ParkerVision asserts several counts of patent infringement against Qualcomm, and Qualcomm responds with corresponding counterclaims. Counts concerning the Receiver Claims have been resolved by the Court's 2025 Claim-Construction Order and the parties' Stipulation, while the rest related to the Transmitter Claims remain pending. Second, the Court's 2025 Claim-Construction Order and the parties' Stipulation of Noninfringement have fully and finally adjudicated infringement for the Receiver Claims, leaving no disputes as to those claims and satisfying the finality requirement for a Rule 54(b) judgment. Third, there is no just reason to delay entry of final judgment on the Receiver Claims under Rule 54(b), as the remaining claims related to the Transmitter Claims are distinct, judicial efficiency will be served, and the equities favor prompt appellate review, which could potentially resolve or moot further litigation on related counterclaims.

### 1. There are multiple claims for relief pending.

This case satisfies the first prerequisite for the application of Rule 54(b) because it involves multiple claims. ParkerVision has asserted numerous counts of patent

infringement against Qualcomm. In response, Qualcomm has asserted corresponding
counterclaims of invalidity and noninfringement for each of the asserted claims. *See*
Dkt. 26 (PV Complaint) at ¶¶42-58, 378-394; Dkt. 75 (QC Answer) at 63, 66. The
Court's 2025 Claim-Construction Order disposes of all counts pertaining to the
Receiver Claims, as the parties' Stipulation confirms. But, ParkerVision's claims
relating to the infringement of the Transmitter Claims, as well as Qualcomm's
associated counterclaims, remain pending.

> ### 2.    The 2025 Claim-Construction Order and the parties' Stipulation finally decided the infringement of the Receiver Claims.

"In order for Rule 54(b) to apply, the judgment must be final with respect to one
or more claims. A judgment is not final for Rule 54(b) purposes unless it is 'an ultimate
disposition of an individual claim entered in the course of a multiple claims action.'"
*W.L. Gore & Assoc., Inc. v. Int'l Med. Prosthetics Rsch. Assoc., Inc.*, 975 F.2d 858, 861-62
(Fed. Cir. 1992) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)); *see
also id*. at 863 ("a district court's judgment is final where it 'ends the litigation on the
merits and leaves nothing for the court to do but execute the judgment'") (quoting
*Catlin v. United States*, 324 U.S. 229, 233 (1945)). Here, the Court's 2025 Claim-
Construction Order and the Stipulation end litigation on the merits for ParkerVision's
infringement claims and Qualcomm's counterclaims for the Receiver Claims. Thus,
this case satisfies the second prerequisite for a Rule 54(b) judgment. *See Lava Trading,
Inc. v. Sonic Trading Management, LLC,* 445 F.3d 1348, 1350–51 (Fed. Cir. 2006)
(finding that the court had jurisdiction over appeal from a stipulation of

noninfringement where district court entered a Rule 54(b) judgment for the infringement issues, even though accused infringer's counterclaims of invalidity and unenforceability remained pending).

The Federal Circuit's decision in *Gore* is informative. There, the district court entered judgment against the patentee, finding the accused infringer did not infringe the patent, the patent was invalid, and the patentee was subject to laches. *Gore*, 975 F.2d at 860. The accused infringer had also asserted a defense of patent misuse and a multi-count antitrust counterclaim, but those had not been tried at the time the court entered a final judgment under Rule 54(b). *Id.* The Federal Circuit rejected the accused infringer's argument against using Rule 54(b). It held that "because the infringement claim and several dispositive defenses were ruled upon, the district court's judgment was final" as to the patent infringement claim. *Id.* at 863. "Rule 54(b) certification is proper because the infringement claim was finally adjudicated and there is more than one claim for relief." *Id.* at 864.

As was true in *Gore,* a similar situation exists here with respect to the Receiver Claims. The Court's 2025 Claim-Construction Order provided a definitive interpretation of the relevant claim terms. *See* Dkt. 804 (2025 Claim-Construction Order); Section II.A, *supra*. Following that Order, the parties stipulated to noninfringement, agreeing that, under the Court's constructions, the accused products do not infringe the Receiver Claims. *See* Dkt. 809 (QC Unopposed Motion for Partial Summary Judgment); Dkt. 809-1 (Stipulation) at 2. This stipulation, in combination with the Court's claim constructions, conclusively resolved the issue of infringement

for the Receiver Claims—there are no remaining factual or legal disputes as to whether
there is infringement of the Receiver Claims.

