UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| PARKERVISION, INC., <br><br> Plaintiff, <br><br> v. <br><br> QUALCOMM INCORPORATED and QUALCOMM ATHEROS, INC., <br><br> Defendants. | Case No. 6:14-cv-687-PGB-LHP |

**QUALCOMM'S NOTICE OF INTENT TO OPPOSE PARKERVISION'S MOTION FOR ENTRY OF FINAL JUDGMENT UNDER RULE 54(B) AND FOR A STAY (DKT. NO. 811)**

Defendants Qualcomm Incorporated and Qualcomm Atheros, Inc. (collectively, "Qualcomm"), through undersigned counsel, respectfully submit this notice out of an abundance of caution and to advise the Court that Qualcomm intends to oppose Plaintiff ParkerVision, Inc.'s motion for entry of final judgment of noninfringement under Federal Rule of Civil Procedure 54(b) and for a stay (Dkt. No. 811[1]; "ParkerVision's motion").

Although ParkerVision's motion purports to seek entry of a "Stipulated Final Judgment of Noninfringement of the Receiver Claims under Rule

---

[1] ParkerVision originally filed its motion under the ECF event code for stipulations. Dkt. No. 810. Upon being notified by Qualcomm of its error, PakerVision refiled its motion under the motion for miscellaneous relief event code. Dkt. No. 811. Thereafter, the Court struck ParkerVision's original filing as duplicative. *See* Dkt. No. 812.

1

54(b)," there is no stipulated final judgment, and Qualcomm *opposes* the entry of any final judgment under Rule 54(b). *See* Dtk. No. 809 at 3; Dkt. No. 811 at Rule 3.01(g) Certification. The parties have only stipulated to noninfringement of certain asserted claims (the Receiver Claims) and to entry of partial summary judgment under Rule 56(a). *See* Dkt. Nos. 809, 809-1. Qualcomm asked ParkerVision to amend the title of its motion to avoid potential confusion that a stipulation had been reached regarding final judgment under Rule 54(b), but ParkerVision suggested that Qualcomm instead notify the Court of its concerns regarding the title of ParkerVision's motion.

For avoidance of doubt, Qualcomm opposes the entry of any final judgment under Rule 54(b) as requested by ParkerVision, and will be filing an opposition to ParkerVision's motion within the time allowed under Local Rule 3.01(c).

Respectfully submitted,

Dated: June 27, 2025

KEKER, VAN NEST & PETERS LLP

By: */s/ Robert A. Van Nest*
Robert A. Van Nest (special admission)
Matthew M. Werdegar (special admission)
Sophie Hood (special admission)
Anjali Srinivasan (special admission)
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile:  415 397 7188
rvannest@keker.com

2

2997152

mwerdegar@keker.com
shood@keker.com
asrinivasan@keker.com

**CARLTON FIELDS, P.A.**
Daniel C. Johnson
Florida Bar No. 522880
200 S. Orange Ave.
Suite 1000
Orlando, FL 32801
Telephone: (407) 849-0300
Facsimile: (407) 648-9099
djohnson@carltonfields.com

**COOLEY LLP**
Matthew Brigham (admitted pro hac vice)
Dena Chen (admitted pro hac vice)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 843-7400
Dchen@cooley.com
Mbrigham@cooley.com

**COOLEY LLP**
Eamonn Gardner (pro hac vice)
1144 15th Street, Suite 2300
Denver, CO 80202-2686
Telephone: (720) 566-4000
Facsimile: (720) 566-4099
Egardner@cooley.com

Attorneys for Defendants QUALCOMM INCORPORATED and QUALCOMM ATHEROS, INC.

2997152

## CERTIFICATE OF SERVICE

I certify that on June 27, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM / ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM / ECF participants: none.

*/s/ Robert A. Van Nest*
Robert A. Van Nest
