UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PARKERVISION, INC.,

        Plaintiff,

v.     Case No: 6:14-cv-687-PGB-LHP

QUALCOMM INCORPORATED and QUALCOMM ATHEROS, INC.,

        Defendants.
_____/

## ORDER

This cause is before the Court on Plaintiff's Motion to Enter Stipulated Final Judgment of Noninfringement of the Receiver Claims under Rule 54(b) and to Sever and Stay the Remaining (Transmitter) Claims Pending Appeal of the Court's Claim-Construction Order. (Doc. 811 (the "**Motion**")). The Defendants Qualcomm Inc. and Qualcomm Atheros, Inc. (collectively, "**Qualcomm**") filed a Response (Doc. 814), and the Plaintiff submitted a Reply. (Doc. 818). Upon consideration, the Plaintiff's Motion is granted.

### I.     BACKGROUND

The relevant procedural history is outlined in the Court's Third Claim Construction Order and is incorporated herein. (Doc. 804, pp. 1–5). Following remand from the Federal Circuit, the Court invited the parties to submit claim construction briefs on claim 1 of the '907 patent and claims 24 and 331 of the '940

patent. (Doc. 794). Thereafter, the Court issued its Third Claim Construction Order. (Doc. 804). The Court's construction of the disputed claim terms prompted the parties to jointly move for entry of partial summary judgment of noninfringement of claims 1 and 10 of U.S. Patent 7,218,907 (the "**'907 Patent**") and claims 24 and 331 of U.S. Patent 6,091,940 (the "**'940 Patent**") (collectively, the "**Receiver Claims**"). (Doc. 809). The parties further moved the Court to dismiss without prejudice, subject to renewal if there is a reversal or remand, Qualcomm's 2d Counterclaim for Invalidity as it relates to claims 24 and 331 of the '940 Patent and Qualcomm's 16th Counterclaim for Invalidity of the '907 Patent. (*Id*.). The Court granted the motion and entered partial summary judgment in favor of Defendants Qualcomm Inc. and Qualcomm Atheros, Inc. on the Receiver Claims, dismissing without prejudice Qualcomm's counterclaims seeking a declaratory judgment of invalidity. Now, the Plaintiff moves the Court to enter final judgment under Federal Rule of Civil Procedure 54(b), so it may seek appellate review of the Court's Third Claim Construction Order. Plaintiff also moves for a stay of the remaining claims.

## II.  LEGAL STANDARD

"For Rule 54(b) to apply, three prerequisites must be met: '(1) multiple claims for relief or multiple parties must be involved; (2) at least one claim or the rights and liabilities of at least one party must be finally decided; and (3) the district court must find that there is no just reason for delaying an appeal.'" *Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc.*, 836 F. App'x 895, 897 (Fed. Cir.

2020)[1] (quoting *Alfred E. Mann Found. for Sci. Rsch. v. Cochlear Corp.*, 841 F.3d 1334, 1347 (Fed. Cir. 2016)). Thus, "the court must enter a 'final' judgment that 'disposes entirely of a separable claim or dismisses a party entirely.'" *Vazquez-Klecha v. Bickerstaff*, No. 22-10385, 2023 WL 5321308, at *2 (11th Cir. Aug. 18, 2023) (quoting *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777, 779 (11th Cir. 2007)). And the court must determine there is "no just reason for delay." *Id*. "Because Rule 54(b) certifications depart from the 'historic federal policy against piecemeal appeals' ' . . . certifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Id*. (citation omitted).

## III. DISCUSSION

"Within the meaning of Rule 54(b), the definition of a 'claim' is not clear." *TruePosition, Inc. v. Polaris Wireless, Inc.*, No. 12-646-RGA-MPT, 2015 WL 887935, at *3 (D. Del. Mar. 3, 2015). The court in *TruePosition* reasoned that "if aspects of a single claim of patent infringement remain and are not resolved, then that claim cannot be certified as final under Rule 54(b)." *Id*. at *4. The question is whether claims 25, 26, 368, and 369 of the '940 Patent (collectively, the **"Transmitter Claims"**) fall within the definition of an aspect of a single claim of

---

[1] "Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive." *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018).

