# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith  
Clerk of Court

For rules and forms visit  
www.ca11.uscourts.gov

October 08, 2025

Clerk, Federal Circuit Court of Appeals  
U.S. Court of Appeals for the Federal Circuit  
Howard T. Markey National Courts Building  
717 MADISON PL NW  
WASHINGTON, DC 20439

Appeal Number: 25-13502-D  
Case Style: ParkerVision, Inc. v. QUALCOMM Incorporated, et al  
District Court Docket No: 6:14-cv-00687-PGB-LHP

An order has been entered transferring the above-styled case to your court. Accordingly, attached is a copy of this court's docket.

Any pending motions are now rendered moot in light of the attached order.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

Clerk Transfer Order

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 25-13502-D

_____

PARKERVISION, INC.,

                    Plaintiff - Counter Defendant - Appellant,

versus

QUALCOMM INCORPORATED,
QUALCOMM ATHEROS, INC.,

                    Defendants - Counter Claimants - Appellees,

HTC CORPORATION, et al.,

                    Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

ORDER: The district court's clerk's office has informed the Court that this appeal is intended for the United States Court of Appeals for the Federal Circuit but was mistakenly submitted to this Court. This case is clerically transferred to the United States Court of Appeals for the Federal Circuit.

Effective October 08, 2025.

DAVID J. SMITH
Clerk of Court of the United States Court
of Appeals for the Eleventh Circuit

FOR THE COURT - BY DIRECTION

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| PARKERVISION, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br>QUALCOMM ATHEROS, INC.,<br><br>      Defendants. | CASE NO.: 6:14-CV-00687-PGB-LHP |

### PLAINTIFF'S NOTICE OF APPEAL

Notice is hereby given that Plaintiff ParkerVision, Inc. appeals to the United States Court of Appeals for the Federal Circuit from the Final Judgment of this Court entered on October 2, 2025 (Dkt. 820), and from any and all other judgments, orders, opinions, rulings, and findings pertinent or ancillary to the foregoing.

Payment of the required fee of $605 is provided with this Notice of Appeal.

Dated: October 6, 2025

                              Respectfully submitted,

                              By: /s/ Ava K. Doppelt

                              Ava K. Doppelt
                              Fla. Bar No. 393738
                              adoppelt@allendyer.com
                              Allen, Dyer, Doppelt, & Gilchrist, PA
                              255 S. Orange Ave – Ste. 1401
                              Orlando, FL 320801
                              Telephone: (407) 841-2330
                              Facsimile: (407) 481-2343

By: /s/ Joshua W. Budwin
Joshua W. Budwin
Texas State Bar No. 24050347
John B. Campbell, Jr. (pro hac vice)
Texas State Bar No. 24036314
R. Mitch Verboncoeur (pro hac vice)
Texas State Bar No. 24105732
Matt Cameron (pro hac vice)
Texas State Bar No 240997451
McKool Smith, P.C.
303 Colorado Street, Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Facsimile: (512) 592-8744
jbudwin@McKoolSmith.com
jcampbell@McKoolSmith.com
mverboncoeur@McKoolSmith.com
mcameron@McKoolSmith.com

Kevin L. Burgess (pro hac vice)
Texas State Bar No. 24006927
Jennifer Truelove (pro hac vice)
Texas State Bar No. 24012906
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099
kburgess@McKoolSmith.com
jtruelove@McKoolSmith.com

Ayana M. Rivers (pro hac vice)
New York State Bar No. 2956209
1301 Avenue of the Americas,
32ndFloor
New York, NY 10019
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
arivers@McKoolSmith.com


Attorneys for Plaintiff ParkerVision, Inc.

-2-

-3-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on October 6, 2025.

