# United States Court of Appeals for the Federal Circuit

---

**PARKERVISION, INC.,**
*Plaintiff-Appellant*

**v.**

**QUALCOMM INCORPORATED, QUALCOMM ATHEROS, INC.,**
*Defendants-Appellees*

---

2026-1033, 2026-1035

---

Appeals from the United States District Court for the Middle District of Florida in No. 6:14-cv-00687-PGB-LHP, Judge Paul G. Byron.

---

Decided: September 30, 2026

---

JOSHUA WRIGHT BUDWIN, BUDWIN KAMPRATH BURGESS CAMPBELL PLLC, Austin, TX, argued for plaintiff-appellant. Also represented by KEVIN L. BURGESS, Marshall, TX; CHARLES E. FOWLER, JR., McKool Smith, P.C. Austin, TX; COLIN HICKL, Dallas, TX.

SOPHIE HOOD, Keker, Van Nest & Peters LLP, San Francisco, CA, argued for defendants-appellees. Also represented by ANJALI SRINIVASAN, ROBERT A. VAN NEST, MATTHEW M. WERDEGAR; MATTHEW J. BRIGHAM, DENA

CHEN, Cooley LLP, Palo Alto, CA; EAMONN GARDNER, Denver, CO.

---

Before PROST, CHEN, and STARK, *Circuit Judges*.

STARK, *Circuit Judge*.

ParkerVision, Inc. ("ParkerVision") appeals a judgment of non-infringement the district court entered for Qualcomm Incorporated and Qualcomm Atheros, Inc. (together, "Qualcomm"). Because there is no final judgment, we lack jurisdiction and dismiss the appeal. We also deny ParkerVision's request that on remand the case be reassigned to a different judge.

## I

The patent disputes between ParkerVision and Qualcomm have been ongoing for at least 15 years and have been before this court on several occasions. A more fulsome overview of this history is contained in our opinion resolving our most recent encounter with this case. *See ParkerVision, Inc. v. Qualcomm Inc.*, 116 F.4th 1345, 1349 (Fed. Cir. 2024) ("*ParkerVision 2024*"). We will briefly set out the pertinent background.

In 2011, ParkerVision sued Qualcomm in a separate action for infringement of several of its patents. Claim 23 of U.S. Patent No. 6,061,551 ("'551 patent") was treated as representative. That claim relates to "down-converting" electromagnetic signals in wireless devices, which occurs when a circuit in the device converts electromagnetic signals it receives from high frequency to low frequency. Following a jury trial, the district court granted Qualcomm judgment as a matter of law that its accused products did not infringe ParkerVision's asserted patents, and on appeal we affirmed. *See ParkerVision, Inc. v. Qualcomm Inc.*, 621 F. App'x 1009, 1017 (Fed. Cir. 2015) ("*ParkerVision 2015*").

Meanwhile, in 2014, ParkerVision initiated the instant action, suing Qualcomm for infringement of U.S. Patent Nos. 7,218,907 ("'907 patent") and 6,091,940 ("'940 patent"). *See ParkerVision 2024*, 116 F.4th at 1351. The asserted claims fall into two groups: (i) the "receiver claims," which – like claim 23 of the '551 patent at issue in the earlier case – are directed to down-conversion of electromagnetic signals; and (ii) the "transmitter claims," which are directed to up-conversion (from low frequency to high frequency) of such signals. The '907 patent's asserted claims are all receiver claims. For the '940 patent, by contrast, ParkerVision asserts receiver claims and transmitter claims. The district court granted Qualcomm summary judgment of non-infringement as to both the receiver and transmitter claims. *See id.* at 1354.

ParkerVision appealed. In *ParkerVision 2024*, we vacated the grant of summary judgment and remanded for further proceedings. *See id.* at 1359, 1364. As to the receiver claims, we determined that the district court erred in applying collateral estoppel based on the non-infringement judgment as to claim 23 of the '551 patent in *ParkerVision 2015*, because the district court failed to "expressly assess[] through the ordinary claim construction process, [whether] the scope of the [asserted] claims [was] materially the same as the scope of those at issue in *ParkerVision* [*2015*]." *Id.* at 1360. We directed that on remand "the district court should undertake any necessary claim construction and then determine whether the receiver claims asserted in this case have the same requirement as [the relevant] limitation of the claims at issue in *ParkerVision* [*2015*]." *Id.* As to the transmitter claims, we vacated the grant of summary judgment because it was premised on an erroneous exclusion of ParkerVision's expert witnesses. *See id.* at 1364.

