**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PARKERVISION, INC.,

Plaintiff,

v. Case No. 6:14-cv-00687-PGB-LHP

QUALCOMM INCORPORATED, et al.,

Defendants.

**UNOPPOSED MOTION TO WITHDRAW AS COUNSEL AND FOR TERMINATION OF ELECTRONIC NOTICES AS TO JOSHUA W. BUDWIN, RICHARD KAMPRATH, KEVIN L. BURGESS, AND JOHN B. CAMPBELL**

Pursuant to Local Rule 2.02(c), counsel Joshua W. Budwin, Richard Kamprath, Kevin L. Burgess, and John B. Campbell (collectively, the "Withdrawing Attorneys") respectfully move this Court for an Order permitting them to withdraw from further representation of Plaintiff ParkerVision, Inc. ("ParkerVision") and to terminate CM/ECF notices to them in this case, and in support state:

1. In early September 2026, the Withdrawing Attorneys moved to a new law firm, Budwin Kamprath Burgess Campbell PLLC ("BKBC"). On September 30, 2026, the Federal Circuit issued its opinion and judgment dismissing ParkerVision's appeal. (Dkts. 833, 834.). On November 6, 2026, the Federal Circuit issued its formal mandate pursuant to Rule 41 of the Federal Rules of Appellate Procedure. (Mandate, *ParkerVision, Inc. v. Qualcomm Inc.*, Nos. 2026-1033, 2026-1035, Dkt. 51 (Fed. Cir. Nov. 6, 2026)).

2. Allen, Dyer, Doppelt & Gilchrist, P.A.; Smith, Hulsey & Busey; McKool Smith, P.C.; Gunster, Yoakley & Stewart, P.A.; Kasowitz LLP; and Glenn Agre Bergman & Fuentes LLP continue as counsel of record for ParkerVision in this action.

3. Under Local Rule 2.02(c), a lawyer who has appeared in an action may withdraw with leave of court. To do so, the lawyer "must notify each affected client fourteen days before moving to withdraw unless the client consents to withdrawal," and the motion must include "a certification that the lawyer has provided fourteen days' notice to the client or that the client consents to withdrawal." M.D. Fla. Local Rule 2.02(c)(1)(A), (B)(i). The only heightened standard the Rule imposes applies where "withdrawal might cause the continuance of a trial." M.D. Fla. Local Rule 2.02(c)(3).

4. ParkerVision has consented to the Withdrawing Attorneys' withdrawal. The Federal Circuit just issued its mandate, no trial is scheduled, and withdrawal will not cause any continuance or delay.

5. Defendants do not oppose the withdrawal based upon their understanding that Plaintiff will continue to be represented by the other counsel of record, and that no delay will result from the withdrawal.

WHEREFORE, the undersigned counsel move this Court for an Order permitting Joshua W. Budwin, Richard Kamprath, Kevin L. Burgess, and John B. Campbell to withdraw as counsel for ParkerVision and terminating their CM/ECF notices in this case.

## LOCAL RULE 3.01(g) CERTIFICATE

The undersigned certify that on November 9 and 10, 2026, they conferred with counsel for Defendants by email, and Defendants do not oppose the withdrawal based upon their understanding that Plaintiff will continue to be represented by the other counsel of record, and that no delay will result from the withdrawal.

Dated: November 10, 2026

Respectfully submitted,

**BUDWIN KAMPRATH BURGESS CAMPBELL PLLC**

*/s/ Joshua W. Budwin*
Joshua W. Budwin
Texas State Bar No. 24050347
(special admission)
jbudwin@bkbclaw.com
Richard Kamprath
Texas State Bar No. 24078767
(special admission)
rkamprath@bkbclaw.com
Kevin L. Burgess
Texas State Bar No. 24006927
(special admission)
kburges@bkbclaw.com
John B. Campbell
TX State Bar No. 24036314
(special admission)
jcampbell@bkbclaw.com
3008 Ross Ave., Suite 100
# 17760175
Dallas, Texas 75204
Telephone (Dallas): (817) 398-5704
Telephone (Austin): (737) 214-6402

*Withdrawing Attorneys for Plaintiff ParkerVision, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on November 10, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Joshua W. Budwin*
Joshua W. Budwin