### 3. There is no just reason to delay directing final judgment on ParkerVision's Receiver Claims.

To direct entry of final judgment under Rule 54(b), "the court must make an
express determination that there is no just reason for delay." *Curtiss-Wright Corp. v. Gen.
Elec. Co.*, 446 U.S. 1, 3 (1980). Determining whether there is no just reason to delay
the entry of a final judgment as to those claims is a matter of the Court's discretion.
*Gore*, 975 F.2d at 862; *see also Curtiss-Wright*, 446 U.S. at 8 ("It is left to the sound
judicial discretion of the district court to determine the 'appropriate time' when each
final decision in a multiple claims action is ready for appeal. This discretion is to be
exercised 'in the interest of sound judicial administration.'" (internal citations
omitted)); *Super-Sparkly*, 836 F. App'x at 897 (Federal Circuit "review[s] finality de
novo" but "review[s] the district court's determination that there is no just reason for
delay for abuse of discretion"). "[T]he task of weighing and balancing the contending
factors is peculiarly one for the trial judge, who can explore all the facets of a case."
*Curtiss-Wright*, 446 U.S. at 12. "[I]n deciding whether there are no just reasons to delay
the appeal of individual final judgments … a district court must take into account
judicial administrative interests as well as the equities involved." *Id.* at 8.

Here, judicial administrative interests favor entering a Rule 54(b) judgment. If
ParkerVision were required to await a trial on the remaining claims before appealing
the 2025 Claim-Construction Order on the Receiver Claims, a successful appeal by

ParkerVision would necessarily mean a *second trial* involving overlapping fact and expert witnesses as explained above. And even if ParkerVision does not prevail on its appeal of the 2025 Claim-Construction Order, then—following that unsuccessful appeal—the scope of any post-appeal trial would be the same as now (limited to the Transmitter Claims). In contrast, if ParkerVision can appeal the 2025 Claim-Construction Order now, then the Court could hold just *one trial* after the appeal concludes, no matter the appeal's outcome. The scope of that post-appeal trial would either include both the Transmitter and Receiver Claims (assuming the appeal is successful) or would be limited to the Transmitter Claims (if the appeal is not successful). Importantly however, there would be only one trial, which would prevent the waste of the Court's and the parties' time and resources in having to potentially try this case twice. Requiring the parties and the Court to undergo the burden of duplicative trials involving overlapping fact and expert witnesses would not only waste judicial resources but would also undermine the efficient administration of justice. Given the complexity and duration of this litigation, as well as the limited time allotted for trial, it is far more prudent to resolve all outstanding issues in one trial.

Further, there is substantial overlap between the anticipated witnesses for the Receiver Claims and the claims and counterclaims that remain pending for the Transmitter Claims. For example, if the case were tried twice, each of ParkerVision's anticipated fact and expert witnesses—including its CEO Jeff Parker, the lead inventor David Sorrells, and Greg Rawlins—would be required to testify at both trials, together with ParkerVision's economic expert John Bone and ParkerVision's technical expert

(either Dr. Steer or Dr. Ricketts depending on the Court's ruling on the pending motion to substitute (Dkt. 775)), resulting in duplicative testimony and increased burden on these individuals. *See* Dkt. 741-1 (ParkerVision's Amended Witness List). Similarly, Qualcomm's likely trial witnesses, including Dr. Behzad Razavi (its technical expert), Carla Mulhern (its economic expert), and Qualcomm engineers including Charles Persico, Kama Sahota, and Jim Jaffee would also likely need to testify at both trials. *See* Dkt. 742-1 (Qualcomm's Amended Witness List). "Thus, if the Federal Circuit were to remand, many of the same witnesses could be required to testify in two separate jury trials. Accordingly, judicial efficiency also weighs in favor of certification." *PayRange, Inc. v. KioSoft Techs., LLC*, No. 1:20-CV-20970, 2023 WL 6115234, at *4 (S.D. Fla. July 31, 2023); *see also United Techs. Corp. v. Mazer*, No. 05-80980-CIV, 2006 WL 8433630, at *1 (S.D. Fla. Sept. 13, 2006), *aff'd*, 556 F.3d 1260 (11th Cir. 2009) (taking into account how, if reversed, "[t]he same evidence and witnesses covered during the first trial against [a defendant] will substantially have to be repeated a second time during the [second] trial").