3

patent infringement. ParkerVision argues that the Transmitter Claims are separate and distinct from the Receiver Claims, noting that the Federal Circuit has treated them as such. (Doc. 818, p. 5 (quoting *ParkerVision, Inc. v. Qualcomm Inc.*, 116 F.4th 1345, 1351, 1362, 1364 n.1 (Fed. Cir. 2024))). ParkerVision further asserts that the Transmitter Claims present different infringement theories and different damages models. (*Id.* at p. 9); *see Smithkline Beecham Corp. v. Apotex Corp.*, No. 99-CV-4304, 2004 WL 634867, at *4 (E.D. Pa. Mar. 26, 2004) ("[C]laims cannot be separate unless separate recovery is possible on each.")). The Court agrees with ParkerVision that the Transmitter Claims are separate from the Receiver Claims, such that judgment pursuant to Rule 54(b) is possible.

The next question is whether departing from the "historic federal policy against piecemeal appeals" is appropriate here. *Vazquez-Klecha*, 2023 WL 5321308, at *2 (citation omitted). This case is unique not only in its duration but also because the Federal Circuit remanded with instructions for this Court to conduct a Third Claim Construction long after the deadline set by the Court had passed and without either party requesting construction of the terms identified by the Circuit Court. *See ParkerVision*, 116 F.4th at 1357, 1364. The Court has now construed the claims at issue, and ParkerVision argues that if the Federal Circuit disagrees with the Court's construction, the parties will face two trials: one on the remaining Transmitter Claims and, after an appeal, a separate trial on the Receiver Claims. (Doc. 818, p. 10). ParkerVision also asserts that the Federal Circuit can quickly dismiss the appeal if it determines the Receiver Claims and Transmitter

4

Claims constitute a single cause of action such that certification is improper. (*Id.* at p. 1 n.1). ParkerVision is right on both points.

Certification under Rule 54(b) should issue "[o]nly in rare, unusually harsh circumstances where delaying appeal would work hardship or injustice." *Morgan v. Bill Vann Co., Inc.*, No. 11-0535-WS-B, 2013 WL 5445632, at *4 (S.D. Ala. Sept. 30, 2013). The parties have been embroiled in costly litigation in this Court and before the U.S. International Trade Commission (Doc. 250) since 2014. Three Claim Construction Orders have been issued, with the most recent having resulted from the Federal Circuit's initiative. The Federal Circuit is now intimately familiar with this case and is well-positioned to promptly review the Court's construction of claims that it identified. The harm caused to both parties by proceeding to trial on the Transmitter Claims without the benefit of appellate review of the Receiver Claims is significant. And this Court has already expended more time and resources on this one case than is justifiable. The Federal Circuit felt it was necessary for claim terms to be construed long after the deadline set by this Court, so it should have the opportunity to review that construction now—not later.

### IV.   CONCLUSION

For these reasons, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Enter Stipulated Final Judgment of Noninfringement of the Receiver Claims under Rule 54(b) and to Sever and Stay the Remaining (Transmitter) Claims Pending Appeal of the Court's Claim-Construction Order (Doc. 811) is **GRANTED**.

5

2. Final Judgment pursuant to FED. R. CIV. P. 54(b) of noninfringement on the Receiver Claims[2] (*see* Doc. 815) is entered in favor of Defendants Qualcomm Inc. and Qualcomm Atheros, Inc.

3. All other claims are **SEVERED** and **STAYED** pending appeal.

4. The parties shall provide written status reports every ninety (90) days hereafter or upon the occurrence of any event that may result in the stay being lifted.

5. The Clerk is **DIRECTED** to administratively close the case.

**DONE AND ORDERED** in Orlando, Florida on October 2, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Claims 1 and 10 of U.S. Patent 7,218,907 and claims 24 and 331 of U.S. Patent 6,091,940.