                                                          */s/ Ava K. Doppelt*
                                                          Ava K. Doppelt

# General Docket
## United States Court of Appeals for the Eleventh Circuit

| | |
|---|---|
| **Court of Appeals Docket #:** 25-13502 | **Docketed:** 10/07/2025 |

**Nature of Suit:** 3830 Patent
ParkerVision, Inc. v. QUALCOMM Incorporated, et al
**Appeal From:** Middle District of Florida
**Fee Status:** Fee Paid

**Case Type Information:**
  1) Private Civil
  2) Federal Question
  3) -

**Originating Court Information:**
  **District:** 113A-6 : 6:14-cv-00687-PGB-LHP
  **Court Reporter:** FLMD Court Reporter TBA
  **Court Reporter:** Amie Renea First
  **Court Reporter:** Karla Hyland
  **Court Reporter:** Koretta Stanford
  **Court Reporter:** Suzanne L. Trimble
  **Civil Proceeding:** Paul G. Byron, U.S. District Judge
  **Secondary Judge:** Leslie R. Hoffman, U.S. Magistrate Judge
  **Date Filed:** 05/02/2014
  **Date NOA Filed:**
  10/06/2025

**Prior Cases:**
  22-11281   **Date Filed:** 04/21/2022   **Date Disposed:** 05/04/2022   **Disposition:** Dismissed

**Current Cases:**
  None

---

| | |
|---|---|
| PARKERVISION, INC.<br><br>  Appellant | Plaintiff - |
| | Jacob Abrams<br>Direct: 786-587-1040<br>[NTC Retained]<br>Kasowitz LLP<br>Firm: 305-377-1666<br>1441 BRICKELL AVE STE 1420<br>MIAMI, FL 33131<br><br>Joshua W. Budwin<br>Direct: 512-692-8727<br>[NTC Retained]<br>McKool Smith, P.C.<br>303 COLORADO ST STE 2100<br>AUSTIN, TX 78701<br><br>Kevin L. Burgess<br>Direct: 214-888-4848<br>[NTC Retained] |

Caldwell Cassady & Curry
2121 N PEARL ST STE 1200
DALLAS, TX 75201

Stephen D. Busey
Direct: 904-359-7700
[NTC Retained]
Smith Hulsey & Busey
Firm: 904-359-7700
1 INDEPENDENT DR STE 3300
PO BOX 53315
JACKSONVILLE, FL 32202

Matt Cameron
Direct: 512-692-8700
[NTC Retained]
McKool Smith, P.C
300 W 6TH ST STE 1700
AUSTIN, TX 78701

John B. Campbell
[NTC Retained]
McKool Smith, P.C.
303 COLORADO ST STE 2100
AUSTIN, TX 78701

Ava K. Doppelt
Direct: 407-841-2330
[NTC Retained]
Allen Dyer Doppelt & Gilchrist, PA
Firm: 407-841-2330
255 S ORANGE AVE STE 1401
ORLANDO, FL 32801

Frank Anthony Florio
[NTC Retained]
Kozyak Tropin & Throckmorton, LLP
Firm: 305-372-1800
2525 PONCE DE LEON BLVD FL 9
CORAL GABLES, FL 33134

Brian R. Gilchrist
Direct: 407-841-2330
[NTC Retained]
Allen Dyer Doppelt & Gilchrist, PA
Firm: 407-841-2330
255 S ORANGE AVE STE 1401
ORLANDO, FL 32801

Richard A. Kamprath
Direct: 214-978-4210
[NTC Retained]
McKool Smith, PC
Firm: 214-978-4000

300 CRESCENT CT STE 400
DALLAS, TX 75201

Marc E. Kasowitz
[NTC Retained]
Kasowitz LLP
Firm: 202-506-1700
1633 BROADWAY FL 22
NEW YORK, NY 10019

George Stephen LeMieux
Direct: 954-468-1339
[NTC Retained]
Gunster Yoakley & Stewart, PA
Firm: 954-462-2000
450 E LAS OLAS BLVD STE 1400
FORT LAUDERDALE, FL 33301-4206

Albert S. Mishaan
[NTC Retained]
Kasowitz LLP
Firm: 202-506-1700
1633 BROADWAY FL 22
NEW YORK, NY 10019

Ayana M. Rivers
Direct: 212-402-9400
[NTC Retained]
McKool Smith, P.C.
1301 AVENUE OF THE AMERICAS 32ND FLOOR
NEW YORK, NY 10019