On remand, the district court engaged in a claim construction process. Based on its constructions, the parties

stipulated that Qualcomm's accused products did not infringe the receiver claims of either the '907 or '940 patent. Thereafter, at the parties' request, the district court granted partial summary judgment of non-infringement of the asserted receiver claims. Notably, this disposed of all the asserted claims of the '907 patent, because all asserted claims in the '907 patent are receiver claims. However, the issue of whether Qualcomm's products infringe the '940 patent's transmitter claims remained unresolved.

Instead of proceeding to trial on the transmitter claims, or otherwise resolving whether Qualcomm's products infringe those claims, the district court entered "final judgment" of non-infringement as to the receiver claims, pursuant to Federal Rule of Civil Procedure 54(b). J.A. 6. It then "severed and stayed" the transmitter claims pending completion of the appeal of the receiver claims judgment. *Id.* All of this was done on ParkerVision's motion, which Qualcomm had opposed.

ParkerVision now appeals the grant of summary judgment of non-infringement as to the receiver claims of the '907 and '940 patents.

## II

We have jurisdiction over "an appeal from a *final* decision of a district court . . . in any civil action arising under, or in any civil action in which a party has asserted a compulsory counterclaim arising under, any Act of Congress relating to patents." 28 U.S.C. § 1295(a)(1) (emphasis added). Ordinarily, a district court's judgment is final because it definitively resolves, on the merits or in some other dispositive fashion, all the claims and counterclaims in the case. *See Collar v. Abalux, Inc.*, 895 F.3d 1278, 1283 (11th Cir. 2018). When fewer than all of the claims are resolved, a district court may nonetheless enter a *partial* final judgment under Federal Rule of Civil Procedure 54(b).

To qualify as a partial final judgment under Rule 54(b), an order "must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (internal quotation marks omitted). A district court acting under Rule 54(b) must also "expressly determine[] that there is no just reason for delay" of appellate action on the claims that are final. Fed. R. Civ. P. 54(b).

"[W]hen an appeal is certified pursuant to Rule 54(b), an appellate court should review the finality of the judgment de novo in order to assure itself that it has jurisdiction." *W.L. Gore & Assocs. v. Int'l Med. Prosthetics Rsch. Assocs.*, 975 F.2d 858, 862 (Fed. Cir. 1992) ("The Supreme Court has rejected the view that the mere recitation of finality . . . by the district court pursuant to Rule 54(b) automatically renders a judgment appealable as a final decision."). We review a district court's determination as to whether there is a just reason for delay of appellate review for abuse of discretion. *See id.*

Application of Rule 54(b) to a cause of action for patent infringement or patent invalidity is complicated by a nomenclature conundrum. Rule 54(b) governs "action[s] present[ing] more than one *claim* for relief," permitting "entry of a final judgment as to one or more, but fewer than all, *claims*." Fed. R. Civ. P. 54(b) (emphasis added). "[T]he term 'claim,'" however, "has a special meaning in patent law, which meaning is different from 'claim' in general civil procedure." *Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1294 (Fed. Cir. 2001). "In civil procedure . . . 'claim' is equivalent to 'cause of action.'" *Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 1349 (Fed. Cir. 2014); *see also Donnelly Corp. v. Gentex Corp*, 1996 WL 468452, at *3 (Fed. Cir. Aug. 19, 1996) (nonprecedential) ("The term 'claim' as used in Rule 54(b) refers, of course, to a claim in a cause of action, not to individual patent claims."). But in patent law, a claim is a

numbered paragraph at the end of a patent that sets out, in words, the metes and bounds of the property right issued to the patent owner. *See Corning Glass Works v. Sumitomo Elec. U.S.A., Inc.*, 868 F.2d 1251, 1257-58 (Fed. Cir. 1989). It is important to keep in mind this distinction between the two very different uses of "claim" when considering judgments in patent cases that are entered pursuant to Rule 54(b).