Finally, the equitable interests also favor entering a Rule 54(b) judgment. This case has been pending for more than ten years, has already been the subject of an appeal, and stems from a separate, earlier trial and appeal. *See ParkerVision, Inc. v. Qualcomm Inc.*, 621 F. App'x 1009 (Fed. Cir. 2015).[6] The protracted history and

---

[6] There is also a third related appeal affirming the validity of the asserted '940 Patent claims. *ParkerVision v. Qualcomm*, 903 F.3d 1354 (Fed. Cir. 2018)

complexity of this case weigh heavily in favor of finding no just reason to delay resolution. The equitable interests of the parties and the judicial system are best served by moving forward without further delay, particularly where the case has already consumed significant judicial resources, involved extensive discovery, and generated substantial costs for both sides. *See United Techs. Corp. v. Heico*, 60 F. Supp. 2d 1306, 1308–09 (S.D. Fla. 1999) ("[I]n considering equitable interests, the Court is not blind to the fact that this case, filed ten years ago in front of another judge, has taken an exceedingly long journey to its present pared down state."). The lengthy and complex journey of this litigation, much like the circumstances described in *United Technologies*, supports the conclusion that there is no just reason for delay.

Considerations of judicial economy and the equities demonstrate that there is "no just reason to delay" and that Rule 54(b) should apply in this case. Entering final judgment under Rule 54(b)—letting ParkerVision appeal the 2025 Claim-Construction Order now—is the most efficient way to proceed for both the Court and the parties.

**B.    The Court should stay the rest of the case pending ParkerVision's appeal of the Court's 2025 Claim-Construction Order.**

If the Court enters judgment under Rule 54(b) for the Receiver Claims, the Court should stay the remaining Transmitter Claims pending ParkerVision's appeal of the Court's 2025 Claim-Construction Order. District courts have broad discretion to stay cases. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether a stay is appropriate, the court should consider factors such as whether the stay would unduly prejudice the nonmoving party, whether hardship or inequity would result to the moving party absent the stay, whether the stay would simplify or resolve the case, and the stage of the case at which the stay is requested. *Askan v. FARO Technologies, Inc.*, Case No. 6-23-cv-00920, Dkt. 55 at 2 (M.D. Fla. July 24, 2023) (Byron, J.). The Court should weigh whether granting a stay would further judicial economy and minimize needless time and effort expended by the litigants. *Id.*

Here, Qualcomm will not be prejudiced by a stay, as it has already informed ParkerVision that it did not want to try this case until 2026 at the earliest and damages will not accrue during the stay (since the patents-in-suit are expired). In contrast, ParkerVision would face significant hardship if the remaining claims are not stayed, including the risk of duplicative trials, inconsistent verdicts, the personal burden on witnesses who have to testify at multiple trials, and the economic burden of conducting multiple trials. Needless to say, ParkerVision is not a multi-billion dollar company and lacks Qualcomm's vast economic resources—meaning the burden of multiple trials weighs much more heavily on ParkerVision than Qualcomm.[7] Granting a stay would simplify the case, promote judicial efficiency, and minimize the risk of duplicative trials by allowing any appeal of the 2025 Claim Construction Order to be resolved

---

[7] Qualcomm reported over $30 Billion of revenue in 2024. *See* Qualcomm Inc., Annual Report (Form 10-K) (Nov. 6, 2024), https://d18rn0p25nwr6d.cloudfront.net/CIK-0000804328/fd08c4f6-61ba-4a6a-a339-0e3b522ed739.pdf.

before further trial activity occurs.