Maria Helena Ruiz
Direct: 786-587-1044
[NTC Retained]
Kasowitz LLP
Firm: 305-377-1666
1441 BRICKELL AVE STE 1420
MIAMI, FL 33131

Ryan Santurri
Direct: 407-841-2330
[NTC Retained]
Allen Dyer Doppelt & Gilchrist, PA
Firm: 407-841-2330
255 S ORANGE AVE STE 1401
ORLANDO, FL 32801

John R. Thomas, Attorney
Direct: 904-359-7700
[NTC Retained]
Smith Hulsey & Busey
Firm: 904-359-7700

|  |  |  |
|---|---|---|
|  |  | 1 INDEPENDENT DR STE 1300<br>PO BOX 53315<br>JACKSONVILLE, FL 32202<br><br>Jennifer Truelove<br>Direct: 903-923-9099<br>[NTC Retained]<br>McKool Smith<br>104 EAST HOUSTON ST STE 300<br>MARSHALL, TX 75670<br><br>R Mitch Verboncoeur<br>Direct: 512-692-8700<br>[NTC Retained]<br>McKool Smith, P.C<br>300 W 6TH ST STE 1700<br>AUSTIN, TX 78701 |
| versus |  |  |
| QUALCOMM INCORPORATED<br><br> Appellee | Defendant - | Matthew Brigham<br>Direct: 650-843-5677<br>[NTC Retained]<br>Cooley, LLP<br>Firm: 650-843-5000<br>3175 HANOVER ST<br>PALO ALTO, CA 94304<br><br>Dena Chen<br>[NTC Retained]<br>Cooley, LLP<br>Firm: 650-843-5000<br>3175 HANOVER ST<br>PALO ALTO, CA 94304<br><br>Eamonn Gardner<br>Direct: 720-566-4000<br>[NTC Retained]<br>Cooley, LLP<br>1144 15TH ST STE 2300<br>DENVER, CO 80202<br><br>Sophie Hood<br>[NTC Retained]<br>Keker, Van Nest & Peters, LLP<br>Firm: 415-391-5400<br>633 BATTERY ST<br>SAN FRANCISCO, CA 94111-1704<br><br>Daniel Curtis Johnson<br>Direct: 407-849-0300<br>[NTC Retained]<br>Carlton Fields, PA<br>1000 |

200 S ORANGE AVE STE 1600
ORLANDO, FL 32801-3400

Jeffrey Scott Karr
[NTC Retained]
Cooley, LLP
Firm: 650-843-5000
3175 HANOVER ST
PALO ALTO, CA 94304

Stephen C. Neal
[NTC Retained]
Cooley, LLP
Firm: 650-843-5000
3175 HANOVER ST
PALO ALTO, CA 94304

Stephen R. Smith
Direct: 202-842-7800
[NTC Retained]
Cooley LLP
1299 PENNSYLVANIA AVE NW STE 700
WASHINGTON, DC 20221

Anjali Srinivasan
[NTC Retained]
Keker, Van Nest & Peters, LLP
Firm: 415-391-5400
633 BATTERY ST
SAN FRANCISCO, CA 94111-1704

Erin C. Trenda
Direct: 858-550-6147
[NTC Retained]
Cooley, LLP
Firm: 650-843-5000
3175 HANOVER ST
PALO ALTO, CA 94304

Robert A. Van Nest
[NTC Retained]
Keker, Van Nest & Peters, LLP
Firm: 415-391-5400
633 BATTERY ST
SAN FRANCISCO, CA 94111-1704