The question presented in this case is whether Rule 54(b) permits, under the circumstances of this case, final judgment to be entered with respect to infringement of only some *patent claims* when other *patent claims of the same patent* remain unresolved. As we explain below, our answer is no.

III

The cause of action for patent infringement is created by 35 U.S.C. § 281, which states: "A patentee shall have remedy by civil action for infringement of his *patent*." (emphasis added). The statute equates the cause of action with the patent as a whole, and not with each individual claim of a patent. Similarly, Congress defined patent infringement by reference to a patent, not a claim: "[W]hoever without authority makes, uses, offers to sell, or sells any patented invention . . . infringes the *patent*." 35 U.S.C. § 271(a) (emphasis added). Thus, as we have explained, "[o]rdinarily, each patent asserted raises an independent and distinct cause of action," which generally precludes a patentee from "assert[ing] the same patent against the same party and the same subject matter" in successive lawsuits, even if different claims are being asserted. *Senju,* 746 F.3d at 1349 (internal quotation marks omitted). We have likewise explained that "property rights, including ownership, attach to patents as a whole, not individual claims." *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1466 (Fed. Cir. 1998). For this reason, we have not permitted a patent owner to "split up its ownership rights

in a patent and assign different claims to different parties." *Lucent Techs., Inc. v. Gateway, Inc.*, 543 F.3d 710, 721 (Fed. Cir. 2008). These statutory provisions and these cases support our view that, in most if not all instances, each patent can be the basis for a *single* cause of action for patent infringement, but not more.

This conclusion is consistent with the holding a panel of this court reached in a nonprecedential opinion addressing essentially the same question. In *Donnelly*, we vacated entry of a partial final judgment under Rule 54(b) where the patentee was continuing to press certain claims from a patent in the district court while simultaneously seeking appellate review of the district court's judgment of non-infringement as to other claims of the same patent. 1996 WL 468452, at *3. We explained:

> Although each claim of a patent is distinct, and infringement of any one of the claims is still infringement of the patent, it is difficult to imagine a case in which subject matter is sufficiently related to be covered by a single patent, and yet sufficiently distinct as to warrant the grant of a motion for partial final judgment.

*Id.*

Several district courts have reached the same conclusion, refusing to certify appeals of partial judgments that resolved only some of the asserted claims in a particular patent. *See TruePosition, Inc. v. Polaris Wireless, Inc.*, 2015 WL 887935, at *4 (D. Del. Mar. 3, 2015) (holding that where only two of three asserted claims had been resolved, "the single right of action for relief based on infringement of the [patent] [was] not final within the meaning of Rule 54(b)"); *SmithKline Beecham Corp. v. Apotex*, 2004 WL 634867, at *4 (E.D. Pa. Mar. 26, 2004) (denying Rule 54(b) motion where infringement was resolved with respect to fewer than all asserted claims of a patent, as "an action alleging infringement of multiple claims asserted under a

single patent asserts a single claim for purposes of Rule 54”). We find these authorities persuasive.

Turning back to the case before us, our reasoning is further supported by ParkerVision’s own pleadings in this case. In its operative first amended complaint, ParkerVision included only a single cause of action with respect to the ’940 patent. Specifically, that complaint sets out “Count I: Infringement of the ’940 Patent.” J.A. 576. The complaint does not distinguish between the ’940 patent’s receiver and transmitter claims.

Because infringement of the receiver claims of the ’940 patent is not a separate cause of action – as pled, or as permitted by our precedents – Rule 54(b) does not allow entry of partial final judgment, as the cause of action is not final. Therefore, we lack a final judgment over which we may exercise jurisdiction.