### 1.    A stay would not prejudice Qualcomm.

Qualcomm cannot credibly claim that a stay would cause it prejudice, as it has repeatedly indicated that it is in no rush to go to trial. For instance, Qualcomm has told ParkerVision that it did not believe it could be trial ready before March of 2026. *See* Ex. 1 (Qualcomm's Position in the Draft Motion for Scheduling Conference) ("Qualcomm respectfully suggests March 2026"). And aside from any delay, Qualcomm would suffer no prejudice from a stay—each of the patents-in-suit has expired, meaning that no additional damages liability will accrue during the stay. Qualcomm would instead benefit in the same ways as ParkerVision. A stay would relieve Qualcomm of presenting its witnesses at two separate trials, thus avoiding unnecessary duplication and burden. Granting a stay would also promote a complete and orderly resolution of this protracted litigation, rather than prolonging the process further with a potential second trial.

### 2.    ParkerVision will endure substantial hardship if the remaining claims are not stayed.

ParkerVision would face significant hardship if forced to go to trial on the rest of the case while it appeals the Court's 2025 Claim-Construction Order. Parallel trial and appellate proceedings would ensure the burden of two trials if ParkerVision is successful in its claim-construction appeal. And two trials would create inefficiencies, risk inconsistent verdicts, and increase burdens on all involved, including witnesses and the Court. Further, ParkerVision's technical expert is currently undergoing cancer

treatment, and a stay would let him focus on his health while letting the Court decide ParkerVision's substitution later. *See* Dkt. 770 (Motion For Reconsideration). A stay would also promote judicial economy and fairness—ensuring that both sides can fully present their case just once.

### 3.    A stay would simplify the case.

Here, severing and staying the remaining claims pending appeal of the Receiver Claims will prevent the parties and the Court from engaging in potentially wasteful pretrial and trial proceedings multiple times. If a stay is not granted and the case goes to trial, a later Federal Circuit reversal of the 2025 Claim-Construction Order would necessitate a new trial on the Receiver Claims, resulting in duplicative trials.

## IV.    CONCLUSION

ParkerVision asks the Court to enter final judgment of noninfringement on its Receiver Claims against Qualcomm under Rule 54(b), based on the 2025 Claim-Construction Order and the parties' Stipulation. ParkerVision also requests that all other claims be severed and stayed pending appeal to avoid duplicative trials.

Dated: June 25, 2025

Respectfully Submitted,

Allen, Dyer, Doppelt, & Gilchrist, PA
By: /s/ Ava K. Doppelt
Ava K. Doppelt
Fla. Bar No. 393738
255 S. Orange Ave – Ste. 1401
Orlando, FL 320801
Telephone: (407) 841-2330
Facsimile: (407) 481-2343
adoppelt@allendyer.com


McKool Smith, P.C.
By: /s/ Joshua W. Budwin
Joshua W. Budwin
Texas State Bar No. 24050347
John B. Campbell, Jr. (*pro hac vice*)
Texas State Bar No. 24036314
R. Mitch Verboncoeur (*pro hac vice*)
Texas State Bar No. 24105732
Matt Cameron (*pro hac vice*)
Texas State Bar No 240997451
303 Colorado Street, Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Facsimile: (512) 592-8744
jbudwin@McKoolSmith.com
jcampbell@McKoolSmith.com
mverboncoeur@McKoolSmith.com
mcameron@McKoolSmith.com

Kevin L. Burgess (*pro hac vice*)
Texas State Bar No. 24006927
Jennifer Truelove (*pro hac vice*)
Texas State Bar No. 24012906
104 East Houston Street, Suite 300

Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099
kburgess@McKoolSmith.com
jtruelove@McKoolSmith.com

Ayana M. Rivers (*pro hac vice*)
New York State Bar No. 2956209
1301 Avenue of the Americas,
32ndFloor
New York, NY 10019
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
arivers@McKoolSmith.com


Attorneys for Plaintiff ParkerVision,
Inc.

**CERTIFICATE OF SERVICE**

I certify that on June 25, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none.

/s/ Ava K. Doppelt
Ava K. Doppelt


**RULE 3.01(g) CERTIFICATION**


The undersigned certifies that counsel for ParkerVision conferred with counsel for Qualcomm via zoom on June 20, 2025. Counsel for ParkerVision requested Qualcomm's position on filing this motion.  Qualcomm indicated it opposes the motion.

/s/ Joshua W. Budwin
Joshua W. Budwin