Priya B. Viswanath
Direct: 650-849-7023
[NTC Retained]
Cooley, LLP
Firm: 650-843-5000
3175 HANOVER ST
PALO ALTO, CA 94304

| | | |
|---|---|---|
| | | Matthew M. Werdegar<br>[NTC Retained]<br>Keker, Van Nest & Peters, LLP<br>Firm: 415-391-5400<br>633 BATTERY ST<br>SAN FRANCISCO, CA 94111-1704 |
| QUALCOMM ATHEROS, INC.<br><br>Appellee | Defendant - | Matthew Brigham<br>Direct: 650-843-5677<br>[NTC Retained]<br>(see above)<br><br>Dena Chen<br>[NTC Retained]<br>(see above)<br><br>Eamonn Gardner<br>Direct: 720-566-4000<br>[NTC Retained]<br>(see above)<br><br>Sophie Hood<br>[NTC Retained]<br>(see above)<br><br>Daniel Curtis Johnson<br>Direct: 407-849-0300<br>[NTC Retained]<br>(see above)<br><br>Jeffrey Scott Karr<br>[NTC Retained]<br>(see above)<br><br>Stephen C. Neal<br>[NTC Retained]<br>(see above)<br><br>Stephen R. Smith<br>Direct: 202-842-7800<br>[NTC Retained]<br>(see above)<br><br>Anjali Srinivasan<br>[NTC Retained]<br>(see above)<br><br>Erin C. Trenda<br>Direct: 858-550-6147<br>[NTC Retained]<br>(see above)<br><br>Robert A. Van Nest<br>[NTC Retained] |

(see above)

Priya B. Viswanath
Direct: 650-849-7023
[NTC Retained]
(see above)

Matthew M. Werdegar
[NTC Retained]
(see above)

--------------------------

SERVICE

Angela J. Crawford
Direct: 813-229-2111
[NTC Retained]
DLA Piper LLP (US)
Firm: 813-229-2111
100 N TAMPA ST STE 2200
TAMPA, FL 33602

Sean C. Cunningham
Direct: 619-699-2700
[NTC Retained]
DLA Piper LLP (US)
Firm: 619-699-2700
401 B ST STE 1700
SAN DIEGO, CA 92101-4297

Jeremy Todd Elman
Direct: 305-423-8514
[NTC Retained]
Dorsey & Whitney, LLP
600 ANTON BLVD STE 2000
COSTA MESA, CA 92626

Mark Fowler
Direct: 650-833-2000
[NTC Retained]
DLA Piper US, LLP
2000 UNIVERSITY AVE STE 100
EAST PALO ALTO, CA 94303-2248

Erik Fuehrer
Direct: 650-833-2045
[NTC Retained]
DLA Piper US, LLP
2000 UNIVERSITY AVE STE 100
EAST PALO ALTO, CA 94303-2248

Kevin Hamilton
[NTC Retained]
DLA Piper LLP (US)
Firm: 619-699-2700

| | |
|---|---|
| | 401 B ST STE 1700<br>SAN DIEGO, CA 92101-4297<br><br>Lam K. Nguyen<br>[NTC Retained]<br>Cooley, LLP<br>Firm: 650-843-5000<br>3175 HANOVER ST<br>PALO ALTO, CA 94304<br><br>Edward H. Sikorski<br>Direct: 619-699-2645<br>[NTC Retained]<br>DLA Piper LLP (US)<br>Firm: 619-699-2700<br>401 B ST STE 1700<br>SAN DIEGO, CA 92101-4297 |

| |
|---|
| PARKERVISION, INC.,<br><br>　　　　　　　　　　　Plaintiff - Counter Defendant - Appellant,<br><br>versus<br><br>QUALCOMM INCORPORATED,<br>QUALCOMM ATHEROS, INC.,<br><br>　　　　　　　　　　　Defendants - Counter Claimants - Appellees,<br><br>HTC CORPORATION, et al.,<br><br>　　　　　　　　　　　Defendants. |

| | | |
|---|---|---|
| 10/07/2025 | 1 | CIVIL APPEAL DOCKETED. Notice of appeal filed by Appellant ParkerVision, Inc. on 10/06/2025. Fee Status: Fee Paid. Awaiting Appellant's Certificate of Interested Persons due on or before 10/27/2025 as to Appellant ParkerVision, Inc.. Awaiting Appellee's Certificate of Interested Persons due on or before 11/05/2025 as to Appellee QUALCOMM Incorporated. [Entered: 10/08/2025 11:29 AM] |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PARKERVISION, INC.,**