IV

ParkerVision offers other arguments for our having appellate jurisdiction. It asserts that even if there is no final judgment as to the ’940 patent, there *is* such a judgment as to the ’907 patent, which consists entirely of receiver claims, all of which the district court has determined to be not infringed. Hence, ParkerVision continues, we have jurisdiction to review the judgment entered as to the ’907 patent. We disagree. The district court was never asked to enter final judgment with respect to just the ’907 patent, never purported to do so, and did not make the determinations that would have been necessary to enter a judgment limited to this one patent.

ParkerVision’s argument is defeated by the plain language of Rule 54(b). It provides, in pertinent part:

> When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . *only* if the court *expressly* determines

> that there is no just reason for delay. Otherwise, *any order or other decision*, however designated, that adjudicates fewer than all the claims . . . *does not end the action as to any of the claims* . . . .

Fed. R. Civ. P. 54(b) (emphasis added). As the rule makes clear, only an order expressly determining there is no just reason for delay can support a partial final judgment, and any other order does not end the action as to any claims.

Here, the district court never expressly determined that there is no just reason for delay of an appeal of the non-infringement judgment of the '907 patent. The only express determination the district court made was in relation to the receiver claims of the '907 and '940 patents *together*. The district court only distinguished between the type of claims – reasoning "the Transmitter Claims are separate from the Receiver Claims, such that judgment pursuant to Rule 54(b) is possible." J.A. 4. Consequently, while the district court expressly determined that there was no just reason to delay appellate review of *the receiver claims*, *if all of the receiver claims could be reviewed on appeal*, the district court never made any express finding (nor was it asked to do so) that there was no just reason to delay appellate review of *just the receiver claims of the '907 patent*, while the claims of the '940 patent (receiver *and* transmitter claims) remained pending in the district court. Absent this express finding, the record contains merely "an[] order or other decision . . . [that] does not end the action as to any of the claims." Therefore, we lack jurisdiction to review the district court's judgment as to just the '907 patent.

It follows that we also may not, as ParkerVision additionally asks us to do, exercise pendent appellate jurisdiction over the '940 patent. In "rare circumstances," pendent jurisdiction permits us to "review a ruling that is not independently appealable if jurisdiction exists over another related ruling," where doing so is "necessary to ensure meaningful review of" the judgment over which we have

Case: 24-1033 Document: 49 Page: 10 Filed: 09/30/2026



jurisdiction. *Orenshteyn v. Citrix Sys., Inc.*, 691 F.3d 1356, 1358 (Fed. Cir. 2012). Since we do not have jurisdiction to review the '907 patent non-infringement judgment, the conditions for pendent jurisdiction over the '940 patent judgment are not satisfied.

We likewise reject ParkerVision's contention that the district court could have certified an interlocutory appeal of both the '907 and '940 patent judgments under 28 U.S.C. § 1292(b). "Jurisdiction pursuant to § 1292(b) . . . requires a separate and distinct certification from that required under Rule 54(b)." *Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1357 (Fed. Cir. 2003). Specifically, § 1292(b) certification is only appropriate when an appeal "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." The district court was not asked to and, accordingly, never did evaluate these factors or make findings with respect to them. We will not predicate appellate jurisdiction on mere speculation as to how the district court might have evaluated § 1292(b)'s factors had it been asked to do so.[1] Thus, again, we lack jurisdiction over ParkerVision's appeal and must dismiss it.

---

[1] We recognize that one of our sister circuits, on at least one occasion, converted a deficient Rule 54(b) district court certification into a § 1292(b) interlocutory appeal. *See Bergstrom v. Sears, Roebuck & Co.*, 599 F.2d 62, 64 (8th Cir. 1979); *see also* 10 Moore's Federal Practice § 54.27 (stating that appellate courts may decide to review § 1292(b) factors when district court erroneously enters Rule 54(b) judgment). In that case, "it appear[ed] that the trial court would have certified the interlocutory order under 28 U.S.C. 1292(b)" and the Eighth Circuit itself was certain it "would have accepted jurisdiction." *Bergstrom*, 599 F.2d at 64. Even if *Bergstrom* is persuasive on its facts