           **Plaintiff,**

v.                                 **Case No: 6:14-cv-687-PGB-LHP**

**QUALCOMM INCORPORATED
and QUALCOMM ATHEROS,
INC.,**

           **Defendants.**
_____/

## ORDER

This cause is before the Court on Plaintiff's Motion to Enter Stipulated Final Judgment of Noninfringement of the Receiver Claims under Rule 54(b) and to Sever and Stay the Remaining (Transmitter) Claims Pending Appeal of the Court's Claim-Construction Order. (Doc. 811 (the "**Motion**")). The Defendants Qualcomm Inc. and Qualcomm Atheros, Inc. (collectively, "**Qualcomm**") filed a Response (Doc. 814), and the Plaintiff submitted a Reply. (Doc. 818). Upon consideration, the Plaintiff's Motion is granted.

**I.  BACKGROUND**

The relevant procedural history is outlined in the Court's Third Claim Construction Order and is incorporated herein. (Doc. 804, pp. 1–5). Following remand from the Federal Circuit, the Court invited the parties to submit claim construction briefs on claim 1 of the '907 patent and claims 24 and 331 of the '940

patent. (Doc. 794). Thereafter, the Court issued its Third Claim Construction Order. (Doc. 804). The Court's construction of the disputed claim terms prompted the parties to jointly move for entry of partial summary judgment of noninfringement of claims 1 and 10 of U.S. Patent 7,218,907 (the "**'907 Patent**") and claims 24 and 331 of U.S. Patent 6,091,940 (the "**'940 Patent**") (collectively, the "**Receiver Claims**"). (Doc. 809). The parties further moved the Court to dismiss without prejudice, subject to renewal if there is a reversal or remand, Qualcomm's 2d Counterclaim for Invalidity as it relates to claims 24 and 331 of the '940 Patent and Qualcomm's 16th Counterclaim for Invalidity of the '907 Patent. (*Id.*). The Court granted the motion and entered partial summary judgment in favor of Defendants Qualcomm Inc. and Qualcomm Atheros, Inc. on the Receiver Claims, dismissing without prejudice Qualcomm's counterclaims seeking a declaratory judgment of invalidity. Now, the Plaintiff moves the Court to enter final judgment under Federal Rule of Civil Procedure 54(b), so it may seek appellate review of the Court's Third Claim Construction Order. Plaintiff also moves for a stay of the remaining claims.

## II.   LEGAL STANDARD

"For Rule 54(b) to apply, three prerequisites must be met: '(1) multiple claims for relief or multiple parties must be involved; (2) at least one claim or the rights and liabilities of at least one party must be finally decided; and (3) the district court must find that there is no just reason for delaying an appeal.'" *Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc.*, 836 F. App'x 895, 897 (Fed. Cir.

2020)[1] (quoting *Alfred E. Mann Found. for Sci. Rsch. v. Cochlear Corp.*, 841 F.3d 1334, 1347 (Fed. Cir. 2016)). Thus, "the court must enter a 'final' judgment that 'disposes entirely of a separable claim or dismisses a party entirely.'" *Vazquez-Klecha v. Bickerstaff*, No. 22-10385, 2023 WL 5321308, at *2 (11th Cir. Aug. 18, 2023) (quoting *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777, 779 (11th Cir. 2007)). And the court must determine there is "no just reason for delay." *Id*. "Because Rule 54(b) certifications depart from the 'historic federal policy against piecemeal appeals' ' . . . certifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Id*. (citation omitted).

## III. DISCUSSION

"Within the meaning of Rule 54(b), the definition of a 'claim' is not clear." *TruePosition, Inc. v. Polaris Wireless, Inc.*, No. 12-646-RGA-MPT, 2015 WL 887935, at *3 (D. Del. Mar. 3, 2015). The court in *TruePosition* reasoned that "if aspects of a single claim of patent infringement remain and are not resolved, then that claim cannot be certified as final under Rule 54(b)." *Id*. at *4. The question is whether claims 25, 26, 368, and 369 of the '940 Patent (collectively, the **"Transmitter Claims"**) fall within the definition of an aspect of a single claim of

---

[1] "Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive." *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018).