V

Finally, we address ParkerVision's request that on remand this case be reassigned to a different judge.[2] Our review is governed by the law of the applicable regional circuit, which here is the Eleventh Circuit. *See Trudell Med. Int'l Inc. v. D R Burton Healthcare, LLC*, 127 F.4th 1340, 1351 (Fed. Cir. 2025). In the Eleventh Circuit, "reassigning a case to a different district judge . . . [is] a severe remedy." *Stargel v. Suntrust Banks, Inc.*, 791 F.3d 1309, 1311 (11th Cir. 2015) (internal quotation marks omitted); *see also Otto Candies, LLC v. Citigroup Inc.*, 137 F.4th 1158, 1206 (11th Cir. 2025) (reassignment is "severe remedy" warranted only for "conduct that gives rise to the appearance of impropriety or a lack of impartiality in the mind of a reasonable member of the public").

ParkerVision argues that "[r]eassignment would protect ParkerVision's fundamental jury-trial right and preserve the appearance of fairness." Open. Br. at 31. It asks us to impose this "severe remedy" based on statements by the district court expressing frustration with the duration

---

(an issue we need not decide), our record does not permit the same determinations.

[2] All parties agree that a remand and further proceedings will be necessary regardless of our disposition. Were we to reverse, as ParkerVision seeks, we would need to remand for further proceedings with respect to both the receiver and the transmitter claims of both patents-in-suit. Were we, instead, to affirm, as would be Qualcomm's preference if we had jurisdiction, the remand would be solely to proceed on the unresolved transmitter claims of just the '940 patent. As we are dismissing the appeal for lack of jurisdiction, on remand the case will pick up where it was prior to the district court's Rule 54(b) order, leaving it to the district court's discretion how to proceed.

of this case, the need for multiple rounds of claim construction, the multiple appeals that have occurred, and the judge's generalized criticism of trying patent cases to juries. *See, e.g.*, Open. Br. at 56-59 (citing J.A. 4; J.A. 5; J.A. 18317-18; J.A. 18356; J.A. 18793-94; J.A. 18795).

ParkerVision has failed to meet its burden to demonstrate, under the three-factor test required by the Eleventh Circuit, that reassignment is warranted. *See Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1373 (11th Cir. 1997) ("Three factors inform our decision to reassign a case on remand: (1) whether the original judge would have difficulty putting his previous views and findings aside; (2) whether reassignment is appropriate to preserve the appearance of justice; [and] (3) whether reassignment would entail waste and duplication out of proportion to the gains realized from reassignment.") (internal quotation marks omitted). First, notwithstanding ParkerVision's belief that some of the presiding judge's statements about this case were problematic, we see no reason to conclude that he has had, or will have, difficulty putting his previous views and findings aside. Indeed, the district court complied with our directive in *ParkerVision 2024* to conduct a claim construction process, putting aside his previous view that claim construction was unnecessary.[3] Second, we have no basis to conclude that reassignment is appropriate here to preserve the appearance of justice. The district court's concerns are understandable given the length, nature, and complexity of this litigation, and they do not give rise to any doubt that he has been handling this matter impartially and will continue to do so. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994) (a judge's "expressions of impatience, dissatisfaction, annoyance, and even anger"

---

[3] We did not dictate what construction the district court should arrive at and we do not evaluate the merits of its construction today, as we lack jurisdiction to do so.

Case 6:14-cv-00687-PGB-LHP Document 933 Filed 09/30/26 Page 13 of 13 PageID 77072
Case: 26-1033 Document: 49 Page: 13 Filed: 09/30/2026



do not warrant reassignment); *Ala. Aircraft Indus., Inc. v. Boeing Co.*, 133 F.4th 1238, 1255 (11th Cir. 2025) (same for statements of "legitimate and justified desire for an aged case to be resolved"). Third, reassignment would lead to waste and duplication out of proportion to any gains that might be realized from reassignment (of which we find none), as a new judge would need to become familiar with the complex technology and lengthy procedural history of this case.

For all these reasons, we reject ParkerVision's request that this case be reassigned to a new judge.

## VI

We have considered the parties' remaining arguments and find them unpersuasive. For the foregoing reasons, we dismiss ParkerVision's appeal and deny its request that the case be reassigned to a different district judge.

**DISMISSED**

COSTS

Each party to bear its own costs.