3

patent infringement. ParkerVision argues that the Transmitter Claims are separate and distinct from the Receiver Claims, noting that the Federal Circuit has treated them as such. (Doc. 818, p. 5 (quoting *ParkerVision, Inc. v. Qualcomm Inc.*, 116 F.4th 1345, 1351, 1362, 1364 n.1 (Fed. Cir. 2024))). ParkerVision further asserts that the Transmitter Claims present different infringement theories and different damages models. (*Id.* at p. 9); *see Smithkline Beecham Corp. v. Apotex Corp.*, No. 99-CV-4304, 2004 WL 634867, at *4 (E.D. Pa. Mar. 26, 2004) ("[C]laims cannot be separate unless separate recovery is possible on each.")). The Court agrees with ParkerVision that the Transmitter Claims are separate from the Receiver Claims, such that judgment pursuant to Rule 54(b) is possible.

The next question is whether departing from the "historic federal policy against piecemeal appeals" is appropriate here. *Vazquez-Klecha*, 2023 WL 5321308, at *2 (citation omitted). This case is unique not only in its duration but also because the Federal Circuit remanded with instructions for this Court to conduct a Third Claim Construction long after the deadline set by the Court had passed and without either party requesting construction of the terms identified by the Circuit Court. *See ParkerVision*, 116 F.4th at 1357, 1364. The Court has now construed the claims at issue, and ParkerVision argues that if the Federal Circuit disagrees with the Court's construction, the parties will face two trials: one on the remaining Transmitter Claims and, after an appeal, a separate trial on the Receiver Claims. (Doc. 818, p. 10). ParkerVision also asserts that the Federal Circuit can quickly dismiss the appeal if it determines the Receiver Claims and Transmitter

4

Claims constitute a single cause of action such that certification is improper. (*Id.* at p. 1 n.1). ParkerVision is right on both points.

Certification under Rule 54(b) should issue "[o]nly in rare, unusually harsh circumstances where delaying appeal would work hardship or injustice." *Morgan v. Bill Vann Co., Inc.*, No. 11-0535-WS-B, 2013 WL 5445632, at *4 (S.D. Ala. Sept. 30, 2013). The parties have been embroiled in costly litigation in this Court and before the U.S. International Trade Commission (Doc. 250) since 2014. Three Claim Construction Orders have been issued, with the most recent having resulted from the Federal Circuit's initiative. The Federal Circuit is now intimately familiar with this case and is well-positioned to promptly review the Court's construction of claims that it identified. The harm caused to both parties by proceeding to trial on the Transmitter Claims without the benefit of appellate review of the Receiver Claims is significant. And this Court has already expended more time and resources on this one case than is justifiable. The Federal Circuit felt it was necessary for claim terms to be construed long after the deadline set by this Court, so it should have the opportunity to review that construction now—not later.

## IV.   CONCLUSION

For these reasons, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Enter Stipulated Final Judgment of Noninfringement of the Receiver Claims under Rule 54(b) and to Sever and Stay the Remaining (Transmitter) Claims Pending Appeal of the Court's Claim-Construction Order (Doc. 811) is **GRANTED**.

2. Final Judgment pursuant to FED. R. CIV. P. 54(b) of noninfringement on the Receiver Claims[2] (*see* Doc. 815) is entered in favor of Defendants Qualcomm Inc. and Qualcomm Atheros, Inc.

3. All other claims are **SEVERED** and **STAYED** pending appeal.

4. The parties shall provide written status reports every ninety (90) days hereafter or upon the occurrence of any event that may result in the stay being lifted.

5. The Clerk is **DIRECTED** to administratively close the case.

**DONE AND ORDERED** in Orlando, Florida on October 2, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Claims 1 and 10 of U.S. Patent 7,218,907 and claims 24 and 331 of U.S. Patent 6,091,940.

6